1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     *jim.wagoner@mccormickbarstow.com*
3  Nicholas H. Rasmussen, #285736
     *nrasmussen@mccormickbarstow.com*
4  Graham A. Van Leuven, #295599
     *graham.vanleuven@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone: (559) 433-1300
   Facsimile: (559) 433-2300
7
8  Attorneys for Plaintiff New York Marine
   and General Insurance Company

9              UNITED STATES DISTRICT COURT
10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation, | Case No. 2:22-cv-04685 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| AMBER HEARD, an individual, | |
| Defendant. | |

Plaintiff New York Marine and General Insurance Company ("New York Marine") alleges as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the Central District of California has original jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00 and this matter involves citizens of different states. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, pursuant to Rule 57 of the Federal Rules of Civil Procedure.

2. In this action, New York Marine seeks a judicial determination of the respective rights of the parties under an insurance policy issued to Under the Black Sky, Inc., which included Amber Heard ("Heard") as a Named Insured, with respect to Heard's defense and indemnity in an underlying lawsuit.

3. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) because Heard resides in the Central District of California.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district, consisting of the issuance of the insurance policy to Under the Black Sky, Inc. with a relevant mailing address in the Central District of California.

## THE PARTIES

6. Plaintiff New York Marine is a corporation organized under the laws of the State of New York, with a principle place of business in New York City within the State of New York.

7. Heard is and at all times herein mentioned was an individual who is a citizen and resident of California.

///

## FACTUAL ALLEGATIONS

### The Insurance Policy

8. New York Marine issued insurance policy no. GL201800012500 to named insureds Under the Black Sky, Inc. and Amber Heard for the policy period July 18, 2018 to July 18, 2019, with a per occurrence limit of liability of $1,000,000 (hereinafter the "Policy"). A true and correct copy of the Policy with premium and address information redacted is attached hereto as Exhibit "A."

9. The Policy includes a Comprehensive Personal Liability Coverage part which provides coverage for "damages because of 'bodily injury', 'property damage' or 'personal injury' caused by an 'occurrence'" to which the coverage applies. (Exhibit A at p. 53 of 57.)

10. The Policy defines "personal injury" to mean "injury other than 'bodily injury', arising out of one or more" enumerated offenses included in the policy, which includes "oral or written publication of material that slanders or libels a person or organization including other forms of defamation" and "oral or written publication of material including other forms of defamation that violates a person's right of privacy." (Exhibit A at p. 56 of 57.)

### The Underlying Lawsuit

11. On March 1, 2019, John C. Depp II ("Depp") filed a lawsuit against Heard in the Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911 (the "Underlying Action").

12. In the Underlying Action, Depp sought and is seeking damages for defamation based on an Op-Ed allegedly written by Heard and published in both the online edition of *The Washington Post* on December 18, 2018 and in a print edition of *The Washington Post* on December 19, 2018, and which was republished by Heard in a tweet on December 19, 2018. A true and correct copy of the Complaint filed by Depp in the Underlying Action is attached hereto as Exhibit "B."

13. On or about September 4, 2019, Heard tendered the Underlying Action

to New York Marine.

14. On October 1, 2019, New York Marine accepted Heard's defense of the Underlying Action subject to reservation of rights. Specifically, New York Marine advised Heard that New York Marine would provide a legal defense but that "to the extent California law does not permit an insurer to indemnify the insured, no indemnity can be provided."

15. At the time Heard tendered the Underlying Action, the law firm Cameron McEvoy PLLC was defending Heard in the Underlying Action. When New York Marine accepted Heard's defense, New York Marine agreed to continue the defense of Heard through the law firm Cameron McEvoy PLLC.

16. New York Marine is informed and believes, and on such information and belief alleges, that Heard or her agents instructed other firms defending Heard in the Underlying Action to not include Cameron McEvoy in Heard's ongoing defense. As a result, on or around November 2, 2020, Cameron McEvoy withdrew from the defense of Heard in the Underlying Action.

17. The Underlying Action proceeded to trial beginning on April 11, 2022.

18. On May 27, 2022, the Court in the Underlying Action issued Jury Instructions to the jury. A true and correct copy of the Jury Instructions are attached hereto as Exhibit "C."

