# Exhibit C

## NO. I

### Impartiality

You have been chosen and sworn as jurors in this case to try the issues of fact presented.  You must consider and decide this case fairly and impartially.  You are to perform this duty without bias or prejudice as to any party. All persons stand equal before the law and are entitled to the same treatment under the law.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences.

10



NO. 3

## Credibility of Witnesses

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

11



## NO. 10

### Verdict Not to Be Based on Sympathy, Bias, Guesswork, or Speculation

You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the Court.

19



## NO. 1

### Liability Issues

Your verdict must be based on the facts as you find them, and on the law contained in all of these instructions. With respect to Plaintiff John C. Depp II's ("Mr. Depp") claims against Defendant Amber Laura Heard ("Ms. Heard"), the issues in this case are summarized below.

**(1)** Whether Ms. Heard made or published any of the following statements:

    a. "Amber Heard: I spoke up against sexual violence – and faced our culture's wrath. That has to change."

    b. "Then two years ago, I became a public figure representing domestic abuse, and I felt the full force of our culture's wrath for women who speak out."

    c. "I had the rare vantage point of seeing, in real time, how institutions protect men accused of abuse."

**(2)** Do any of Ms. Heard's statements imply or insinuate anything about Mr. Depp?

**(3)** Were Ms. Heard's statements seen by anyone other than Mr. Depp?

**(4)** Did Ms. Heard's statements convey a defamatory implication to someone who saw them other than Mr. Depp?

**(5)** Are the implications or insinuations about Mr. Depp in Ms. Heard's statements false?

**(6)** Did Ms. Heard make the statements with actual malice?

**(7)** If Mr. Depp is entitled to recover, what is the amount of Mr. Depp's damages?

On these issues Mr. Depp has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

2



NO. B

### Liability Issues

With respect to Ms. Heard's claims against Mr. Depp, the issues in this case are summarized below:

(1) Did Adam Waldman, while acting as an agent for Mr. Depp, make the following statements:

> a. "Amber Heard and her friends in the media use fake sexual violence allegations as both a sword and shield, depending on their needs. They have selected some of her sexual violence hoax 'facts' as the sword, inflicting them on the public and Mr. Depp;"

> b. "Quite simply this was an ambush, a hoax. They set Mr. Depp up by calling the cops but the first attempt didn't do the trick. The officers came to the penthouses, thoroughly searched and interviewed, and left after seeing no damage to face or property. So Amber and her friends spilled a little wine and roughed the place up, got their stories straight under the direction of a lawyer and publicist, and then placed a second call to 911;" and

> c. "[W]e have reached the beginning of the end of Ms. Heard's abuse hoax against Johnny Depp."

(2) Are any of the statements about Ms. Heard?

(3) Were any of the statements seen by someone other than Ms. Heard?

(4) Are any of the statements false?

(5) Were any of the statements made with actual malice?

(6) If Ms. Heard is entitled to recover, what is the amount of Ms. Heard's damages?

On these issues, Ms. Heard has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

3



Given
5·27·22

NO. C

## Finding Instruction

You shall only return your verdict for Mr. Depp on his claim for defamation about the following statement if he has proved by the greater weight of the evidence that:

(1) Ms. Heard made or published the following statement: "Amber Heard: I spoke up against sexual violence—and faced our culture's wrath. That has to change;" and

(2) The statement was about Mr. Depp; and

(3) The statement is false; and

(4) The statement has a defamatory implication about Mr. Depp; and

(5) The defamatory implication was designed and intended by Ms. Heard; and

(6) Due to the circumstances surrounding the publication of this statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp; and

if Mr. Depp further proved by clear and convincing evidence

(7) that Ms. Heard made the statement with actual malice.

If Mr. Depp failed to prove any one or more of the seven elements above, then you shall find your verdict for Ms. Heard with respect to the above statement.

4


5.21.22
Given

NO. _D_

**Finding Instruction**

You shall only return your verdict for Mr. Depp on his claim for defamation about the following statement if he has proved by the greater weight of the evidence that:

(1) Ms. Heard made or published the following statement: "Then two years ago, I became a public figure representing domestic abuse, and I felt the full force of our culture's wrath for women who speak out;" and

(2) The statement was about Mr. Depp; and

(3) The statement is false; and

(4) The statement has a defamatory implication about Mr. Depp; and

(5) The defamatory implication was designed and intended by Ms. Heard; and

(6) Due to the circumstances surrounding the publication of this statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp; and

if Mr. Depp further proved by clear and convincing evidence

(7) that Ms. Heard made the statement with actual malice.

