1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

TRAVELERS COMMERCIAL
INSURANCE COMPANY, a
Connecticut corporation,

    Plaintiff,

v.

NEW YORK MARINE AND
GENERAL INSURANCE COMPANY,
a New York corporation,

    Defendants.

Case No.: 2:21-cv-5832-GW (PDx)
Hon. George H. Wu
Hon. M.J. Patricia Donahue

**REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF
MOTION OF PLAINTIFF
TRAVELERS COMMERCIAL
INSURANCE COMPANY TO
CONSOLIDATE ITS ACTION
WITH ACTION FILED BY
DEFENDANT NEW YORK
MARINE AND GENERAL
INSURANCE COMPANY
AGAINST INSURED**

DATE:        October 17, 2022
TIME:         8:30 a.m.
Courtroom: 9D

NEW YORK MARINE AND
GENERAL INSURANCE COMPANY,
a New York corporation,

    Plaintiff,

v.

AMBER HEARD, an individual,

    Defendant.

Case No. 2:22-cv-04685-GW (PDx)
Hon. George H. Wu
Hon. M.J. Patricia Donahue

REQUEST FOR JUDICIAL NOTICE

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Rule 201(b) of the Federal Rules of Evidence, Plaintiff Travelers Commercial Insurance Company ("Travelers") hereby requests that the Court take judicial notice of the attached exhibits in support of Travelers' Motion to Consolidate its Action with the Action filed by Defendant New York Marine and General Insurance Company.  Further, under Rule 201(c)(2), the Court "(2) must take judicial notice if any party requests it and the court is supplied with the necessary information."

**Exhibit 1** – Travelers Commercial Insurance Company's First Amended Complaint for: (1) Declaratory Judgment; (2) Equitable Contribution of Defense Expenses; Case No.: 2:21-cv-5832-GW-PD.

**Exhibit 2** – New York Marine and General Insurance Company's Answer to First Amended Complaint, Counterclaim, and Demand for Jury Trial; Case No.: 2:21-cv-5832-GW-PD.

**Exhibit 3** – New York Marine and General Insurance Company's First Amended Complaint for Declaratory Relief and Demand for Jury Trial; Case No.: 2:22-cv-04685-GW-PD (without exhibits).

**Exhibit 4** – Judgment Order in the action in the Circuit Court of Fairfax County in Virginia, which was attached as an exhibit to Exhibit 3 to this Request.

**Exhibit 5** – Order re Transfer Pursuant to General Order 21-10 in Case 2:22-cv-04685-GW-PD.

Dated:  August 24, 2022

Respectfully submitted,

/s/ Mark D. Peterson
MARK D. PETERSON
Of CATES PETERSON LLP
Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

1

1  MARK D. PETERSON (State Bar #126174)
   KATHLEEN O. PETERSON (State Bar #124791)
2  AMY HOWSE (State Bar # 252922)
   CATES PETERSON LLP
3  4100 Newport Place, Suite 230
   Newport Beach, CA 92660
4  Telephone: (949) 724-1180
   markpeterson@catespeterson.com
5  kpeterson@catespeterson.com
   ahowse@catespeterson.com
6
   Attorneys for Plaintiff
7  TRAVELERS COMMERCIAL
   INSURANCE COMPANY
8
                    **UNITED STATES DISTRICT COURT**
9
            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11  TRAVELERS COMMERCIAL          ) Case No.: 2:21-cv-5832-GW (PDx)
    INSURANCE COMPANY, a          ) Hon. George H. Wu
12  Connecticut corporation,      ) Hon. MJ Patricia Donahue
                                  )
13           Plaintiff,           ) **FIRST AMENDED COMPLAINT**
                                  ) **FOR:**
14             v.                 )
                                  ) **(1) DECLARATORY JUDGMENT;**
15  NEW YORK MARINE AND           ) **(2) EQUITABLE CONTRIBUTION**
    GENERAL INSURANCE COMPANY,    ) **OF DEFENSE EXPENSES.**
16  a New York corporation,       )
                                  )
17           Defendants.          )
                                  )
18                                )
                                  )
19                                )
                                  )
20  _____

21

22

23

24

25

26

27

28
                                  1
   AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

EXHIBIT 1 -- Page 1 of 11

Plaintiff Travelers Commercial Insurance Company ("Travelers") alleges as follows:

### GENERAL ALLEGATIONS

#### Introduction

1.  Defendant New York Marine and General Insurance Company's ("ProSight") failure to meet its obligation to provide its and Travelers' mutual insured—a California resident—with independent counsel to defend the insured in an underlying defamation action is a breach of its insurance policy and its obligations.  It has unfairly forced Travelers to pay ProSight's proper share of defense costs.  Travelers has been damaged by this conduct and it is entitled to judgment in the form of a declaration that ProSight was obligated to provide the mutual insured with a proper defense.  Moreover, under the doctrine of equitable contribution, Travelers is entitled to reimbursement from ProSight of at least half of the monies that Travelers has spent so far to defend their mutual insured with proper counsel and adequate experts and vendors.

#### Jurisdiction and Venue

2.  Plaintiff Travelers is now, and at all relevant times was, a corporation existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.  Travelers is, and at all relevant times was, an insurance carrier eligible to do business and doing business as an insurer in the State of California.

3.  Travelers is informed and believes and, on that basis, alleges that defendant ProSight is a corporation existing under the laws of the State of New York, with its principal place of business in Morristown, New Jersey.  Travelers is further informed and believes and, on that basis, alleges that ProSight is, and at all times relevant was, an insurance carrier eligible to do business and doing business as an insurer in the State of California.

1        4.  This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that
2    this is a civil action between citizens of different states in which the matter in
3    controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.
4    The amount in controversy exceeds $75,000; it is comprised of the monies in
5    defense costs paid by Travelers to defend the insurers' mutual insured with capable
6    and active counsel, at least half of which should have been paid by ProSight.  This
7    Court has diversity jurisdiction because plaintiff Travelers is incorporated in
8    Connecticut and domiciled in Connecticut and defendant ProSight is incorporated in
9    New York and domiciled in New Jersey.

10       5. This Court has personal jurisdiction over the parties because: (a) Travelers
11   and ProSight transact insurance business in California, with significant and
12   continuing contacts in California, (b) this lawsuit arises out of insurance contracts
13   sold and delivered by Travelers and ProSight in California, to a California insured,
14   and (c) defendant ProSight operated its business continuously in California.

15       6.  Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and (d)
16   because Travelers and ProSight have sufficient contacts to be subject to personal
17   jurisdiction in this district and thus are residents of this district under
18   28 U.S.C. § 1391(d).  Moreover, a substantial part of the events which are the
19   subject of the claims asserted here took place in this judicial district, including that
20   the underlying defense has involved extensive activities in the County of Los
21   Angeles, State of California.

22   **The Travelers Policy**

23       7.  Travelers issued homeowners policy no. 601627108 634 1 to the mutual
24   insured for the policy period beginning November 14, 2018, and ending November
25   14, 2019 (the "Travelers Policy").  The Travelers Policy was issued / delivered to the
26   mutual insured in California.  The coverage provided by the Travelers Policy extends
27   to otherwise covered or potentially covered damages because of defamation.  The
28

3

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

**EXHIBIT 1 -- Page 3 of 11**

1    Travelers Policy promised a defense to any lawsuit seeking such damages.

2        **The ProSight Policy**

3        8.   ProSight issued commercial general liability insurance, policy

4    no. GL201800012500, policy period July 18, 2018, to July 18, 2019 (the "ProSight

5    Policy").  The ProSight Policy was issued / delivered to the mutual insured in

6    California.  The coverage provided by the ProSight Policy extends to otherwise

7    covered or potentially covered damages because of defamation.  The ProSight Policy

8    promised a defense to any lawsuit seeking such damages.

9        **The Underlying Defamation Action**

10       9.   In or about March 2019, the mutual insured—a California resident—was

11   sued in Virginia state court ("the Underlying Action").  The lawsuit seeks damages

12   for defamation, potentially covered under the Travelers Policy and the ProSight

13   Policy, so each owed the mutual insured a defense from the date the action was

14   tendered to it.

15       **Travelers' Response to the Tender**

16       10.  Travelers agreed to defend the mutual insured with respect to the

17   Underlying Action under a reservation of rights.  In light of its reservation of rights

18   and California law, including the holding of *San Diego Navy Federal Credit Union*

19   *v. Cumis Insurance Society* ("*Cumis*"), 162 Cal. App. 3d 358 (1984), Civil Code

20   section 2860, and Civil Code section 1646, Travelers offered to pay for independent

21   defense counsel of the mutual insured's own selection, subject to the rate limitations

22   of California Civil Code section 2860.   Travelers has paid the fees of the mutual

23   insured's independent defense counsel.

24       **ProSight's Response To The Tender**

25       11.  ProSight accepted its obligation to defend the insured under a reservation

26   of rights.  ProSight's reservation triggered the mutual insured's right to independent

27   defense counsel under California law, under the holding of *Cumis*, Civil Code

28

4

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

**EXHIBIT 1 -- Page 4 of 11**

1    section 2860, and Civil Code section 1646, "when an insurer reserves its rights on a
2    given issue and the outcome of that coverage issue can be controlled by counsel first
3    retained by the insurer for the defense of the claim, a conflict of interest may exist."

4         12.  ProSight's reservation of rights letter—like Travelers' reservation of
5    rights letter—indicated that indemnity coverage could be denied based on the
6    insured's knowledge and / or intent with respect to the alleged events giving rise to
7    the Underlying Action.  In other words, "the outcome of that coverage issue[s]"
8    raised by ProSight could "be controlled by counsel first retained by the insurer for
9    the defense of the claim."

10        13.  ProSight nonetheless did not agree to provide the mutual insured with
11   independent defense counsel.

12        14.  ProSight instead attempted to evade its obligation to appoint independent
13   defense counsel by avoiding citation to certain policy provisions in its reservation of
14   rights letter, and it encouraged Travelers to do likewise, to the detriment of the
15   mutual insured.

16        15.  ProSight sent an email to Travelers on September 30, 2019, encouraging
17   Travelers to revise its reservation of rights in such a way as to avoid having to
18   provide the mutual insured with independent defense counsel.  The ProSight email
19   stated in part as follows:

> Reserving rights under the intentional acts exclusion is not necessary as
> coverage for willful acts is not insurable as a matter of public policy just like
> punitive damages. . . .
>
> If you reserve rights by simply saying, "to the extent that California law does
> not permit an insurer to indemnify the insured, no indemnity can be provided"
> you address both willful acts and punitive damages . . . and you still can
> control the defense as there is no conflict of interest under CA law.  …

5

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

EXHIBIT 1 -- Page 5 of 11

1      16.  Travelers refused to collaborate or participate in ProSight's scheme and

2  has repeatedly demanded that ProSight pay its share of the mutual insured's

3  independent defense counsel fees and costs.

4      17.  ProSight instead appointed defense counsel of *its* choice and it repeatedly

5  refused demands by the mutual insured and by Travelers to participate in the defense

6  with counsel of the mutual insured's choosing.

7      18.  ProSight compounded its breach of the duty to defend by having its

8  appointed counsel do next to nothing and "piggy-back" on the work of the mutual

9  insured's independent defense counsel, paid for by Travelers.

10      19.  ProSight's appointed counsel withdrew from representation of the mutual

11  insured on November 20, 2020.

12      20.  ProSight advised Travelers on January 21, 2021 that it would pay 50% of

13  the fees and costs incurred by independent defense counsel on and after November

14  20, 2020.

15      21.  Travelers acknowledged ProSight's agreement but demanded that

16  ProSight also pay the same percentage for fees and costs incurred by independent

17  defense counsel between the date of tender to ProSight and November 20, 2020.

18      22.  To date, ProSight has not paid any portion of any fees or costs incurred by

19  independent defense counsel in defense of the mutual insured.

20      23.  To date, ProSight has not reimbursed Travelers for any portion of any

21  fees or costs incurred by independent defense counsel in defense of the mutual

22  insured.

23      24.  ProSight has indicated that after trial, it likely will attempt to deny

24  coverage for any award against the mutual insured based on its reservation of rights.

25      25.  ProSight has most recently argued that its defense obligations should be

26  determined under the law of Virginia, despite having repeatedly invoked California

27  law in its communications with its California insured and Travelers.

28

6

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

**EXHIBIT 1 -- Page 6 of 11**

1   26. ProSight's deceptive conduct should not be tolerated, much less

2   rewarded, by allowing it to avoid its defense obligations and forcing Travelers to

3   foot the entire bill for the mutual insured's proper defense.

4   27. ProSight is obligated to reimburse Travelers for at least 50% of the

5   independent defense counsel fees and costs paid by Travelers, plus interest, and it is

6   further obligated to pay at least 50% of those fees and costs going forward.

7   28. An actual case or controversy exists between Travelers and ProSight

8   regarding ProSight's obligation to reimburse Travelers and pay for the mutual

9   insured's independent defense counsel.

10                   **FIRST CLAIM FOR RELIEF:**

11                   **DECLARATORY JUDGMENT**

12   29. Travelers incorporates the allegations of Paragraph 1 through 28 as if set

13   forth in full here.

