| | |
|---|---|
| 1 | MARK D. PETERSON (State Bar #126174) |
| 2 | KATHLEEN O. PETERSON (State Bar #124791) |
|   | AMY HOWSE (State Bar # 252922) |
| 3 | CATES PETERSON LLP |
|   | 4100 Newport Place, Suite 230 |
| 4 | Newport Beach, CA 92660 |
|   | Telephone: (949) 724-1180 |
| 5 | markpeterson@catespeterson.com |
|   | kpeterson@catespeterson.com |
| 6 | ahowse@catespeterson.com |
| 7 | Attorneys for Plaintiff |
|   | TRAVELERS COMMERCIAL INSURANCE COMPANY |

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation, | ) ) ) | Case No.: 2:21-cv-5832-GW (PDx) Hon. George H. Wu Hon. M.J. Patricia Donahue |
| Plaintiff, | ) ) | **[PROPOSED] ORDER CONSOLIDATING CASES** |
| v. | ) | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation, | ) ) ) | DATE: October 17, 2022 TIME: 8:30 a.m. Courtroom: 9D |
| Defendants. | ) | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation, | ) ) ) | Case No. 2:22-cv-04685-GW (PDx) Hon. George H. Wu Hon. M.J. Patricia Donahue |
| Plaintiff, | ) | |
| v. | ) | |
| AMBER HEARD, an individual, | ) | |
| Defendant. | ) | |

| | |
|---|---|
| 1 | The Court, having considered the motion of Travelers Commercial Insurance |
| 2 | Company ("Travelers") to consolidate Case No. 2:21-cv-5832-GW-PD (the "First |
| 3 | Action") and Case No. 2:22-cv-04685-GW-PD (the "Second Action"), finds that |
| 4 | there is good cause to order consolidation of the two actions for all purposes, |
| 5 | including trial, under Rule 42 of the Federal Rules of Civil Procedure. |
| 6 | The Court finds that considerations of efficiency and fairness support |
| 7 | consolidation in that both actions involve common questions of fact and law and will |
| 8 | depend on similar documents and testimony.  The First Action was filed by |
| 9 | Travelers against New York Marine and General Insurance Company ("ProSight") |
| 10 | and seeks declaratory relief and equitable contribution of defense expenses relating |
| 11 | to a dispute pending in the State of Virginia against the parties' joint insured.  The |
| 12 | Second Action is an action by ProSight against the joint insured and is a claim for |
| 13 | declaratory relief in which ProSight seeks various declarations concerning |
| 14 | ProSight's obligations to the insured under ProSight's insurance policy. |
| 15 | Both actions will require a determination of the scope of ProSight's duty to |
| 16 | the insured, whether ProSight met its obligations, and whether ProSight is excused |
| 17 | from them.  If the matters are not consolidated, the Court will waste time and |
| 18 | resources litigating the same issues twice and there is a possibility of inconsistent |
| 19 | jury and/or bench findings. |
| 20 | As a result, the Court finds that consolidation of the actions for all purposes, |
| 21 | including trial, is warranted and is appropriate.  Consolidation of Case No. 2:21-cv- |
| 22 | 5832-GW-PD and Case No. 2:22-cv-04685-GW-PD is hereby ordered. |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1

ORDER CONSOLIDATING ACTIONS

The discovery cut-offs, trial dates, and other deadlines that are presently set in the First Action are hereby vacated.

Dated: _____2022

_____
UNITED STATES DISTRICT JUDGE