McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant and Counter-Claimant New York Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>Defendant.<br><br>New York Marine and General Insurance Company, a Delaware corporation<br><br>Counter-Claimant<br><br>v.<br><br>Travelers Commercial Insurance Company, a Connecticut corporation,<br><br>Counter-Defendant | Case No. 2:21-cv-5832-GW (PDx)<br><br>**OPPOSITION TO TRAVELERS' MOTION TO CONSOLIDATE THIS ACTION WITH ACTION FILED BY DEFENDANT AND COUNTER-CLAIMANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY AGAINST INSURED**<br><br>Date: October 17, 2022<br>Time: 8:30 a.m.<br>Crtrm.: 9D<br><br>Hon. George H. Wu |

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,, <br><br> Plaintiff, <br><br> v. <br><br> Amber Heard, an individual,, <br><br> Defendant. | Case No. 2:22-cv-04685-GW-(PDx) <br><br> **OPPOSITION TO TRAVELERS' MOTION TO CONSOLIDATE THIS ACTION WITH ACTION FILED BY DEFENDANT AND COUNTER-CLAIMANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY AGAINST INSURED** <br><br> Date: October 17, 2022 <br> Time: 8:30 a.m. <br> Crtrm.: 9D <br><br> Hon. George H. Wu |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................ 5

II.  ARGUMENT .............................................................................................. 6

    A.   Principles of Consolidation ............................................................... 6

    B.   Consolidation Should Be Delayed Until The Insured Appears And Has An Opportunity To Be Heard On Potential Prejudice ..................... 8

    C.   Consolidation For Pre-Trial Purposes Would Potentially Prejudice New York Marine's Interests ................................................................ 9

    D.   Consolidation For Trial Would Risk Prejudice And Confusion ............ 9

III. CONCLUSION ......................................................................................... 11

3
OPPOSITION TO TRAVELERS' MOTION TO CONSOLIDATE

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

# TABLE OF AUTHORITIES

**Page**

## CASES

*Antoninetti v. Chipotle Mexican Grill, Inc.*
    2007 U.S. Dist. LEXIS 66296, *5 (S.D. Cal. 2007) .......................................... 7

*Debruyne v. National Semiconductor Corp. (In re Repetitive Stress Injury Litig.)*
    11 F.3d 368, 374 (2nd Cir. 1993) ....................................................................... 7

*Dusky v. Bellasaire Invs.*
    2007 U.S. Dist. LEXIS 95501, *3 (CD. Cal. 2007) ........................................... 7

*In re Adams Apple, Inc.*
    829 F.2d 1484 (9th Cir. 1987) ........................................................................... 7

*Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht*
    2007 WL 902554 *1 (N.D.Cal. March 22, 2007) .............................................. 7

*Johnson v. Celotex Corp.*
    899 F.2d 1281 (2d. Cir. 1990) ........................................................................... 8

*Montrose Chem. Corp. v. Superior Court*
    6 Cal. 4th 287 (1993) ......................................................................................... 9

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*
    720 F.Supp. 805 (N.D. Cal. 1989) ..................................................................... 7

*Takeda v. Turbodyne Techs., Inc.*
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ............................................................... 7

*Tumbling v. Merced Irrigation Dist.*
    2010 WL 11583163, at *5 (E.D. Cal. Mar. 16, 2010) ....................................... 9

*Yousefi v. Lockheed Martin Corp.*
    70 F. Supp. 2d 1061 (C.D. Cal. 1999) ............................................................... 7

## RULES

Fed. R. Civ. P. 42(a) .................................................................................................. 7

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

OPPOSITION TO TRAVELERS' MOTION TO CONSOLIDATE

## I. INTRODUCTION

Defendant and Counter-Claimant New York Marine and General Insurance Company ("New York Marine") opposes Plaintiff and Counter-Defendant Travelers Commercial Insurance Company ("Travelers") motion to consolidate this action (the "First Action") with the separate action filed by New York Marine against their mutual Insured, *New York Marine and General Insurance Company v. Amber Heard*, case no. 2:22-cv-04685-GW-PD (the "Second Action").

The First Action was filed by Travelers seeking: 1) a Declaratory Judgment as to the rights and duties of Travelers and New York Marine; and 2) Equitable Contribution from New York Marine towards the Defense Expenses of Travelers. (Travelers' First Amended Complaint, Dkt. No. 15.) In the First Action, New York Marine filed a Counter-Claim against Travelers, asserting causes of action for: 1) Declaratory Relief – New York Marine Did Not Owe A Duty To Defend The Insured Through Independent Counsel; 2) Declaratory Relief – New York Marine Did Not Fail To Provide A Defense To Its Insured; and 3) Declaratory Relief – Reimbursement. (New York Marine's Answer and Counterclaim, Dkt. No. 56.)

