1 Kirk Pasich (SBN 94242)
2 KPasich@PasichLLP.com
  Kayla Robinson (SBN 322061)
3 KRobinson@PasichLLP.com
4 Owen Monkemeier (SBN 336476)
  OMonkemeier@PasichLLP.com
5 PASICH LLP
6 10880 Wilshire Blvd., Suite 2000
  Los Angeles, California 90024
7 Telephone: (424) 313-7860
8 Facsimile: (424) 313-7890

9
  Attorneys for Defendant
10

11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation, | Case No. 2:22-cv-4685-GW (PDx) |
| | Hon. George H. Wu, Courtroom 9D |
| Plaintiff, | **DEFENDANT AMBER HEARD'S ANSWER TO NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM** |
| v. | |
| AMBER HEARD, | |
| Defendant. | **JURY TRIAL DEMANDED** |
| | Complaint Filed July 8, 2022 FAC Filed July 11, 2022 |

Defendant Amber Heard hereby answers the First Amended Complaint of plaintiff New York Marine and General Insurance Company as follows:

AMBER HEARD'S ANSWER AND COUNTERCLAIM

**JURISDICTION AND VENUE**

1.     Answering paragraph 1, Ms. Heard admits the allegations in this paragraph.

2.     Answering paragraph 2, Ms. Heard admits that New York Marine purports to seek a judicial determination as alleged in this paragraph.

3.     Answering paragraph 3, Ms. Heard admits that New York Marine asserts that its claims are authorized by 28 U.S.C. § 2201. Except as expressly admitted, Ms. Heard states that this paragraph contains only legal conclusions to which no response is required.

4.     Answering paragraph 4, Ms. Heard does not dispute that venue may be proper in the Central District of California and that she has resided in California. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

5.     Answering paragraph 5, Ms. Heard admits that New York Marine Policy number GL201800012500 (the "Policy") was delivered in this District with a mailing address in this District and that the "Named Insured" listed in the Policy is "Under the Black Sky, Inc. As Per Named Insured Extension Schedule." Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**THE PARTIES**

6.     Answering paragraph 6, Ms. Heard lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

7.     Answering paragraph 7, Ms. Heard admits that she is a natural person and was domiciled in California at the time of filing. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

# FACTUAL ALLEGATIONS

## The Insurance Policy

8.     Answering paragraph 8, Ms. Heard admits that New York Marine issued the Policy, the "Named Insured" is "Under the Black Sky, Inc. As Per Named Insured Extension Schedule," which Schedule includes Ms. Heard as a "Named Insured," the Policy has a policy period of July 18, 2018, to July 18, 2019, and the Policy lists an "Each Occurrence Limit $1,000,000," a "Personal & Advertising Limit $1,000,000 Any one person or organization," and a "Personal Liability" limit of "$1,000,000 Each Occurrence." Ms. Heard further admits that Exhibit A to the FAC appears to be a true and correct copy of at least a substantial part, if not all, of the Policy, with certain information redacted. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

9.     Answering paragraph 9, Ms. Heard admits that the Policy contains a coverage part entitled "Comprehensive Personal Liability Coverage" and that this coverage part includes the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

10.     Answering paragraph 10, Ms. Heard admits that the definition of "Personal Injury" in the Policy's "Comprehensive Personal Liability Coverage" contains the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

## The Underlying Lawsuit

11.     Answering paragraph 11, Ms. Heard admits the allegations in this paragraph.

12.     Answering paragraph 12, Ms. Heard admits the allegations in this paragraph.

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

PASICH℠

13.     Answering paragraph 13, Ms. Heard admits the allegations in this paragraph.

14.     Answering paragraph 14, Ms. Heard admits that by letter dated October 1, 2019, New York Marine purported to accept her defense of *Depp v. Heard* ("the *Depp* lawsuit") and reserve certain rights and that this letter contains the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

15.     Answering paragraph 15, Ms. Heard admits the allegations in this paragraph.

16.     Answering paragraph 16, Ms. Heard admits that on or about November 2, 2020, Cameron McEvoy withdrew as one of the counsel representing Ms. Heard in the *Depp* lawsuit. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

17.     Answering paragraph 17, Ms. Heard admits the allegations in this paragraph.

18.     Answering paragraph 18, Ms. Heard admits the allegations in this paragraph.

19.     Answering paragraph 19, Ms. Heard admits that the Jury Instructions are the best evidence of their contents and that the July Instructions include the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

20.     Answering paragraph 20, Ms. Heard admits that the Jury Instructions are the best evidence of their contents and that the July Instructions include the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

21.     Answering paragraph 21, Ms. Heard admits that the "Finding Instruction" in the *Depp* lawsuit is the best evidence of its contents and

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

that the Finding Instruction includes the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

22.    Answering paragraph 22, Ms. Heard admits that the court in the *Depp* lawsuit issued additional "Finding Instructions" and that these "Finding Instructions" are the best evidence of their contents. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

23.    Answering paragraph 23, Ms. Heard admits the allegations in this paragraph.

24.    Answering paragraph 24, Ms. Heard admits that the Special Verdict Form in the *Depp* lawsuit is the best evidence of its contents and that the jury answered "yes" to questions 1(a), 2(a), and 3(a) in the Special Verdict Form. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

25.    Answering paragraph 25, Ms. Heard admits that the Special Verdict Form in the *Depp* lawsuit is the best evidence of its contents and that the jury answered "yes" to questions 1(b), 2(b), and 3(b) in the Special Verdict Form. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph..

26.    Answering paragraph 26, Ms. Heard admits the allegations in this paragraph.

### FIRST CAUSE OF ACTION

### (Declaratory Relief as to Plaintiff's Duty to Indemnify Heard for the Judgment Order Under the Policy)

27.    Answering paragraph 27, Ms. Heard incorporates by reference her answers to paragraphs 1 through 26 above.

28.    Answering paragraph 28, Ms. Heard admits that California Insurance Code section 533 contains the quoted language and that the

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

remainder of this paragraph contains only legal contentions to which no response is required.

29. Answering paragraph 29, Ms. Heard denies the allegations in this paragraph.

30. Answering paragraph 30, Ms. Heard admits that there is a dispute between New York Marine and her regarding New York Marine's duties under the Policy, the implied covenant of good faith and fair dealing, and the law, that New York Marine contends that it has no duty to indemnify her as to the June 24, 2022, Judgment Order, and that she disputes New York Marine's contentions, contending that New York Marine is obligated to perform all its duties and that New York Marine must indemnify her at least to its Policy limit for any judgment, settlement, or award against her in the *Depp* lawsuit. Ms. Heard also contends that because there has not yet been any final resolution of the *Depp* lawsuit, there is no present justiciable controversy and New York Marine's claims are not ripe. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

31. Answering paragraph 31, Ms. Heard denies that there is an actual and present controversy regarding New York Marine's duty to indemnify Ms. Heard for any judgment, settlement, or other award against her in the *Depp* lawsuit because there has not yet been any final resolution of the *Depp* lawsuit. Ms. Heard admits that New York Marine requests a judicial declaration as stated in this paragraph and that New York Marine contends that it has no obligation to indemnify Ms. Heard for the Judgment Order. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

**PASICH**

## SECOND CAUSE OF ACTION

**(Declaratory Relief as to Plaintiff's Duty to Indemnify Heard for Any Judgment in the Underlying Action)**

32. Answering paragraph 32, Ms. Heard incorporates by reference her answers to paragraphs 1 through 31.

33. Answering paragraph 33, Ms. Heard admits that California Insurance Code section 533 contains the quoted language and that the remainder of this paragraph contains only legal contentions to which no response is required.

34. Answering paragraph 34, Ms. Heard denies the allegations in this paragraph.

35. Answering paragraph 35, Ms. Heard admits that there is a dispute between New York Marine and her regarding New York Marine's duties under the Policy, the implied covenant of good faith and fair dealing, and the law, that New York Marine contends that it has no duty to indemnify her for the *Depp* lawsuit, and that she disputes New York Marine's contentions, contending that New York Marine is obligated to perform all its duties and that New York Marine must indemnify her at least to its Policy limit for any judgment, settlement, or award against her in the *Depp* lawsuit. Ms. Heard also contends that because there has not yet been a final resolution of the *Depp* lawsuit, there is no present justiciable controversy and New York Marine's claims are not ripe. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

36. Answering paragraph 36, Ms. Heard denies that there is an actual and present controversy regarding New York Marine's duty to indemnify Ms. Heard for any judgment, settlement, or other award against her in the *Depp* lawsuit because there has not yet been a final

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

1  resolution of the *Depp* lawsuit. Ms. Heard admits that New York Marine

2  requests a judicial declaration as stated in this paragraph and that New

3  York Marine contends that it has no obligation to indemnify Ms. Heard

4  for any liability regarding the *Depp* lawsuit. Except as expressly

5  admitted, Ms. Heard denies the allegations in this paragraph.

6  ### THIRD CAUSE OF ACTION

7  **(Declaratory Relief as to Plaintiff's Duty to Defend Heard in the**

8  **Underlying Action The [*sic*] Policy [California Insurance Code**

9  **§ 533])**

10  37.     Answering paragraph 37, Ms. Heard incorporates by

11  reference her answers to paragraphs 1 through 36.

12  38.     Answering paragraph 38, Ms. Heard denies the allegations in

13  this paragraph.

14  39.     Answering paragraph 39, Ms. Heard admits that there is an

15  actual controversy between New York Marine and her regarding New

16  York Marine's duties under the Policy, the implied covenant of good faith

17  and fair dealing, and the law, that New York Marine contends that it has

18  no duty to defend her in the *Depp* lawsuit based on California Insurance

19  Code section 533, and that she disputes New York Marine's contentions,

20  contending that New York Marine is obligated to perform all its duties

21  and that New York Marine had, and continues to have, a duty to fully

22  defend her in the *Depp* lawsuit through its final resolution.

23  40.     Answering paragraph 40, Ms. Heard admits that there is an

24  actual and present controversy as described in her answer to paragraph

25  39 above, that New York Marine seeks a judicial declaration as it states

26  in this paragraph, and that New York Marine contends that it has "no

27  obligation to defend [her] on an ongoing basis" for the *Depp* lawsuit.

28

PASICH

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

1  Except as expressly admitted, Ms. Heard denies the allegations in this

2  paragraph.

3  ## FOURTH CAUSE OF ACTION

4  **(Declaratory Relief as to Plaintiff's Duty to Defend and**

5  **Indemnify Heard in the Underlying Action Under the Policy**

6  **[Conditions])**

7  41.    Answering paragraph 41, Ms. Heard incorporates by

8  reference her answers to paragraphs 1 through 40.

9  42.    Answering paragraph 42, Ms. Heard admits that the Policy's

10  "Comprehensive Personal Liability Coverage" is the best evidence of its

11  contents and that this coverage part includes the quoted language.

12  Except as expressly admitted, Ms. Heard denies the allegations in this

13  paragraph.

14  43.    Answering paragraph 43, Ms. Heard denies the allegations in

15  this paragraph.

16  44.    Answering paragraph 44, Ms. Heard admits that there is an

17  actual controversy between New York Marine and her regarding New

18  York Marine's duties under the Policy, the implied covenant of good faith

19  and fair dealing, and the law regarding New York Marine's duty to

20  defend her in the *Depp* lawsuit, that New York Marine contends that it

21  has no duty to defend and/or indemnify her in the *Depp* lawsuit because

22  of Ms. Heard's alleged failure to comply with the conditions of the Policy,

23  and that she disputes New York Marine's contentions, contending that

24  New York Marine is obligated to perform all its duties and that New

25  York Marine had, and continues to have, a duty to fully defend her in the

26  *Depp* lawsuit through its final resolution and a duty to indemnify her at

27  least to its Policy limit for any judgment, settlement, or award against

28  her in the *Depp* lawsuit. Ms. Heard also contends that because there has

9

1  not yet been a final resolution of the *Depp* lawsuit, there is no present

2  justiciable controversy regarding New York Marine's duty to indemnify

3  her and New York Marine's claims in this regard are not ripe. Except as

4  expressly admitted, Ms. Heard denies the allegations in this paragraph.

5      45.    Answering paragraph 45, Ms. Heard admits that there is an

6  actual and present controversy to the extent described in her answer to

7  paragraph 44 above, that New York Marine seeks a judicial declaration

8  as it states in this paragraph, and that New York Marine contends that

9  it has "no obligation to defend [her] on an ongoing basis" in the *Depp*

10  lawsuit or to indemnify her. Except as expressly admitted, Ms. Heard

11  denies the allegations in this paragraph.

12  ## PRAYER FOR RELIEF

13      46.    Answering New York Marine's Prayer for Relief, Ms. Heard

14  denies that New York Marine is entitled to the relief it requests or to any

15  relief in this lawsuit and asks the Court to deny all the relief requested

16  by New York Marine.

17  ## AFFIRMATIVE DEFENSES

18  ## First Affirmative Defense

19  ## (Failure to State a Cause of Action)

20      47.    New York Marine is barred from maintaining its First

21  Amended Complaint and each cause of action therein because they fail to

22  state facts sufficient to constitute claims against Ms. Heard.

23  ## Second Affirmative Defense

24  ## (No Subject Matter Jurisdiction)

25      48.    New York Marine's first cause of action is not ripe and not

26  justiciable insofar as it is contingent on the entry of final judgment in, or

27  other final resolution of, the *Depp* lawsuit.

28

### Third Affirmative Defense
### (No Substantial Prejudice)

49.   New York Marine cannot maintain its fourth cause of action because it cannot establish that it was actually and substantially prejudiced by any unexcused alleged failure of Ms. Heard to satisfy any condition in the Policy.

### Fourth Affirmative Defense
### (Unclean Hands)

50.   New York Marine is barred from maintaining its First Amended Complaint and each cause of action therein because of its unclean hands with respect to the Policy, the events upon which its causes of action are based, and its conduct.

### Fifth Affirmative Defense
### (Waiver)

51.   By its conduct, representations, and omissions, New York Marine has waived, relinquished, and/or abandoned any claim for relief against Ms. Heard respecting the matters that are the subject of the First Amended Complaint.

### Sixth Affirmative Defense
### (Estoppel)

52.   By its conduct, representations and omissions, New York Marine is equitably estopped to assert any claim for relief against Ms. Heard respecting the matters that are the subject of the First Amended Complaint.

### Seventh Affirmative Defense
### (Breach of Contract)

53.   New York Marine's claims are barred, in whole or in part, because New York Marine has breached its obligations under the Policy.

## **Eighth Affirmative Defense**

### **(Bad Faith)**

54.    New York Marine is barred from any recovery against Ms. Heard by reason of its tortious breaches of the implied covenant of good faith and fair dealing and its bad-faith unreasonable conduct.

## **Ninth Affirmative Defense**

### **(Stay)**

55.    To the extent that the issues or facts involved in this action overlap with or could implicate issues involved in the *Depp* lawsuit, this action should be stayed pursuant to *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993), and its progeny.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Heard prays for a judgment:

1.    Declaring that New York Marine is not entitled to the relief it seeks in its First Amended Complaint or to any relief;

2.    Dismissing the First Amended Complaint and all causes of action therein with prejudice;

3.    Awarding Ms. Heard the attorneys' fees that she reasonably incurred, and continues to incur, in her efforts to obtain the benefits due under the Policy that New York Marine wrongfully withheld, and is withholding, in bad faith;

4.    Awarding Ms. Heard the costs of suit incurred; and

5.    Granting such other relief as the Court may deem equitable, just, and/or proper.

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

DATED: November 21, 2022          PASICH LLP


                                  By:  */s/Kirk Pasich*
                                       Kirk Pasich

                                       Attorneys for Amber Heard

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

1

## **<u>JURY TRIAL DEMANDED</u>**

2   Defendant Amber Heard hereby demands a trial by jury.

3

4   DATED: November 21, 2022        PASICH LLP

5

6

7                                      By:   */s/Kirk Pasich*

8                                             Kirk Pasich

9                                             Attorneys for Amber Heard

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMBER HEARD'S ANSWER AND COUNTERCLAIM

## COUNTERCLAIM BY AMBER HEARD

Pursuant to Federal Rule of Civil Procedure 13, Counter-Claimant Amber Heard hereby counter-claims against plaintiff and counter-defendant New York Marine and General Insurance Company ("New York Marine") and alleges and follows.

## NATURE OF THE ACTION

1.      New York Marine sold Ms. Heard an insurance policy in which it promised to defend and indemnify Ms. Heard against, among other things, lawsuits alleging that she defamed others. When Ms. Heard was sued by Johnny Depp for defamation, she timely notified New York Marine and asked New York Marine to defend here. While New York Marine promised to do so, it did not provide the full and capable defense to which Ms. Heard was entitled, it failed to pay the attorneys' fees and costs that it was obligated to pay for Ms. Heard's defense, and it acted in other ways that prejudiced Ms. Heard and her defense.

2.      In acting in this manner and as described in greater detail below, New York Marine breached its contractual duties, tortiously violated the insurance policy's implied covenant of good faith and fair dealing, and repudiated the duties that it still owes to Ms. Heard while she pursues her appeal in the lawsuit brought by Mr. Depp. New York Marine's conduct and its coverage positions are contrary to the terms of its insurance policy, the law, the facts, and insurance industry custom and practice. Ms. Heard is entitled to recover damages to compensate her for the injuries that New York Marine has inflicted and punitive damages because of New York Marine's tortious bad faith.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 because each claim is so related to claims within the

---

1  Court's original jurisdiction that they form part of the same case or
2  controversy.

3      4.    Venue is proper in this District pursuant to 28 U.S.C.
4  § 1391(b)(2) because a substantial part of the events or omissions giving
5  rise to the claim occurred in this District, including delivery of the policy
6  at issue.

7  **PARTIES**

8      5.    Ms. Heard is an actor.  She has appeared in such films as
9  *Aquaman* and *Justice League*.

10      6.    Ms. Heard is informed and believes, and on that basis alleges,
11  that New York Marine is a corporation organized and incorporated under
12  the laws of the State of New York with its principal place of business in
13  New York.

14      7.    Ms. Heard is informed and believes, and on that basis alleges,
15  that New York Marine is a sophisticated national insurance company
16  that holds itself out as offering excellent customer service and an
17  experienced claims-handling team. Ms. Heard also is informed and
18  believes, and on that basis alleges, that New York Marine is part of the
19  Coaction Specialty Insurance Group ("Coaction") and that Coaction
20  advertises and makes public statements, including on its website, on
21  behalf of New York Marine and its other member companies, including
22  New York Marine.[1]

23      8.    Ms. Heard is informed and believes, and on that basis alleges,
24  that Coaction uses its website to market its insurance products;
25  represent the nature of its insurance products, its policy underwriting,
26  and its claims handling; and represents the quality of insurance and

27

28

---

[1] The Coaction website is: https://www.coactionspecialty.com/get-to-know-us/.

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

1   service customers of its group members will receive if they do business

2   with a Coaction company. Ms. Heard is informed and believes, and on

3   that basis alleges, that New York Marine authorized the statements and

4   representations that Coaction has made on its website and that those

5   statements and representations are made on behalf of New York Marine.

6   Ms. Heard is informed and believes, and on that basis alleges, that when

7   Coaction say things through its websites, advertising, and statements, it

8   is speaking on behalf of, and is authorized to speak on behalf of, New

9   York Marine.

10        9.     Coaction represents to the public and to its customers its

11   "Coaction Values," which it says are its "intrinsic beliefs and are

12   important in and of themselves."[2] Among other things, Coaction states as

13   follows on its website:

14          • "Today, Coaction is a full specialty underwriter across five

15            major product verticals: property, casualty, entertainment,

16            executive liability, and multi-line."[3]

17          • "Coaction's authentic, collaborative, and results-oriented

18            culture is reflected in the focused approach the company

19            takes to fulfilling the needs of each individual customer by

20            combining product, analytics, and underwriting

21            capabilities with strong industry knowledge and

22            partnerships to develop real-world solutions."[4]

23          • "**Customer focused** – We serve the customer – whether

24            they be the broker, policyholder, or another internal or

25

26

27   [2] *Id.*

28   [3] *Id.*
   [4] *Id.*

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

external customer – it is fundamental to everything we do and is a core focus of our decision-making."[5]

- "**Integrity and respect** – We consistently display honesty and consideration for the feelings, wishes, right and traditions of others across our undertakings – even and especially when no one is watching."[6]

- "**Accountability** – We accept responsibility for our own actions and are willing to be judged based on performance – it requires a willingness to be transparent."[7]

10. Coaction also represents to the public and to its customers that it has special expertise in providing insurance to companies and individuals in the entertainment industry. Among other things, Coaction states as follows on its website:

- "We are EXPERTS. . . . Coaction is more than an insurance company. *We're a specialty company.*"[8]

- "Coaction has been writing Entertainment business for over a decade with a team of experts located in Southern California, New York, and New Jersey who have dedicated their entire careers (over 300 years of collective experience) to these customers."[9]

- "Target Customers . . . Artists and Entertainers."[10]

11. Coaction also states in its "Entertainment Fact Sheet Final":

- "At Coaction, we strive to provide an exceptional claims handling experience to our clients. Our average claim

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] https://www.coactionspecialty.com/
[9] https://www.coactionspecialty.com/entertainment/.
[10] *Id.*

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

adjuster has over 15 years of experience and are strategically aligned with our underwriting vertical to provide our insured and claimants a specialized claims encounter," including "Expert claims team known for its quality, commitment and integrity."[11]

- "Policies are underwritten by the insurers of Coaction Specialty Insurance Group, which includes New York Marine and General Insurance Company . . . ."[12]
- Coaction has "$1.1B Estimated 2022 Premium" and "$3.2B Total Assets."[13]

### THE POLICY

12.    New York Marine sold insurance policy number GL201800012500 to Ms. Heard for the July 18, 2018, to July 18, 2019, policy period (the "Policy"). The "Named Insured" is "Under the Black Sky, Inc. As Per Named Insured Extension Schedule," which Schedule includes Ms. Heard as a "Named Insured."

13.    The Policy contains multiple coverage parts, each of which provides several separate coverages to Ms. Heard.  The Commercial Liability General Liability Coverage Form provides $1,000,000 in coverage "Any one person" for Personal and Advertising Injury.  The Comprehensive Personal Liability Coverage separately provides $1,000,000 in coverage "each occurrence" for Personal Liability.

14.    The Policy's Commercial General Liability Coverage Form's "Coverage B personal and Advertising Liability" obligated New York Marine to "pay those sums that [Ms. Heard] becomes legally to pay as

---

[11] *Id.*
[12] *Id.*
[13] *Id.*

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

1  damages because of 'personal and advertising injury' . . . ."  Commercial

2  General Liability Coverage Form, Coverage B, ¶ 1.a.  It also obligated

3  New York Marine "to defend [Ms. Heard] against any 'suit' seeking

4  damages for 'personal and advertising injury' . . . ." *Id.* The Policy defines

5  "personal and advertising injury" to mean "injury, including

6  consequential 'bodily injury,' arising out of one of more of the following

7  offenses:  . . . Oral or written publication, in any manner, of material that

8  slanders or libels a person . . . ." *Id.,* Commercial General Liability

9  Coverage Form § V.14.

10       15.  The Policy's Comprehensive Personal Liability Coverage

11  obligated New York Marine to "pay up to [its] limit of liability for the

12  damages for which [Ms. Heard] is legally liable" "[i]f a claim or a suit is

13  brought against [Ms. Heard} because of . . . 'personal injury" caused by

14  an 'occurrence' . . . ."  *Id.*, Comprehensive Personal Liability Coverage,

15  Coverage L.  The Comprehensive Personal Liability Coverage also

16  obligated New York Marine to "provide a defense at [its] expense by

17  counsel of [its] choice, even if the suit is groundless, false or fraudulent."

18  *Id.*  "Personal injury" is defined to include "injury . . . arising out of one

19  or more of the following offenses: . . . oral or written publication of

20  material that slanders or libels a person or organization including other

21  forms of defamation; or . . . oral or written publication of material

22  including other forms of defamation that violates a person's right of

23  privacy."

24       16.  To the extent not waived or otherwise excused, Ms. Heard has

25  complied with all terms and conditions contained in the Policy.

26  Therefore, Ms. Heard is entitled to all benefits of the Policy.

27

28

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

PASICH⸗

## THE *DEPP* LAWSUIT

17.    In March 2019, Ms. Heard's ex-husband, Johnny Depp, filed a lawsuit against Ms. Heard in Virginia state court (the "*Depp* lawsuit). Mr. Depp alleged in his lawsuit that Ms. Heard defamed him in a December 2018 *Washington Post* Op-Ed.

18.    In June 2022, the jury in the *Depp* lawsuit returned a verdict against Ms. Heard for three counts of defamation. Ms. Heard has appealed the judgment to the Virginia Court of Appeals.  The appeal is currently pending.

## NEW YORK MARINE'S BREACHES AND BAD-FAITH CONDUCT

19.    Ms. Heard timely notified New York Marine of the *Depp* lawsuit. New York Marine initially agreed to defend Ms. Heard subject to a reservation of rights. Unfortunately for Ms. Heard, New York Marine's performance never lived up to its promises. Indeed, New York Marine never fully paid for Ms. Heard's defense, leaving Ms. Heard to incur hundreds of thousands of dollars in defense costs not paid by any insurer, withdrew from Ms. Heard's defense, expressly repudiated its duties to defend or indemnify Ms. Heard, and has consistently placed its interests above those of Ms. Heard.

20.    Specifically, in October 2019, New York Marine reserved rights to deny coverage on the ground that Ms. Heard behaved intentionally, thus creating a conflict of interest with Ms. Heard and giving Ms. Heard the right to independent counsel, with New York Marine being obligated to pay for the fees and costs of this independent counsel. Nonetheless, New York Marine refused to agree to defend Ms. Heard through independent counsel and instead appointed its own counsel. Despite requests from Ms. Heard to reconsider, New York Marine persisted in its position, making it impossible for Ms. Heard to

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

1  fully accept this "defense" provided by New York Marine without
2  prejudicing her defense in the *Depp* lawsuit. New York Marine's
3  appointed counsel ultimately withdrew on November 20, 2020.

4    21.   Ms. Heard is informed and believes, and on that basis alleges,
5  that New York Marine thereafter agreed to participate in the defense of
6  Ms. Heard by reimbursing Ms. Heard's defending insurer, Travelers
7  Commercial Insurance Company, for some of the amounts it had paid,
8  and was paying towards Ms. Heard's defense in the *Depp* lawsuit but has
9  never done so. Thus, at no point has New York Marine fully honored its
10 duty to defend Ms. Heard in the *Depp* lawsuit.

11   22.   Once judgment was entered in the *Depp* lawsuit in accord
12 with the jury's verdict, New York Marine took the position that it need
13 not defend or indemnify Ms. Heard, even though that judgment is not
14 final, has been appealed, and may be reversed on appeal. Ms. Heard is
15 informed and believes, and on that basis alleges, that New York Marine
16 took this position to benefit its own economic interests at the expense of
17 Ms. Heard's interest and even though it knew, or should have known,
18 that the bases for its position are contrary to the law and do not excuse
19 New York Marine from its duty to defend Ms. Heard, including its duty
20 to pursue and fund an appeal on her behalf in the *Depp* lawsuit.

21   23.   By refusing to provide the defense to which Ms. Heard was,
22 and is, entitled in the *Depp* lawsuit and by wrongfully asserting that Ms.
23 Heard is not entitled to indemnity for any amount that Ms. Heard might
24 be legally obligated to pay in any judgment in or settlement of the *Depp*
25 lawsuit, New York Marine has wrongfully repudiated and refused to
26 perform its duties to Ms. Heard. In so acting, New York Marine has
27 deprived Ms. Heard from receiving the full benefits that she was
28 promised and to which she is entitled under the Policy.

8

## FIRST COUNT

### (Breach of Contract)

24.     Ms. Heard realleges and incorporates by reference paragraphs 1 through 23 above.

25.     New York Marine had and has a duty under the Policy, the law, and insurance industry custom and practice to fully defend Ms. Heard against the *Depp* lawsuit. New York Marine's duty arose at least at the time it received notice of the *Depp* lawsuit and continues until the *Depp* lawsuit is finally resolved, including through all appeals therein.

26.     New York Marine also had and has a duty under the Policy, the law, and insurance industry custom and practice to promptly conduct a full and thorough investigation, including as to all bases that might support Ms. Heard's claims for coverage. New York Marine also had and has a duty to give at least as much consideration to Ms. Heard's interests as it gives to its own interests.

27.     New York Marine breached its duties by, among other things,

      a. refusing to fully and properly defend Ms. Heard in the *Depp* lawsuit;

      b. repudiating its duty to indemnify Ms. Heard for any amounts that Ms. Heard may be legally obligated to pay in judgment in, or settlement of, the *Depp* lawsuit;

      c. otherwise refusing to perform its duties under the Policy; and

      d. acting as alleged above.

28.     As a direct and proximate result of New York Marine's contractual breaches, Ms. Heard has sustained and continues to sustain damages in an amount to be proven at trial and currently exceeding $75,000.

PASICH

## SECOND COUNT

### (Tortious Breach of the  Implied Covenant
### of Good Faith and Fair Dealing)

29.    Ms. Heard realleges and incorporates by reference paragraphs 1 through 23 and 25 through 27 above.

30.    Implied in the Policy is a covenant that New York Marine would act in good faith and deal fairly with Ms. Heard, would do nothing to interfere with Ms. Heard's right to receive benefits due under the Policy, and would give at least the same level of consideration to Ms. Heard's interests as it gives to its own interests. New York Marine also had a duty under the Policy, the law, and insurance industry custom, practice, and standards to conduct a prompt and thorough investigation, including as to all bases that might support Ms. Heard's claim for coverage, before asserting coverage defenses or denying coverage.

31.    Instead of complying with these duties, New York Marine acted in bad faith by, among other things,

a. refusing to fully and properly defend Ms. Heard in the *Depp* lawsuit and then repudiating its duty to defend;

b. refusing to indemnify Ms. Heard to its Policy limit as to any judgment in, or settlement of, the *Depp* lawsuit

c. failing to fully inquire into possible bases that might support coverage for the *Depp* lawsuit;

d. asserting grounds for limiting coverage that it knows are not supported by, and in fact are contrary to, the terms of the Policy, the law, insurance industry custom and practices, and the facts;

e. taking coverage positions that are contrary to Ms. Heard's reasonable expectations of coverage;

10

PASICH

f. giving greater consideration to its own interests than it gave Ms. Heard's interests;

g. based on information and belief, failing to have appropriate claims handling guidelines and failing to consider and act in accord with the governing legal requirements; and

h. otherwise acting as alleged above.

32. In breach of the implied covenant of good faith and fair dealing, New York Marine did the things and committed the acts alleged above for the purpose of consciously withholding from Ms. Heard the rights and benefits to which she is and was entitled under the Policy and the law.

33. New York Marine's acts are inconsistent with the reasonable expectations of Ms. Heard, are contrary to established insurance industry custom and practice, are contrary to legal requirements, are contrary to the express terms of the Policy, and constitute bad faith.

34. As a direct and proximate result of New York Marine's breach of the implied covenant of good faith and fair dealing, Ms. Heard has sustained and continues to sustain damages in an amount to be proven at trial. Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Ms. Heard is entitled to recover all attorneys' fees that she has reasonably incurred, and continues to incur, in her efforts to obtain the benefits due under the Policy that New York Marine wrongfully has withheld, and is withholding, in bad faith. Ms. Heard is also entitled to interest at the maximum legal rate.

35. Ms. Heard is informed and believes, and on that basis alleges, that New York Marine—acting through one or more of its officers, directors, or other corporate employees with substantial independent and discretionary authority over significant aspects of New York Marine's

AMBER HEARD'S ANSWER AND COUNTERCLAIM

1  business—performed, authorized, and/or ratified the bad-faith conduct

2  alleged above.

3      36.    New York Marine's conduct is despicable and has been done

4  with a conscious disregard of Ms. Heard's rights, constituting oppression,

5  fraud, and/or malice. New York Marine has engaged in a series of acts

6  designed to deny Ms. Heard the benefits due under the Policy.

7  Specifically, New York Marine, by acting as alleged above, in light of

8  information, facts, and relevant law to the contrary, consciously

9  disregarded Ms. Heard's rights and forced Ms. Heard to incur

10 substantial financial losses, thereby inflicting substantial financial

11 damage on Ms. Heard. New York Marine ignored Ms. Heard's interests

12 and concerns with the requisite intent to injure within the meaning of

13 California Civil Code section 3294. Therefore, Ms. Heard is entitled to

14 recover punitive damages from New York Marine in an amount sufficient

15 to punish and to make an example of New York Marine and to deter

16 similar conduct in the future.

17                    **PRAYER FOR RELIEF**

18     WHEREFORE, Ms. Heard prays for relief as follows:

19                    **ON THE FIRST COUNT**

20     1.    For damages according to proof at the time of trial, plus

21 interest;

22                    **ON THE SECOND COUNT**

23     2.    For damages according to proof at the time of trial, including

24 reasonable attorneys' fees incurred in obtaining the benefits due under

25 the Policy, plus interest;

26     3.    For punitive damages in an amount to be determined at the

27 time of trial;

28

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

## <u>ON BOTH COUNTS</u>

4.      For costs of suit herein; and

5.      For such other, further, and/or different relief as may be deemed just and proper.

DATED: November 21, 2022        PASICH LLP

By:  */s/ Kirk Pasich*
     Kirk Pasich

     Attorneys for Amber Heard

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**

## **JURY TRIAL DEMANDED**

Defendant and Counter-Claimant Amber Heard hereby demands a trial by jury on her counterclaims.

DATED: November 21, 2022          PASICH LLP

By:  */s/ Kirk Pasich*
Kirk Pasich

Attorneys for Amber Heard

**AMBER HEARD'S ANSWER AND COUNTERCLAIM**