McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>Defendant.<br><br>New York Marine and General Insurance Company, a Delaware corporation<br><br>Counter-Claimant<br><br>v.<br><br>Travelers Commercial Insurance Company, a Connecticut corporation,<br><br>Counter-Defendant | Case No. 2:21-cv-5832-GW (PDx)<br><br>Consolidated for Pre-Trial Purposes with 2:22-CV-04685-GW (PDx)<br><br>**JOINT SCHEDULING REPORT**<br><br>Hon. George H. Wu |

Pursuant to the Court's October 21, 2022, Order on Travelers' Motion to Consolidate, Plaintiff and Counterdefendant Travelers Commercial Insurance Company ("Travelers"), Defendant, Counterclaimant, and Plaintiff New York Marine and General Insurance Company's ("New York Marine"), and Defendant and Counterclaimant Amber Heard have met and conferred with regard to scheduling for this matter and by and through their undersigned counsel, and hereby submit this Joint Scheduling Report.

**A. Ms. Heard's Position**

In the prior Joint Scheduling Report, Ms. Heard raised the question of whether this Court lacks subject matter jurisdiction because there is no diversity of citizenship. Ms. Heard was not a resident of the United States at the time New York Marine filed its lawsuit and had left California intending to reside outside of the United States. However, at the time New York Marine filed its action, Ms. Heard, while outside the United States, had not yet arrived at her new permanent residence. Because subject matter jurisdiction obviously is a fundamental question that should be resolved now, Ms. Heard believes the matter should be discussed at the conference and addressed in the manner that the Court deems appropriate.

Ms. Heard has now filed an answer and counterclaim. Def.'s Answer and Countercl., ECF No. 29. She believes that pursuant to *Montrose Chemical Corp. v. Superior Court,* 6 Cal. 4th 287, 301 (1993), and its progeny, this consolidated action should not proceed until final resolution of the *Depp v. Heard* lawsuit, which is currently pending on appeal. Ms. Heard has asserted this position as an affirmative defense in her answer (ninth affirmative defense). Ms. Heard understands that Travelers does not oppose the request for a stay of the consolidated action and that New York Marine does not oppose a stay as to three of its four causes of action. However, Ms. Heard understands that New York Marine opposes a stay as to its first cause of action and as to the claims at issue in the *Travelers* lawsuit. Therefore, as previously indicated, Ms. Heard will file a motion to stay or dismiss these actions.

In addition, Ms. Heard intends to move for judgment on the pleadings as to each of New York Marine's causes of action against her. New York Marine's first, second, and fourth causes of action, which address New York Marine's duty to indemnify a judgment in the *Depp* lawsuit, are not ripe unless and until there is a final judgment in the *Depp* lawsuit. Given the appeal, there is no such final judgment. New York Marine's third cause of action, addressing New York Marine's duty to defend Ms. Heard in the *Depp* lawsuit, fails as a matter of law because the statute relied on, California Insurance Code section 533, does not excuse an insurer of its duty to defend.

### B. New York Marine's Position

<u>Personal Jurisdiction Over Ms. Heard</u>:  Ms. Heard has waived any objection to this Court's personal jurisdiction over her by filing an Answer and Counterclaim in the *New York Marine v. Heard* action.

<u>Subject-Matter Jurisdiction</u>: New York Marine has on several occasions requested that Ms. Heard provide any evidence supporting her contention that she was not a resident of the United States when it filed its complaint against her on July 8, 2022. To date, nearly five months after its complaint was filed, none has been provided. New York Marine will oppose Ms. Heard's motion for judgment on the pleadings.

<u>Ms. Heard's Request to Stay this Insurance Litigation</u>: New York Marine's First cause of action in the *New York Marine v. Heard* action presents a pure question of law as it seeks only a judgment that New York Marine "has no duty to indemnify Heard for the Judgment Order entered on June 24, 2022 in the Circuit Court of Fairfax County Virginia, case no. CL-2019-0002911 if said Judgment Order becomes final on appeal or otherwise". New York Marine understands that Ms. Heard intends to file a motion to stay both the *New York Marine v. Heard* action and the *Travelers v. New York Marine* actions in their entirety. New York Marine will not oppose a stay as to the Second, Third, and Fourth causes of action of its First Amended Complaint in the

3
JOINT SCHEDULING REPORT

*New York Marine v. Heard* action. However, there is no basis to stay the first cause of action in New York Marine's First Amended Complaint in the *New York Marine v. Heard* action or to stay all or any part of the *Travelers v. New York Marine* action..

<u>Depositions</u>:  On September 23, 2022, Counsel for all Parties agreed to continue the previously scheduled depositions of Sean Roche, counsel first retained by Ms. Heard and subsequently appointed by New York Marine as retained defense counsel, and of Pamela Johnson, the Travelers claim representative principally responsible for Ms. Heard's claim under the Travelers policy, on the condition that the depositions were moved "to a date certain". Those depositions were then set for November 15th and 18th based on the agreed availability of both the deponents and counsel for all Parties. On November 14, 2022, in light of objections by Heard to the depositions, New York Marine agreed to continue the depositions to another date, and will seek dates certain upon which those depositions may proceed if the Court does not stay the *Travelers v. New York Marine* action, and to this end, asks that the Court require that Ms. Heard either promptly file her motion to stay proceedings, or that an appropriate discovery schedule be issued.

<u>Other Discovery Matters</u>: New York Marine has previously issued subpoeanas for documents to the law firms Charlson, Bredehoft, Cohen, Brown & Nadelhaft and Kaplan, Hecker & Fink law firms, each of whom were retained by Ms. Heard to defend her in the *Depp v. Heard* action and funded by Travelers, as well as to the law firm Eisner, LLP, which was retained and funded by Travelers to serve as Ms. Heard's "personal counsel". In the event that the Court ultimately decides to stay the *Travelers v. New York Marine* and/or the *Heard* actions, New York Marine requests that it be permitted to obtain the documents requested pursuant to those subpoenas, as production of those documents will not prejudice either Travelers or Heard, but will serve to ensure that the documents sought are maintained and available to the parties notwithstanding any document retention policies or other reasons why they might otherwise become unavailable before any stay entered by this Court is terminated.

**C. Travelers' Position**

<u>Personal Jurisdiction Over Ms. Heard</u>: Travelers does not have adequate information to take a position.

<u>Ms. Heard's Request to Stay this Insurance Litigation</u>: Ms. Heard asserts that she will be prejudiced by this consolidated insurance litigation proceeding while the *Depp* lawsuit is active. Travelers will not oppose her request for a stay on that basis.

Travelers understands that New York Marine will argue that it should be able to proceed with part of its case. Travelers strongly opposes a ***partial*** stay of the insurance litigation, which allows New York Marine to move forward, in part, as it wishes. This would be prejudicial to Travelers and Ms. Heard and it would be highly inefficient. It likely will drive the parties into discovery disputes which can be avoided by a complete stay. If the Court stays the insurance litigation while the *Depp* lawsuit is pending, it should stay all of it.

<u>Temporary Halt to Scheduled Depositions</u>: Ms. Heard has asked that the parties agree to postpone two scheduled depositions until the Court has ruled on Ms. Heard's request for a stay. Travelers has no objection to this. New York Marine objected, but appears to have relented. The parties reached an interim agreement to temporarily postpone the depositions, so the issue is not emergent.

**D. Request for Postponement and Agreed Modified Pre-Trial Dates**

If the Court determines that it is not appropriate to stay the *Travelers v. New York Marine* action and to enter a scheduling order, the parties agree to the following pretrial timeline:

| Date | Event |
|---|---|
| 7/31/2023 | Deadline to hold private mediation |
| 8/10/2023 | Deadline to notify court of result of mediation in joint report regarding settlement |
| 8/14/2023 | Post-Mediation Status Conference |

| Date | Event |
|---|---|
| 8/24/2023 | Non-Expert Discovery Cut-Off |
| 9/18/2023 | Expert Disclosure (Initial) |
| 10/2/2023 | Expert Disclosure (Rebuttal) |
| 10/16/2023 | Expert Discovery Cut-Off |
| 11/6/2023 | Last day to file all motions (including discovery motions) |
| 12/14/2023 | Pre-Trial Conference |

Dated: November 29, 2022    CATES PETERSON, LLP

By: _____/s/ *Mark D. Peterson*_____
Mark D. Peterson
Attorneys for Plaintiff and Counterdefendant
Travelers Commercial Insurance Company

Dated: November 29, 2022    McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____/s/ *James P. Wagoner*_____
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant, Counterclaimant, and Plaintiff New York Marine and General Insurance Company

DATED: November 29, 2022    PASICH LLP

By: _____*/s/ Kirk Pasich*_____
Kirk Pasich
Kayla Robinson
Attorneys for Defendant Amber Heard

## **CERTIFICATION PURSUANT TO L.R. 5-4.3.4**

The undersigned hereby certifies that all signatories to this Joint Scheduling Report Order concur in the contents of this filing, and have authorized the undersigned to sign and file this document on their behalf.

Dated: November 29, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ James P. Wagoner*
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant, Counterclaimant and Plaintiff New York Marine and General Insurance Company

8777397.1

## PROOF OF SERVICE

*Travelers Commercial Insurance Company v. New York Marine and General Insurance Company*

*New York Marine and General Insurance Company v. Amber Heard*

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On November 29, 2022, I served true copies of the following document(s) described as **JOINT SCHEDULING REPORT** on the interested parties in this action as follows:

| | |
|---|---|
| Mark D. Peterson<br>Kathleen O. Peterson<br>Amy Howse<br>Cates Peterson LLP<br>4100 Newport Place, Suite 230<br>Newport Beach, CA 92660<br>Telephone: (949) 724-1180<br>markpeterson@catespeterson.com<br>kpeterson@catespeterson.com<br>ahowse@catespeterson.com | Kirk Pasich<br>Kayla M. Robinson<br>Pasich LLP<br>10880 Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90024<br>Telephone: (424) 313-7856<br>kpasich@pasichllp.com<br>krobinson@pasichllp.com |
| *Attorneys for Plaintiff Travelers Commercial Insurance Company* | *Attorneys for Defendant Amber Heard* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 29, 2022, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor