Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Kayla Robinson (SBN 322061)
KRobinson@PasichLLP.com
Owen Monkemeier (SBN 336476)
OMonkemeier@PasichLLP.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>AMBER HEARD,<br><br>        Defendant. | Case No. 2:22-cv-4685-GW (PDx)<br><br>Hon. George H. Wu, Courtroom 9D<br><br>**DEFENDANT AMBER HEARD'S FIRST AMENDED AND SUPPLEMENTAL ANSWER TO NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed July 8, 2022<br>FAC Filed July 11, 2022 |

PASICH

PASICH ™

Defendant Amber Heard hereby answers the First Amended Complaint of plaintiff New York Marine and General Insurance Company as follows:

## <u>JURISDICTION AND VENUE</u>

1.    Answering paragraph 1, Ms. Heard admits that she was a citizen of California at the time this action was filed and otherwise admits the allegations in this paragraph.

2.    Answering paragraph 2, Ms. Heard admits that New York Marine purports to seek a judicial determination as alleged in this paragraph.

3.    Answering paragraph 3, Ms. Heard admits that New York Marine asserts that its claims are authorized by 28 U.S.C. § 2201. Except as expressly admitted, Ms. Heard states that this paragraph contains only legal conclusions to which no response is required.

4.    Answering paragraph 4, Ms. Heard does not dispute that venue may be proper in the Central District of California and that she had resided in California at the time this action was filed and had not yet permanently changed her place of residency to a new location. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

5.    Answering paragraph 5, Ms. Heard admits that New York Marine Policy number GL201800012500 (the "Policy") was delivered in this District with a mailing address in this District and that the "Named Insured" listed in the Policy is "Under the Black Sky, Inc. As Per Named Insured Extension Schedule." Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**THE PARTIES**

6.      Answering paragraph 6, Ms. Heard lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

7.      Answering paragraph 7, Ms. Heard admits that she is a natural person and was domiciled in California at the time of filing. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**FACTUAL ALLEGATIONS**

**The Insurance Policy**

8.      Answering paragraph 8, Ms. Heard admits that New York Marine issued the Policy, the "Named Insured" is "Under the Black Sky, Inc. As Per Named Insured Extension Schedule," which Schedule includes Ms. Heard as a "Named Insured," the Policy has a policy period of July 18, 2018, to July 18, 2019, and the Policy lists an "Each Occurrence Limit $1,000,000," a "Personal & Advertising Limit $1,000,000 Any one person or organization," and a "Personal Liability" limit of "$1,000,000 Each Occurrence." Ms. Heard further admits that Exhibit A to the FAC appears to be a true and correct copy of at least a substantial part, if not all, of the Policy, with certain information redacted. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

9.      Answering paragraph 9, Ms. Heard admits that the Policy contains a coverage part entitled "Comprehensive Personal Liability Coverage" and that this coverage part includes the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

10.     Answering paragraph 10, Ms. Heard admits that the definition of "Personal Injury" in the Policy's "Comprehensive Personal Liability Coverage" contains the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**The Underlying Lawsuit**

11.     Answering paragraph 11, Ms. Heard admits the allegations in this paragraph.

12.     Answering paragraph 12, Ms. Heard admits the allegations in this paragraph.

13.     Answering paragraph 13, Ms. Heard admits the allegations in this paragraph.

14.     Answering paragraph 14, Ms. Heard admits that by letter dated October 1, 2019, New York Marine purported to accept her defense of *Depp v. Heard* ("the *Depp* lawsuit") and reserve certain rights and that this letter contains the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

15.     Answering paragraph 15, Ms. Heard admits the allegations in this paragraph.

16.     Answering paragraph 16, Ms. Heard admits that on or about November 2, 2020, Cameron McEvoy withdrew as one of the counsel representing Ms. Heard in the *Depp* lawsuit. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

17.     Answering paragraph 17, Ms. Heard admits the allegations in this paragraph.

18.     Answering paragraph 18, Ms. Heard admits the allegations in this paragraph.

19.     Answering paragraph 19, Ms. Heard admits that the Jury Instructions are the best evidence of their contents and that the Jury

Instructions include the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

20.    Answering paragraph 20, Ms. Heard admits that the Jury Instructions are the best evidence of their contents and that the Jury Instructions include the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

21.    Answering paragraph 21, Ms. Heard admits that the "Finding Instruction" in the *Depp* lawsuit is the best evidence of its contents and that the Finding Instruction includes the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

22.    Answering paragraph 22, Ms. Heard admits that the court in the *Depp* lawsuit issued additional "Finding Instructions" and that these "Finding Instructions" are the best evidence of their contents. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

23.    Answering paragraph 23, Ms. Heard admits the allegations in this paragraph.

24.    Answering paragraph 24, Ms. Heard admits that the Special Verdict Form in the *Depp* lawsuit is the best evidence of its contents and that the jury answered "yes" to questions 1(a), 2(a), and 3(a) in the Special Verdict Form. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

25.    Answering paragraph 25, Ms. Heard admits that the Special Verdict Form in the *Depp* lawsuit is the best evidence of its contents and that the jury answered "yes" to questions 1(b), 2(b), and 3(b) in the Special Verdict Form. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph..

26.    Answering paragraph 26, Ms. Heard admits the allegations in this paragraph.

FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM

# FIRST CAUSE OF ACTION

## (Declaratory Relief as to Plaintiff's Duty to Indemnify Heard for the Judgment Order Under the Policy)

27.    Answering paragraph 27, Ms. Heard incorporates by reference her answers to paragraphs 1 through 26 above.

28.    Answering paragraph 28, Ms. Heard admits that California Insurance Code section 533 contains the quoted language and that the remainder of this paragraph contains only legal contentions to which no response is required.

29.    Answering paragraph 29, Ms. Heard denies the allegations in this paragraph.

30.    Answering paragraph 30, Ms. Heard admits that there is a dispute between New York Marine and her regarding New York Marine's duties under the Policy, the implied covenant of good faith and fair dealing, and the law, that New York Marine contends that it has no duty to indemnify her as to the June 24, 2022, Judgment Order, and that she disputes New York Marine's contentions, contending that New York Marine is obligated to perform all its duties in connection with the *Depp* lawsuit. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

31.    Answering paragraph 31, Ms. Heard denies that there is an actual and present controversy regarding New York Marine's duty to indemnify Ms. Heard for any judgment, settlement, or other award against her in the *Depp* lawsuit because Ms. Heard is not seeking indemnity from New York Marine for any amount that theoretically might have been paid pursuant to any judgment in the *Depp* Lawsuit because the *Depp* lawsuit has been settled with another insurer paying the settlement amount. Ms. Heard admits that New York Marine

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

1  requests a judicial declaration as stated in this paragraph and that New
2  York Marine contends that it has no obligation to indemnify Ms. Heard
3  for the Judgment Order. Except as expressly admitted, Ms. Heard denies
4  the allegations in this paragraph.

5  ### SECOND CAUSE OF ACTION

6  **(Declaratory Relief as to Plaintiff's Duty to Indemnify Heard**
7  **for Any Judgment in the Underlying Action)**

8      32.    Answering paragraph 32, Ms. Heard incorporates by
9  reference her answers to paragraphs 1 through 31.

10      33.    Answering paragraph 33, Ms. Heard admits that California
11  Insurance Code section 533 contains the quoted language and that the
12  remainder of this paragraph contains only legal contentions to which no
13  response is required.

14      34.    Answering paragraph 34, Ms. Heard denies the allegations in
15  this paragraph.

16      35.    Answering paragraph 35, Ms. Heard admits that there is a
17  dispute between New York Marine and her regarding New York Marine's
18  duties under the Policy, the implied covenant of good faith and fair
19  dealing, and the law, that New York Marine contends that it has no duty
20  to indemnify her for the *Depp* lawsuit, and that she disputes New York
21  Marine's contentions, contending that New York Marine is obligated to
22  perform all its duties under the Policy. Except as expressly admitted, Ms.
23  Heard denies the allegations in this paragraph.

24      36.    Answering paragraph 36, Ms. Heard denies that there is an
25  actual and present controversy regarding New York Marine's duty to
26  indemnify Ms. Heard for any judgment, settlement, or other award
27  against her in the *Depp* lawsuit because the *Depp* lawsuit has been
28  settled with another insurer paying the settlement amount.  Therefore,

7

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

PASICH

1  Ms. Heard is not seeking indemnity from New York Marine as to that
2  settlement amount. Ms. Heard admits that New York Marine requests a
3  judicial declaration as stated in this paragraph and that New York
4  Marine contends that it has no obligation to indemnify Ms. Heard for any
5  liability regarding the *Depp* lawsuit. Except as expressly admitted, Ms.
6  Heard denies the allegations in this paragraph.

7  <u>**THIRD CAUSE OF ACTION**</u>

8  **(Declaratory Relief as to Plaintiff's Duty to Defend Heard in the**
9  **Underlying Action The [*sic*] Policy [California Insurance Code**
10  **§ 533])**

11       37.    Answering paragraph 37, Ms. Heard incorporates by
12  reference her answers to paragraphs 1 through 36.

13       38.    Answering paragraph 38, Ms. Heard denies the allegations in
14  this paragraph.

15       39.    Answering paragraph 39, Ms. Heard admits that there is an
16  actual controversy between New York Marine and her regarding New
17  York Marine's duties under the Policy, the implied covenant of good faith
18  and fair dealing, and the law, that New York Marine contends that it has
19  no duty to defend her in the *Depp* lawsuit based on California Insurance
20  Code section 533, and that she disputes New York Marine's contentions,
21  contending that New York Marine is obligated to perform all its duties
22  and that New York Marine had a duty to fully defend her in the *Depp*
23  lawsuit through its final resolution.

24       40.    Answering paragraph 40, Ms. Heard admits that there is an
25  actual and present controversy as described in her answer to paragraph
26  39 above and that New York Marine seeks a judicial declaration as it
27  states in this paragraph. Ms. Heard denies that there is an actual and
28  present controversy regarding New York Marine's duty to defend "on an

8

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

ongoing basis" for the *Depp* lawsuit because the *Depp* lawsuit is no longer pending, having been resolved by a settlement.

## FOURTH CAUSE OF ACTION

## (Declaratory Relief as to Plaintiff's Duty to Defend and Indemnify Heard in the Underlying Action Under the Policy [Conditions])

41.    Answering paragraph 41, Ms. Heard incorporates by reference her answers to paragraphs 1 through 40.

42.    Answering paragraph 42, Ms. Heard admits that the Policy's "Comprehensive Personal Liability Coverage" is the best evidence of its contents and that this coverage part includes the quoted language. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

43.    Answering paragraph 43, Ms. Heard denies the allegations in this paragraph.

44.    Answering paragraph 44, Ms. Heard admits that there is an actual controversy between New York Marine and her regarding New York Marine's duties under the Policy, the implied covenant of good faith and fair dealing, and the law regarding New York Marine's duty to defend her in the *Depp* lawsuit, that New York Marine contends that it has no duty to defend and/or indemnify her in the *Depp* lawsuit because of Ms. Heard's alleged failure to comply with the conditions of the Policy, and that she disputes New York Marine's contentions, contending that New York Marine is obligated to perform all its duties and that New York Marine had a duty to fully defend her in the *Depp* lawsuit through its final resolution. Except as expressly admitted, Ms. Heard denies the allegations in this paragraph.

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

1      45.   Answering paragraph 45, Ms. Heard admits that there is an

2   actual and present controversy to the extent described in her answer to

3   paragraph 44 above and that New York Marine seeks a judicial

4   declaration as it states in this paragraph. Ms. Heard denies that there is

5   an actual and present controversy regarding New York Marine's duty to

6   defend "on an ongoing basis" for the *Depp* lawsuit because the Depp

7   lawsuit is no longer pending, having been resolved by a settlement.

8   **PRAYER FOR RELIEF**

9      46.   Answering New York Marine's Prayer for Relief, Ms. Heard

10   denies that New York Marine is entitled to the relief it requests or to any

11   relief in this lawsuit and asks the Court to deny all the relief requested

12   by New York Marine.

13   **AFFIRMATIVE DEFENSES**

14   **First Affirmative Defense**

15   **(Failure to State a Cause of Action)**

16      47.   New York Marine is barred from maintaining its First

17   Amended Complaint and each cause of action therein because they fail to

18   state facts sufficient to constitute claims against Ms. Heard.

19   **Second Affirmative Defense**

20   **(No Substantial Prejudice)**

21      48.   New York Marine cannot maintain its fourth cause of action

22   because it cannot establish that it was actually and substantially

23   prejudiced by any unexcused alleged failure of Ms. Heard to satisfy any

24   condition in the Policy.

25   **Third Affirmative Defense**

26   **(Unclean Hands)**

27      49.   New York Marine is barred from maintaining its First

28   Amended Complaint and each cause of action therein because of its

10

PASICH

1  unclean hands with respect to the Policy, the events upon which its
2  causes of action are based, and its conduct.

### Fourth Affirmative Defense

### (Waiver)

50.     By its conduct, representations, and omissions, New York
Marine has waived, relinquished, and/or abandoned any claim for relief
against Ms. Heard respecting the matters that are the subject of the
First Amended Complaint.

### Fifth Affirmative Defense

### (Estoppel)

51.     By its conduct, representations and omissions, New York
Marine is equitably estopped to assert any claim for relief against Ms.
Heard respecting the matters that are the subject of the First Amended
Complaint.

### Sixth Affirmative Defense

### (Breach of Contract)

52.     New York Marine's claims are barred, in whole or in part,
because New York Marine has breached its obligations under the Policy.

### Seventh Affirmative Defense

### (Bad Faith)

53.     New York Marine is barred from any recovery against Ms.
Heard by reason of its tortious breaches of the implied covenant of good
faith and fair dealing and its bad-faith unreasonable conduct.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Heard prays for a judgment:

1.     Declaring that New York Marine is not entitled to the relief it
seeks in its First Amended Complaint or to any relief;

11

2.    Dismissing the First Amended Complaint and all causes of action therein with prejudice;

3.    Awarding Ms. Heard the attorneys' fees that she reasonably incurred, and continues to incur, in her efforts to obtain the benefits due under the Policy that New York Marine wrongfully withheld, and is withholding, in bad faith;

4.    Awarding Ms. Heard the costs of suit incurred; and

5.    Granting such other relief as the Court may deem equitable, just, and/or proper.

DATED: January 13, 2023          PASICH LLP

By: */s/ Kirk Pasich*
Kirk Pasich
Attorneys for Amber Heard

## **JURY TRIAL DEMANDED**

Defendant Amber Heard hereby demands a trial by jury.

DATED: January 13, 2023          PASICH LLP

By: */s/Kirk Pasich*

Kirk Pasich

Attorneys for Amber Heard

FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM

1                 **COUNTERCLAIM BY AMBER HEARD**

2        Pursuant to Federal Rule of Civil Procedure 13, Counter-Claimant

3 Amber Heard hereby counter-claims against plaintiff and counter-

4 defendant New York Marine and General Insurance Company ("New

5 York Marine") and alleges and follows.

6                 **NATURE OF THE ACTION**

7     1.    New York Marine sold Ms. Heard an insurance policy in

8 which it promised to defend and indemnify Ms. Heard against, among

9 other things, lawsuits alleging that she defamed others. When Ms. Heard

10 was sued by Johnny Depp for defamation, she timely notified New York

11 Marine and asked New York Marine to defend her. While New York

12 Marine promised to do so, it did not provide the full and capable defense

13 to which Ms. Heard was entitled, it failed to pay the attorneys' fees and

14 costs that it was obligated to pay for Ms. Heard's defense, and it acted in

15 other ways that prejudiced Ms. Heard and her defense.

16     2.    In acting in this manner and as described in greater detail

17 below, New York Marine breached its contractual duties, tortiously

18 violated the insurance policy's implied covenant of good faith and fair

19 dealing, and repudiated the duties that it owed to Ms. Heard while she

20 pursued her appeal in the lawsuit brought by Mr. Depp. New York

21 Marine's conduct and its coverage positions are contrary to the terms of

22 its insurance policy, the law, the facts, and insurance industry custom

23 and practice. Ms. Heard is entitled to recover damages to compensate her

24 for the injuries that New York Marine has inflicted and punitive

25 damages because of New York Marine's tortious bad faith.

26              **JURISDICTION AND VENUE**

27     3.    This Court has jurisdiction over this Counterclaim pursuant

28 to 28 U.S.C. § 1367 because each claim is so related to claims within the

1  Court's original jurisdiction that they form part of the same case or

2  controversy.

3      4.     Venue is proper in this District pursuant to 28 U.S.C.

4  § 1391(b)(2) because a substantial part of the events or omissions giving

5  rise to the claim occurred in this District, including delivery of the policy

6  at issue.

7                              **PARTIES**

8      5.     Ms. Heard is an actor.  She has appeared in such films as

9  *Aquaman* and *Justice League*.

10     6.     Ms. Heard is informed and believes, and on that basis alleges,

11  that New York Marine is a corporation organized and incorporated under

12  the laws of the State of New York with its principal place of business in

13  New York.

14     7.     Ms. Heard is informed and believes, and on that basis alleges,

15  that New York Marine is a sophisticated national insurance company

16  that holds itself out as offering excellent customer service and an

17  experienced claims-handling team.

18     8.     Ms. Heard is informed and believes, and on that basis alleges,

19  that at the time New York Marine sold the Policy, New York Marine was

20  part of the ProSight Specialty Insurance Group ("ProSight") and that

21  ProSight advertised and made public statements, including on its

22  website, on behalf of New York Marine and its other member companies,

23  including New York Marine.

24     9.     Ms. Heard is informed and believes, and on that basis alleges,

25  that ProSight used its website to market its insurance products;

26  represent the nature of its insurance products, its policy underwriting,

27  and its claims handling; and represented the quality of insurance and

28  service customers of its group members will receive if they do business

2

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

with a ProSight company. Ms. Heard is informed and believes, and on that basis alleges, that New York Marine authorized the statements and representations that ProSight made on its website and that those statements and representations are made on behalf of New York Marine. Ms. Heard is informed and believes, and on that basis alleges, that when ProSight said things through its websites, advertising, and statements, it was speaking on behalf of, and is authorized to speak on behalf of, New York Marine.

10.     Among other things, ProSight stated that it offered "[e]xcellent insurance coverage ready to protect you," and "unrivaled value for a wide range of insurance coverages, services, and solutions that are smart, safe and sure."[1] ProSight represented, "We create unrivaled value for our customers by exceeding expectations in everything we do. We accomplish this based on our unique performance culture and a desire to succeed at uncommon challenges."[2]

11.     Prosight further stated, "The claims process should be more than a just a transaction. For us, our steadfast team works relentlessly on each claim to provide you our gold standard of attentive and efficient advantages. The team engages customers with an innovative plan of action from gathering facts and data to investigation and reporting. They are meticulous about servicing you throughout the entire process, achieving the best possible outcome."[3] In describing its claim-handling process, ProSight stated, "Tell us what happened, and we'll begin

---

[1]https://web.archive.org/web/20170703003245/https://www.prosightspecialty.com/the-prosight-difference-contact-prosight/

[2] https://web.archive.org/web/20180116194202/https://www.prosightspecialty.com/

[3] https://web.archive.org/web/20190218065832/https://www.prosightspecialty.com/claims-expertise/

3

1 immediately to deliver the excellent service that is the hallmark of
2 ProSight. We'll focus first on assuring your well-being. Then we'll tend to
3 every detail of your claim with care."[4]

4      12.   Ms. Heard also is informed and believes, and on that basis
5 alleges, that New York Marine is now part of the Coaction Specialty
6 Insurance Group ("Coaction") and that Coaction advertises and makes
7 public statements, including on its website, on behalf of New York
8 Marine and its other member companies, including New York Marine.[5]

9      13.   Ms. Heard is informed and believes, and on that basis alleges,
10 that Coaction uses its website to represent the nature of its insurance
11 products and its claims handling and represents the quality of insurance
12 and service customers of its group members will receive if they do
13 business with a Coaction company. Ms. Heard is informed and believes,
14 and on that basis alleges, that New York Marine authorized the
15 statements and representations that Coaction has made on its website
16 and that those statements and representations are made on behalf of
17 New York Marine. Ms. Heard is informed and believes, and on that basis
18 alleges, that when Coaction say things through its websites, advertising,
19 and statements, it is speaking on behalf of, and is authorized to speak on
20 behalf of, New York Marine.

21      14.   Coaction represents to the public and to its customers its
22 "Coaction Values," which it says are its "intrinsic beliefs and are
23 important in and of themselves."[6] Among other things, Coaction states as
24 follows on its website:

25 _____

26 [4] https://web.archive.org/web/20170702205831/https://www.prosightspecialty.com/
how-we-handle-claims/

27 [5] The Coaction website is: https://www.coactionspecialty.com/get-to-know-us/.

28 [6] *Id.*

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

- "**Customer focused** – We serve the customer – whether they be the broker, policyholder, or another internal or external customer – it is fundamental to everything we do and is a core focus of our decision-making."[7]

- "**Integrity and respect** – We consistently display honesty and consideration for the feelings, wishes, right and traditions of others across our undertakings – even and especially when no one is watching."[8]

- "**Accountability** – We accept responsibility for our own actions and are willing to be judged based on performance – it requires a willingness to be transparent."[9]

15.    Coaction also represents to the public and to its customers that it has special expertise in providing insurance to companies and individuals in the entertainment industry. Among other things, Coaction states as follows on its website:

- "We are EXPERTS. . . . Coaction is more than an insurance company. *We're a specialty company.*"[10]

- "Coaction has been writing Entertainment business for over a decade with a team of experts located in Southern California, New York, and New Jersey who have

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] https://www.coactionspecialty.com/

FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM

dedicated their entire careers (over 300 years of collective experience) to these customers."[11]

- "Target Customers . . . Artists and Entertainers."[12]

16.  Coaction also states in its "Entertainment Fact Sheet Final":

- "At Coaction, we strive to provide an exceptional claims handling experience to our clients. Our average claim adjuster has over 15 years of experience and are strategically aligned with our underwriting vertical to provide our insured and claimants a specialized claims encounter," including "Expert claims team known for its quality, commitment and integrity."[13]

- "Policies are underwritten by the insurers of Coaction Specialty Insurance Group, which includes New York Marine and General Insurance Company . . . ."[14]

- Coaction has "$1.1B Estimated 2022 Premium" and "$3.2B Total Assets."[15]

## **THE POLICY**

17.  New York Marine sold insurance policy number GL201800012500 to Ms. Heard for the July 18, 2018, to July 18, 2019, policy period (the "Policy"). The "Named Insured" is "Under the Black Sky, Inc. As Per Named Insured Extension Schedule," which Schedule includes Ms. Heard as a "Named Insured."

---

[11] https://www.coactionspecialty.com/entertainment/.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

18.     The Policy contains multiple coverage parts, each of which provides several separate coverages to Ms. Heard.  The Commercial Liability General Liability Coverage Form provides $1,000,000 in coverage "Any one person" for Personal and Advertising Injury.  The Comprehensive Personal Liability Coverage separately provides $1,000,000 in coverage "each occurrence" for Personal Liability.

19.     The Policy's Commercial General Liability Coverage Form's "Coverage B personal and Advertising Liability" obligated New York Marine to "pay those sums that [Ms. Heard] becomes legally to pay as damages because of 'personal and advertising injury' . . . ."  Commercial General Liability Coverage Form, Coverage B, ¶ 1.a.  It also obligated New York Marine "to defend [Ms. Heard] against any 'suit' seeking damages for 'personal and advertising injury' . . . ." *Id.* The Policy defines "personal and advertising injury" to mean "injury, including consequential 'bodily injury,' arising out of one of more of the following offenses:  . . . Oral or written publication, in any manner, of material that slanders or libels a person . . . ." *Id.,* Commercial General Liability Coverage Form § V.14.

20.     The Policy's Comprehensive Personal Liability Coverage obligated New York Marine to "pay up to [its] limit of liability for the damages for which [Ms. Heard] is legally liable" "[i]f a claim or a suit is brought against [Ms. Heard} because of . . . 'personal injury" caused by an 'occurrence' . . . ." *Id.*, Comprehensive Personal Liability Coverage, Coverage L.  The Comprehensive Personal Liability Coverage also obligated New York Marine to "provide a defense at [its] expense by counsel of [its] choice, even if the suit is groundless, false or fraudulent." *Id.* "Personal injury" is defined to include "injury . . . arising out of one or more of the following offenses: . . . oral or written publication of

1  material that slanders or libels a person or organization including other
2  forms of defamation; or . . . oral or written publication of material
3  including other forms of defamation that violates a person's right of
4  privacy."

5      21.   To the extent not waived or otherwise excused, Ms. Heard has
6  complied with all terms and conditions contained in the Policy.
7  Therefore, Ms. Heard is entitled to all benefits of the Policy.

8  **THE *DEPP* LAWSUIT**

9      22.   In March 2019, Ms. Heard's ex-husband, Johnny Depp, filed a
10 lawsuit against Ms. Heard in Virginia state court (the "*Depp* lawsuit").
11 Mr. Depp alleged in his lawsuit that Ms. Heard defamed him in a
12 December 2018 *Washington Post* Op-Ed.

13     23.   In June 2022, the jury in the *Depp* lawsuit returned a verdict
14 against Ms. Heard for three counts of defamation. Ms. Heard appealed
15 the judgment to the Virginia Court of Appeals. In December 2022, the
16 parties finally resolved the *Depp* lawsuit pursuant to a confidential
17 agreement.

18 **NEW YORK MARINE'S BREACHES AND BAD-FAITH CONDUCT**

19     24.   Ms. Heard timely notified New York Marine of the *Depp*
20 lawsuit. New York Marine initially agreed to defend Ms. Heard subject
21 to a reservation of rights. Unfortunately for Ms. Heard, New York
22 Marine's performance never lived up to its promises. Indeed, New York
23 Marine never fully paid for Ms. Heard's defense, leaving Ms. Heard to
24 incur hundreds of thousands of dollars in defense costs not paid by any
25 insurer, withdrew from Ms. Heard's defense, expressly repudiated its
26 duties to defend Ms. Heard, and has consistently placed its interests
27 above those of Ms. Heard.

28

8
**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

PASICH

25.    Specifically, in October 2019, New York Marine reserved rights to deny coverage on the ground that Ms. Heard behaved intentionally, thus creating a conflict of interest with Ms. Heard and giving Ms. Heard the right to independent counsel, with New York Marine being obligated to pay for the fees and costs of this independent counsel. Nonetheless, New York Marine refused to agree to defend Ms. Heard through independent counsel and instead appointed its own counsel. Despite requests from Ms. Heard to reconsider, New York Marine persisted in its position, making it impossible for Ms. Heard to fully accept this "defense" provided by New York Marine without prejudicing her defense in the *Depp* lawsuit. New York Marine's appointed counsel ultimately withdrew on November 20, 2020.

26.    Ms. Heard is informed and believes, and on that basis alleges, that New York Marine thereafter agreed to participate in the defense of Ms. Heard by reimbursing Ms. Heard's defending insurer, Travelers Commercial Insurance Company, for some of the amounts it had paid, and was paying towards Ms. Heard's defense in the *Depp* lawsuit but has never done so. Thus, at no point has New York Marine fully honored its duty to defend Ms. Heard in the *Depp* lawsuit.

27.    Once judgment was entered in the *Depp* lawsuit in accord with the jury's verdict, New York Marine took the position that it need not defend Ms. Heard, even though that judgment was not final. Ms. Heard is informed and believes, and on that basis alleges, that New York Marine took this position to benefit its own economic interests at the expense of Ms. Heard's interests and even though it knew, or should have known, that the bases for its position are contrary to the law and did not excuse New York Marine from its duty to defend Ms. Heard,

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

1  including its duty to pursue and fund an appeal on her behalf in the
2  *Depp* lawsuit.

3      28.    By refusing to provide the defense to which Ms. Heard was
4  entitled in the *Depp* lawsuit and by wrongfully asserting that Ms. Heard
5  was not entitled to indemnity for any amount that Ms. Heard might be
6  legally obligated to pay in any judgment in or settlement of the *Depp*
7  lawsuit, New York Marine wrongfully repudiated and refused to perform
8  its duties to Ms. Heard. In so acting, New York Marine deprived Ms.
9  Heard from receiving the full benefits that she was promised and to
10  which she is entitled under the Policy.

## FIRST COUNT

### (Breach of Contract)

13      29.    Ms. Heard realleges and incorporates by reference
14  paragraphs 1 through 28 above.

15      30.    New York Marine had a duty under the Policy, the law, and
16  insurance industry custom and practice to fully defend Ms. Heard
17  against the *Depp* lawsuit. New York Marine's duty arose at least at the
18  time it received notice of the *Depp* lawsuit and continued until the *Depp*
19  lawsuit was finally resolved.

20      31.    New York Marine also had and has a duty under the Policy,
21  the law, and insurance industry custom and practice to promptly conduct
22  a full and thorough investigation, including as to all bases that might
23  support Ms. Heard's claims for coverage. New York Marine also had and
24  has a duty to give at least as much consideration to Ms. Heard's interests
25  as it gives to its own interests.

26      32.    New York Marine breached its duties by, among other things,
27           a.    refusing to fully and properly defend Ms. Heard in the
28                *Depp* lawsuit;

PASICH

b.    repudiating its duty to indemnify Ms. Heard for any amounts that Ms. Heard might have been legally obligated to pay in judgment in, or settlement of, the *Depp* lawsuit;

c.    otherwise refusing to perform its duties under the Policy; and

d.    acting as alleged above.

33.    As a direct and proximate result of New York Marine's contractual breaches, Ms. Heard has sustained and continues to sustain damages in an amount to be proven at trial and currently exceeding $75,000.

## SECOND COUNT

### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

34.    Ms. Heard realleges and incorporates by reference paragraphs 1 through 28 and 30 through 32 above.

35.    Implied in the Policy is a covenant that New York Marine would act in good faith and deal fairly with Ms. Heard, would do nothing to interfere with Ms. Heard's right to receive benefits due under the Policy, and would give at least the same level of consideration to Ms. Heard's interests as it gives to its own interests. New York Marine also had a duty under the Policy, the law, and insurance industry custom, practice, and standards to conduct a prompt and thorough investigation, including as to all bases that might support Ms. Heard's claim for coverage, before asserting coverage defenses or denying coverage.

36.    Instead of complying with these duties, New York Marine acted in bad faith by, among other things,

a. refusing to fully and properly defend Ms. Heard in the *Depp* lawsuit and then repudiating its duty to defend;

b. refusing to indemnify Ms. Heard to its Policy limit as to any judgment in, or settlement of, the *Depp* lawsuit;

c. failing to fully inquire into possible bases that might support coverage for the *Depp* lawsuit;

d. asserting grounds for limiting coverage that it knows are not supported by, and in fact are contrary to, the terms of the Policy, the law, insurance industry custom and practices, and the facts;

e. taking coverage positions that are contrary to Ms. Heard's reasonable expectations of coverage;

f. giving greater consideration to its own interests than it gave Ms. Heard's interests;

g. based on information and belief, failing to have appropriate claims handling guidelines and failing to consider and act in accord with the governing legal requirements; and

h. otherwise acting as alleged above.

37. In breach of the implied covenant of good faith and fair dealing, New York Marine did the things and committed the acts alleged above for the purpose of consciously withholding from Ms. Heard the rights and benefits to which she is and was entitled under the Policy and the law.

38. New York Marine's acts are inconsistent with the reasonable expectations of Ms. Heard, are contrary to established insurance industry custom and practice, are contrary to legal requirements, are contrary to the express terms of the Policy, and constitute bad faith.

12

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

39.   As a direct and proximate result of New York Marine's breach of the implied covenant of good faith and fair dealing, Ms. Heard has sustained and continues to sustain damages in an amount to be proven at trial. Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Ms. Heard is entitled to recover all attorneys' fees that she has reasonably incurred, and continues to incur, in her efforts to obtain the benefits due under the Policy that New York Marine wrongfully has withheld, and is withholding, in bad faith. Ms. Heard is also entitled to interest at the maximum legal rate.

40.   Ms. Heard is informed and believes, and on that basis alleges, that New York Marine—acting through one or more of its officers, directors, or other corporate employees with substantial independent and discretionary authority over significant aspects of New York Marine's business—performed, authorized, and/or ratified the bad-faith conduct alleged above.

41.   New York Marine's conduct is despicable and has been done with a conscious disregard of Ms. Heard's rights, constituting oppression, fraud, and/or malice. New York Marine has engaged in a series of acts designed to deny Ms. Heard the benefits due under the Policy. Specifically, New York Marine, by acting as alleged above, in light of information, facts, and relevant law to the contrary, consciously disregarded Ms. Heard's rights and forced Ms. Heard to incur substantial financial losses, thereby inflicting substantial financial damage on Ms. Heard. New York Marine ignored Ms. Heard's interests and concerns with the requisite intent to injure within the meaning of California Civil Code section 3294. Therefore, Ms. Heard is entitled to recover punitive damages from New York Marine in an amount sufficient

1  to punish and to make an example of New York Marine and to deter

2  similar conduct in the future.

## PRAYER FOR RELIEF

4  WHEREFORE, Ms. Heard prays for relief as follows:

## ON THE FIRST COUNT

6  1.    For damages according to proof at the time of trial, plus

7  interest;

## ON THE SECOND COUNT

9  2.    For damages according to proof at the time of trial, including

10  reasonable attorneys' fees incurred in obtaining the benefits due under

11  the Policy, plus interest;

12  3.    For punitive damages in an amount to be determined at the

13  time of trial;

## ON BOTH COUNTS

15  4.    For costs of suit herein; and

16  5.    For such other, further, and/or different relief as may be

17  deemed just and proper.

18  DATED: January 13, 2023        PASICH LLP

20  By: */s/ Kirk Pasich*
    Kirk Pasich

21  Attorneys for Amber Heard

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**

1

## **JURY TRIAL DEMANDED**

2    Defendant and Counter-Claimant Amber Heard hereby demands a

3 trial by jury on her counterclaims.

4 DATED: January 13, 2023          PASICH LLP

5

6                          By: */s/Kirk Pasich*
    '        Kirk Pasich

7           Attorneys for Amber Heard

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED AND SUPPLEMENTAL ANSWER AND COUNTERCLAIM**