McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A. Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff and Counter-
Defendant New York Marine and General
Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBER HEARD, an individual,<br><br>Defendant. | Case No. 2:22-cv-04685-GW(PDx)<br><br>**NEW YORK MARINE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO (1) DISMISS HEARD'S COUNTERCLAIM PURSUANT TO RULE 12(b)(6), OR (2) ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e), AND (3) TO STRIKE CERTAIN ALLEGATIONS PURSUANT TO RULE 12(f)**<br><br>**FRCP 12(b)(6), 12(e), 12(f)** |
| AMBER HEARD, an individual<br><br>Counter-claimant<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Counter-defendant | Date:          March 13, 2023<br>Time:          8:30 a.m.<br>Judge:        Hon. George H. Wu<br>Courtroom:   9D<br><br>Filed Concurrently with Notice of Motion; Request for Judicial Notice, Declaration of James P. Wagoner, Proposed Order<br><br>Complaint Filed July 8, 2022<br>FAC Filed July 11, 2022 |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ........................................... 3

    A.   General Background ................................................................ 3

    B.   The NY Marine Policy ........................................................... 3

MOTION TO DISMISS ...................................................................... 4

    A.   Since Heard Admittedly Refused To "Fully Accept The Defense" Rightfully Provided By NY Marine, She Is Not Entitled To Recover Any Additional Defense Costs From NY Marine ................... 5

        1.   A Policy Provision Giving An Insurer The Right To Appoint Defense Counsel Requires That The Insured Accept That Appointment .............................................. 5

        2.   Since Under Virginia Law, Insurer-Appointed Defense Counsel Has Only The Insured As A Client, Heard Was Not Entitled To Independent Counsel And Was Therefore Not Entitled To Reject The Defense Proffered By NY Marine ......... 8

            a.   Insurer-Appointed Defense Counsel In Virginia Only Represents The Insured And Consequently No Conflict Of Interest Exists .................................. 8

            b.   Because Under Virginia Law, NY Marine's Retained Defense Counsel Did Not Have A Conflict Of Interest In Their Representation Of Heard, NY Marine Had No Separate Obligation To Also Provide "Independent Counsel" To Heard .................................. 10

        3.   Since NY Marine's "General" Reservation Of Rights Letter Did Not Give Rise To A Conflict Of Interest, Heard Was Not Entitled To The Appointment Of Independent Counsel ..... 11

        4.   Heard Has No Entitlement To Recover Expenses Incurred By Her In The Absence Of An Allegation That Such Expenses Were Incurred At NY Marine's "Request" ............... 13

        5.   Heard's Refusal To "Fully Accept The Defense" Proffered By NY Marine Had The Effect Of Breaching Her Obligations Under The NY Marine Policy ................................ 13

        6.   Heard's Allegations Are Insufficient To Establish That NY Marine Is Liable For Breach Of Contract Or Bad Faith ............ 16

    B.   Because Heard Admits That She Was Defended By Travelers, She Cannot State Any Viable Claim For The Breach Of Contract Or Bad Faith Against NY Marine ................................................. 16

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

i

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

# TABLE OF CONTENTS
### (Continued)

**Page**

MOTION FOR A MORE DEFINITE STATEMENT .................................................17

MOTION TO STRIKE ...........................................................................................18

    A.    The Amended Counterclaim's "Independent Counsel" Allegations Should Be Stricken ................................................18

    B.    Paragraphs 7-16 Of The Amended Counterclaim Should Be Stricken As Immaterial And Impertinent.......................19

CONCLUSION......................................................................................................20

CERTIFICATE OF COMPLIANCE.......................................................................22

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

# TABLE OF AUTHORITIES

**Page**

## CASES

*AMCO Ins. Co. v. Morfe*
749 Fed.Appx. 531 (9th Cir. 2018) ................................................................. 14

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1988) ........................................................................... 4

*Belz v. Clarendon Am. Ins. Co.*
158 Cal.App.4th 615 (2007) ........................................................................... 15

*Blue Ridge Ins. Co. v. Jacobsen*
25 Cal.4th 489 (2001) ..................................................................................... 11

*Burlison v. Allstate Ins. Co.*
2012 WL 12884683 (C.D.Cal.  2012) ............................................................ 19

*Buss v. Superior Court*
16 Cal.4th 35 (1997) ....................................................................................... 11

*Celebrity Educ. Grp. v. Scottsdale Ins. Co.*
2018 WL 3853998 (C.D.Cal. Aug. 10, 2018) ................................................ 12

*Centex Homes v. St. Paul Fire & Marine Ins. Co.*
19 Cal.App.5th 789 (2018) ............................................................................. 12

*Centex Homes v. St. Paul Fire & Marine Ins. Co.*
237 Cal.App.4th 23 (2015) ............................................................................... 8

*Century Surety Co. v. Crosby Ins., Inc.*
124 Cal.App.4th 116 (2004) ........................................................................... 19

*Clarendon Nat'l Ins. Co. v. Nat'l Fire and Marine Ins. Co.*
512 Fed.Appx. 671 (9th Cir. 2013) ............................................................... 16

*Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest*
2001 WL 34050685 (C.D.Cal. May 22, 2001) .............................................. 13

*Donahue Constr. Co. v. Transp. Indem. Co.*
7 Cal.App.3d 291 (1970) ................................................................................ 17

*Doyle v. Fireman's Fund Ins. Co.*
21 Cal.App.5th 33 (2018) ............................................................................... 19

*Dynamic Concepts, Inc. v. Truck Ins. Exch.*
61 Cal.App.4th 999 (1998) ............................................................................. 12

*Elliott v. Geico Indem. Co.*
231 Cal.App.4th 789 (2014) ........................................................................... 19

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

**<u>TABLE OF AUTHORITIES</u>**
(Continued)

<u>Page</u>

*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.*
   130 Cal.App.4th 1078 (2005)................................................................17

*Fantasy, Inc. v. Fogerty*
   984 F.2d 1524 (9th Cir. 1993)............................................................18

*Faust v. The Travelers, Inc.*
   55 F.3d 471 (9th Cir. 1995)................................................................15

*Federal Ins. Co. v. MBL, Inc.*
   219 Cal.App.4th 29 (2013)........................................................6, 11, 12

*Fireman's Fund Ins. Co. v. Nationwide Mut. Fire Ins. Co.*
   2012 WL 1985316 (S.D.Cal. 2012) ....................................................8

*Foremost Ins. Co. v. Wilks*
   206 Cal.App.3d 251 (1988)................................................................13

*Found. Auto Holdings, LLC v. Weber Motors*
   2022 WL 4237720 (E.D.Cal. 2022)..................................................16

*Frontier Oil Corp. v. RLI Ins. Co.*
   153 Cal.App.4th 1436 (2007)..............................................................8

*Garcia v. Superior Court*
   50 Cal.3d 728 (1990)..........................................................................19

*Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP*
   357 F.Supp.2d 951 (E.D.Va. 2005)....................................................9

*Goulatte v. CitiMortgage, Inc.*
   2013 WL 12132060 (C.D.Cal. 2013)................................................15

*Gribaldo v. Agrippinia Versicherunges A.G.*
   3 Cal.3d 434 (1970)............................................................................14

*Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*
   79 Cal.App.4th 114 (2000)................................................................12

*Hanes v. Armed Forced Ins.*
   2013 WL 6237850 (N.D.Cal. Nov. 21, 2013)..................................13

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*
   61 Cal.4th 988 (2015)........................................................................12

*Haskins v. Emp's Ins. of Wausau*
   126 F.Supp.3d 1117 (N.D.Cal. 2015) ..............................................14

*Horace Mann Ins. Co. v. Barbara B.*
   61 Cal.App.4th 158 (1998)................................................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iv

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*In re Silicon Graphics Inc.*
   183 F.3d 970 (9th Cir. 1999)........................................................................4

*James 3 Corp. v. Truck Ins. Exchange*
   91 Cal.App.4th 1093 (2001).......................................................................12

*James River Ins. Co. v. Medolac Lab'ys*
   290 F.Supp.3d 956 (C.D.Cal.2018).............................................................8

*Johnson v. Riverside Healthcare Sys., LP*
   534 F.3d 1116 (9th Cir. 2008).....................................................................4

*Landmark Am. Ins. Co. v. Taisei Constr. Corp.*
   2022 WL 17002157 (C.D.Cal. Sep. 30, 2022)...........................................15

*Long v. Century Indem. Co.*
   163 Cal.App.4th 1460 (2008).....................................................................12

*Love v. Fire Ins. Exch.*
   221 Cal.App.3d 1136 (1990)......................................................................16

*Low v. Golden Eagle Ins. Co.*
   110 Cal.App.4th 1532 (2003)...............................................................14, 15

*M.B.L., Inc. v. Fed. Ins. Co.*
   675 Fed.Appx. 731 (9th Cir. 2017) ...........................................................17

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
   519 F.3d 025, 1034 (9th Cir. 2008)............................................................16

*MGA Ent'mt, Inc. v. Hartford Ins. Co. of the Midwest*
   2010 WL 11468788 (C.D.Cal. Feb. 10, 2010)...........................................17

*Midiman v. Farmers Ins. Exch.*
   90 Cal.Rptr.2d 85 (Cal.Ct.App. Dec. 3, 1999)............................................5

*Mount Vernon Fire Ins. Co. v. VisionAid, Inc.*
   91 F.Supp.3d 66 (D.Mass. 2015) ................................................................7

*Native Sun Inv. Grp. v. Ticor Title Ins. Co.*
   189 Cal.App.3d 1265 (1987)......................................................................13

*Northern Cty. Mut. Ins. Co. v. Davalos*
   140 S.W.3d 685 (Tex. 2004) .......................................................................7

*Ohio Six Limited v. Motel 6 Operating L.P.*
   2013 WL 12125747 (C.D.Cal. Aug. 7, 2013).............................................20

*OneBeacon Am. Ins. Co. v. Celanese Corp.*
   84 N.E.3d 867 (Mass.App. 2017)................................................................5

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

**<u>TABLE OF AUTHORITIES</u>**
(Continued)

<u>Page</u>

*Park Townsend, LLC v. Clarendon Am. Ins. Co.*
 916 F.Supp.2d 1045 (N.D.Cal. 2013) ...................................................7

*Parrino v. FHP, Inc.*
 146 F.3d 699 (9th Cir. 1998)................................................................4

*Piveg, Inc. v. Gen. Star Indem. Co.*
 193 F.Supp.3d 1138 (S.D.Cal. 2016) ................................................15

*Pruyn v. Ag. Ins. Co.*
 36 Cal.App.4th 500 (1995)...................................................................7

*Reynolds v. Maramorosch*
 208 Misc. 626, 144 N.Y.S.2d 900 (Sup.Ct. N.Y. 1955) .....................5

*Ringler Associates Inc. v. Maryland Casualty Co.*
 80 Cal.App.4th 1165 (2000)...............................................................17

*Rodio v. Smith*
 123 N.J. 345, 587 A.2d 621 (N.J.1991) .............................................19

*Roussos v. Allstate Ins. Co.*
 104 Md.App. 80 (Ct.Spec.App.Md. 1995)...........................................6

*Safeco Ins. Co. of Am. v. Parks*
 170 Cal.App.4th 992 (2009)...............................................................16

*Safeco Ins. Co. v. Superior Court*
 71 Cal.App.4th 782 (1999)...................................................................7

*San Diego Navy Fed. Credit Union v. Cumis Ins. Society, Inc.*
 162 Cal.App.3d 358 (1984)...................................................................8

*San Gabriel Valley Water Co. v. Hartford Acc. & Indem. Co.*
 82 Cal.App.4th 1230 (2000)...........................................................2, 16

*Sargent v. Johnson*
 551 F.2d 221 (8th Cir. 1977) ...............................................................5

*Scottsdale Ins. Co. v. MV Transportation*
 36 Cal.4th 643 (2005)...........................................................................7

*Smith v. Allstate Ins. Co.*
 160 F.Supp.2d 1150 (S.D.Cal. 2001) .................................................19

*Spray, Gould & Bowers v. Assoc'd. Int'l Ins. Co.*
 71 Cal.App.4th 1260 (1999)...............................................................20

*State Farm Mut. Auto. Ins. Co. v. Goddard*
 484 P.3d 765 (Colo.Ct.App. 2021).......................................................7

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

**TABLE OF AUTHORITIES**
(Continued)

**Page**

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007) ........................................................................... 15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
551 U.S. 308 (2007) ......................................................................................... 5

*Tradewinds Escrow, Inc. v. Truck Ins. Exch.*
97 Cal.App.4th 704 (2002) ............................................................................. 17

*Travelers Commercial Ins. Co.,*
2022 WL 100109 (C.D.Cal. Jan. 6, 2022) .......................................... 11, 12, 18

*Truck Ins. Exch. v. Unigard Ins. Co.*
79 Cal.App.4th 966 (2000) ....................................................................... 14, 15

*Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of South Carolina, LP*
336 F.Supp.2d 610 (D. S.Ca. 2004) .................................................................. 5

*U.S. E.E.O.C. v. Alia Corp.*
842 F.Supp.2d 1243 (E.D.Cal. 2012) ............................................................. 17

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
971 F.2d 244 (9th Cir. 1992) ............................................................................ 5

*Wells v. Allstate Ins. Co.*
2002 WL 34486968 (D.D.C. 2002) ................................................................. 19

*Whittlestone, Inc. v. Handi-Craft Co.*
618 F.3d 970 (9th Cir. 2010) .......................................................................... 18

**STATUTES**

Civil Code §1646 ..................................................................................................... 8

Civil Code §2860(c) .............................................................................................. 18

**RULES**

F.R.C.P. Rule 12(b)(6) ............................................................................................ 4

Federal Rule of Evidence Rule 201(b) .................................................................... 4

Virginia Superior Court Rule Sec.I, No.1 ............................................................... 8

**OTHER AUTHORITIES**

Virginia Code of Professional Responsibility ................................................... 9, 10

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

vii

## <u>TABLE OF AUTHORITIES</u>
### (Continued)

<u>Page</u>

Virginia Legal Ethics Opinions 598 and 1536 ............................................................9

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

## INTRODUCTION

For two principal reasons, Counterclaimant Amber Heard's ("Heard") claims against New York Marine and General Insurance Company ("NY Marine") for breach of contract and bad faith fail to state facts sufficient to constitute claims for relief.

First, Heard admittedly "refused to fully accept" the defense rightfully provided by NY Marine through appointed counsel, the law firm of Cameron McEvoy PLLC, even though that firm had been retained by her in the underlying action some six months earlier and was still actively representing her.  Notwithstanding that prior and ongoing relationship, Heard rejected NY Marine's appointment of that firm, and instead insisted that she was entitled to be represented by independent counsel. Specifically, her Amended Counterclaim alleges that she had "the right to independent counsel, with New York Marine being obligated to pay for the fees and costs of this independent counsel", yet NY Marine refused to honor that "right" thereby making "it impossible for Ms. Heard to fully accept this 'defense'…without prejudicing her defense in the" underlying lawsuit. (Amended Counterclaim ["Amend. CC"], Dkt. #36, ¶25.)

However, Heard was not entitled to the appointment of independent counsel separate from the firm which she had already retained.  Virginia law does not recognize the existence of a "tripartite" relationship between the insured, the insurer and insurer-appointed defense counsel under which both insured and insurer are "clients" of the attorney.  Thus, in Virginia, an attorney appointed by an insurer to defend an insured has *only* the insured as a client, and consequently cannot have a "conflict" in representing the insured even though they are paid by the insurer.

Further, even if Virginia did recognize a "tripartite" relationship, nothing in NY Marine's "general" reservation of rights letter created a conflict of interest between her and Cameron McEvoy PLLC so as to trigger any additional duty to provide independent counsel.

Additionally and separately, the NY Marine policy only obligates it to pay

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

expenses incurred by the insured at its "request."  Heard does not allege that any of the amounts she claims she is owed were incurred at NY Marine's "request."  Further, the NY Marine policy contains a "no-voluntary payments" provision stating that "the 'insured' will not, except at the 'insured's' own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the "bodily injury.'"  Absent an allegation that Heard incurred the "defense costs" at NY Marine's request, it necessarily follows that she did so "voluntarily".

Moreover, and independent of the foregoing, an insured defended by one insurer cannot state viable claims for breach of contract or bad faith against another insurer which allegedly did not also provide a defense. Here, Heard's Amended Counterclaim alleges that NY Marine "agreed to participate in the defense of Ms. Heard by reimbursing *Ms. Heard's defending insurer*, Travelers Commercial Insurance Company for some of the amounts it had paid … ."  (Amend. CC, ¶26.) (Emphasis added.)  Since Ms. Heard was separately defended by Travelers, she has no right to also make a claim against NY Marine for failing to defend her.  Further, Civil Code §2860(c) provides that where an insured is defended by an insurer, such as Travelers, through independent counsel, "[t]he insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended." As applied by California Courts, where two or more insurers each owe a duty to defend, subdivision (c) of Civil Code §2860 "provides a single rate limitation, for a single counsel and defense, albeit multiple insurers may be required to contribute to its payment." *San Gabriel Valley Water Co. v. Hartford Acc. & Indem. Co.,* 82 Cal.App.4th 1230, 1241 (2000). It follows that where an insured is defended by an insurer through independent counsel, the insured cannot state a claim for damages against a purportedly non-defending insurer predicated on the theory that it was obligated to pay to independent counsel amounts over and above the hourly rates

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

1  which the defending insurer was obligated to pay.

2  **RELEVANT FACTUAL ALLEGATIONS**

3      A.    **General Background**

4      Heard was sued for defamation in a civil action filed on March 1, 2019 in the

5  Circuit Court of Fairfax County, Virginia (the "Underlying Action"). (First Amended

6  Complaint ["FAC"] Dkt. #5, at ¶11; First Amended and Supplemental Answer

7  ["Amend. Ans."], Dkt. #36, at ¶11.)  She retained, among others, the Virginia law

8  firm of Cameron McEvoy PLLC to defend her, a firm which first appeared in the

9  action on her behalf on March 19, 2019. (Request for Judicial Notice ["RJN"] ¶¶1,4,

10  Exs. 1, 4.)  On September 4, 2019, more than six (6) months after the lawsuit was

11  initiated, Heard belatedly tendered her defense in the Underlying Action to, *inter alia,*

12  NY Marine. (FAC, ¶13. Amend. Ans., ¶13.)

13      Following her untimely tender, NY Marine timely accepted that tender on

14  October 1, 2019, subject to a general reservation of rights which stated, as relevant,

15  that "to the extent California law does not permit an insurer to indemnify the insured,

16  no indemnity can be provided." (FAC, ¶¶13-14; Amend. Ans., ¶¶13-14; Wagoner

17  Decl., at ¶3, Ex. 1; RJN ¶11.) Upon accepting Heard's tendered defense, NY Marine

18  appointed as her defense counsel the Cameron McEvoy firm and attorneys Timothy

19  McEvoy and Sean Roche, the same firm and the same attorneys which she had already

20  retained some six months earlier.  (FAC, ¶15; Amend. Ans., ¶15; Wagoner Decl. ¶3,

21  Ex. 1; RJN ¶11.)  Nevertheless, Heard's Amended Counterclaim, which

22  acknowledges that Travelers was her "defending insurer", further alleges that because

23  it was "impossible" for her to "fully accept th[e] 'defense' provided by New York

24  Marine" through the Cameron McEvoy firm. (Amend. CC, ¶¶25-26.)

25      B.    **The NY Marine Policy**

26      The NY Marine policy's "Comprehensive Personal Liability Coverage"

27  ("CPL") endorsement states, as relevant, that "[i]f a claim is made or a suit is brought

28  against any 'insured' ... we will: …provide a defense at our expense by counsel of our

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

1  choice…". (FAC, ¶¶8-10, Dkt. #5-1, Ex. 1, at p. 53; Amend. Ans. ¶¶8-10.)  At

2  "ADDITIONAL Coverages, it states that "We cover the following in addition to the

3  limits of liability: 1. Claim Expenses [¶] We pay: …reasonable expenses incurred by

4  an 'Insured' *at our request* … up to $100 per day for assisting us in the investigation

5  or defense of a claim or suit…". (FAC, Ex. 1, p. 55; emphasis added.) At

6  "CONDITIONS", "3. Duties after Loss", the endorsement further states that "In case

7  of an accident or 'occurrence', the 'Insured' will perform the following duties that

8  apply. ….the 'Insured' will not, *except at the 'Insured's' own cost*, voluntarily make

9  any payment, assume any obligation or incur any expense other than for first aid to

10  others …". (*Id.,* at p. 57.)  It further states, as relevant under "6. Suit Against Us", that

11  "no action shall be brought against us unless there has been compliance with the

12  policy provisions." (*Id.*)

13  **MOTION TO DISMISS**

14       Dismissal of a Counterclaim under Rule 12(b)(6) of the Federal Rules of Civil

15  Procedure is warranted if it fails to assert either "a cognizable legal theory or the

16  absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

17  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A claimant must also "plead

18  'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v.*

19  *Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121-1122 (9th Cir. 2008).

20       In making that determination, the Court, under the "incorporation by reference"

21  doctrine, is entitled to consider documents referred to in Heard's Amended

22  Counterclaim such as the NY Marine policy, its reservation of rights ("ROR") letter

23  and other documents upon which her claims are based.  (*See* Sec. III, *infra*). Under

24  that doctrine, where a "plaintiff's claims are predicated on a document, the defendant

25  may attach the document to his 12(b)(6) motion." *Parrino v. FHP, Inc.,* 146 F.3d 699,

26  706 (9th Cir. 1998); *In re Silicon Graphics Inc.*, 183 F.3d 970, 986 (9th Cir. 1999).

27       In addition, in considering a Motion to Dismiss, a court may pursuant to Rule

28  201(b) of the Federal Rules of Evidence, "judicially notice a fact that is not subject to

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  This includes records of state court actions. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).

### A.   <u>Since Heard Admittedly Refused To "Fully Accept The Defense" Rightfully Provided By NY Marine, She Is Not Entitled To Recover Any Additional Defense Costs From NY Marine</u>

#### 1.   A Policy Provision Giving An Insurer The Right To Appoint Defense Counsel Requires That The Insured Accept That Appointment

Where an insurer's policy, as does the NY Marine policy here (FAC, Ex. 1, at p. 53), imposes upon it the duty to defend and gives it the right to appoint counsel, the insureds' refusal to accept that defense relieves the insurer of the obligation to pay the insured's defense costs.  *See, e.g., Sargent v. Johnson,* 551 F.2d 221, 231-232 (8th Cir. 1977) ("the insured's conduct in discharging defense counsel provided by the insurance carrier ... constituted a violation of terms of the existing policies" and "relieved" the insurer of its duties); *Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of South Carolina, LP,* 336 F.Supp.2d 610, 622 (D. S.Ca. 2004) (insured's wrongful refusal of insurer's proffered defense through appointed counsel relieved insurer of all liability for defense costs); *Reynolds v. Maramorosch,* 208 Misc. 626, 628, 144 N.Y.S.2d 900, 904 (Sup.Ct. N.Y. 1955) (stating that the insured "may refuse the legal representatives proffered him by the carrier", but that "it may result in a breach of the contract and consequently relieve the carrier of its responsibility under the policy"); *Midiman v. Farmers Ins. Exch.* 90 Cal.Rptr.2d 85, 99 (Cal.Ct.App. Dec. 3, 1999) (insured's "decision to reject appointed counsel and go forward … was done at its own risk"); *OneBeacon Am. Ins. Co. v. Celanese Corp.,* 84 N.E.3d 867, 876-877 (Mass.App. 2017).

Thus, an insured who erroneously refuses to accept a defense through counsel rightfully appointed by the insurer based on the mistaken belief they are entitled to

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

independent counsel cannot recover any resulting defense costs which they incur in doing so.  In *Federal Ins. Co. v. MBL*, *Inc.,* 219 Cal.App.4th 29, 35 (2013), the insured, MBL, tendered its defense to several insurers, each of which, including Federal, extended a defense subject to a "general" reservation of rights. *Id.,* at  38. However, MBL "refused to allow the Insurers' appointed counsel to associate as defense counsel, asserting it was entitled to independent counsel of its own choosing pursuant to Civil Code §2860." *Id.,* at 35. After MBL defended itself through counsel which it selected, one insurer—Great American—reimbursed MBL for its defense costs, while the remaining insurers which also had duties to defend and rights to do so through their own appointed counsel and had offered to do so, refused to either pay the cost of the insured's separately retained independent counsel or to reimburse Great American for an equitable share of its costs of paying the insured's independent counsel. *Id.* MBL and Great American in turn brought suit against the insurers which declined to fund MBL's defense via independent counsel, asserting various claims including, as relevant, a claim for equitable contribution by Great American. *Id.*  In granting summary judgment in favor of the insurers which did not agree to defend through independent counsel, the Court observed that "none of the Insurers disputed their duty to defend MBL", that their "general" reservations of rights did not trigger the insured's right to independent counsel, but that "MBL, however, insisted on retaining independent counsel, rather than allowing counsel appointed by the Insurers to conduct its defense." *Id.,* at 47-49.  Accordingly, the Court concluded that "MBL was not entitled to independent counsel", that the trial court properly granted the insurers' summary judgment motion against MBL and that "none of the Insurers (including Great American) were ever obligated to reimburse MBL for the fees generated by that counsel". *Id.,* at 49.  *See also, Roussos v. Allstate Ins. Co.,* 104 Md.App. 80, 91 (Ct.Spec.App.Md. 1995) ("[T]here was no conflict of interest between Roussos and Allstate that required it to fund an attorney of her choosing …. Her failure to do so negated Allstate's obligations…"); *Mount Vernon Fire Ins. Co. v.*

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

6

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

*VisionAid, Inc.,* 91 F.Supp.3d 66, 73 (D.Mass. 2015) (where insured refused defense through appointed counsel and demanded independent counsel which the insurer was not obligated to provide, insurer "has no obligation to relinquish its defense of [the insured] or to permit [the insured] to utilize independent counsel at its expense."); *Northern Cty. Mut. Ins. Co. v. Davalos* 140 S.W.3d 685, 690 (Tex. 2004); *State Farm Mut. Auto. Ins. Co. v. Goddard,* 484 P.3d 765, 773 (Colo.Ct.App. 2021); *Park Townsend, LLC v. Clarendon Am. Ins. Co.,* 916 F.Supp.2d 1045, 1056-1057 (N.D.Cal. 2013).

Heard's allegation that she did not "fully accept" the defense proffered by NY Marine because it was "impossible" for her to do so does not alter the analysis. A defense proffered by an insurer is not logically divisible in any way.  Further, California law is clear that an insured cannot "partially" accept an insurer's offer of a defense under a reservation of rights.  Rather, the insurer's offer of a defense subject to a reservation of rights only "permits the insured to decide whether to accept the insurer's terms for providing a defense, *or instead* to assume and control its own defense." *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643, 656 (2005) (emphasis added).

Consequently, Heard's Amended Counterclaim is barred by the NY Marine CPL Endorsements "no-action" clause. *See, e.g., Pruyn v. Ag. Ins. Co.,* 36 Cal.App.4th 500, 515-516 (1995) ("where the insurer has fulfilled its contractual obligation to provide a defense of the underlying action …. the standard "no action" clause … will preclude any recovery by the insured…"); *Safeco Ins. Co. v. Superior Court,* 71 Cal.App.4th 782, 787 (1999) ("The "no action" clause gives the insurer the right to control the defense of the claim—to decide whether to settle or to adjudicate the claim on its merits. [Citations.] When the insurer provides a defense to its insured, the insured has no right to interfere with the insurer's control of the defense...".).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

**2.   Since Under Virginia Law, Insurer-Appointed Defense Counsel Has Only The Insured As A Client, Heard Was Not Entitled To Independent Counsel And Was Therefore Not Entitled To Reject The Defense Proffered By NY Marine**

**a.   Insurer-Appointed Defense Counsel In Virginia Only Represents The Insured And Consequently No Conflict Of Interest Exists**

Under California law, "[a]n insurer's duty to defend requires that it pay for counsel selected and controlled by the insured"—i.e., independent or "*Cumis*" counsel—only where an "actual" conflict of interest exists between the insured, counsel and the insurer. *San Diego Navy Fed. Credit Union v. Cumis Ins. Society, Inc.* 162 Cal.App.3d 358, 363–65 (1984); *Centex Homes v. St. Paul Fire & Marine Ins. Co.,* 237 Cal.App.4th 23, 30-32 (2015).  Here, since Heard was sued in Virginia,[1] she had to be represented by an attorney licensed to practice law in Virginia courts.[2]

---

[1] With respect to New York Marine's contractual obligations under its policy, "Civil Code section 1646 is the choice-of-law rule that determines the law governing the *interpretation* of a contract."  *Frontier Oil Corp. v. RLI Ins. Co.,* 153 Cal.App.4th 1436, 1443 (2007) (emphasis in original).  That section provides "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

Here, the NY Marine policy was issued in California to a California resident, who was then sued in an action venued in Virginia. A liability insurer's duty "includes both defense and indemnity obligations" with the "defense obligation" "entail[ing] the rendering of a service, viz., the mounting and funding of a defense." *Frontier Oil*, *supra,* at 1450.   The insurer "performs its defense obligation by providing defense services through an attorney…in the jurisdiction where the suit is prosecuted." *Id*. Thus, Virginia is the "place of performance." *James River Ins. Co. v. Medolac Lab'ys,* 290 F.Supp.3d 956, 963 (C.D.Cal.2018) (§1646 choice of law test "as interpreted by *Frontier Oil*" applied to duty to defend dispute to an action venued in Orange County under policy issued in Oregon); *Fireman's Fund Ins. Co. v. Nationwide Mut. Fire Ins. Co*., 2012 WL 1985316, at *6 (S.D.Cal. 2012).

[2] *See* Va.Sup.Ct.R. Sec.I, No.1 (prohibiting "non-lawyers" from "engaging in the practice of law in the Commonwealth of Virginia except as may be authorized by rule or statute" and defining "non-lawyer", in relevant part, as "any person, firm,

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

Unlike California law, for two reasons Virginia law does not require liability insurers which defend their insureds under reservations of rights to provide independent defense counsel: first, under the Virginia Code of Professional Responsibility, insurer-appointed defense counsel only has the insured for a client; second, Virginia law, unlike California law, does not impose any legal presumption that defense counsel retained by an insurer to defend an insured under a reservation of rights will do anything in the conduct of that defense which is inconsistent with the insured's interests.

In *Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP,* 357 F.Supp.2d 951 (E.D.Va. 2005), a liability insurer brought a legal malpractice action against a law firm which it had previously retained to defend one of its insureds in a personal injury lawsuit. *Id.*, 952. In its complaint, the insurer alleged that it was the client of the attorney whom it retained to defend its insured since it had "selected, retained, and paid [defense counsel] to undertake [the insured's] representation." *Id.*, 955. Though acknowledging that some states, including California, do recognize the "tripartite relationship" under which insurer-retained defense counsel represents both the insured and insurer, the *Jordan* court in granting the law firm's motion to dismiss, noted that "the Supreme Court of Virginia has never suggested that an insurer, as well as the insured, may be a client of the law firm the insurer retains to defend an insured." *Id.*, 956-957. Instead, the court looked to "Virginia State Bar ethics opinions, approved by the Supreme Court of Virginia [which] make *unmistakably clear that an insurer is not the client of counsel it retains to defend an insured*." *Id.* (emphasis added, citing Virginia Legal Ethics Opinions 598 and 1536).[3] Virginia state courts

_____

association or corporation not duly licensed or authorized to practice law in the Commonwealth of Virginia.").

[3] In Opinion 598, the legal question presented was whether the Virginia Code of Professional Responsibility "prohibits representation of an insured by a staff attorney for a liability carrier." (See RJN ¶2, Ex. 2.) In concluding such representations are

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

have similarly so concluded.  *Norman v. Ins. Co. of N. Am.*, 218 Va. 718, 722, 727-728 (1978); *State Farm Fire & Cas. Co. v. Mabry,* 255 Va. 286, 288, 290-291 (1998).

> **b.**  **Because Under Virginia Law, NY Marine's Retained Defense Counsel Did Not Have A Conflict Of Interest In Their Representation Of Heard, NY Marine Had No Separate Obligation To Also Provide "Independent Counsel" To Heard**

As noted, following the initiation of the underlying action, Ms. Heard admittedly retained the Virginia law firm of Cameron McEvoy PLLC and Virginia-licensed attorneys Tim McEvoy and Sean Roche to provide her defense. (FAC ¶15; Amend. Ans., at ¶15; RJN ¶¶1,4, Exs. 1, 4.) Thus, when her defense was first tendered to NY Marine some six months later and it accepted that defense, nothing changed, either analytically or ethically.  Mr. McEvoy, Mr. Roche and the Cameron McEvoy firm still had *only* Ms. Heard as their client. (*See, supra,* Sec. III.A.2.a.)

Applying these fundamental legal principles, no conflict could exist between the Cameron McEvoy firm and its attorneys, on the one hand, and Heard, on the other, because, as this Court has previously concluded, under Virginia law, the Cameron

---

permitted, Opinion 598 relied in part on Virginia Code of Professional Responsibility DR: 5-106(B) stating that "[a] lawyer shall not permit a person who recommends, employs or pays [them] to render legal services for another to direct or regulate [their] professional judgment in rendering such legal services." (*Id.*, pg.1.)   As a result, Opinion 598 concluded: (1) "the lawyer so employed shall represent the insured as [their] client *with undivided fidelity*"; and (2) "The client of an insurance carrier's employee attorney *is the insured, not the insurance carrier*." (*Id.*, pgs. 1-2 [emphasis added].)

In Opinion 1536, the hypothetical presented was whether an attorney previously employed to "handle insurance defense cases and coverage issues" for an insurance company could subsequently represent a plaintiff "in a personal injury action against a defendant who is insured" by the same insurer.  (RJN ¶3, Ex. 3.)  In response, Opinion 1536 relied on prior Opinion 598's conclusion that 'the client of an insurance carrier's [in-house] employee attorney is the insured, not the insurance carrier" and determined "that such delineation of the client is equally applicable when the insurance company engages outside counsel to represent its insured." (*Id.*)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

McEvoy firm and its attorneys would "never be 'in the position of having to choose which master to serve.'" *Travelers Commercial Ins. Co.,* CV21-5832-GW-PDx, 2022 WL 100109 *4 (C.D.Cal. Jan. 6, 2022) (quoting *MBL, supra*).

Furthermore, neither the Cameron McEvoy firm or any of its attorneys were ever subject to the California Rules of Professional Responsibility (and the Amended Counterclaim does not allege otherwise) since: (1) the underlying action was pending in Virginia; and (2) its attorneys who represented Heard were only licensed to practice law in the courts of Virginia and several other eastern states.  (*See, supra,* Sec. III.A.2.a.; RJN ¶¶1,4, Exs. 1, 4.)

> ### 3. Since NY Marine's "General" Reservation Of Rights Letter Did Not Give Rise To A Conflict Of Interest, Heard Was Not Entitled To The Appointment Of Independent Counsel

Under California law, an insurer may unilaterally and without breaching its obligation to defend, extend a defense to an insured subject to a unilateral reservation of its rights. *Buss v. Superior Court,* 16 Cal.4th 35, 61, fn. 27 (1997) (stating of an insurer's reservation of rights that "[b]ecause the right is the insurer's alone, it may be reserved unilaterally."); *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 501 (2001). Indeed, as the California Supreme Court observed in both *Buss* and *Jacobsen*, "[t]hrough reservation, the insurer gives the insured notice of how it will, or at least may, proceed and thereby provides it an opportunity to take any steps that it may deem reasonable or necessary in response—including whether to accept defense at the insurer's hands and under the insurer's control or, instead, to defend itself as it chooses." *Buss, supra,* 16 Cal.4th at 61, fn. 27; *Jacobsen, supra,* 25 Cal.4th at 501. If an insured accepts such a defense, they are deemed to have accepted this condition. *Jacobsen, supra,* 25 Cal.4th at 498.

NY Marine's October 1, 2019 reservation of rights letter, which the Court is entitled to consider pursuant to the "incorporation by reference" doctrine, only generally reserved its rights while stating that "to the extent California law does not permit an insurer to indemnify the insured, no indemnity can be provided". (Wagoner

Decl. ¶3, Ex. 1, RJN ¶11.)  Such a letter is deemed a "general" reservation of rights letter. *See, e.g., Travelers Commercial Ins. Co., supra,* 2022 WL 100109 *7; *Celebrity Educ. Grp. v. Scottsdale Ins. Co.,* Case no. CV 17-03239-RSWL-JC, 2018 WL 3853998, *2 (C.D.Cal. Aug. 10, 2018).[4]  Such "general" reservation of rights letters do not create a conflict of interest between the insured and the insurer extending a defense subject to such reservation. *James 3 Corp. v. Truck Ins. Exchange,* 91 Cal.App.4th 1093, 1101 (2001); *MBL, supra,* 219 Cal.App.4th at 41-42; *see also Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal.4th 988, 1003 (2015); *Centex Homes v. St. Paul Fire & Marine Ins. Co.,* 19 Cal.App.5th 789, 798 (2018); *Long v. Century Indem. Co.*, 163 Cal.App.4th 1460, 1470 (2008); *Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,* 79 Cal.App.4th 114, 130 (2000). Rather, as the Court in *MBL* observed, "[g]eneral reservations are just that: general reservations. At most, they create a theoretical, potential conflict of interest—nothing more." *Id.,* at 47.

However, under California law, only an *actual* conflict of interest triggers an insured's right to independent counsel. *See, Dynamic Concepts, Inc. v. Truck Ins. Exch.,* 61 Cal.App.4th 999, 1007 (1998) ("A mere possibility of an unspecified conflict does not require independent counsel. The conflict must be significant, not merely theoretical[;] actual, not merely potential."); *MBL, supra,* 219 Cal.App.4th at 47. Consequently, NY Marine's "general" reservation of rights letter did not create an "actual" conflict nor did it trigger a right to independent counsel.  *Native Sun Inv.*

---

[4] Civil Code §3513 states, as relevant, that "a law established for a public reason cannot be contravened by a private agreement". In turn, the statutory preclusion against the indemnification of "willful" acts set forth in Insurance Code §533 reflects the "public policy" of the State of California "to discourage willful torts". *J.C. Penney Cas. Ins. Co. v. M. K.,* 52 Cal.3d 1009, 1021 (1991). Consequently, Insurance Code §533 precluding insurers from indemnifying insureds for a "willful act" *cannot* be waived as a matter of California law.  It therefore logically follows that its reference in the ROR letter cannot create a conflict of interest requiring the appointment of independent counsel.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

*Grp. v. Ticor Title Ins. Co.,* 189 Cal.App.3d 1265, 1277-1278 (1987); *Foremost Ins. Co. v. Wilks,* 206 Cal.App.3d 251, 259-262 (1988).

### 4. Heard Has No Entitlement To Recover Expenses Incurred By Her In The Absence Of An Allegation That Such Expenses Were Incurred At NY Marine's "Request"

The NY Marine policy's CPL endorsement states that NY Marine will "pay …reasonable expenses incurred by an 'Insured' at our request…". (FAC, Ex. 1, p. 57.)  Absent such a "request" or an allegation thereof, an insured is not entitled to recover their "expenses incurred."  *See, e.g., Hanes v. Armed Forced Ins.,* C 12-05410 SI, 2013 WL 6237850 *6 (N.D.Cal. Nov. 21, 2013) ("an insured which fails to provide evidence of an insurer's "request" to the insured to incur costs fails "to establish if these additional expenses are covered by the insurance policy"); *Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest,* CV007267NM(JWJX), 2001 WL 34050685 *9 (C.D.Cal. May 22, 2001) (insurer's initiation of action against insured did not entitle insured to recover expenses incurred in defending where such expenses were not incurred at insurer's implied "request").  There is no allegation in Heard's Amended Counterclaim that any of the "defense costs" which she seeks to recover from NY Marine were incurred at its "request."  The allegation of Heard's Amended Counterclaim admitting that she refused to "fully accept th[e] 'defense' provided by New York Marine" as it was "impossible" for her to do so does not amount to an allegation that any of the amounts for which she seeks recovery from NY Marine were "incurred at [NY Marine's] request." (Amended CC, ¶25) *Concept Enterprises, supra.* Consequently, Heard's Amended Counterclaim fails to allege facts sufficient to establish her entitlement to recovery of any of her alleged "defense costs" from NY Marine.

### 5. Heard's Refusal To "Fully Accept The Defense" Proffered By NY Marine Had The Effect Of Breaching Her Obligations Under The NY Marine Policy

The CPL endorsement also contains a provision, colloquially known as a "no voluntary payments" provision, which states that "the 'Insured' will not, except at the

13

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

'Insured's' own cost, voluntarily make any payment, assume any obligation or incur any expense". (FAC, Ex 1, at p. 57). As the Court in *Truck Ins. Exch. v. Unigard Ins. Co.,* 79 Cal.App.4th 966 (2000) observed, the entire purpose of such a "no-voluntary-payment provision is based on the equitable rule that 'the insurer [is vested] with the *complete control and direction* of the defense'". *Id.,* at 981 (emphasis in original). Where a policy includes such a "no-voluntary payment" provision, California Courts have consistently held that "it is only when the insured has requested and been denied a defense by the insurer that the insured may ignore the policy's provisions forbidding the incurring of defense costs without the insurer's prior consent." *Gribaldo v. Agrippinia Versicherunges A.G.,* 3 Cal.3d 434, 449 (1970); *Low v. Golden Eagle Ins. Co.,* 110 Cal.App.4th 1532, 1546-1547 (2003); *Unigard Ins. Co., supra,* 79 Cal.App.4th at 976; *AMCO Ins. Co. v. Morfe,* 749 Fed.Appx. 531, 533 (9th Cir. 2018).

Thus, in *Haskins v. Emp's Ins. of Wausau,* 126 F.Supp.3d 1117, 1119-1120 (N.D.Cal. 2015), the insured tendered their defense to Wausau which responded that it was investigating the claim subject to a reservation of rights and, subsequently, that it was prepared to engage in settlement discussions with the third-party.  The insured nevertheless rejected a proposed settlement negotiated by Wausau, took the position that it had failed to defend, asserted the right to assume its own defense, and thereafter negotiated a new a different settlement which purported to bind Wausau. *Id.* at 1120-1121. In the subsequent suit by the insured against Wausau, the Court granted Wausau's motion for summary judgment, citing the policy's "no voluntary payments" provision and observing that "Wausau did not *deny* Plaintiffs request for a defense; it undertook the defense and successfully resolved the claim. Therefore, Plaintiffs were not free to undertake their own defense at Wausau's expense. Doing so was a violation of the terms of the policy". *Id.,* at 1127-1128 (emphasis in original). The court then held that the insured had "breached the cooperation and no voluntary payments provisions of the policies. Therefore, [the insured] assumed the costs of their own defense." *Id.,* at 1128.  Other courts applying California law have likewise concluded

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

that an insured's post-tender breach of a "no-voluntary payments" provision excuses the insurer from being obligated to reimburse the insured for such expenses. *Piveg, Inc. v. Gen. Star Indem. Co.,* 193 F.Supp.3d 1138, 1148 (S.D.Cal. 2016); *Golden Eagle Ins. Co., supra,* 110 Cal.App.4th at 1546-1547.

Furthermore, such "no voluntary payments" provisions are enforceable by the insurer <u>*without*</u> any showing that the insured's payment of an expense or an assumption of an obligation without its consent caused the insurer prejudice. *Unigard, Ins. Co., supra,* 79 Cal.App.4th at 977; *Belz v. Clarendon Am. Ins. Co.*, 158 Cal.App.4th 615, 626-627 (2007) ("[A] breach of a no-voluntary-payment provision does not require a showing of prejudice."); *Faust v. The Travelers, Inc.,* 55 F.3d 471, 472 (9th Cir. 1995) (stating that the Ninth Circuit is unaware of any California authority "that imposes a prejudice requirement for enforcement of [an NVP] provision"); *Landmark Am. Ins. Co. v. Taisei Constr. Corp.,* CV 16-9169 FMO (PJWx), 2022 WL 17002157 *8 (C.D.Cal. Sep. 30, 2022) (same).

Consequently, the Court should conclude that Heard's admission that she failed to "fully accept" the defense offered and thereby incurred "defense costs", coupled with the absence of an allegation that such expenses were incurred at NY Marine's request and not voluntarily, independently establishes a breach of the policy's "no voluntary payments" provision.[5]

---

[5] Heard's express admission that she refused to "fully accept the 'defense'" which NY Marine offered and her related failure to allege that amounts she incurred were either "incurred at [NY Marine's] request" notwithstanding the "no voluntary payments" provision overcomes the inconsistent, general, boiler-plate allegation that she "complied with all conditions contained in the policy". (Amend. CC, ¶21.) *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (general allegations that defendants engaged in fraudulent conduct overcome by specific allegations that other parties had committed the actual alleged fraudulent conduct); *Goulatte v. CitiMortgage, Inc.*, 2013 WL 12132060, at *3 (C.D.Cal. 2013) ("in the context of contract claims under California law, California courts have consistently held that general allegations like those in Plaintiff's FAC are insufficient. In general, specific allegations control

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

**6.      Heard's Allegations Are Insufficient To Establish That NY Marine Is Liable For Breach Of Contract Or Bad Faith**

Finally, under the well-established legal principles applied by California Courts, since NY Marine's policy authorized it to appoint counsel and it did not have a duty to provide independent counsel, it did not breach any duties which it owed to Heard under the Policy by refusing to provide independent counsel. In turn, under California law "without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 025, 1034 (9th Cir. 2008); *Love v. Fire Ins. Exch.,* 221 Cal.App.3d 1136, 1152 (1990). Heard therefore can have no viable claims for either breach of contract or "bad faith" predicated upon NY Marine's refusal to provide her with independent counsel or to recover "defense costs" allegedly incurred by her on account of her refusal to "fully accept th[e] 'defense' provided by New York Marine".

**B.      Because Heard Admits That She Was Defended By Travelers, She Cannot State Any Viable Claim For The Breach Of Contract Or Bad Faith Against NY Marine**

Separate and apart from the foregoing, because Heard admits that she was defended by Travelers, she cannot state any viable claim for breach of contract or bad faith against NY Marine. An insured is "only entitled to one full defense." *Safeco Ins. Co. of Am. v. Parks,* 170 Cal.App.4th 992, 1004 (2009); *Clarendon Nat'l Ins. Co. v. Nat'l Fire and Marine Ins. Co.,* 512 Fed.Appx. 671, 673 (9th Cir. 2013).

Furthermore, as the court explained in *San Gabriel Valley Water Co., supra,* 82 Cal.App.4th 1230, 1241, the hourly "rate limit" of Civil Code §2860(c), which limits the defending insurer's obligation to pay "the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community", "provides a single rate limitation, for a single counsel and defense, albeit multiple insurers may be required to contribute to its

general allegations."); *Found. Auto Holdings, LLC v. Weber Motors*, 2022 WL 4237720, at *5 (E.D.Cal. 2022).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

1  payment." *See also, M.B.L., Inc. v. Fed. Ins. Co.,* 675 Fed.Appx. 731, 734 (9th Cir.

2  2017); *MGA Ent'mt, Inc. v. Hartford Ins. Co. of the Midwest,* EDCV 09-00025 DOC

3  (OPx), 2010 WL 11468788 *8 (C.D.Cal. Feb. 10, 2010).

4      As a result, where one insurer provides the "full defense" to which the insured

5  is entitled, the insured has no further entitlement to a defense from other insurers

6  since, "under such circumstances, the insured [is] not faced with an undue financial

7  burden or deprived of the expertise and resources available to insurance carriers in

8  making prompt and competent investigations as to the merits of lawsuits filed against

9  their insureds." *Tradewinds Escrow, Inc. v. Truck Ins. Exch.*, 97 Cal.App.4th 704,

10  712 (2002) (no damages and so no cause of action where "where other insurers were

11  on the risk and assumed the insured's defense"); *Emerald Bay Community Assn. v.*

12  *Golden Eagle Ins. Corp.* 130 Cal.App.4th 1078, 1088-1089 (2005); *Ringler*

13  *Associates Inc. v. Maryland Casualty Co*. 80 Cal.App.4th 1165, 1187-1188 (2000);

14  *Horace Mann Ins. Co. v. Barbara B.,* 61 Cal.App.4th 158, 164 (1998); *Donahue*

15  *Constr. Co. v. Transp. Indem. Co.,* 7 Cal.App.3d 291, 304 (1970).

16  **MOTION FOR A MORE DEFINITE STATEMENT**

17      As noted above, the Amended Counterclaim alleges that Heard "found it

18  impossible to fully accept the 'defense' provided by [NY Marine]". (Amend. CC,

19  ¶25.)  To the extent that the Court does not dismiss without leave to amend the

20  Amended Counterclaim and finds that the allegations of paragraph 25 does not

21  amount to a clear cut admission that Heard either "refused" to accept the defense

22  provided by NY Marine or that she "interfered" with its right to "control" her defense,

23  then NY Marine moves in the alternative that the Court Order that she provide a more

24  definite statement as to what aspect of the logically indivisible defense proffered by

25  NY Marine she did and did not "fully accept." *U.S. E.E.O.C. v. Alia Corp.*, 842

26  F.Supp.2d 1243, 1250 (E.D.Cal. 2012) ("motion for a more definite statement under

27  Rule 12(e) appropriate where pleading "is so vague or ambiguous that the party cannot

28  reasonably prepare a response").

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

1   Furthermore, Heard should be obligated to explain whether her claim for

2   "defense costs" includes post-tender attorneys fees subject to the limitations of Civil

3   Code §2860(c) and whether any of her incurred defense costs not paid by any insurer

4   were incurred at NY Marine's "request."

5   **MOTION TO STRIKE**

6   Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient

7   defense or any redundant, immaterial, impertinent, or scandalous matter." As it relates

8   to a 12(f) motion, "[i]mmaterial matter is that which has no essential or important

9   relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v.*

10  *Handi-Craft Co.,* 618 F.3d 970, 937 (9th Cir. 2010).   Likewise, "'[i]mpertinent'

11  matter consists of statements that do not pertain, and are not necessary, to the issues

12  in question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) ("the

13  function of a 12(f) motion to strike is to avoid the expenditure of time and money that

14  must arise from litigating spurious issues by dispensing with those issues prior to

15  trial...."). *Id.*

16      **A.**    **The Amended Counterclaim's "Independent Counsel" Allegations Should Be Stricken**

17

18  To the extent the court does not agree that Heard's Amended Counterclaim

19  should be dismissed without leave to amend, then at a minimum, the Court should

20  strike the allegation of paragraph 25 that NY Marine "reserved rights to deny coverage

21  on the ground that Ms. Heard behaved intentionally, thus creating a conflict of interest

22  with Ms. Heard and giving Ms. Heard the right to independent counsel, with New

23  York Marine being obligated to pay for the fees and costs of this independent

24  counsel". In this respect, since NY Marine's "general" reservation of rights did *not*

25  "reserve[] rights to deny coverage on the grounds that Ms. Heard acted intentionally",

26  and consequently did not give rise to a right of "independent counsel", that allegation

27  is nevertheless "immaterial" and "impertinent" with respect to her claims. *See*

28  *Travelers Commercial Ins. Co., supra,*  2022 WL 100109 *7.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

**B.     Paragraphs 7-16 Of The Amended Counterclaim Should Be Stricken As Immaterial And Impertinent**

Paragraphs 7-16 of the Amended Counterclaim purportedly quote website statements made on the websites of "ProSight Specialty" and "CoAction Specialty". (Amend. CC, ¶¶7-16, and fn. 5-15.).  Those allegations are immaterial for two primary reasons.  First, the statements are plainly marketing materials which are only potentially admissible as parol evidence where they may assist in ascertaining the parties' reasonable expectations with respect to the interpretation of an ambiguous policy provision.  *See, e.g., Doyle v. Fireman's Fund Ins. Co.,* 21 Cal.App.5th 33, 40 (2018); *Elliott v. Geico Indem. Co*., 231 Cal.App.4th 789, 801 (2014).  Here, however, the Amended Counterclaim does not allege that any terms of the NY Marine policy or the CPL Endorsement thereto are "ambiguous".

Second, it is apparent from their face that the statements by "ProSight" and "CoAction" as alleged in paragraphs 7-16 of the Amended Counterclaim are mere marketing "puffery" which are not actionable as representations or promises.  *See, e.g., Smith v. Allstate Ins. Co.,* 160 F.Supp.2d 1150, 1154 (S.D.Cal. 2001) (Allstate's "advertising slogan" that its insureds were in "good hands" did not provide basis for a fraud or misrepresentation claim as a matter of law); *Burlison v. Allstate Ins. Co*., 2012 WL 12884683, at *3 (C.D.Cal.  2012); *see also Rodio v. Smith,* 123 N.J. 345, 587 A.2d 621, 624 (N.J.1991); *Wells v. Allstate Ins. Co*., 2002 WL 34486968, at *1 (D.D.C. 2002).

Moreover, even if Heard was attempting to allege some form of fraud or misrepresentation, such a claim would require her to allege that she somehow justifiably *relied upon* the alleged statements to her detriment. *Garcia v. Superior Court,* 50 Cal.3d 728, 737 (1990); *Century Surety Co. v. Crosby Ins., Inc.,* 124 Cal.App.4th 116, 129 (2004).

/ / /

/ / /

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

19

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

1    However, nothing in the Amended Counterclaim alleges that Heard was even
2  *aware* of the statements alleged at paragraphs 7-16, much less that she relied thereon.
3  Accordingly, since there is no allegation that her expectations concerning the
4  coverage provided by the NY Marine policy were affected by the alleged statements
5  which she was evidently neither aware of nor relied upon in evaluating and deciding
6  to procure policy, the alleged statements are not "material" or "pertinent" to her
7  claims.  *See, e.g., Spray, Gould & Bowers v. Assoc'd. Int'l Ins. Co.,* 71 Cal.App.4th
8  1260, 1272 (1999).

9    Finally, given the lack of any plausible connection to the coverage available
10  under the policy or any other actionable claim, the allegations concerning CoAction's
11  premiums and assets set forth at paragraph 16 cannot have been included for any
12  purpose whatsoever except to improperly place the issue of NY Marine's (or its parent
13  or related company's) wealth before the jury. *See, Ohio Six Limited v. Motel 6*
14  *Operating L.P.,* Case no. CV 11-08102 MMM (Ex), 2013 WL 12125747 *17
15  (C.D.Cal. Aug. 7, 2013).

16  **CONCLUSION**

17    NY Marine respectfully requests that the Court dismiss Heard's Amended
18  Counterclaim without leave to Amend.  Alternatively, Heard should be required to
19  provide a more definite statement concerning the meaning of the allegations that she
20  was "unable to fully accept the 'defense'" provided by NY Marine and as to whether
21  any of the "defense costs" which she incurred were at NY Marine's "request." In the
22  further alternative, to the extent that the Counterclaim is not dismissed without leave
23  to amend, that  paragraphs 7-16  which  relate certain marketing statements and that
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

1   portion of paragraph 25 concerning Ms. Heard's alleged entitlement to "independent

2   counsel" be stricken.

3

4   Dated:  February 10, 2023                    McCORMICK, BARSTOW, SHEPPARD,
                                                 WAYTE & CARRUTH LLP
5

6
                                      By:_____/s/ James P. Wagoner_____
7                                                James P. Wagoner
8                                               Nicholas H. Rasmussen
                                                Graham A. Van Leuven
9                                     Attorneys for Plaintiff New York Marine and
10                                             General Insurance Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

21
NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff and Counter-Defendant New York Marne and General Insurance Company, certifies that this brief contains 6,998 words, which complies with the word limit of Local Rule 11-6.1.


Dated:  February 10, 2023                    McCORMICK, BARSTOW, SHEPPARD,
                                             WAYTE & CARRUTH LLP



                                    By:_____/s/ James P. Wagoner_____
                                             James P. Wagoner
                                             Nicholas H. Rasmussen
                                             Graham A. Van Leuven
                                        Attorneys for Plaintiff and Counter-
                                        Defendant New York Marine and General
                                             Insurance Company

8807004.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

## PROOF OF SERVICE

**New York Marine and General Insurance Company v. Amber Heard**
**USDC Central District Case No. 2:22-cv-04685-GW-PD**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 10, 2023, I served true copies of the following document(s) described as **NEW YORK MARINE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO (1) DISMISS HEARD'S COUNTERCLAIM PURSUANT TO RULE 12(B)(6), OR (2) ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E), AND (3) TO STRIKE CERTAIN ALLEGATIONS PURSUANT TO RULE 12(F)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2023, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
2

**SERVICE LIST**
*New York Marine and General Insurance Company v. Amber Heard*
**USDC Central District Case No. 2:22-cv-04685-GW-PD**

| | |
|---|---|
| 3 | Kirk Pasich | *Attorneys for Defendant and* |
| | Kayla Robinson | *Counterclaimant Amber Heard* |
| 4 | Pasich LLP |
| | 10880 Wilshire Blvd., Suite 2000 |
| 5 | Los Angeles, CA  90024 |
| | (424) 313-7850 |
| 6 | kpasich@pasichllp.com |
| | krobinson@pasichllp.com |
| 7 | |
| 8 | Mark D. Peterson | *Courtesy Copy – Via Email* |
| | Kathleen O. Peterson |
| 9 | Amy Howse | *Attorneys for Plaintiff and* |
| | Cates Peterson LLP | *Counterclaimant Travelers Commercial* |
| 10 | 4100 Newport Place, Suite 230 | *Insurance Company in USDC Central* |
| | Newport Beach, CA 92660 | *District Case No. 2:21-cv-05832-GW,* |
| 11 | Telephone: (949) 724-1180 | *consolidated for pre-trial purposes* |
| | Email: markpeterson@catespeterson.com |
| 12 | kpeterson@catespeterson.com |
| | ahowse@catespeterson.com |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEW YORK MARINE'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,
STRIKE, OR FOR A MORE DEFINITE STATEMENT RE HEARD'S AMENDED COUNTERCLAIM