19. In the Jury Instructions, the Court in the Underlying Action instructed the jury that with respect to liability issues for Depp's claims against Heard, the jury's verdict "must be based on the facts as you find them, and on the law contained in all of these instructions." (Exhibit C at 4 of 38.)

20. The Jury Instructions also instructed the jury that with respect to liability issues for Depp's claims against Heard, the issues for the jury to decide were:

(1) Whether Ms. Heard made or published any of the following statements:

    a. "Amber Heard: spoke up against sexual violence — and

faced our culture's wrath. That has to change."

b. "Then two years ago, I became a public figure representing domestic abuse, and 1 felt the full force of our culture's wrath for women who speak out."

c. "1 had the rare vantage point of seeing, in real time, how institutions protect men accused of abuse."

(Exhibit C at 4 of 38.)

21. As a "Finding Instruction" the Court in the Underlying Action instructed the jury that it "shall only return your verdict for Mr. Depp on his claim for defamation" if Depp had proved by the greater weight of evidence that:

(1) Ms. Heard made or published the following statement: "Then two years ago, I became a public figure representing domestic abuse, and I felt the full force of our culture's wrath for women who speak out"; and

(2) The statement was about Mr. Depp; and

(3) The statement is false; and

(4) The statement has a defamatory implication about Mr. Depp; and

(5) The defamatory implication was designed and intended by Ms. Heard; and

(6) Due to the circumstances surrounding the publication of this statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp; and

if Mr. Depp further proved by clear and convincing evidence:

(7) that Ms. Heard made the statement with actual malice.

If Mr. Depp failed to prove any one or more of the seven elements above, then you shall find your verdict for Ms. Heard with respect to the above statement.

(Exhibit C at 6 of 38.)

22. The Court in the Underlying Action issued a nearly identical "Finding Instruction" for each of the other two statements identified in paragraph 20 above, which only changed the content of the first element to replace the statement at issue. (Exhibit C at 7-8 of 38.)

23. On June 1, 2022, the jury in the Underlying Action returned a verdict in favor of Depp for counts of defamation based on all three statements. This verdict was incorporated into a Judgment Order which was entered by the Court in the Underlying Action on June 24, 2022. A true and correct copy of the Judgment Order is attached hereto as Exhibit "D."

24. As detailed in the Special Verdict Form, with regard to each of the three statements at issue, the Jury found that Depp had "proven all the elements of defamation" and answered in the affirmative to all of the following questions:

The statement was made or published by Ms. Heard?

The statement was about Mr. Depp?

The statement was false?

The statement had a defamatory implication about Mr. Depp?

The defamatory implication was designed and intended by Ms. Heard?

Due to circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp?

(Exhibit D at 6-8 of 13.)

25. After answering all of those questions "yes", the jury also answered "yes" to the question "do you find that Mr. Depp has proven by clear and convincing evidence that Ms. Heard acted with actual malice?" (Exhibit D. at 6-8 of 13.)

26. The jury awarded Depp $10,000,000 in compensatory damages and $5,000,000 in punitive damages from Heard. However, the punitive damages were reduced to a "statutory cap" of $350,000 pursuant to Virginia Code § 8.01-38.1. (Exhibit D at 1 of 13.)

# FIRST CAUSE OF ACTION

## (Declaratory Relief As To Plaintiff's Duty To Indemnify Heard For The Judgment Order Under The Policy)

27. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully set forth herein.

28. California Insurance Code § 533 provides that "An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." This provision is an implied exclusionary clause which, by statute, is read into all insurance policies under California law.

29. The jury's factual findings establish that Heard's liability is caused by the willful act(s) of Heard. As a result, as a matter of California public policy and pursuant to California Insurance Code § 533, the Policy does not provide coverage for Heard's liability as reflected in the Judgment Order entered on June 24, 2022.

30. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to the Judgment Order. Plaintiff contends that it has no duty to indemnify Heard for the Judgment Order entered on June 24, 2022. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contention and asserts that the Policy provides indemnity coverage for Heard for the Judgment Order entered on June 24, 2022.

31. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that if said Judgment Order entered on June 24, 2022 becomes final on appeal or otherwise, Plaintiff has no obligation to indemnify Heard for the Judgment Order.

///

## SECOND CAUSE OF ACTION

### (Declaratory Relief As To Plaintiff's Duty To Indemnify Heard For Any Judgment In The Underlying Action)

32. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. California Insurance Code § 533 provides that "An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." This provision is an implied exclusionary clause which, by statute, is read into all insurance policies under California law.

34. As a matter of California public policy and pursuant to California Insurance Code § 533, the Policy does not provide coverage for Heard's liability to Depp.

35. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to indemnity for the Underlying Action. Plaintiff contends that it has no duty to indemnify Heard for the Underlying Action. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contention and asserts that the Policy provides indemnity coverage for her for any liability which may be established in the Underlying Action.

36. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that Plaintiff has no obligation to indemnify Heard for any liability regarding the Underlying Action.

///

///

///

## THIRD CAUSE OF ACTION

**(Declaratory Relief As To Plaintiff's Duty To Defend Heard In The Underlying Action The Policy [California Insurance Code § 533])**

37. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 36 as though fully set forth herein.

38. Because the jury's factual findings regarding Heard's liability to Depp required a finding of willful act(s) by Heard to establish liability, California public policy and California Insurance Code § 533 preclude New York Marine from having any obligation to defend Heard in the Underlying Action.

39. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to whether New York Marine is obligated to defend Heard in the Underlying Action. Plaintiff contends that it has no duty to defend Heard based on California Insurance Code § 533. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contentions and asserts that the Policy obligates New York Marine to continue to defend Heard on an ongoing basis in the Underlying Action.

40. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that with respect to defense of Heard, Plaintiff has no obligation on an ongoing basis for the Underlying Action.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief As To Plaintiff's Duty To Defend And Indemnify Heard In The Underlying Action Under The Policy [Conditions])**

41. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 40 as though fully set forth herein.

42. The Comprehensive Personal Liability Coverage part of the Policy provides under "CONDITIONS … Duties after Loss" that Heard must help New York

Marine by seeing that enumerated duties are performed, including helping New York Marine "with the conduct of suits and attend hearings and trials." (Exhibit A at 56-58 of 67.)

43. New York Marine is informed and believes, and on such information and belief alleges, that after New York Marine accepted Heard's defense, Heard, both individually and through her agents, refused to help New York Marine with the conduct of the suit and instructed other defense firms representing Heard not to include defense counsel provided by New York Marine in the ongoing defense of Heard in the Underlying Action.

44. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to whether New York Marine is obligated to defend and/or indemnify Heard in the Underlying Action. Plaintiff contends that it has no duty to defend and/or indemnify Heard based on her failure to comply with the conditions of the Policy. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contentions and asserts that the Policy obligates New York Marine to continue to defend Heard on an ongoing basis in the Underlying Action and to indemnify her.

45. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that Plaintiff has no obligation to defend Heard on an ongoing basis in the Underlying Action or to indemnify her.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court

1) Enter a judgment declaring that:

   a. Plaintiff has no duty to indemnify Heard for the Judgment Order entered on June 24, 2022 in the Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911 if said Judgment Order becomes final on appeal or

otherwise;

  b. Plaintiff has no duty to indemnify Heard for any liability in the Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911;

  c. Plaintiff has no duty to defend Heard on an ongoing basis in the Underlying Action, Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911 or in connection with any appeal of the judgment in the that Action;

2) Award New York Marine its costs; and

3) Grant such further relief as this Court deems just and proper.

Dated: July 11, 2022  McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:  /s/ James P. Wagoner
  James P. Wagoner
  Nicholas H. Rasmussen
  Graham A. Van Leuven
  Attorneys for Plaintiff New York Marine and General Insurance Company

## JURY DEMAND

Defendant and Counterclaimant NEW YORK MARINE hereby demands a jury trial to the fullest extent facilitated by law.

Dated: July 11, 2022  McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:  /s/ James P. Wagoner
  James P. Wagoner
  Nicholas H. Rasmussen
  Graham A. Van Leuven
  Attorneys for Plaintiff New York Marine and General Insurance Company

8512603.1