If Mr. Depp failed to prove any one or more of the seven elements above, then you shall find your verdict for Ms. Heard with respect to the above statement.

5



**NO. E**

### Finding Instruction

You shall only return your verdict for Mr. Depp on his claim for defamation about the following statement if he has proved by the greater weight of the evidence that:

(1) Ms. Heard made or published the following statement: "I had the rare vantage point of seeing, in real time, how institutions protect men accused of abuse;" and

(2) The statement was about Mr. Depp; and

(3) The statement is false; and

(4) The statement has a defamatory implication about Mr. Depp; and

(5) The defamatory implication was designed and intended by Ms. Heard; and

(6) Due to the circumstances surrounding the publication of this statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp; and

if Mr. Depp further proved by clear and convincing evidence

(7) that Ms. Heard made the statement with actual malice.

If Mr. Depp failed to prove any one or more of the seven elements above, then you shall find your verdict for Ms. Heard with respect to the above statement.

6



## NO. F

### Finding Instruction

You shall only return your verdict for Ms. Heard on her claim for defamation about the following statement if she has proved by the greater weight of the evidence that:

(1) Adam Waldman, while acting as an agent for Mr. Depp, made or published the following statement: "Amber Heard and her friends in the media use fake sexual violence allegations as both a sword and shield, depending on their needs. They have selected some of her sexual violence hoax 'facts' as the sword, inflicting them on the public and Mr. Depp;" and

(2) The statement is about Ms. Heard; and

(3) The statement was seen by someone other than Ms. Heard; and

(4) The statement is false; and

if Ms. Heard further proved by clear and convincing evidence

(5) that the statement by Mr. Waldman was made with actual malice.

If Ms. Heard failed to prove any one or more of the five elements above, then you shall find your verdict for Mr. Depp with respect to the above statement.

7



## NO. 6

### Finding Instruction

You shall only return your verdict for Ms. Heard on her claim for defamation about the following statement if she has proved by the greater weight of the evidence that:

(1) Adam Waldman, while acting as an agent for Mr. Depp, made or published the following statement: "Quite simply this was an ambush, a hoax. They set Mr. Depp up by calling the cops but the first attempt didn't do the trick. The officers came to the penthouses, thoroughly searched and interviewed, and left after seeing no damage to face or property. So Amber and her friends spilled a little wine and roughed the place up, got their stories straight under the direction of a lawyer and publicist, and then placed a second call to 911;" and

(2) The statement is about Ms. Heard; and

(3) The statement was seen by someone other than Ms. Heard; and

(4) The statement is false; and

if Ms. Heard further proved by clear and convincing evidence

(5) that the statement by Mr. Waldman was made with actual malice.

If Ms. Heard failed to prove any one or more of the five elements above, then you shall find your verdict for Mr. Depp with respect to the above statement.

8



NO. H

**Finding Instruction**

You shall only return your verdict for Ms. Heard on her claim for defamation about the following statement if she has proved by the greater weight of the evidence that:

    (1) Adam Waldman, while acting as an agent for Mr. Depp, made or published the following statement: "[W]e have reached the beginning of the end of Ms. Heard's abuse hoax against Johnny Depp;" and

    (2) The statement is about Ms. Heard; and

    (3) The statement was seen by someone other than Ms. Heard; and

    (4) The statement is false; and

if Ms. Heard further proved by clear and convincing evidence

    (5) that the statement by Mr. Waldman was made with actual malice.

If Ms. Heard failed to prove any one or more of the five elements above, then you shall find your verdict for Mr. Depp with respect to the above statement.

9


Given
S.27.22

NO. 12

**Definition of Preponderance / Greater Weight of the Evidence**

When used in these instructions, the phrase "the greater weight of the evidence," also sometimes called the "preponderance of the evidence," means the evidence which you find more persuasive, when evaluated against all of the evidence that has been admitted in the case. The testimony of one witness whom you believe can be the greater weight of the evidence.

20



Given
5-27-22

NO. _13_

## Definition of Clear and Convincing Evidence

When a party has the burden of proving an issue by clear and convincing evidence, he or she must produce evidence that creates in your minds a firm belief or conviction that he or she has proved the issue.

21



NO. Y

**Defamation by Implication**

A statement that is not directly defamatory may nonetheless suggest a defamatory meaning in an indirect way, that is, by implication.  In determining whether any of the statements have a defamatory implication, you must consider the op-ed as a whole and the circumstances surrounding its publication.  You should consider if these circumstances show that the words used are defamatory and relate to Mr. Depp.  However, such circumstances cannot extend the meaning of the words used in the op-ed beyond their ordinary and common meaning.  The proposed implication must be reasonably drawn from the words actually used.

25



Give
5.27.22

NO. FF

## Defamatory Meaning: Consideration of the Publication as a Whole

In determining whether any of the statements in the op-ed are false and defamatory as to Mr. Depp, you must read the statements in the context of the op-ed as a whole. This means you may not seize on any one word, phrase, or image, or consider only one particular statement, phrase, or passage in isolation.

In determining whether any of Mr. Waldman's statements are false and defamatory, you must read those statements in context as a whole. This means you may not seize on any one word, phrase, or image, or consider only one particular statement, phrase, or passage in isolation.

Given
S. 27.22



NO. $\underline{AA}$

### Actual Malice

Both parties have the burden of proving "actual malice" by clear and convincing evidence. To meet this burden, each party must prove by clear and convincing evidence that each statement was made or published:

(1) with knowledge that the statement was false; or

(2) so recklessly as to amount to a willful disregard for the truth, that is, with a high degree of awareness that the statement was probably false.

Actual malice is a subjective analysis that looks to the state of mind of the person who made the statement. If the person who made the statement believed it was substantially accurate at the time of its publication, then it does not give rise to liability for defamation.



NO. BB

## Actual Malice Is Not Ill-Will, Hatred, or Bias

The term "actual malice" should not be confused with the more common meanings of the word "malice," such as ill-will or hatred. Actual malice is not established merely because an author was motivated by ill-will, prejudice, hostility, hatred, contempt, or even a desire to injure another.

28



NO. DD

## Republication

In order to find that Ms. Heard "republished" the original op-ed including the headline through a tweet on December 19, 2018, you must find that she retransmitted the defamatory material or redistributed the material with the goal of reaching a new audience. Stated differently, republication occurs when the speaker has "affirmatively reiterated" the statement. A hyperlink directing readers to a previous article on the same website does not direct the previous article to a new audience. Merely linking to an article does not amount to republication but adding content to a linked article may constitute republication. You must determine whether any added content was intended to reach a new audience. If you find any content added to the hyperlink was intended to reach a new audience, it constitutes a republication.

Further, if you find a republication occurred on December 19, 2018, then in order to find for Mr. Depp against Ms. Heard you must also find by clear and convincing evidence that Ms. Heard made this republication with actual malice.

29



## NO. 11

### Definition of Agent and Principal

A principal is a person or legal entity with power or right to control the means and methods of performance by which another person performs the principal's work.

An agent is the person who is subject to the power or right of a principal to control the means and methods of performing the work.



31

NO. *CCL*

## Express and Implied Authority

An attorney has the express authority to do everything which the client expressly authorized him to do and the implied authority to do everything necessary or incidental to the purpose for which he was retained.

33



## NO. _20_

### Burden of Proof and Agency

Ms. Heard has the burden of proving by the greater weight of the evidence that Mr. Waldman was an agent of Mr. Depp and that Mr. Waldman was acting within the scope of his agency when he made the statements.

32



## NO. 2

### No Burden to Prove Truth of Statements

You must remember that there is no burden on either party to prove the truth of any of the statements.  Both parties were free to offer proof of truth, but by doing so they did not assume the burden of convincing you of the truth of the statements.  The burden remains on each party to prove that the statements he or she complains of are false.

26



NO. ⊤

## Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

In considering the weight to be given to the testimony of expert witnesses, whose opinions differ, you may consider the ability and character of the witnesses, their actions upon the witness stand, the weight and process of the reasoning by which they support their opinion, their possible bias in favor of the side for which they testify, their relative opportunities for study or observation of the matters about which they testify, and any other matters which serve to illuminate their statements.

22



# NO. 11

## Weight of Expert Witnesses' Opinions

In considering the weight to be given to the testimony of expert witnesses, you should consider the basis for his or her opinion and the manner by which he or she arrived at it, and the underlying facts and data upon which he or she relied.

23



NO. $\underline{V}$

### Expert Witnesses and Reliable Authority

An expert witness was asked whether statements contained in published treatises, periodicals or pamphlets are reliable authority of a type normally relied upon by others in his or her field of expertise. This evidence is permitted to test the knowledge, accuracy and opinions of the expert witness, and if such evidence is established as a reliable authority by expert testimony, it may be considered by you along with the other evidence in the case.

24



## NO. K

### Depositions

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

During the trial of this case, certain testimony has been presented to you by way of video deposition. You should give to this testimony the same consideration as to its weight and credibility, as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was shown to you by video recording.

12

NO. __L__

### Party Bound by His or Her Own Testimony

When one of the parties testifies unequivocally to facts within his or her own knowledge, those statements of fact and the necessary inferences from them are binding upon him or her. He or she cannot rely on other evidence in conflict with his or her own testimony to strengthen his or her case. However, you must consider his or her testimony as a whole, and you must consider a statement made in one part of his or her testimony in the light of any explanation or clarification made elsewhere in his or her testimony.

13



## NO. 5

### Circumstantial Evidence

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

14



29

NO. 6

## Prior Inconsistent Statement by Nonparty Witness

If you believe from the evidence that a witness (other than Mr. Depp or Ms. Heard) previously made a statement inconsistent with his or her testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility. It is not evidence that what the witness previously said is true.

15



## NO. 7

### Prior Inconsistent Statement by Party

If you believe from the evidence that Ms. Heard or Mr. Depp previously made a statement inconsistent with her or his testimony at this trial, that previous statement may be considered by you as evidence that what Ms. Heard or Mr. Depp previously said was true.

16



## NO.32

### Objections and Assertion of Privilege

In reaching your verdict in this case, you are to consider the testimony and evidence.

Sometimes attorneys stated objections during the course of this trial, and instructed a witness not

to answer a question. Objections and instructions to witnesses are not evidence, and you may not

consider them in reaching your verdict, nor are you to draw any inference from the fact that an

objection was made.



NO. 8

## Rejected and Stricken Evidence

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

17



## NO. 9

### Amount Sued for Is Not Evidence

Any amount of damages requested by a party is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

18



NO. 16

## Presumed Damages

If you find your verdict for Mr. Depp or Ms. Heard, then he or she is entitled to recover compensatory damages without any proof of actual or pecuniary injury.  As a result, injury to Mr. Depp or Ms. Heard's personal and business reputation, humiliation, and embarrassment is presumed.

34



**NO. _II_**

## Actual Damages

If you find either party liable for defamation, then in determining the amount of damages to which the opposing party is entitled, you may take into consideration all of the circumstances surrounding the defamatory statements, the occasions on which they were made and the extent of their publication, the nature and character of the insult, the probable effect on those who heard the statements, and their probable and natural effect upon the defamed party's personal feelings and upon his or her standing in the community and in business. Your verdict should be for an amount that will fully and fairly compensate him or her for:

> (1) any loss or injury to his or her business;
>
> (2) any insult to him or her including any pain, embarrassment, humiliation, or mental suffering;
>
> (3) any injury to his or her reputation; and
>
> (4) any actual, out-of-pocket losses that were caused by the statements.

Mr. Depp cannot recover damages for any harm that occurred after November 2, 2020. Ms. Heard can recover damages for any harm that occurred after Mr. Waldman's statements were published.

Given
5·27·22



## NO. 30

### Reasonable Proof

The burden is on the party seeking damages to prove, by the greater weight of the evidence, each item of damages he or she claims and to prove that each item was caused by the defamatory statement(s) at issue. Neither party is required to prove the exact amount of damages, but the party must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If either party fails to do so, then he or she cannot recover for that item.

35



## NO. KK

### Punitive Damages

If you have found by clear and convincing evidence that the statements in the op-ed were made with knowledge that they were false or so recklessly as to amount to a willful disregard for the truth, that is, with a high degree of awareness that the statements were probably false, then you may award punitive damages to punish Ms. Heard for such actions and to serve as an example to prevent others from making such statements in the future. You must state separately in your verdict any amount you allow as compensatory damages, if any, and the amount you allow as punitive damages.

38



## NO. JJ

### Punitive Damages

If you have found by clear and convincing evidence that Mr. Waldman, while acting as an agent for Mr. Depp, made the statements with knowledge that they were false or so recklessly as to amount to a willful disregard for the truth, that is, with a high degree of awareness that the statements were probably false, then you may award punitive damages to punish Mr. Depp for such actions and to serve as an example to prevent others from making such statements in the future. You must state separately in your verdict any amount you allow as compensatory damages, if any, and the amount you allow as punitive damages.