14   **This Dispute**

15   30. Travelers and ProSight disagree about a host of issues regarding the

16   parties' rights and obligations as they pertain to the insured, the insurance policies,

17   and the Underlying Action.

18   31. ***Travelers seeks the following declarations against ProSight regarding***

19   ***their mutual insured and the Underlying Action:***

20      a. Duty to Defend: Since the Underlying Action was tendered to it,

21      and through the present, ProSight has been obligated under the ProSight

22      Policy to defend the insured;

23      b. Duty to Defend with Independent Defense Counsel: Since the

24      Underlying Action was tendered to it, and through the present, ProSight has

25      been obligated to provide the insured with a defense with independent

26      defense counsel of the insured's choosing;

27

28

7

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

**EXHIBIT 1 -- Page 7 of 11**

1        c. <u>Breach of its Duty to Defend</u>: ProSight has failed to meet its duty to

2    defend the insured in the Underlying Action.  It has failed to properly defend

3    the insured with independent defense counsel of the insured's choosing, which

4    was its obligation.  Alternatively, even if the Court determines that ProSight

5    was not obligated to defend the insured with independent defense counsel of

6    the insured's choosing, either because California law does not apply or for

7    some other reason, ProSight still breached its duty to defend the insured by

8    failing to provide it an adequate defense.  This failure includes not paying

9    attorneys to do adequate work to defend the insured and not replacing its

10   chosen Virginia attorneys at all when they withdrew from the defense;

11       d. <u>Obligation to Reimburse Travelers</u>: ProSight has an obligation to

12   reimburse Travelers for at least half of the fees, costs, and expenses incurred

13   by Travelers in the defense of the mutual insured in the Underlying Action,

14   plus interest; and

15       e. <u>Obligation to Pay Fees and Costs Incurred By Independent Counsel</u>

16   <u>Going Forward</u>: ProSight has an obligation to pay least half of the fees, costs,

17   and expenses incurred by independent defense counsel on a going forward

18   basis.

19       32.  Travelers is informed and believes that ProSight disputes Travelers' right

20   to each and every one of the foregoing declarations.

21       33.  Declaratory relief is appropriate and necessary and the Court should

22   exercise its jurisdiction over this matter under the Declaratory Judgment Act, 28

23   U.S.C. §§ 2201-2202, because Travelers has no other plan, speedy, and/or adequate

24   remedy at law.

25       34.  For the reasons stated above, Travelers requests that the Court enter an

26   order and judgment declaring each of these disputed matters in Travelers' favor and

27

28

8

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

**EXHIBIT 1 -- Page 8 of 11**

against ProSight and, further, that it make a monetary award and judgment in Travelers' favor against ProSight consistent with its declarations.

**SECOND CLAIM FOR RELIEF:**

**EQUITABLE CONTRIBUTION OF**

**DEFENSE EXPENSES IN**

**UNDERLYING ACTION**

35.  Travelers incorporates the allegations of paragraphs 1 through 28 and 30 through 34 as if set forth in full here.

36.  Travelers and ProSight each owe the insured a defense in the Underlying Action with independent defense counsel.  As to the duty to defend the mutual insured, they cover the same risk, Travelers paid more than its fair share, and ProSight should have paid its share, but didn't.  ProSight is obligated to pay at least half of that defense expense.

37.  Travelers has spent and continues to spend substantial sums toward the mutual insured's defense in the Underlying Action with independent defense counsel of the mutual insured's choosing, as well as other counsel, experts, and vendors necessary to defend the insured.  The case continues and the amount incurred by Travelers continues to grow.

38.  For its part, rather than pay half, ProSight has not reimbursed the insured or Travelers anything, and it has not adequately funded a defense of its own.  It has not actually defended by any objective measure.

39.  Travelers has demanded that ProSight reimburse Travelers for half of the attorney's fees, costs, and expenses of the independent defense counsel defending their mutual insured in the Underlying Action and, further, that ProSight pay half of those attorney's fees, costs, and expenses going forward.

40.  ProSight owes that, but it has refused to reimburse Travelers or pay any fees of the mutual insured's independent defense counsel, despite having committed

1   to participate in the defense and split the fees and costs incurred by independent

2   defense counsel on and after November 20, 2020.

3       41.  In addition to declaratory relief, Travelers seeks a money judgment of

4   equitable contribution of at least half of the attorney's fees, costs, and expenses of

5   defending the insured in the Underlying Action, plus interest. Equity compels this

6   result under the circumstances of this dispute.

7   **PRAYER FOR RELIEF**

8       WHEREFORE, plaintiff Travelers prays for an order and judgment against

9   defendant ProSight as follows:

10       1.  Declaring that

11         a.  <u>Duty to Defend</u>: Since the Underlying Action was tendered to it,

12   and through the present, ProSight has been obligated under the ProSight

13   Policy to defend the mutual insured;

14         b.  <u>Duty to Defend with Independent Defense Counsel</u>: Since the

15   Underlying Action was tendered to it, and through the present, ProSight has

16   been obligated to provide the mutual insured with a defense with independent

17   defense counsel of the insured's choosing;

18         c.  <u>Breach of its Duty to Defend</u>: ProSight has failed to meet its duty to

19   defend the mutual insured in the Underlying Action.  It has failed to properly

20   defend the insured with independent defense counsel of the insured's

21   choosing, which was its obligation; Alternatively, even if the Court

22   determines that ProSight was not obligated to defend the insured with

23   independent defense counsel of the insured's choosing, either because

24   California law does not apply or for some other reason, ProSight still breached

25   its duty to defend the insured by failing to provide it an adequate defense.

26   This failure includes not paying attorneys to do adequate work to defend the

27

28

10

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

**EXHIBIT 1 -- Page 10 of 11**

1    insured and not replacing its chosen Virginia attorneys at all when they
2    withdrew from the defense;

3        d.  <u>Obligation to Reimburse Travelers</u>: ProSight has an obligation to
4    reimburse Travelers for at least half of the fees, costs, and expenses incurred
5    by Travelers in the defense of the mutual insured in the Underlying Action;
6    and

7        e.  <u>Obligation to Pay Fees and Costs Incurred By Independent Counsel</u>
8    <u>Going Forward</u> : ProSight has an obligation to pay least half of the fees, costs,
9    and expenses incurred by independent defense counsel on a going forward
10   basis;

11   2.  Enjoining ProSight from refusing to participate in the defense of the
12   Underlying Action via independent defense counsel of the mutual insured's choosing,
13   and ordering ProSight to pay at least 50% of the attorney's fees, costs, and expenses
14   incurred by independent defense counsel going forward ;

15   3.  Awarding Travelers a money judgment of at least half of the attorney's
16   fees, costs, and expenses it has paid defending the mutual insured in the Underlying
17   Action through counsel of the mutual insured's choosing;

18   4.  Awarding interest on all such sums at 10% (Cal. Civ. Code §§ 3287(a) and
19   3289) or as otherwise provided for by the Court;

20   5.  Awarding costs of suit; and

21   6.  Awarding all other relief which the Court finds just and proper.

22   Dated: September 7, 2021

23                          Respectfully submitted,

24

25          /s/ Mark D. Peterson
            MARK D. PETERSON
26          Of CATES PETERSON LLP
            Attorneys for Plaintiff
27          TRAVELERS COMMERCIAL
            INSURANCE COMPANY

28

                              11
AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

**EXHIBIT 1 -- Page 11 of 11**

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation, <br><br> Plaintiff, <br><br> v. <br><br> New York Marine and General Insurance Company, a Delaware Corporation, <br><br> Defendant. | Case No. 2:21-cv-5832-GW (PDx) <br><br> **DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** <br><br> Hon. George H. Wu |

COMES NOW DEFENDANT NEW YORK MARINE AND GENERAL
INSURANCE COMPANY ("NEW YORK MARINE") and Answers the First
Amended Complaint of PLAINTIFF TRAVELERS COMMERCIAL INSURANCE
COMPANY ("Travelers") as follows:

1.    Answering Paragraph 1, NEW YORK MARINE submits that the
allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but
to the extent a response is required, denies the allegation that it "fail[ed] to meet its
obligation to provide its and Travelers' mutual insured … with independent counsel

1

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 1 of 32**

1    to defend the insured in an underlying defamation action", and further denies that it
2    "breached … its insurance policy and its obligations" to its insured. NEW YORK
3    MARINE further denies that "[i]t has unfairly forced Travelers to pay [NEW YORK
4    MARINE'S] proper share of defense costs", and so also denies the allegations therein
5    that Travelers has been damaged in any way on account of any conduct by NEW
6    YORK MARINE, that Travelers is entitled to judgment or a declaration, and further
7    denies the allegation implied therein that NEW YORK MARINE failed to provide the
8    insured "with a proper defense." NEW YORK MARINE further denies that the
9    allegation therein that "Travelers is entitled to reimbursement from NEW YORK
10   MARINE" of amounts that Travelers has spent to defend the mutual insured, whether
11   by way of equitable contribution or any other claim or cause of action, and denies the
12   implied allegation therein that it failed to "defend the[] mutual insured with proper
13   counsel and adequate experts and vendors."

14        2.    Answering Paragraph 2, NEW YORK MARINE admits the allegations
15   therein.

16        3.    Answering Paragraph 3, NEW YORK MARINE denies the allegation
17   therein that "ProSight" is a "corporation  existing under the law of the State of New
18   York, with its principal place of business in Morristown, New Jersey".  NEW YORK
19   MARINE further denies that "ProSight is, and at all times relevant was, an insurance
20   carrier eligible to do business and doing business as an insurer in the State of
21   California"—indeed, inasmuch as "ProSight" is not a named defendant in the present
22   action, it is unclear to NEW YORK MARINE why the allegations concerning
23   "ProSight" are alleged herein. In light of the foregoing, NEW YORK MARINE also
24   denies the allegation therein that "ProSight" is a "corporation existing under the law
25   of the State of New York," and denies the allegation that its "principal place of
26   business in Morristown, New  Jersey", to the extent that Travelers intends but fails to
27   assert that allegation against NEW YORK MARINE, as NEW YORK MARINE is a
28   company existing under the laws of the State of Delaware with a principal place of

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 2 of 32

business in New York City within the State of New York. NEW YORK MARINE further admits that it is an insurer "eligible to do business and doing business as an insurer in the State of California."

4.    Answering Paragraph 4, NEW YORK MARINE admits the allegation that the matter is subject to the jurisdiction of this Court based on the amount in controversy and the diversity of citizenship between the parties. However, NEW YORK MARINE denies the allegation that any sums "should have been paid by ProSight", and further denies that it is "incorporated in New York", inasmuch as it is incorporated in Delaware, and has a principal place of business in New York City in the state of New York.

5.    Answering Paragraph 5, NEW YORK MARINE admits the allegation that the Court has personal jurisdiction over the parties based on the fact that the dispute arises over policies of insurance issued in California, and admits that it operated its business continuously in California as an insurer at all times relevant to the present complaint.

6.    Answering Paragraph 6, NEW YORK MARINE admits the allegation that venue is proper in this judicial district because the dispute arises out of policies of insurance issued in this district, but denies the remaining allegations that "a substantial part of the events which are the subject of the claims asserted here took place in this judicial district, including that the underlying defense has involved extensive activities in the County of Los Angeles."

7.    Answering Paragraph 7, NEW YORK MARINE admits the allegations therein.

8.    Answering Paragraph 8, NEW YORK MARINE has insufficient information to admit or deny whether the insured is a California resident and so denies that allegation, but admits that the insured was "sued in Virginia state court". NEW YORK MARINE further admits that the Underlying Action "seeks damages for defamation", and admits that the Underlying Action originally obligated both

3
DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 3 of 32

Travelers and New York Marine to defend the insured, to the extent such obligation was or is not otherwise excused. However, NEW YORK MARINE denies that it has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel which it approved and appointed cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

9.    Answering Paragraph 9, NEW YORK MARINE admits the allegations therein to the extent that the allegations of the complaint in the underlying action originally triggered Travelers' and NEW YORK MARINE'S respective duties to defend the insured, but denies that NEW YORK MARINE has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

10.    Answering Paragraph 10, NEW YORK MARINE admits the allegation therein that Travelers "agreed to defend the mutual insured" in the Underlying Action "under a reservation of rights". However, to the extent that the lead counsel retained by the insured and funded by Travelers to defend the Underlying Action was licensed in Virginia and not California, NEW YORK MARINE denies the allegation therein that Travelers' "reservation of rights and California law" imposed any obligation on

4
DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 4 of 32

Travelers to provide a defense to the insured through independent counsel, whether under *San Diego Navy Federal Credit Union v. Cumis Insurance Society,* 162 Cal.App.3d 358 (1984), Civil Code § 2860, and/or Civil Code § 1646, since under Virginia law, even when retained by an insurer defense counsel has only the insured as a client, and so no conflict exists which would trigger the insured's right to independent counsel under Civil Code § 2860, as previously held by this Court in its January 6, 2022 Order. Nevertheless, responding to that allegation, NEW YORK MARINE admits that Travelers "offered to pay for independent defense counsel of the mutual insured's own selection" and consequently assumed a duty to provide independent counsel to the insured. NEW YORK MARINE further denies the allegation therein that "Travelers offered to pay for independent defense counsel of the mutual insured's own selection, subject to the rate limitations of California Civil Code section 2860", since Travelers instead agreed to pay independent counsel its substantially higher hourly rates, and only subsequently required that independent counsel accept "the rate limitations of California Civil Code section 2860" in or about May 2021. Subject to the foregoing, NEW YORK MARINE admits the allegation therein that "Travelers has paid the fees of the mutual insured's independent defense counsel", but lacks sufficient information to determine whether Travelers has paid all or merely some portion of such fees, and consequently denies the allegations to the extent they impliedly allege that Travelers has paid 100% of all fees and costs incurred to date.

11.    Answering Paragraph 11, NEW YORK MARINE admits the allegation therein that it "accepted its obligation to defend the insured under a reservation of rights", but denies the remaining allegations therein that its "reservation of rights triggered the mutual insured's right to independent counsel under California law, under the holding of *Cumis,* Civil Code Section 2860, and Civil Code section 1646", since, as the Court concluded in its January 6, 2022 Order, the reservation of rights issued by NEW YORK MARINE is a "general" reservation of rights which "is not

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 5 of 32**

1    sufficient to create a duty on the insurer to provide independent counsel". NEW
2    YORK MARINE further denies the allegation since, as also held by the Court in its
3    January 6, 2022 Order, "under California law [NEW YORK MARINE] would not
4    have such obligation because the Virginia lawyer [retained by NEW YORK
5    MARINE] – whose professional conduct is unquestionably governed/measured by
6    Virginia law – has no undivided loyalty."

7         12.    Answering Paragraph 12, NEW YORK MARINE denies the allegations
8    therein that its "reservation of rights letter—like Travelers' reservation of rights
9    letter—indicated that indemnity coverage could be denied based on the insured's
10   knowledge and / or intent with respect to the alleged events giving rise to the
11   Underlying Action", since as held by the Court in its January 6, 2022 Order, the
12   reservation of rights issued by NEW YORK MARINE is a "general" reservation of
13   rights which "is not sufficient to create a duty on the insurer to provide independent
14   counsel". NEW YORK MARINE further denies the allegation since, as also held by
15   the Court in its January 6, 2022 Order, "under California law [NEW YORK
16   MARINE] would not have such obligation because the Virginia lawyer [retained by
17   NEW YORK MARINE] – whose professional conduct is unquestionably
18   governed/measured by Virginia law – has no undivided loyalty."

19        13.    Answering Paragraph 13, NEW YORK MARINE admits that it "did not
20   agree to provide the mutual insured with independent defense counsel", but to the
21   extent the allegations therein imply that it had an obligation to do so, denies such
22   obligation since as held by the Court in its January 6, 2022 Order, the reservation of
23   rights issued by NEW YORK MARINE is a "general" reservation of rights which "is
24   not sufficient to create a duty on the insurer to provide independent counsel". NEW
25   YORK MARINE further denies the allegation since, as also held by the Court in its
26   January 6, 2022 Order, "under California law [NEW YORK MARINE] would not
27   have such obligation because the Virginia lawyer [retained by NEW YORK
28   MARINE] – whose professional conduct is unquestionably governed/measured by

6
DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 6 of 32

Virginia law – has no undivided loyalty."

14.   Answering Paragraph 14, NEW YORK MARINE denies the allegations therein.

15.   Answering Paragraph 15, NEW YORK MARINE admits the allegations therein, and observes that its position was confirmed correct by the Court as reflected in its January 6, 2022 Order holding that NEW YORK MARINE's reservation of rights letter did not trigger the insured's right to independent "*Cumis*" counsel under Civil Code § 2860.

16.   Answering Paragraph 16, NEW YORK MARINE denies the allegations therein, and in particular, denies that NEW YORK MARINE was engaged in any "scheme" to deny the insured's rights—a position again confirmed correct by the Court as reflected in its January 6, 2022 Order holding that NEW YORK MARINE's reservation of rights letter did not trigger the insured's right to independent "*Cumis*" counsel under Civil Code § 2860.

17.   Answering Paragraph 17, NEW YORK MARINE admits the allegations therein to the extent that it appointed defense counsel, but denies the allegation to the extent it alleges that the insured opposed retention of the counsel so-appointed by NEW YORK MARINE inasmuch as the counsel which NEW YORK MARINE appointed *had originally been retained by the insured* to represent her in the defense of the Underlying Action.

18.   Answering Paragraph 18, NEW YORK MARINE denies the allegations therein that it "ha[d] its appointed counsel do next to nothing and 'piggy-back' on the work of the mutual insured's independent defense counsel, paid for by Travelers", as NEW YORK MARINE in fact intended and instructed its appointed defense counsel to act as "lead counsel" with respect to the defense of the Underlying Action. NEW YORK MARINE further denies the allegation since any failure of appointed counsel to participate fully in the defense of the insured was the result of the affirmative refusal of independent counsel retained by the insured and funded by Travelers to

7

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 7 of 32**

1  cooperate with, and its active obstruction of, the participation of NEW YORK
2  MARINE's appointed counsel.

3      19.    Answering Paragraph 19, NEW YORK MARINE generally admits the
4  allegation therein, and denies the same only to the extent that counsel withdrew on
5  November 6, 2020, rather than November 20, 2020.

6      20.    Answering Paragraph 20, NEW YORK MARINE generally admits the
7  allegations therein, and denies the same only to the extent that counsel withdrew on
8  November 6, 2020, rather than November 20, 2020. NEW YORK MARINE further
9  denies the allegation therein to the extent that the allegation does not reflect that NEW
10 YORK MARINE's agreement was subject to a reservation of all of NEW YORK
11 MARINE'S rights.

12     21.    Answering Paragraph 21, NEW YORK MARINE denies the allegation
13 that "Travelers acknowledged [NEW YORK MARINE'S] agreement", but admits the
14 allegation that Travelers demanded that NEW YORK MARINE reimburse Travelers
15 for sums incurred by independent counsel retained by the insured and funded by
16 Travelers from the date of the insured's tender; however, NEW YORK MARINE
17 further denies the allegations therein to the extent that appointed defense counsel
18 withdrew from the defense on November 6, 2020, rather than November 20, 2020.

19     22.    Answering Paragraph 22, NEW YORK MARINE denies the allegation
20 therein as NEW YORK MARINE has previously paid Travelers the sum of
21 $621,693.43.

22     23.    Answering Paragraph 23, NEW YORK MARINE denies the allegation
23 therein as NEW YORK MARINE has previously paid Travelers the sum of
24 $621,693.43.

25     24.    Answering Paragraph 24, NEW YORK MARINE acknowledges that it
26 extended a defense to the mutual insured subject to a reservation of its rights—as
27 Travelers itself has done—and so denies the allegation therein to the extent that it
28 implies that NEW YORK MARINE's provision of a defense pursuant to routine and

8

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 8 of 32

1  legally-recognized reservation of its rights—just like Travelers has done—somehow
2  reflects a "scheme" or a deliberate intent by NEW YORK MARINE to *wrongfully*
3  deny the insured the benefit of the NEW YORK MARINE policy. NEW YORK
4  MARINE further denies that it has "indicated" any particular position to the insured,
5  to Travelers, or to any other person or entity, with respect to the coverage available to
6  the insured, including the availability or non-availability of indemnity for the insured,
7  beyond the "general" reservation of rights pursuant to which it originally assumed the
8  insured's defense as acknowledged in the Court's January 6, 2022 Order. In addition,
9  NEW YORK MARINE denies the remaining allegations of paragraph 24 in their
10 entirety.

11      25.   Answering Paragraph 25, NEW YORK MARINE denies the allegation
12 therein "that its defense obligations should be determined under the law of Virginia",
13 as New York Marine's position is that it is the relationship between the insured, the
14 insured's Virginia-based and licensed defense counsel, and the insurer which is
15 governed by Virginia law, for purposes of ascertaining NEW YORK MARINE's
16 obligations under California law.

17      26.   Answering Paragraph 26, NEW YORK MARINE submits that the
18 allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but
19 nevertheless denies the allegations therein to the extent they relate the substance of
20 the dispute at hand.

21      27.   Answering Paragraph 27, NEW YORK MARINE denies the allegations
22 therein.

23      28.   Answering Paragraph 28, NEW YORK MARINE admits the allegations
24 therein.

25      29.   Answering Paragraph 29, NEW YORK MARINE restates the
26 admissions and denials previously set forth in paragraphs 1- 28 as appropriate.

27      30.   Answering Paragraph 30, NEW YORK MARINE submits that the
28 allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but

9
DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 9 of 32**

admits that a present controversy exists between Travelers and NEW YORK MARINE as to NEW YORK MARINE'S obligations with respect to the defense of the insured in the Underlying Action and as to Travelers' entitlement to recovery from NEW YORK MARINE of sums incurred by Travelers in connection with the defense provided through independent counsel retained by the insured and funded by Travelers.

31.     Answering Paragraph 31, NEW YORK MARINE admits the allegation of subpart a. therein that it originally had a duty to defend the insured except to the extent otherwise excused. However, NEW YORK MARINE denies that it has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel which it approved and appointed cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

Answering subpart b. therein, NEW YORK MARINE denies the allegation that it had or has any duty to provide defense through "independent counsel of the insured's choosing", since as held by the Court in its January 6, 2022 Order, the reservation of rights issued by NEW YORK MARINE is a "general" reservation of rights which "is not sufficient to create a duty on the insurer to provide independent counsel". NEW YORK MARINE further denies the allegation since, as also held by the Court in its January 6, 2022 Order, "under California law [NEW YORK MARINE] would not have such obligation because the Virginia lawyer [retained by NEW YORK MARINE] – whose professional conduct is unquestionably governed/measured by Virginia law – has no undivided loyalty."

Answering subpart c. therein, NEW YORK MARINE denies the allegations

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 10 of 32

1 that it breached its duty to defend, either by refusing to provide the insured "with
2 independent defense counsel of the insured's choosing", or by "failing to provide [the
3 insured] an adequate defense", and further denies that allegations that it breached the
4 duty to defend by "not paying its attorneys to do adequate work to defend the insured
5 and not replacing its chosen Virginia attorneys at all when they withdrew from the
6 defense". Answering subpart d. therein, NEW YORK MARINE further denies the
7 allegations therein. Furthermore, answering subpart e. therein, NEW YORK
8 MARINE denies that it "has an obligation to pay [at] least half of the fees, costs, and
9 expenses incurred by independent defense counsel on a going forward basis" to the
10 extent that NEW YORK MARINE may provide a defense to the insured through
11 counsel it appoints, and/or to the extent that its ongoing obligation to provide a
12 defense to the insured has been excused in light of: (1) the insured's refusal of the
13 defense properly provided by NEW YORK MARINE through appointed defense
14 counsel; and/or (2) the refusal of independent counsel retained by the insured and
15 funded by Travelers to cooperate with or facilitate the participation of defense counsel
16 appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to
17 that lack of cooperation including by way of its failure to require that independent
18 counsel which it approved and appointed cooperate with and facilitate the active
19 participation of NEW YORK MARINE's appointed counsel in the defense.

20      32.    Answering Paragraph 32, NEW YORK MARINE submits that the
21 allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but
22 admits that a present controversy exists between Travelers and NEW YORK
23 MARINE as to NEW YORK MARINE'S obligations with respect to the defense of
24 the insured in the Underlying Action and as to Travelers' entitlement to recovery from
25 NEW YORK MARINE of sums incurred by TRAVELERS in connection with the
26 defense provided through independent counsel retained by the insured and funded by
27 Travelers.

28      33.    Answering Paragraph 33, NEW YORK MARINE submits that the

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 11 of 32

allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but admits that a present controversy exists between Travelers and NEW YORK MARINE as to NEW YORK MARINE'S obligations with respect to the defense of the insured in the Underlying Action and as to Travelers' entitlement to recovery from NEW YORK MARINE of sums incurred by TRAVELERS in connection with the defense provided through independent counsel retained by the insured and funded by Travelers.

34.    Answering Paragraph 34, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but otherwise denies Travelers' entitlement to the relief requested therein.

35.    Answering Paragraph 35, NEW YORK MARINE restates the admissions and denials previously set forth in paragraphs 1-28 and 30-34 above as appropriate.

36.    Answering Paragraph 36, NEW YORK MARINE admits the allegation therein that Travelers and NEW YORK MARINE "each owe the insured a defense in the Underlying Action". However, NEW YORK MARINE denies that it has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel which it approved and appointed cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

37.    Answering Paragraph 37, NEW YORK MARINE has insufficient information to admit or deny the allegations therein, and therefore denies the same.

38.    Answering Paragraph 38, NEW YORK MARINE denies the allegations therein.

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 12 of 32

39.     Answering Paragraph 39, NEW YORK MARINE admits the allegations therein.

40.     Answering Paragraph 40, NEW YORK MARINE denies the allegations that it "owes but [] has refused to reimburse Travelers or pay any fees of the mutual insured's independent defense counsel" inasmuch as it has previously paid to Travelers the sum of   $621,693.43. New York Marine further denies that it "committed to participate in the defense and split the fees and costs incurred by independent counsel on and after November 20, 2020" inasmuch as any agreement made by NEW YORK MARINE was made pursuant to an express reservation of its rights; consequently, NEW YORK MARINE further denies the allegation on the grounds that any obligation to defend or to reimburse Travelers for the costs of such defense has been excused by both Travelers' unclean hands and by the Insured's refusal of the defense provided by NEW YORK MARINE.

41.     Answering Paragraph 41, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but otherwise denies Travelers' entitlement to the relief requested therein.

WHEREFORE, NEW YORK MARINE denies the allegations set forth and dispute Travelers claim for relief as set forth in the First Amended Complaint's prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

42.     As a first, separate defense to all claims for relief alleged in the First Amended Complaint, NEW YORK MARINE alleges as to each and every cause of action and claim that  Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43.     As a second, separate defense, the First Amended Complaint and each of its causes of action are barred because Plaintiff lacks standing to assert the claims

13

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 13 of 32

therein.

### THIRD AFFIRMATIVE DEFENSE

44.    As a third, separate defense, the First Amended Complaint and each of its causes of action are barred because Plaintiff has failed to name and join all necessary parties.

### FOURTH AFFIRMATIVE DEFENSE

45.    As a fourth, separate defense to all claims for relief alleged in the First Amended Complaint, NEW YORK MARINE alleges that it acted in accordance with the terms of its policy and applicable law and that Plaintiff and/or its insured are not entitled to benefits under the policy because the insured has failed to satisfy conditions precedent to coverage, including by failing to cooperate with NEW YORK MARINE and its appointed defense counsel.

### FIFTH AFFIRMATIVE DEFENSE

46.    As a fifth, separate defense, the First Amended Complaint and each of its causes of action are barred because NEW YORK MARINE has reasonably performed and discharged in good faith each and every obligation, if any, owed to the insured and/or to Travelers.

### SIXTH AFFIRMATIVE DEFENSE

47.    As a sixth, separate defense, the First Amended Complaint and each of its causes of action are barred because all of NEW YORK MARINE's actions with respect to Plaintiff and the insured were done in good faith and/or in a manner consistent with business necessity.

### SEVENTH AFFIRMATIVE DEFENSE

48.    As a seventh, separate defense, the First Amended Complaint and each of its causes of action are barred, in whole or in part, because NEW YORK MARINE did not, either directly, legally, or proximately cause and/or contribute to Plaintiff's alleged damages, injuries, or losses.

///

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 14 of 32

1

**EIGHTH AFFIRMATIVE DEFENSE**

2     49.    As an eighth, separate defense, the First Amended Complaint and each

3  of its causes of action are barred, in whole or in part, by the doctrine of laches.

4

**NINTH AFFIRMATIVE DEFENSE**

5     50.    As a ninth, separate defense, the First Amended Complaint and each of

6  its causes of action are barred, in whole or in part, by Travelers' "unclean hands."

7  Specifically, any failure by NEW YORK MARINE'S appointed defense counsel to

8  fully participate in the defense of the insured up to and including its withdrawal from

9  the defense on November 6, 2020 resulted from the conduct of independent counsel

10  appointed by the insured and funded by Travelers who affirmatively and deliberately

11  refused to cooperate with and actively sought to obstruct, prevent and limit the

12  participation of NEW YORK MARINE's appointed counsel (who was originally

13  retained by the insured) in the insured's defense, and moreover, that Travelers either

14  deliberately encouraged and fomented the conduct of independent counsel in

15  affirmatively and deliberately refusing to cooperate with New York Marine's

16  appointed counsel and actively sought to obstruct, prevent and limit their

17  participation, and/or failed to insist that independent counsel cooperate with and

18  facilitate the participation of NEW YORK MARINE's appointed defense counsel,

19  including by failing to either bring an action to enforce independent counsel's

20  obligation to cooperate with NEW YORK MARINE's appointed counsel as Travelers

21  was entitled to do pursuant to Civil Code § 2860(f), or in the alternative, to decline to

22  pay or delay payment of its invoices until its independent counsel did so.

23     NEW YORK MARINE further contends that Travelers has "unclean hands"

24  because it has inhibited and sought to obstruct NEW YORK MARINE'S ongoing

25  participation in the defense of the insured, including by failing to timely provide

26  copies of status reports, invoices, billing audits and proofs of payment, despite NEW

27  YORK MARINE's repeated requests to both Travelers and independent counsel for

28  such documents and information, including by failing to either request such status

15

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 15 of 32**

1  reports or to insist upon their provision as required of independent counsel under Civil

2  Code §§ 2860(d) and (f), and/or by instructing and/or encouraging independent

3  counsel to not share all or certain of such invoices, status reports and other relevant

4  information with NEW YORK MARINE despite NEW YORK MARINE's repeated

5  requests.

6  Accordingly, and on account of the foregoing conduct, NEW YORK MARINE

7  contends that Travelers' claims and rights of recovery are barred in whole or in part.

8  **TENTH AFFIRMATIVE DEFENSE**

9  51.   As a tenth, separate defense, the First Amended Complaint and each of

10  its causes of action are barred, in whole or in part, to the extent that Plaintiff has failed

11  to mitigate, minimize or avoid the harm for the claims alleged in this action, and any

12  recovery against Defendant must, therefore, be reduced by the amount of any such

13  costs and/or damages thereby incurred by Plaintiff.

14  **ELEVENTH AFFIRMATIVE DEFENSE**

15  52.   As an eleventh, separate defense, the First Amended Complaint and each

16  of its causes of action are barred, in whole or in part, because any obligation of NEW

17  YORK MARINE to Plaintiff and/or the insured has been excused.

18  **TWELFTH AFFIRMATIVE DEFENSE**

19  53.   As a twelfth, separate defense, NEW YORK MARINE is entitled to an

20  offset against any amount awarded to Plaintiff on account of the First Amended

21  Complaint and each of its causes of action for sums already incurred by NEW YORK

22  MARINE in the defense of the INSURED, and/or for sums already paid to Plaintiff.

23  **ADDITIONAL DEFENSES**

24  54.   NEW YORK MARINE reserves the right to assert additional defenses

25  based on information learned or obtained during discovery.

26  **PRAYER FOR RELIEF**

27  WHEREFORE, NEW YORK MARINE prays as follows:

28  1.   That Plaintiff takes nothing by way of the First Amended Complaint on

16

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 16 of 32**

1   file herein

2        2.    That in the event the Court determines that it should declare the rights

3   and the duties of the parties as requested by Travelers' First Amended Complaint, that

4   the Court declare that:

5             a.    NEW YORK MARINE has no duty to defend the mutual insured;

6             b.    That NEW YORK MARINE has no obligation to provide the

7   insured with a defense with independent defense counsel of the insured's choosing;

8             c.    That NEW YORK MARINE has satisfied its duty to defend the

9   insured in the UNDERLYING ACTION by appointing defense counsel to represent

10  the INSURED, and that NEW YORK MARINE has not breached its duty to defend

11  the insured by failing to provide it with an adequate defense, including by failing to

12  pay attorneys fees to do adequate work to defend the insured or by not replacing its

13  appointed retained attorneys at all when they withdrew from the defense;

14            d.    That NEW YORK MARINE has no obligation to reimburse

15  Travelers for one half of the costs and expenses incurred by Travelers in the defense

16  of the insured or any other amount; and

17            e.    That NEW YORK MARINE has no obligation to pay at least one

18  half of the fees, costs and expenses incurred by independent counsel appointed by

19  Travelers on a going-forward basis or any other amount.

20       3.    That the Court not enjoin NEW YORK MARINE from refusing to

21  participate in the defense of the underlying action via independent counsel selected

22  by the insured nor order NEW YORK MARINE pay at least 50% of the attorneys

23  fees, costs and expenses incurred by independent counsel appointed by Travelers

24  going forward or any other amount.

25       4.    That NEW YORK MARINE be awarded judgment in its favor on

26  Plaintiff's First Amended Complaint.

27       5.    That NEW YORK MARINE be awarded its costs of suit; and

28       6.    That NEW YORK MARINE be awarded such other and further relief as

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 17 of 32

the court deems just and proper.

Dated:  March 25, 2022                          McCORMICK, BARSTOW, SHEPPARD,
                                                WAYTE & CARRUTH LLP


                              By:    _____/s/ James P. Wagoner_____
                                                James P. Wagoner
                                                Lejf E. Knutson
                                                Nicholas H. Rasmussen
                                                Graham A. Van Leuven
                                     Attorneys for Defendant New York Marine and
                                                General Insurance Company


## COUNTERCLAIM

Defendant and Counterclaimant New York Marine and General Insurance Company ("New York Marine") brings this Counterclaim against Plaintiff and Counter-Defendant Travelers Commercial Insurance Company ("Travelers") and alleges as follows:

## GENERAL ALLEGATIONS

### The Travelers Insurance Policy

1.      Travelers issued homeowners policy no. 601627108 634 1 to the mutual insured for the policy period November 14, 2018 to November 14, 2019 (the "Travelers Policy"). The Travelers Policy was issued/delivered to the mutual insured in California. The coverage provided by the Travelers Policy extends to otherwise covered or potentially covered damages because of defamation. The Travelers policy promised a defense to any lawsuit seeking such damages.

2.      New York Marine issued a commercial general liability policy, policy no. 201800012500, which provides coverage to the mutual insured for the policy period July 18, 2018 to July 18, 2019 (the "New York Marine Policy"). The New York Marine policy includes coverage for claims of "defamation" subject to its terms,

18

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 18 of 32

1   conditions and limitations.

2       **The Underlying Action**

3       3.      In or about March 2019, the mutual insured was sued in Virginia state

4   court ("the Underlying Action"). The Underlying Action seeks damages for

5   defamation. The Underlying Action states claims which are potentially within the

6   scope of both the Travelers and New York Marine Policies subject to the terms,

7   provisions and limitations of the New York Marine policy.

8       **New York Marine's Acceptance of the Insured's Defense**

9       4.      In or about September 4, 2019, the insured tendered the Underlying

10  Action to New York Marine.

11      5.      Upon information and belief, the insured also tendered the Underlying

12  Action to Travelers on or about September 4, 2019.

13      6.      On October 1, 2019, New York Marine accepted the insured's defense

14  subject to a reservation of its rights.

15      7.      New York Marine appointed the law firm Cameron McEvoy PLLC

16  ("Cameron McEvoy"), to defend the insured in the Underlying Action. At the time it

17  appointed Cameron McEvoy to represent the insured in the Underlying Action,

18  Cameron McEvoy was already representing the insured in that litigation, having been

19  previously retained by the insured.

20      8.      Cameron McEvoy is located in Fairfax, Virginia, and the attorneys

21  retained to defend the insured in the Underlying Action are licensed in, *inter alia,*

22  Virginia but not in California.

23      9.      In appointing Cameron McEvoy, New York Marine expressly instructed

24  that firm that it was to serve as "lead counsel" in the defense of the insured in the

25  Underlying Action.

26      **Travelers' Acceptance of the Insured's Defense**

27      10.     By way of an October 7, 2019 reservation of rights letter, Travelers

28  agreed to assume the insured's defense in the Underlying Action, subject to a

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 19 of 32**

1   reservation of Travelers' rights as set forth therein.

2       11.    Travelers' October 7, 2019 reservation of rights letter offered to provide

3   the insured with independent counsel.

4       12.    Following Travelers' October 7, 2019 reservation of rights letter, the

5   insured retained and Travelers has funded the insured's defense through New York

6   based attorney Roberta Kaplan of the law firm Kaplan Hecker & Fink LLP

7   ("Kaplan").

8       13.    In or about June 2020, the insured replaced the Kaplan firm with

9   Virginia-based and licensed attorney Elaine Bredehoft of the law firm Charlson

10   Bredehoft Cohen Brown & Nadelhaft, P.C ("Charlson Bredehoft").

11       14.    Although Travelers has permitted the insured and both the Kaplan and

12   Charlson Bredehoft firms to retain and utilize other attorneys and firms to assist in the

13   representation of the insured, the Kaplan firm and, subsequently, the Charlson

14   Bredehoft firm, were the only firms funded by Travelers who were primarily

15   responsible for the insured's defense.

16       15.    Further, although Civil Code § 2860(c) states that "[t]he insurer's

17   obligation to pay fees to the independent counsel selected by the insured is limited to

18   the rates which are actually paid by the insurer to attorneys retained by it in the

19   ordinary course of business in the defense of similar actions in the community where

20   the claim arose or is being defended", Travelers did not enforce this requirement on

21   independent counsel retained by the insured and funded by Travelers. Instead,

22   Travelers permitted the independent counsel retained by the insured and funded by

23   Travelers to bill and receive payment at independent counsel's own usual and

24   customary rates—rates which are higher than "the rates which are actually paid by"

25   Travelers "to attorneys retained by it in the ordinary course of business in the defense

26   of similar actions in the community where the claim arose or is being defended".

27       16.    Specifically, in or about June 10, 2020, Travelers entered into an

28   agreement with independent counsel pursuant to which independent counsel was

20

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 20 of 32**

1   permitted to bill its usual and customary hourly rates, without limitation on those
2   amounts, subject to a purported agreement that this would constitute a "capped fee of
3   $2,500,000.00 through post-trial motions".

4        17.    As of February 2021, independent counsel had exhausted the purported
5   fee cap of "$2,500,000", but trial remained more than a year away. Rather than
6   holding independent counsel to the June 2020 agreement, on May 18, 2021 Travelers
7   entered into a new agreement with independent counsel pursuant to which it vitiated
8   the original purported "capped fee" and agreed to continue to pay independent
9   counsel's ongoing fees and costs. On information and belief, by way of the new May
10  18, 2021 agreement, Travelers exercised its right under Civil Code § 2860 to limit
11  payments to independent counsel to "the rates which are actually paid by" it "to
12  attorneys retained by it in the ordinary course of business in the defense of similar
13  actions in the community where the claim arose or is being defended", and then only
14  on a going-forward basis.

15       18.    As a result, on information and belief, Travelers has incurred in excess
16  of $5,000,000 in defense fees and costs in connection with the underlying action, far
17  in excess of the amounts which Travelers was required to pay in light of the provisions
18  of Civil Code § 2860(c) upon which it could have relied.

19       **The Conduct of the Underlying Defense**

20       19.    Following Travelers' and New York Marine's respective reservations of
21  rights, Travelers and New York Marine, through the respective counsel funded by
22  each, proceeded to defend the insured in the Underlying Action.

23       20.    However, independent counsel retained by the insured and funded by
24  Travelers consistently refused to cooperate with Cameron McEvoy and deliberately
25  obstructed and prevented Cameron McEvoy's active involvement in the defense of
26  the insured. Specifically, independent counsel retained by the insured and funded by
27  Travelers frequently omitted Cameron McEvoy and its attorneys from
28  communications with the Court and opposing counsel, and from case-related emails.

21
DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 21 of 32**

1    Independent counsel retained by the insured and funded by Travelers also frequently

2    omitted and failed to notify or include Cameron McEvoy in discussions and

3    consideration of case strategy and tactics, and frequently failed to include Cameron

4    McEvoy in pleadings and notices, including by removing them from the pleadings,

5    proofs of service, and other notices.

6          21.    In or about August 2020, the Charlson Bredehoft firm entered into a

7    stipulation to continue trial without: (1) including Cameron McEvoy in discussions

8    surrounding the stipulation; (2) notifying Cameron McEvoy that such a stipulation

9    was contemplated; or (3) including Cameron McEvoy on the stipulation or related

10   proofs of service; with the result that Cameron McEvoy learned of the stipulation and

11   the Court's resulting Order through the Court's publicly available docket.

12         22.    Travelers has inhibited and obstructed New York Marine's ongoing

13   participation in the defense of the insured by failing to timely provide copies of status

14   reports, invoices, billing audits and proofs of payment, despite New York Marine's

15   requests to Travelers and independent counsel for such documents and information,

16   including by failing to either request that independent counsel provide such status

17   reports, by failing to insist upon their provision as required of independent counsel

18   under Civil Code §§ 2860(d) and (f), and/or by instructing and/or encouraging

19   independent counsel to not share all or certain of such invoices, status reports, and

20   relevant information with New York Marine despite New York Marine's requests.

21         23.    Travelers was aware that the independent counsel which it was funding

22   refused to cooperate with or facilitate the Cameron McEvoy firm's participation in

23   the defense.

24         24.    Indeed, in a March 21, 2020 email to attorney Sean Roche of Cameron

25   McEvoy, Pamela Johnson, Travelers' Assistant Vice President, Claim Professional,

26   Intellectual Property, Business Torts, who was responsible for handling the

27   Underlying Action on behalf of Travelers, expressly acknowledged that she had

28   spoken to independent counsel "about billing, sharing the work, etc." and stated that

22

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 22 of 32

1    her conversation with independent counsel "did not go well".

2         25.    Notwithstanding Travelers' March 2020 conversation with them,

3    independent counsel continued to refuse to cooperate with or facilitate Cameron

4    McEvoy's active participation in the defense of the Underlying Action.

5         26.    Travelers thereafter both failed to insist that independent counsel

6    cooperate with and facilitate the full and active participation of the Cameron McEvoy

7    firm in the defense of the insured in the Underlying Action and to enforce independent

8    counsel's cooperation with Cameron McEvoy as it was authorized to do under Civil

9    Code § 2860(f).

10        27.    As a result of independent counsel's refusal to cooperate with or

11   facilitate its active participation in the defense of the Underlying Action and

12   Travelers' failure to obtain or require its cooperation, on November 6, 2020, the

13   Cameron McEvoy firm withdrew from its representation of the insured in that action.

14   **FIRST CAUSE OF ACTION – DECLARATORY RELIEF – NEW YORK**

15   **MARINE DID NOT OWE A DUTY TO DEFEND THE INSURED**

16   **THROUGH INDEPENDENT COUNSEL**

17   **(Against Travelers)**

18        28.    New York Marine hereby incorporates by reference paragraphs 1-27 of

19   this Counterclaim as though fully set forth and alleged herein.

20        29.    Under California law, a "general" reservation of an insurer's rights does

21   not trigger an insured's right to independent counsel.

22        30.    Under Virginia law, insurer-appointed defense counsel only has the

23   insured for a client.

24        31.    Virginia does not apply any legal presumption that defense counsel

25   retained an insurer to defend an insured under a reservation of rights will do anything

26   in the conduct of the insured's defense which is inconsistent with the insured's

27   interests.

28        32.    New York Marine's October 1, 2019 reservation of rights did not trigger

23

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 23 of 32**

Case 2:22-cv-04685-GW-PD   Document 14-3   Filed 08/24/22   Page 37 of 70   Page ID #:447

Case 2:21-cv-05832-GW-PD   Document 56   Filed 03/25/22   Page 24 of 32   Page ID #:827

1   any right in the insured to independent counsel since, as the Court concluded in its

2   January 6, 2022 Order, the reservation of rights issued by New York Marine is a

3   "general" reservation of rights which "is not sufficient to create a duty on the insurer

4   to provide independent counsel".

5       33.    Additionally, because the Underlying Action is litigated in Virginia state

6   court and the Cameron McEvoy firm and the attorneys appointed by New York

7   Marine to defend the insured in the Underlying Action are licensed in Virginia but

8   not in California, no conflict existed between the insured, defense counsel, and New

9   York Marine, and consequently New York Marine's reservation of rights did not

10  trigger a right in the insured to independent counsel under Civil Code § 2860 because

11  no conflict existed between them under Virginia law.

12      34.    Accordingly, New York Marine did not owe a duty to defend the insured

13  through independent counsel because: (1) its reservation of rights did not trigger the

14  right to independent counsel as a matter of California law since, as the Court

15  concluded in its January 6, 2022 Order, the reservation of rights issued by New York

16  Marine is a "general" reservation of rights which "is not sufficient to create a duty on

17  the insurer to provide independent counsel"; and (2) because under Virginia law, the

18  Virginia-licensed attorneys of the Cameron McEvoy firm which New York Marine

19  appointed to defend the insured could have no conflict, no obligation to defend the

20  insured through independent counsel was triggered under California law, whether

21  pursuant to Civil Code § 2860 or any other provision of California law.

22      35.    Because New York Marine's October 1, 2019 reservation of rights did

23  not obligate it to provide the insured with independent counsel in connection with the

24  Underlying Action, New York Marine, by providing a defense in the Underlying

25  Action through appointed counsel the Cameron McEvoy firm, did not fail to defend

26  the insured.

27      36.    New York Marine is informed and believes based on the allegations of

28  Travelers' First Amended Complaint herein, as well as the discussions,

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 24 of 32**

1   correspondence, and documents exchanged between New York Marine and Travelers,

2   that Travelers disputes each of the foregoing contentions, and that accordingly, an

3   actual, justiciable controversy exists between New York Marine and Travelers as to

4   these matters.

5        37.   Wherefore, New York Marine is entitled to a declaration that it owed no

6   duty to defend the insured in the Underlying Action through independent counsel both

7   because: (1) its reservation of rights did not trigger the insured's right to independent

8   counsel as a matter of California law since, as the Court concluded in its January 6,

9   2022 Order, the reservation of rights issued by New York Marine is a "general"

10  reservation of rights which "is not sufficient to create a duty on the insurer to provide

11  independent counsel"; and (2) because under Virginia law the Virginia-licensed

12  attorneys of the Cameron McEvoy firm which New York Marine appointed to defend

13  the insured could have no conflict of interest in representing the insured upon their

14  appointment by New York Marine, New York Marine had no obligation to defend the

15  insured through independent counsel under California law, whether pursuant to Civil

16  Code § 2860, or any other provision of California law.

17  **SECOND CAUSE OF ACTION – DECLARATORY RELIEF – NEW YORK**

18  **MARINE DID NOT FAIL TO PROVIDE A DEFENSE TO ITS INSURED**

19                          **(Against Travelers)**

20       38.   New York Marine hereby incorporates by reference paragraphs 1-37 of

21  this Counterclaim as though fully set forth and alleged herein.

22       39.   New York Marine's October 1, 2019 reservation of rights did not give

23  rise to any obligation to provide the insured with  independent counsel in connection

24  with the defense of the Underlying Action.

25       40.   Because New York Marine's October 1, 2019 reservation of rights did

26  not give rise to any obligation to provide the insured with  independent counsel in

27  connection with the defense of the Underlying Action, New York Marine did not

28  breach any obligation to the insured or to Travelers by providing a defense to the

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 25 of 32**

1  insured through appointed counsel, the Cameron McEvoy firm who was originally
2  obtained by the insured.

3      41.    New York Marine is informed and believes based on the allegations of
4  Travelers' First Amended Complaint herein, as well as the discussions,
5  correspondence and documents exchanged between New York Marine and Travelers,
6  that Travelers disputes each of the foregoing contentions, and that accordingly, an
7  actual, justiciable controversy exists between New York Marine and Travelers as to
8  these matters.

9      42.    Wherefore, New York Marine is entitled to a declaration that it did not
10  breach any duty to the insured or to Travelers by defending the insured through
11  appointed counsel, the Cameron McEvoy firm who was originally retained by the
12  insured.

13          **THIRD CAUSE OF ACTION – DECLARATORY RELIEF –**
14          **REIMBURSEMENT**
15          **(Against Travelers)**

16      43.    New York Marine hereby incorporates by reference paragraphs 1-42 of
17  this Counterclaim as though fully set forth and alleged herein.

18      44.    From the outset of New York Marine's participation in the defense of
19  the insured, Travelers has wrongfully contended that New York Marine owed a duty
20  to defend the insured through independent counsel, and in particular, that New York
21  Marine reimburse Travelers for 50% of the fees and costs it incurred in funding
22  independent counsel retained by the insured, and thereafter participate with it in
23  funding independent counsel on a 50/50 basis going forward.

24      45.    In agreeing to defend the insured through independent counsel, Travelers
25  failed or refused to exercise its right to limit amounts paid to independent counsel to
26  "the rates which are actually paid by" Travelers "to attorneys retained by it in the
27  ordinary course of business in the defense of similar actions in the community where
28  the claim arose or is being defended", instead entering into improvident agreements

26
DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 26 of 32**

with independent counsel pursuant to which independent counsel was permitted to charge, and Travelers paid, higher rates and fees than the rates and fees which Travelers could have limited counsel to under Civil Code § 2860(c), and then ultimately failed even to enforce what limitations on independent counsel's fees were contained in its agreements with independent counsel.

46.    Travelers was aware that independent counsel consistently refused to cooperate with or facilitate the participation of New York Marine's appointed counsel, the Cameron McEvoy firm, in the defense of the insured, but whether through its negligence, indifference, or as part of a deliberate scheme to obtain New York Marine's participation with it in its ill-conceived and improvident agreements with independent counsel, Travelers failed to insist upon and obtain independent counsel's agreement to cooperate with and facilitate the full and active participation of the Cameron McEvoy firm in the defense of the insured, including by withholding payment of some or all of independent counsel's fees, by bringing an action for declaratory relief against independent counsel, or by seeking an injunction against independent counsel as it was permitted to do under Civil Code § 2860(f) to enforce independent counsel's obligation to cooperate with Cameron McEvoy and facilitate its participation in the defense of the insured.

47.    As a result of the inequitable conduct of Travelers, the Cameron McEvoy firm withdrew from the insured's defense in the Underlying Action on November 6, 2020.

48.    Following the November 6, 2020 withdrawal of the Cameron McEvoy firm from the insured's defense in the Underlying Action, New York Marine, subject to a reservation of rights, has to date paid Travelers at least the sum of $621,693.43, reflecting 50% of the fees and costs incurred by independent counsel from November 6, 2020 through February 28, 2021.

49.    Nevertheless, despite numerous and repeated requests from New York Marine, neither Travelers nor independent counsel has provided New York Marine

27

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 27 of 32

1   with copies of all status reports, invoices, billing audits, and related materials
2   reflecting all amounts incurred by independent counsel and/or paid by Travelers to
3   independent counsel since November 6, 2020, nor has New York Marine received
4   status updates or other documents reflecting all the work performed by independent
5   counsel since that date.

6      50.   Travelers' conduct in entering into improvident agreements with
7   independent counsel under which Travelers agreed to pay independent counsel
8   amounts in excess of the amounts Travelers was obligated to pay under Civil Code §
9   2860(c), in failing to enforce limitations in its agreements with independent counsel,
10  in failing to require that independent counsel—whether voluntarily or otherwise—
11  cooperate with and facilitate the Cameron McEvoy firm's full and active participation
12  in the defense of the Underlying Action, and in failing provide New York Marine with
13  copies of all relevant reports, invoices, and other documents reflecting the work
14  performed and the fees and costs incurred by independent counsel, amounts to
15  "unclean hands" which should bar, in whole or in part, any right of Travelers to
16  recover amounts from New York Marine, including for fees and costs incurred by
17  Travelers to defend the insured after the November 6, 2020 withdrawal of the
18  Cameron McEvoy firm from the insured's defense, including sums for which New
19  York Marine, under reservation of rights, has reimbursed Travelers.

20     51.   Under California law, where an insurer properly offers a defense through
21  appointed counsel, and the insured refuses the defense, neither the insured nor other
22  insurers which fund the insured's defense may recover from the non-participating
23  insurer for sums incurred to defend and/or indemnify the insured.

24     52.   The refusal of independent counsel to cooperate with or facilitate the
25  active participation of Cameron McEvoy in the defense of the Underlying Action and
26  Travelers' failure to obtain or enforce independent counsel's cooperation with
27  Cameron McEvoy, which resulted in Cameron McEvoy's withdrawal from the
28  defense, amounts to a "refusal" by the insured and/or Travelers of the defense

28

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

EXHIBIT 2 -- Page 28 of 32

1   rightfully extended by New York Marine and unclean hands by Travelers.

2        53.    Because of the insured's and Travelers' "refusal" of the defense offered

3   by New York Marine and Travelers' unclean hands, Travelers is not entitled to any

4   recovery for amounts incurred by it in the defense of the Underlying Action.

5        54.    As such, New York Marine is entitled to recover the sum of $621,693.43

6   previously paid to Travelers on or about January 18, 2022 under reservation of rights,

7   in reimbursement of 50% of the defense fees incurred by independent counsel and

8   paid by Travelers for the period from Cameron McEvoy's withdrawal on November

9   6, 2020 through February 28, 2021, under reservation of New York Marine's rights,

10  as well as interest on that amount from January 18, 2022.

11       55.    New York Marine is also entitled to recover any additional amounts

12  which it may pay to Travelers on account of defense fees incurred following the

13  withdrawal of the Cameron McEvoy firm, as well as interest on those amounts from

14  the date of payment by New York Marine.

15       56.    New York Marine is informed and believes, based on the allegations of

16  Travelers' First Amended Complaint herein as well as the discussions,

17  correspondence, and documents exchanged between New York Marine and Travelers,

18  that Travelers disputes each of the foregoing contentions, and that accordingly, an

19  actual, justiciable controversy exists between New York Marine and Travelers as to

20  these matters.

21       57.    Wherefore, New York Marine is entitled to a declaration that: (1) New

22  York Marine is entitled to reimbursement of the $621,693.43 previously paid to

23  Travelers on or about January 18, 2022 under reservations, plus interest from that

24  date; (2) that New York Marine is entitled to reimbursement of any additional

25  amounts paid to Travelers in reimbursement of defense fees and costs incurred after

26  the November 6, 2020 withdrawal of Cameron McEvoy, plus interest from the date

27  of such payment(s) by New York Marine; and (3) that Travelers is not entitled to

28  recover any additional sums from New York Marine for costs incurred by independent

29

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 29 of 32**

counsel in the defense of the underlying action after November 6, 2022.

## **PRAYER FOR RELIEF**

WHEREFORE, NEW YORK MARINE prays as follows:

1.      That it be awarded judgment in its favor on all of the causes of action set forth herein including for an award of damages in the amount of $621,693.43 plus interest from January 18, 2022;

2.      For a declaration that it did not owe any duty to provide the insured with independent counsel;

3.      For a declaration that it did not breach any duty to the insured or to Travelers by defending the insured through appointed counsel originally selected by the insured;

4.      For a declaration that in entering into improvident agreements with independent counsel under which Travelers agreed to pay independent counsel amounts in excess of the amounts Travelers was obligated to pay under Civil Code § 2860(c), in failing to enforce limitations in its agreements with independent counsel, and in failing to obtain or enforce independent counsel's cooperation with Cameron McEvoy and facilitate its full and active participation in the defense of the Underlying Action, as Travelers was entitled to do under Civil Code § 2860(f), and in failing to provide New York Marine with copies of all relevant reports, invoices, and other documents reflecting the work performed and fees and costs incurred by independent counsel, that Travelers engaged in inequitable conduct and has "unclean hands" which completely bar, in whole or in part, any claim which Travelers has for recovery of defense fees which it incurred following the November 6, 2020 withdrawal of the Cameron McEvoy firm from the insured's defense in the Underlying Action;

5.      For a declaration that: (1) that New York Marine is entitled to reimbursement of any additional amounts paid to Travelers in reimbursement of defense fees and costs incurred after the November 6, 2020 withdrawal of Cameron McEvoy, plus interest from the date of such payment(s) by New York Marine; and

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 30 of 32**

(2) Travelers is not entitled to recover any additional sums from New York Marine for costs incurred by independent counsel in the defense of the underlying action after November 6, 2022;

     6.    That it be awarded its costs of suit;

     7.    For interest;

     8.    For such other and further relief as the Court deems just and proper.

Dated:  March 25, 2022       McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:     /s/ James P. Wagoner

James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and General Insurance Company

### JURY DEMAND

    Defendant and Counterclaimant NEW YORK MARINE hereby demands a jury trial to the fullest extent facilitated by law.

Dated:  March 25, 2022       McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:     /s/ James P. Wagoner

James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and General Insurance Company

8239080.1

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 31 of 32**

1

2

## **PROOF OF SERVICE**

3

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

4

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

5

6

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

7

8

9

On March 25, 2022, I served true copies of the following document(s) described as **DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

10

11

12

13

14

15

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

16

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

17

18

19

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

20

21

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

Executed on March 25, 2022, at Fresno, California.

23

24

*/s/ Marisela Taylor*

25

Marisela Taylor

26

27

28

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

**EXHIBIT 2 -- Page 32 of 32**



1   McCormick, Barstow, Sheppard,
    Wayte & Carruth LLP
2   James P. Wagoner, #58553
      *jim.wagoner@mccormickbarstow.com*
3   Nicholas H. Rasmussen, #285736
      *nrasmussen@mccormickbarstow.com*
4   Graham A. Van Leuven, #295599
      *graham.vanleuven@mccormickbarstow.com*
5   7647 North Fresno Street
    Fresno, California 93720
6   Telephone:   (559) 433-1300
    Facsimile:    (559) 433-2300
7
    Attorneys for Plaintiff New York Marine
8   and General Insurance Company

9            UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12   NEW YORK MARINE AND            Case No. 2:22-cv-04685
     GENERAL INSURANCE COMPANY,
13   a New York corporation,        **FIRST AMENDED COMPLAINT**

14              Plaintiff,

15         v.

16   AMBER HEARD, an individual,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

McCORMICK,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

FIRST AMENDED COMPLAINT

EXHIBIT 3 -- Page 1 of 11

1    Plaintiff New York Marine and General Insurance Company ("New York
2 Marine") alleges as follows:

3                           **JURISDICTION AND VENUE**

4    1.    The United States District Court for the Central District of California has
5 original jurisdiction over this case under 28 U.S.C. § 1332 because the amount in
6 controversy exceeds the sum of $75,000.00 and this matter involves citizens of
7 different states. This Court is authorized to grant declaratory judgment under the
8 Declaratory Judgment Act, 28 U.S.C. § 2201, pursuant to Rule 57 of the Federal Rules
9 of Civil Procedure.

10    2.    In this action, New York Marine seeks a judicial determination of the
11 respective rights of the parties under an insurance policy issued to Under the Black
12 Sky, Inc., which included Amber Heard ("Heard") as a Named Insured, with respect
13 to Heard's defense and indemnity in an underlying lawsuit.

14    3.    Plaintiff's claims for declaratory relief are authorized by 28 U.S.C.
15 §§ 2201.

16    4.    Venue is proper under 28 U.S.C. § 1391(b)(1) because Heard resides in
17 the Central District of California.

18    5.    Venue is proper under 28 U.S.C. § 1391(b)(2) because  a substantial part
19 of the events giving rise to this action occurred in this judicial district, consisting of
20 the issuance of the insurance policy to Under the Black Sky, Inc. with a relevant
21 mailing address in the Central District of California.

22                              **THE PARTIES**

23    6.    Plaintiff New York Marine is a corporation organized under the laws of
24 the State of New York, with a principle place of business in New York City within
25 the State of New York.

26    7.    Heard is and at all times herein mentioned was an individual who is a
27 citizen and resident of California.

28 ///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

FIRST AMENDED COMPLAINT

**EXHIBIT 3 -- Page 2 of 11**

## FACTUAL ALLEGATIONS

### The Insurance Policy

8.     New York Marine issued insurance policy no. GL201800012500 to named insureds Under the Black Sky, Inc. and Amber Heard for the policy period July 18, 2018 to July 18, 2019, with a per occurrence limit of liability of $1,000,000 (hereinafter the "Policy"). A true and correct copy of the Policy with premium and address information redacted is attached hereto as Exhibit "A."

9.     The Policy includes a Comprehensive Personal Liability Coverage part which provides coverage for "damages because of 'bodily injury', 'property damage' or 'personal injury' caused by an 'occurrence'" to which the coverage applies. (Exhibit A at p. 53 of 57.)

10.     The Policy defines "personal injury" to mean "injury other than 'bodily injury', arising out of one or more" enumerated offenses included in the policy, which includes "oral or written publication of material that slanders or libels a person or organization including other forms of defamation" and "oral or written publication of material including other forms of defamation that violates a person's right of privacy." (Exhibit A at p. 56 of 57.)

### The Underlying Lawsuit

11.     On March 1, 2019, John C. Depp II ("Depp") filed a lawsuit against Heard in the Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911 (the "Underlying Action").

12.     In the Underlying Action, Depp sought and is seeking damages for defamation based on an Op-Ed allegedly written by Heard and published in both the online edition of *The Washington Post* on December 18, 2018 and in a print edition of *The Washington Post* on December 19, 2018, and which was republished by Heard in a tweet on December 19, 2018. A true and correct copy of the Complaint filed by Depp in the Underlying Action is attached hereto as Exhibit "B."

13.     On or about September 4, 2019, Heard tendered the Underlying Action

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
FIRST AMENDED COMPLAINT

EXHIBIT 3 -- Page 3 of 11

1   to New York Marine.

2   14.   On October 1, 2019, New York Marine accepted Heard's defense of the

3   Underlying Action subject to reservation of rights. Specifically, New York Marine

4   advised Heard that New York Marine would provide a legal defense but that "to the

5   extent California law does not permit an insurer to indemnify the insured, no

6   indemnity can be provided."

7   15.   At the time Heard tendered the Underlying Action, the law firm Cameron

8   McEvoy PLLC was defending Heard in the Underlying Action. When New York

9   Marine accepted Heard's defense, New York Marine agreed to continue the defense

10   of Heard through the law firm Cameron McEvoy PLLC.

11   16.   New York Marine is informed and believes, and on such information and

12   belief alleges, that Heard or her agents instructed other firms defending Heard in the

13   Underlying Action to not include Cameron McEvoy in Heard's ongoing defense. As

14   a result, on or around November 2, 2020, Cameron McEvoy withdrew from the

15   defense of Heard in the Underlying Action.

16   17.   The Underlying Action proceeded to trial beginning on April 11, 2022.

17   18.   On May 27, 2022, the Court in the Underlying Action issued Jury

18   Instructions to the jury. A true and correct copy of the Jury Instructions are attached

19   hereto as Exhibit "C."

20   19.   In the Jury Instructions, the Court in the Underlying Action instructed

21   the jury that with respect to liability issues for Depp's claims against Heard, the jury's

22   verdict "must be based on the facts as you find them, and on the law contained in all

23   of these instructions." (Exhibit C at 4 of 38.)

24   20.   The Jury Instructions also instructed the jury that with respect to liability

25   issues for Depp's claims against Heard, the issues for the jury to decide were:

26   (1)   Whether Ms. Heard made or published any of the following

27   statements:

28   a.   "Amber Heard: spoke up against sexual violence — and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

FIRST AMENDED COMPLAINT

EXHIBIT 3 -- Page 4 of 11

1                faced our culture's wrath. That has to change."

2           b.      "Then two years ago, I became a public figure representing

3                   domestic abuse, and 1 felt the full force of our culture's

4                   wrath for women who speak out."

5           c.      "1 had the rare vantage point of seeing, in real time, how

6                   institutions protect men accused of abuse."

7     (Exhibit C at 4 of 38.)

8         21.    As a "Finding Instruction" the Court in the Underlying Action instructed

9  the jury that it "shall only return your verdict for Mr. Depp on his claim for

10  defamation" if Depp had proved by the greater weight of evidence that:

11     (1)    Ms. Heard made or published the following statement: "Then two

12            years ago, I became a public figure representing domestic abuse,

13            and I felt the full force of our culture's wrath for women who speak

14            out"; and

15     (2)    The statement was about Mr. Depp; and

16     (3)    The statement is false; and

17     (4)    The statement has a defamatory implication about Mr. Depp; and

18     (5)    The defamatory implication was designed and intended by Ms.

19            Heard; and

20     (6)    Due to the circumstances surrounding the publication of this

21            statement, it conveyed a defamatory implication to someone who

22            saw it other than Mr. Depp; and

23     if Mr. Depp further proved by clear and convincing evidence:

24     (7)    that Ms. Heard made the statement with actual malice.

25     If Mr. Depp failed to prove any one or more of the seven elements above,

26  then you shall find your verdict for Ms. Heard with respect to the above

27  statement.

28     (Exhibit C at 6 of 38.)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

FIRST AMENDED COMPLAINT

EXHIBIT 3 -- Page 5 of 11

22.     The Court in the Underlying Action issued a nearly identical "Finding Instruction" for each of the other two statements identified in paragraph 20 above, which only changed the content of the first element to replace the statement at issue. (Exhibit C at 7-8 of 38.)

23.     On June 1, 2022, the jury in the Underlying Action returned a verdict in favor of Depp for counts of defamation based on all three statements. This verdict was incorporated into a Judgment Order which was entered by the Court in the Underlying Action on June 24, 2022. A true and correct copy of the Judgment Order is attached hereto as Exhibit "D."

24.     As detailed in the Special Verdict Form, with regard to each of the three statements at issue, the Jury found that Depp had "proven all the elements of defamation" and answered in the affirmative to all of the following questions:

The statement was made or published by Ms. Heard?

The statement was about Mr. Depp?

The statement was false?

The statement had a defamatory implication about Mr. Depp?

The defamatory implication was designed and intended by Ms. Heard?

Due to circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp?

(Exhibit D at 6-8 of 13.)

25.     After answering all of those questions "yes", the jury also answered "yes" to the question "do you find that Mr. Depp has proven by clear and convincing evidence that Ms. Heard acted with actual malice?" (Exhibit D. at 6-8 of 13.)

26.     The jury awarded Depp $10,000,000 in compensatory damages and $5,000,000 in punitive damages from Heard. However, the punitive damages were reduced to a "statutory cap" of $350,000 pursuant to Virginia Code § 8.01-38.1. (Exhibit D at 1 of 13.)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6
FIRST AMENDED COMPLAINT

EXHIBIT 3 -- Page 6 of 11

**FIRST CAUSE OF ACTION**

**(Declaratory Relief As To Plaintiff's Duty To Indemnify Heard For The Judgment Order Under The Policy)**

27.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 26 as though fully set forth herein.

28.     California Insurance Code § 533 provides that "An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." This provision is an implied exclusionary clause which, by statute, is read into all insurance policies under California law.

29.     The jury's factual findings establish that Heard's liability is caused by the willful act(s) of Heard. As a result, as a matter of California public policy and pursuant to California Insurance Code § 533, the Policy does not provide coverage for Heard's liability as reflected in the Judgment Order entered on June 24, 2022.

30.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to the Judgment Order. Plaintiff contends that it has no duty to indemnify Heard for the Judgment Order entered on June 24, 2022. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contention and asserts that the Policy provides indemnity coverage for Heard for the Judgment Order entered on June 24, 2022.

31.     Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that if said Judgment Order entered on June 24, 2022 becomes final on appeal or otherwise, Plaintiff has no obligation to indemnify Heard for the Judgment Order.

///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

FIRST AMENDED COMPLAINT

EXHIBIT 3 -- Page 7 of 11

## **SECOND CAUSE OF ACTION**

### (**Declaratory Relief As To Plaintiff's Duty To Indemnify Heard For Any Judgment In The Underlying Action**)

32.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 31 as though fully set forth herein.

33.     California Insurance Code § 533 provides that "An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." This provision is an implied exclusionary clause which, by statute, is read into all insurance policies under California law.

34.     As a matter of California public policy and pursuant to California Insurance Code § 533, the Policy does not provide coverage for Heard's liability to Depp.

35.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to indemnity for the Underlying Action. Plaintiff contends that it has no duty to indemnify Heard for the Underlying Action. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contention and asserts that the Policy provides indemnity coverage for her for any liability which may be established in the Underlying Action.

36.     Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that Plaintiff has no obligation to indemnify Heard for any liability regarding the Underlying Action.

///

///

///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**THIRD CAUSE OF ACTION**

**(Declaratory Relief As To Plaintiff's Duty To Defend Heard In The Underlying Action The Policy [California Insurance Code § 533])**

37.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 36 as though fully set forth herein.

38.     Because the jury's factual findings regarding Heard's liability to Depp required a finding of willful act(s) by Heard to establish liability, California public policy and California Insurance Code § 533 preclude New York Marine from having any obligation to defend Heard in the Underlying Action.

39.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to whether New York Marine is obligated to defend Heard in the Underlying Action. Plaintiff contends that it has no duty to defend Heard based on California Insurance Code § 533. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contentions and asserts that the Policy obligates New York Marine to continue to defend Heard on an ongoing basis in the Underlying Action.

40.     Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that with respect to defense of Heard, Plaintiff has no obligation on an ongoing basis for the Underlying Action.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief As To Plaintiff's Duty To Defend And Indemnify Heard In The Underlying Action Under The Policy [Conditions])**

41.     Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 40 as though fully set forth herein.

42.     The Comprehensive Personal Liability Coverage part of the Policy provides under "CONDITIONS … Duties after Loss" that Heard must help New York

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

FIRST AMENDED COMPLAINT

**EXHIBIT 3 -- Page 9 of 11**

1   Marine by seeing that enumerated duties are performed, including helping New York
2   Marine "with the conduct of suits and attend hearings and trials." (Exhibit A at 56-58
3   of 67.)

4       43.    New York Marine is informed and believes, and on such information and
5   belief alleges, that after New York Marine accepted Heard's defense, Heard, both
6   individually and through her agents, refused to help New York Marine with the
7   conduct of the suit and instructed other defense firms representing Heard not to
8   include defense counsel provided by New York Marine in the ongoing defense of
9   Heard in the Underlying Action.

10      44.    An actual controversy has arisen and now exists between Plaintiff, on
11  the one hand, and Heard, on the other hand, with regard to the duties and obligations
12  owed between Plaintiff and Heard under the Policy with respect to whether New York
13  Marine is obligated to defend and/or indemnify Heard in the Underlying Action.
14  Plaintiff contends that it has no duty to defend and/or indemnify Heard based on her
15  failure to comply with the conditions of the Policy. Plaintiff is informed and believes,
16  and on such information and belief alleges, that Heard disputes Plaintiff's contentions
17  and asserts that the Policy obligates New York Marine to continue to defend Heard
18  on an ongoing basis in the Underlying Action and to indemnify her.

19      45.    Due to the actual and present controversy described above, pursuant to
20  28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and
21  obligations under the Policy determining that Plaintiff has no obligation to defend
22  Heard on an ongoing basis in the Underlying Action or to indemnify her.

23                              **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiff respectfully requests that this Court

25      1)     Enter a judgment declaring that:

26              a.    Plaintiff has no duty to indemnify Heard for the Judgment Order
27      entered on June 24, 2022 in the Circuit Court of Fairfax County, Virginia, case
28      no. CL-2019-0002911 if said Judgment Order becomes final on appeal or

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

10

FIRST AMENDED COMPLAINT

**EXHIBIT 3 -- Page 10 of 11**

1   otherwise;

2         b.     Plaintiff has no duty to indemnify Heard for any liability in the

3   Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911;

4         c.     Plaintiff has no duty to defend Heard on an ongoing basis in the

5   Underlying Action, Circuit Court of Fairfax County, Virginia, case no. CL-

6   2019-0002911 or in connection with any appeal of the judgment in the that

7   Action;

8   2)     Award New York Marine its costs; and

9   3)     Grant such further relief as this Court deems just and proper.

10

11   Dated:  July 11, 2022                 McCORMICK, BARSTOW, SHEPPARD,
                                                            WAYTE & CARRUTH LLP

12

13   By:       /s/ James P. Wagoner

14                  James P. Wagoner

15                  Nicholas H. Rasmussen

16                  Graham A. Van Leuven
                    Attorneys for Plaintiff New York Marine and

17                  General Insurance Company

18   **JURY DEMAND**

19       Defendant and Counterclaimant NEW YORK MARINE hereby demands a jury

20   trial to the fullest extent facilitated by law.

21   Dated:  July 11, 2022                 McCORMICK, BARSTOW, SHEPPARD,

22                             WAYTE & CARRUTH LLP

23

24   By:       /s/ James P. Wagoner

25                  James P. Wagoner
                    Nicholas H. Rasmussen

26                  Graham A. Van Leuven

27                  Attorneys for Plaintiff New York Marine and
                    General Insurance Company

28   8512603.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11
FIRST AMENDED COMPLAINT

**EXHIBIT 3 -- Page 11 of 11**

VIRGINIA:

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

JOHN C. DEPP, II,

      Plaintiff and Counterclaim-Defendant,

    v.

AMBER LAURA HEARD,

      Defendant and Counterclaim-Plaintiff.

Civil Action No.: CL-2019-0002911

## JUDGMENT ORDER

THIS MATTER came to be heard before a jury in this Court beginning on April 11, 2022 and continuing day to day April 11-14, April 18-21, April 25-28, May 2-5, May 16-19, May 23-27, with the jury deliberating May 27, May 31 and returning a verdict on June 1, 2022. Before the jury were three counts of defamation brought by the Plaintiff John C. Depp, II ("Mr. Depp"), and one count of defamation brought by the Defendant and Counterclaim Plaintiff, Amber Laura Heard ("Ms. Heard").

At the conclusion of the trial and deliberations, the jury returned a verdict in favor of Mr. Depp on all three remaining defamation counts, and awarded Mr. Depp $10 million in compensatory damages and $5 million in punitive damages, and a verdict in favor of Ms. Heard on her defamation count, and awarded Ms. Heard $2 million in compensatory damages. The jury verdict is hereby incorporated into this Order by reference and made a part of this Order. It is therefore

ORDERED that the jury verdict of $5,000,000 in punitive damages in favor of Mr. Depp is hereby reduced to $350,000, the statutory cap pursuant to Virginia Code § 8.01-38.1; and it is further

2

**EXHIBIT 4 -- Page 1 of 13**

ORDERED that with respect to the Complaint, Judgment is hereby ENTERED in favor of Mr. Depp against Ms. Heard in the amount of $10,350,000, with interest at the statutory rate of 6% per annum from the date of this Order; and it is further

ORDERED that with respect to the Counterclaim, Judgment is hereby ENTERED in favor of Ms. Heard against Mr. Depp in the amount of $2,000,000, with interest at the statutory rate of 6% per annum from the date of this Order.

THIS ORDER IS FINAL.

ENTERED this __24__ day of June, 2022.



The Honorable Penney S. Azcarate
Chief Judge, Fairfax Circuit Court

*Compliance with Rule 1:13 requiring the endorsement of counsel of record is modified by the Court, in its discretion, to permit the submission of the following electronic signatures of counsel in lieu of an original endorsement.*

3

**EXHIBIT 4 -- Page 2 of 13**

SEEN AND EXCEPTED TO for the reasons set forth in the record, stated at trial and in the objections attached hereto as **Exhibit A:**



#89093)
BROWN RUDNICK LLP
601 Thirteenth Street NW, Suite 600
Washington, DC 20005
Tel.: (202) 536-1785
Fax: (617) 289-0717
bchew@brownrudnick.com
acrawford@brownrudnick.com

Camille M. Vasquez *(pro hac vice)*
Samuel A. Moniz *(pro hac vice)*
BROWN RUDNICK LLP
2211 Michelson Drive
Irvine, CA 92612
Tel.: (949) 752-7100
Fax: (949) 252-1514
cvasquez@brownrudnick.com
smoniz@brownrudnick.com

Jessica N. Meyers *(pro hac vice)*
Yarelyn Mena *(pro hac vice)*
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Tel.: (212) 209-4800
jmeyers@brownrudnick.com

Wayne F. Dennison *(pro hac vice)*
Rebecca M. Lecaroz *(pro hac vice)*
Stephanie P. Calnan *(pro hac vice)*
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02118
Tel.: (617) 8568149
Wdennison@brownrudnick.com
rlecaroz@brownrudnick.com
scalnan@brownrudnick.com

*Counsel for Plaintiff and Counterclaim Defendant John C. Depp, II*

4

**EXHIBIT 4 -- Page 3 of 13**

SEEN AND EXCEPTED TO for the reasons set forth in the record and in the post-trial

86882)
David E. Murphy (VSB No. 90938)
CHARLSON BREDEHOFT COHEN & BROWN, P.C.
11260 Roger Bacon Dr., Suite 201
Reston, VA 20190
Phone: 703-318-6800
Fax: 703-318-6808
ebredehoft@cbcblaw.com
anadelhaft@cbcblaw.com
cpintado@cbcblaw.com
dmurphy@cbcblaw.com

J. Benjamin Rottenborn (VSB No.
84796) Joshua R. Treece (VSB No.
79149) WOODS ROGERS PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia 24011
Telephone: (540) 983-7540
brottenborn@woodsrogers.com
jtreece@woodsrogers.com

*Counsel for Defendant and Counterclaim Plaintiff Amber Laura Heard*

**EXHIBIT 4 -- Page 4 of 13**

## EXHIBIT A
### Plaintiff and Counterclaim Defendant John C. Depp, II's Objections to the Final Order

Plaintiff and Counterclaim Defendant John C. Depp, II objects to the Final Order on the following grounds:

- All reasons stated in oral and written arguments in Mr. Depp's Demurrers, Pleas in Bar, Motions for Summary Judgment, and Motions to Strike.
- All reasons stated in oral and written arguments in Mr. Depp's motions, jury instructions, and motions *in limine*.
- The Court's legal finding that Ms. Heard could prove actual malice by relying on the *mens rea* of either Mr. Depp or Mr. Waldman and permitting Ms. Heard to argue the same to the jury in closing.
- The Court's failure to exclude inadmissible hearsay statements.
- The Court's refusal to sustain Mr. Depp's objection to improper argument made by Ms. Heard's counsel during closing argument and motion for a curative instruction. Ms. Heard's improper argument at closing told jurors that a finding in favor of Mr. Depp would send a message to "every victim of domestic abuse everywhere," which is an improper invitation to jurors to decide the case on larger social issues and to place themselves in the shoes of Ms. Heard when reaching their verdict instead of basing their verdict on the evidence presented.
- The jury's finding of defamation by Mr. Depp as to the statement made by Adam Waldman that "Quite simply this was an ambush, a hoax. They set Mr. Depp up by calling the cops but the first attempt didn't do the trick. The officers came to the penthouses, thoroughly searched and interviewed, and left after seeing no damage to face or property. So Amber and her friends spilled a little wine and roughed the place up, got their stories straight under the direction of a lawyer and publicist, and then placed a second call to 911" as contrary to the law and unsupported by the facts.
- The jury's award of $2,000,000 in favor of Ms. Heard against Mr. Depp in connection with the jury's finding of defamation was excessive and not supported by the facts.
- All other objections by Mr. Depp stated in oral or written argument in the record of this matter.

**EXHIBIT 4 -- Page 5 of 13**

## SPECIAL VERDICT FORM

### Mr. Depp's Claim Against Ms. Heard

This special verdict form includes each of the statements on which John C. Depp, II bases his claim of defamation against Amber Heard. Answer the questions in accordance with the Court's instructions.

1.      As to this statement appearing in the online op-ed, entitled "Amber Heard: I spoke up against sexual violence—and faced our culture's wrath. That has to change" in the *Washington Post's* online edition:

"I spoke up against sexual violence—and faced our culture's wrath. That has to change."

1(a).   Do you find that Mr. Depp has proven all the elements of defamation?

ANSWER YES OR NO: _Yes_
If you answer question 1(a) "NO," please proceed to question 2.

If you answered "YES," please answer YES or NO to the following questions: Has Mr. Depp proven by a greater weight of the evidence that:

The statement was made or published by Ms. Heard?   _Yes_

The statement was about Mr. Depp?   _Yes_

The statement was false?   _Yes_

The statement has a defamatory implication about Mr. Depp?   _Yes_

The defamatory implication was designed and intended by Ms. Heard?
_Yes_

Due to circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp?   _Yes_

1(b).   If you answered "YES" to each subpart of question 1(a), answer the following question: do you find that Mr. Depp has proven by clear and convincing evidence that Ms. Heard acted with actual malice?

ANSWER YES OR NO: _Yes_

*[2266786-1, 115653-00002-01]*

EXHIBIT 4 -- Page 6 of 13

2. As to this statement appearing in the op-ed entitled "*A Transformative Moment For Women*" in the *Washington Post*'s print edition and the online op-ed "Amber Heard: I spoke up against sexual violence—and faced our culture's wrath. That has to change" in the *Washington Post*'s online edition:

"Then two years ago, I became a public figure representing domestic abuse, and I felt the full force of our culture's wrath for women who speak out."

2(a). Do you find that Mr. Depp has proven all the elements of defamation?

ANSWER YES OR NO: _Yes_

If you answer question 2(a) "NO," please proceed to question 3.

If you answered "YES," please answer YES or NO to the following questions: Has Mr. Depp proven by a greater weight of the evidence that:

The statement was made or published by Ms. Heard? _yes_

The statement was about Mr. Depp? _Yes_

The statement was false? _Yes_

The statement has a defamatory implication about Mr. Depp? _Yes_

The defamatory implication was designed and intended by Ms. Heard? _Yes_

Due to circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp? _Yes_

2(b). If you answered "YES" to each subpart of question 2(a), answer the following question: do you find that Mr. Depp has proven by clear and convincing evidence that Ms. Heard acted with actual malice?

ANSWER YES OR NO: _Yes_

---

**EXHIBIT 4 -- Page 7 of 13**

3.     As to this statement appearing in the op-ed entitled *"A Transformative Moment For Women"* in the *Washington Post*'s print edition and the online op-ed "Amber Heard: I spoke up against sexual violence—and faced our culture's wrath. That has to change" in the *Washington Post*'s online edition:

"I had the rare vantage point of seeing, in real time, how institutions protect men accused of abuse."

3(a).     Do you find that Mr. Depp has proven all the elements of defamation?

ANSWER YES OR NO: ___Yes___
If you answer question 3(a) "NO," please proceed to question 4.

If you answered "YES," please answer YES or NO to the following questions: Has Mr. Depp proven by a greater weight of the evidence that:

The statement was made or published by Ms. Heard? ___Yes___

The statement was about Mr. Depp? ___Yes___

The statement was false? ___Yes___

The statement has a defamatory implication about Mr. Depp? ___Yes___

The defamatory implication was designed and intended by Ms. Heard?
___Yes___

Due to circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Mr. Depp? ___Yes___

3(b).     If you answered "YES" to each subpart of question 3(a), answer the following question: do you find that Mr. Depp has proven by clear and convincing evidence that Ms. Heard acted with actual malice?

ANSWER YES OR NO: ___Yes___

EXHIBIT 4 -- Page 8 of 13

Complete Questions 4-5 ONLY if you answered YES to all of questions 1, 2, or 3:

4.    As against Amber Heard, state the amount of compensatory damages, if any, you believe John C. Depp, II has proven, by a greater weight of the evidence, that he is entitled to recover:

We, the Jury, award compensatory damages in the amount of $ __10 million__.

5.    As against Amber Heard state the amount of punitive damages, if any, to which you find John C. Depp, II is entitled to recover:

We, the Jury, award punitive damages in the amount of $ __5 million__.

__June 1st, 2022__
DATE

████████████████████
SIGNATURE OF FOREPERSON

████████████████████
PRINTED NAME OF FOREPERSON

**EXHIBIT 4 -- Page 9 of 13**

## SPECIAL VERDICT FORM

### Ms. Heard's Claim Against Mr. Depp

This special verdict form includes each of the statements on which **Amber Heard** bases her claim of defamation against **John C. Depp, II.** Answer the questions in accordance with the Court's instructions.

1.   As to this statement appearing in the April 8, 2020 online edition of *The Daily Mail*:

"Amber Heard and her friends in the media use fake sexual violence allegations as both a sword and shield, depending on their needs. They have selected some of her sexual violence hoax 'facts' as the sword, inflicting them on the public and Mr. Depp."

1(a).   Do you find that Ms. Heard has proven all the elements of defamation?

ANSWER YES OR NO: __No__
**If you answer question 1(a) "NO," please proceed to question 2.**

If you answered "YES," please answer YES or NO to the following questions: Has Ms. Heard proven by a greater weight of the evidence that:

Mr. Waldman, while acting as an agent for Mr. Depp, made or published the statement? _____

The statement was about Ms. Heard? _____

The statement was seen by someone other than Ms. Heard? _____

The statement was false? _____

1(b).   If you answered "YES" to each subpart of question 1(a), answer the following question: do you find that Ms. Heard has proven by **clear and convincing evidence** that the statement by Mr. Waldman was made with **actual malice**?

ANSWER YES OR NO: _____

**EXHIBIT 4 -- Page 10 of 13**

2.    As to this statement appearing in the April 27, 2020 online edition of *The Daily Mail*:

"Quite simply this was an ambush, a hoax. They set Mr. Depp up by calling the cops but the first attempt didn't do the trick. The officers came to the penthouses, thoroughly searched and interviewed, and left after seeing no damage to face or property. So Amber and her friends spilled a little wine and roughed the place up, got their stories straight under the direction of a lawyer and publicist, and then placed a second call to 911."

2(a).    Do you find that Ms. Heard has proven all the elements of defamation?

ANSWER YES OR NO: ___Yes___
If you answer question 2(a) "NO," please proceed to question 2.

If you answered "YES," please answer YES or NO to the following questions: Has Ms. Heard proven by a greater weight of the evidence that:

Mr. Waldman, while acting as an agent for Mr. Depp, made or published the statement? ___Yes___

The statement was about Ms. Heard? ___Yes___

The statement was seen by someone other than Ms. Heard? ___Yes___

The statement was false? ___Yes___

2(b).    If you answered "YES" to each subpart of question 2(a), answer the following question: do you find that Ms. Heard has proven by clear and convincing evidence that the statement by Mr. Waldman was made with actual malice?

ANSWER YES OR NO: ___Yes___

**EXHIBIT 4 -- Page 11 of 13**

3.  ...o this statement appearing in the April 27, 2020 online e.......of *The Daily Mail*:

"[W]e have reached the beginning of the end of Ms. Heard's abuse hoax against Johnny Depp."

3(a).  Do you find that Ms. Heard has proven all the elements of defamation?

**ANSWER YES OR NO:** No
**If you answer question 3(a) "NO," please proceed to question 4.**

If you answered "YES," please answer YES or NO to the following questions:  Has Ms. Heard proven by a *greater weight of the evidence* that:

Mr. Waldman, while acting as an agent for Mr. Depp, made or published the statement? _____

The statement was about Ms. Heard? _____

The statement was seen by someone other than Ms. Heard? _____

The statement was false? _____

3(b).  If you answered "YES" to each subpart of question 3(a), answer the following question: do you find that Ms. Heard has proven by **clear and convincing evidence** that the statement by Mr. Waldman was made with **actual malice**?

**ANSWER YES OR NO:** _____

EXHIBIT 4 -- Page 12 of 13

Complete Questions 4-5 ONLY if you answered YES to all of questions 1, 2, or 3.

4. As against John C. Depp, II, state the amount of compensatory damages, if any, you believe Amber Heard has proven, by a greater weight of the evidence, that she is entitled to recover:

   We, the Jury, award compensatory damages in the amount of $ _2 million_ .

5. As against John C. Depp, II, state the amount of punitive damages, if any, you to which you find Amber Heard is entitled to recover:

   We, the Jury, award punitive damages in the amount of $ _0_ .


_June 1st, 2022_
DATE

███████████████
SIGNATURE OF FOREPERSON

███████████████
PRINTED NAME OF FOREPERSON

**EXHIBIT 4 -- Page 13 of 13**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| New York Marine and General Insurance Company | CASE NUMBER |
| | 2:22-cv-04685 RSWL(GJSx) |
| v.                                    PLAINTIFF(S) | |
| Amber Heard | **ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 21-01 (RELATED CASES)** |
| DEFENDANT(S). | |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 21-01.

| July 12, 2022 | George H. Wu |
|---|---|
| Date | United States District Judge |

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

| | |
|---|---|
| Date | United States District Judge |

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case    2:21-cv-05832 GW(PDx)    and the present case:

- [ ] A.   Arise from the same or closely related transactions, happenings or events; or
- [x] B.   Call for determination of the same or substantially related or similar questions of law and fact; or
- [x] C.   For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D.   Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge   Standish   to Magistrate Judge   Donahue  .

On all documents subsequently filed in this case, please substitute the initials   GW(PDx)   after the case number in place of the initials of the prior judge, so that the case number will read   2:22-cv-04685 GW(PDx)  . This is very important because the documents are routed to the assigned judges by means of these initials

cc:   [ ] *Previous Judge*   [ ] *Statistics Clerk*

CV-34 (03/21)     ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 21-01 (Related Cases)

### EXHIBIT 5 -- Page 1 of 1