The Second Action was filed by New York Marine against the mutual Insured for: 1) Declaratory Relief As To New York Marine's Duty To Indemnify The Insured For The Judgment Order Under The Policy; 2) Declaratory Relief As To New York Marine's Duty To Indemnify The Insured For Any Judgment In The Underlying Action; 3) Declaratory Relief As To Plaintiff's Duty To Defend Heard In The Underlying Action The Policy set forth in California Insurance Code § 533; and 4) Declaratory Relief As To New York Marine's Duty To Defend And Indemnify The Insured In The Underlying Action Under The Policy regarding Policy Conditions. (Second Action, Case No. 2:22-cv-04685, Dkt. No. 5.)

Travelers alleges that both actions involve common issues of fact and law, because both actions include allegations by New York Marine that Travelers, the Insured, and counsel representing the Insured paid for by Travelers did not adequately

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

cooperate with New York Marine's selected defense counsel for the underlying action. (Travelers Motion, Dkt. No. 66-1 at 14-17.)

However, Travelers ignores the numerous other issues that are included in the each action which are wholly irrelevant to the other action. For example, Travelers' affirmative claims in its First Amended Complaint against New York Marine have no overlap with the issues to be decided in the Second Action, as Travelers' rights and obligations are not at issue in any dispute between New York Marine and the Insured. Nor are New York Marine's claims against the Insured with respect to California Insurance Code §533 relevant to any disputes between Travelers and New York Marine.

The only overlapping issues which Travelers has identified are the actions taken by Travelers, the Insured, or both parties with respect to cooperation and participation in the Insured's defense with New York Marine's appointed counsel.

Even if that ground alone were appropriate for some partial consolidation, the issue of consolidation is not ripe at this time, as the mutual Insured has not yet appeared in the Second Action and thus is unable to file an opposition to this consolidation motion or otherwise articulate her own views regarding potential prejudice of consolidation.

Moreover, even if the actions are consolidated for some purposes, both actions should not be consolidated for all purposes and should not be consolidated for the purpose of a single trial. Contrary to Travelers' assertion that these matters should be consolidated for all purposes, consolidation for all purposes, including trial, would risk prejudice to the parties and confusion of the jury.

## II. ARGUMENT

### A. Principles of Consolidation

Federal Rule of Civil Procedure Rule 42(a) permits consolidation of "actions involving a common question of law or fact." To determine whether to consolidate actions, a court weighs the interest in judicial convenience against the potential for

delay, confusion, and prejudice which would be caused by consolidation. *See Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989). As the Ninth Circuit instructs, after a common question of law or fact is identified, then "[c]onsolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1486 (9th Cir. 1987).

The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice. *Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht*, 2007 WL 902554 *1 (N.D.Cal. March 22, 2007). "[T]he burden is not on the party opposing aggregation to show divergences." *Debruyne v. National Semiconductor Corp. (In re Repetitive Stress Injury Litig.*), 11 F.3d 368, 374 (2nd Cir. 1993); *see Dusky v. Bellasaire Invs.,* 2007 U.S. Dist. LEXIS 95501, *3 (CD. Cal. 2007) ("The party moving for consolidation bears the burden of proving that consolidation is desirable.").

The presence of a common question of law or fact is only a threshold requirement for consolidation. See Fed. R. Civ. P. 42(a); *Yousefi v. Lockheed Martin Corp.,* 70 F. Supp. 2d 1061, 1064-65 (C.D. Cal. 1999). Even where common questions of law or fact exist, "consolidation is inappropriate if it results in inefficiency, inconvenience, or unfair prejudice to a party." *Antoninetti v. Chipotle Mexican Grill, Inc.,* 2007 U.S. Dist. LEXIS 66296, *5 (S.D. Cal. 2007) (internal quotations and citations omitted); *see Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999) ("[I]n deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result."); *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."). In particular, the court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d. Cir. 1990) (alterations in original) (citations omitted).

### B. Consolidation Should Be Delayed Until The Insured Appears And Has An Opportunity To Be Heard On Potential Prejudice

The mutual Insured is the sole defendant in the Second Action, but has not yet appeared in that action. On August 25, 2022, after Travelers filed this Motion to Consolidate, counsel for the Insured requested that Travelers withdraw the motion until the Insured had a "meaningful opportunity to assess whether it is appropriate to consolidate" the two actions "or what any prejudicial impact might be from consolidation." Wagoner Decl. ¶ 3. In light of that position, counsel for the Insured further requested that Travelers withdraw this Motion until counsel for the Insured had an opportunity to discuss this issue with counsel for both Travelers and New York Marine. *Id.* However, as of the date of this opposition, counsel for Travelers has not responded to that request or otherwise indicated whether Travelers is willing to postpone the request for consolidation to provide the Insured an opportunity to evaluate these issues.

The concerns raised by the Insured's counsel are valid and the Insured should be provided an opportunity to evaluate the merits of Travelers' position and respond regarding the potential for delay, prejudice, or confusion. Once the Insured appears and has had an opportunity to evaluate this request, Travelers would then be able to properly present the issue for the Court's consideration.

///

### C. Consolidation For Pre-Trial Purposes Would Potentially Prejudice New York Marine's Interests

The underlying litigation which is the subject of the dispute regarding coverage under policies issued by Travelers and New York Marine to the mutual Insured is ongoing. As a result, New York Marine expects that when the Insured appears in the Second Action, she will file a motion to stay except as to New York Marine's First Cause of Action, which presents purely an issue of law, pending resolution of the underlying litigation under the *Montrose* doctrine of California law. *See Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993) (declaratory relief action stayed pending resolution of underlying litigation based on overlap of factual issues). In the event the Court grants this consolidation and a request to stay the Second, Third and Fourth Causes of Action in the litigation between New York Marine and the Insured in the Second Action, there would be an inherent uncertainty as to whether the First Action could proceed based on the consolidation. The disputes between Travelers and New York Marine are separate from any disputes with the mutual Insured and therefore should not be subject to any stays that the Court may deem appropriate for the Second action between New York Marine and the Insured.

There is no reason to stay the First Action between New York Marine and Travelers, and consolidation in light of an anticipated partial stay would only prejudice New York Marine and Travelers by preventing them from being able to readily resolve their dispute.

### D. Consolidation For Trial Would Risk Prejudice And Confusion

Even if these actions were consolidated for pre-trial purposes, consolidation for trial would be improper. New York Marine has asserted separate claims against Travelers and the mutual Insured and litigating those claims in the same trial would run the risk of prejudice or confusion of the jury. *Tumbling v. Merced Irrigation Dist.*, 2010 WL 11583163, at *5 (E.D. Cal. Mar. 16, 2010) ("Consolidation may confuse the jury as to what evidence and testimony may be considered as proof" regarding

claims by each respective plaintiff/claimant and result in prejudice to defendants (or counter-defendants).)

For example, New York Marine has alleged that Travelers funded the defense of the Insured through counsel ostensibly selected by the Insured and that Travelers either deliberately encouraged and fomented the conduct of independent counsel who affirmatively and deliberately refused to cooperate with New York Marine's appointed counsel and actively sought to obstruct, prevent and limit their participation, and/or failed to insist that independent counsel cooperate with and facilitate the participation of New York Marine's appointed counsel. (New York Marine Answer, Dkt 56, p. 15). Since asserting that claim, New York Marine has discovered additional information regarding Travelers' retention of counsel to represent the Insured at Travelers' expense and the coordination between Travelers and that counsel to prevent cooperation or participation by New York Marine's appointed counsel in the Insured's defense of the underlying action. While the counsel retained by Travelers to represent the Insured was the Insured's agent, there is a question of the extent of control or instructions provided by the Insured to that counsel regarding the cooperation and participation by New York Marine's appointed counsel in the Insured's defense.

If these actions proceed to a consolidated trial, there is a potential that a jury would be confused by the actions of counsel retained and ostensibly controlled by Travelers with respect to actions on behalf of the Insured. A jury could find unclean hands on behalf of Travelers in the retention of that counsel to the Insured and thereby prejudice the Insured. As discussed above, the Insured has not yet appeared in the Second Action and thus is unable to properly present her arguments for or against consolidation. However, to the extent that there may be prejudice to the Insured, this Court should protect the Insured's interests and not consolidate the Insured's defense to New York Marine's claims in the Second Action with the disputes between New York Marine and Travelers in this action.

Moreover, as noted above, there are wholly separate claims involved in each action that are relevant to disputes between New York Marine and Travelers or the Insured individually, but are not relevant to both. Thus, a trial on the issues of Equitable Contribution claims by Travelers against New York Marine would have the potential to prejudice a jury against New York Marine's separate interests regarding claims specific to the Insured. Alternatively, a jury may be prejudiced against New York Marine with respect to its claims against the Insured and impute that prejudice to find against New York Marine in the dispute with Travelers.

Therefore, given the variety of non-overlapping claims and the potential for prejudice against the parties, consolidation for the purposes of trial should be denied.

## III. CONCLUSION

For the reasons set forth above, the Court should deny Travelers' Motion to Consolidate.

Dated:  September 19, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:     /s/ James P. Wagoner
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and General Insurance Company

8644590.1

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On September 19, 2022, I served true copies of the following document(s) described as **OPPOSITION TO TRAVELERS' MOTION TO CONSOLIDATE THIS ACTION WITH ACTION FILED BY DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY AGAINST INSURED** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 19, 2022, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor