McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A. Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff and Counter-Defendant New York Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AMBER HEARD, an individual,<br><br>    Defendant. | Case No. 2:22-cv-04685-GW(PDx)<br><br>**DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COUNTERCLAIM** |
| AMBER HEARD, an individual<br><br>    Counter-claimant<br><br>    v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>    Counter-defendant | Date:       March 13, 2023<br>Time:       8:30 a.m.<br>Judge:      Hon. George H. Wu<br>Courtroom:  9D<br><br>Filed Concurrently with Notice of Motion; Memorandum of Points and Authorities; Request for Judicial Notice, Proposed Order |

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COUNTERCLAIM

I, James P. Wagoner, do hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and am admitted to practice in the United States District Court for the Central District of California. I am a member of the firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, and in that capacity, represent Plaintiff and Counter-Defendant New York Marine and General Insurance Company ("NY Marine") in this action.

2. This declaration is submitted in support of NY Marine's Motion to: (1) Dismiss Heard's Amended Counterclaim Pursuant to Rule 12(b)(6), or (2) Alternatively, For a More Definite Statement Pursuant to Rule 12(e), and (3) to Strike Certain Allegations Pursuant to Rule 12(f).

3. Attached hereto as Exhibit 1 is a true and correct copy (redacted for the limited purpose of removing personal contact information as well as limits of liability) of NY Marine's October 1, 2019 Reservation of Rights letter ("ROR") which was provided to Ms. Heard. As set forth in its moving papers, NY Marine seeks the Court's consideration of the ROR pursuant to the "incorporation by reference" doctrine on the grounds that the ROR is both referred to in, and forms the basis of, Ms. Heard's claims as alleged in her Amended Counterclaim. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *In re Silicon Graphics Inc.*, 183 F.3d 970, 986 (9th Cir. 1999); *Travelers Commercial Ins. Co. v. New York Marine and General Ins. Co., supra*, 2022 WL 100109 *2 (C.D.Cal. Jan. 6, 2022)

4. I caused to be obtained by a member of my staff a copy of the first appearance of attorneys Tim McEvoy and Sean Roche, of Cameron McEvoy LLP, filed in the underlying action filed in the underlying action entitled *John C. Depp, II v. Amber Laura Heard,* which was filed on January 4, 2017, in Fairfax County, Virginia Circuit Court, case number CL-2019-0002911, out of which the present litigation arises, and which was obtained by downloading the filing from the docket of the Circuit Court of Fairfax County, Virginia. A true and correct copy of that document is filed as Exhibit 1 to the Request for Judicial Notice filed concurrently

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COUNTERCLAIM

1  herewith.

2  5. I caused to be obtained by a member of my staff, a true and correct copy
3  of the Virginia State Bar's Standing Committee on the Unauthorized Practice of Law
4  Legal Ethics Opinion 598 approved by the Supreme Court of Virginia on March 8,
5  1985, effective June 1, 1985. A true and correct copy of that document is filed as
6  Exhibit 2 to the Request for Judicial Notice filed concurrently herewith.

7  6. I caused to be obtained by a member of my staff, a true and correct copy
8  of the Virginia State Bar's Standing Committee on the Unauthorized Practice of Law
9  Legal Ethics Opinion 1536 issued June 22, 1993. A true and correct copy of that
10 document is filed as Exhibit 3 to the Request for Judicial Notice filed concurrently
11 herewith.

12 7. I caused to be obtained by a member of my staff, true and correct copies
13 of records of the Virginia State Bar Association reflecting that each of the ten (10)
14 Cameron McEvoy attorneys is licensed in Virginia. True and correct copies of those
15 documents are filed as Exhibit 4 to the Request for Judicial Notice filed concurrently
16 herewith. Additionally, none of the attorneys with the firm of Cameron McEvoy
17 PLLC are licensed to practice law in California, as reflected on the firm's website at
18 cameronmcevoy.com, last accessed on February 10, 2023.

19 8. I caused to be obtained by a member of my staff, true and correct copies
20 of certain regulatory filings reflecting that New York Marine and General Insurance
21 Company was purchased in a "go private" transaction in or about August 2021 by
22 entities which did not exist prior to January 2021, and which were subsequently re-
23 branded as "Co/Action" in April 2022. Specifically, a true and correct copy of relevant
24 excerpts of the Form 10-K filed by "ProSight Global, Inc." on February 23, 2021,
25 which establish that at that time, NY Marine was a subsidiary of ProSight Global,
26 Inc., and that "On January 15, 2021, we announced that we had entered into an
27 agreement and plan of merger (the "Merger Agreement") with Pedal Parent Inc., a
28 Delaware corporation ("Parent"), owned by affiliates of TowerBrook Capital Partners

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2
DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL
INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COUNTERCLAIM

L.P. and Further Global Capital Management, and Pedal Merger Sub, Inc., pursuant to which, subject to the terms and conditions of the Merger Agreement, Pedal Merger Sub, Inc. would merge with and into the Company (the "proposed merger"), with the Company surviving as a wholly owned subsidiary of Parent. [¶] Pursuant to the Merger Agreement, each ProSight common share held by our stockholders will be converted into the right to receive $12.85 in cash", which "proposed merger is anticipated to close in the third quarter of 2021". A true and correct copy of relevant excerpts of that document is filed as Exhibit 5 to the Request for Judicial Notice filed concurrently herewith.

9. I caused to be obtained by a member of my staff, a true and correct copy of financial statements filed by NY Marine with the California Department of Insurance on February 24, 2022, reflecting that "Effective 2021, TowerBrook Capital Partners L.P. ("TowerBrook") and Further Global Capital Management ("Further Global") acquired the Company." A true and correct copy of relevant excerpts of that document is filed as Exhibit 6 to the Request for Judicial Notice filed concurrently herewith.

10. I caused to be obtained by a member of my staff, a true and correct copy of the Annual Statement for the Year Ended December 31, 2021 filed by NY Marine and obtained from the California Department of Insurance, which reflects that "Effective August 4, 2021, the reporting entity's indirect parent, ProSight Global, Inc. ("PGI") completed its previously announced merger with Pedal Merger Sub, Inc. ("Merger Sub"), pursuant to the agreement and plan of merger (the "Merger Agreement") by and among Pedal Parent Inc., owned by affiliates of TowerBrook Capital Partners L.P. and Further Global Capital Management, and Merger Sub. Pursuant to the Merger Agreement, Merger Sub merged with and into PGI (the "merger"), with PGI surviving as a wholly owned subsidiary of Pedal Parent Inc. In connection with the merger, the reporting entity implemented its ADC/LPT. The New York Department of Financial Services previously approved the merger and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL
INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COUNTERCLAIM

ADC/LPT." A true and correct copy of relevant excerpts of that document is filed as Exhibit 7 to the Request for Judicial Notice filed concurrently herewith.

11. I caused to be obtained by a member of my staff, a true and correct copy of the Annual Statement for the Year Ended December 31, 2021, "Management's Discussion and Analysis" which were obtained from the California Department of Insurance, and which likewise address and reflect the merger pursuant to which NY Marine became a privately owned corporation in 2021. A true and correct copy of relevant excerpts of that document is filed as Exhibit 8 to the Request for Judicial Notice filed concurrently herewith.

12. I caused to be obtained by a member of my staff, a true and correct copy of the California Department of Insurance web-search page reflecting that no financial reports were provided by NY Marine in 2022. A true and correct copy of relevant excerpts of that document is filed as Exhibit 9 to the Request for Judicial Notice filed concurrently herewith.

13. I caused to be obtained by a member of my staff, true and correct copies of various news reports reflecting the "go private" nature of the merger and sale of NY Marine and its parent corporations, as well as the purchased company's rebranding as "CoAction" effective April 3, 2022. True and correct copies of those documents are filed as Exhibit 10 to the Request for Judicial Notice filed concurrently herewith.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 10, 2023.

By: _____
James P. Wagoner

8907737.1

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COUNTERCLAIM

# EXHIBIT "1"



October 1, 2019

**Via E-mail
and U.S. Mail**
Amber Heard
c/o Macias, Gini & O'Connell
Attn: John Blakeman
2029 Century Park East, #1500
Los Angeles, CA 90067
*jblakeman@mgocpa.com*

Re:     **John C. Depp, II v. Amber Laura Heard**
        Circuit Court of Fairfax County, Virginia, Civil Action No. 2019 02911
        Insureds:      Under the Black Sky, Inc.; Amber Heard, an individual
        Insurer:       New York Marine and General Insurance Company
        Policy No.:    GL201800012500 eff. 7/18/2018 – 7/18/2019
        Our File No.:  LAX00177770

Dear Ms. Heard:

We are writing to advise you of New York Marine and General Insurance Company's determination of its potential obligation to provide coverage to you for defense and any potential liability arising out of the lawsuit referenced above. Based on our review of your insurance policy, the allegations at issue in the lawsuit and the facts of which we have been informed, New York Marine has determined that it will provide you with a legal defense under a reservation of rights. This defense will be effective as of September 4, 2019, the date this matter was first tendered to New York Marine.

In providing your legal defense, we do not waive any rights under your policies or otherwise, all of which rights are reserved.

Notwithstanding that New York Marine has determined that it will provide a legal defense to you, to the extent that California law does not permit an insurer to indemnify the insured, no indemnity can be provided.

We have assigned defense counsel to represent and defend you in this matter. The assigned defense counsel is Cameron McEvoy, PLLC, 4100 Monument Corner Drive, #420, Fairfax, VA 22030 | Tel.: 703-273-8898 | Website:

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 2 of 11

http://www.cameronmcevoy.com. We ask you to cooperate fully with your attorneys in defending against the lawsuit.

I have summarized and discussed below the allegations in the Complaint, however, we understand that the allegations may be incomplete, embellished, or untrue. We do not conclude that any allegation is true, and no statement in this letter shall be construed otherwise.

## THE COMPLAINT

The Complaint alleges generally as follows: On December 18, 2018, you published an op-ed in the Washington Post in which you purported to write from the perspective of a public figure representing domestic abuse. You published another op-ed on December 19, 2018 in the hardcopy edition of the Washington Post which contained similar implications. You also tweeted a link of the op-ed on December 19, 2018. Although the Plaintiff was not mentioned by name in the op-ed, the op-ed was about the Plaintiff, your former husband. You allegedly publicly accused the Plaintiff of domestic abuse occurring in 2016, which the Plaintiff denies. The Plaintiff alleges the 2016 allegations as well as the op-ed were part of an elaborate hoax to generate positive publicity you to advance your career. The Plaintiff alleges your actions were malicious, willful, and wanton. The also Plaintiff alleges your false implications in the op-ed prejudiced the Plaintiff in his career as a film actor and damaged his reputation as a public figure. The Plaintiffs seeks damages under three (3) causes of action, or Counts:

  Count One:  Defamation for statements in your December 18, 2018 op-ed in the online edition of the Washington Post

  Count Two:  Defamation for statements in your December 19, 2018 op-ed in the print edition of the Washington Post

  Count Three: Defamation for statements in your op-ed which you republished by tweeting a link to the op-ed on December 19, 2018

The Plaintiff requests that the Court enter an award against you for compensatory damages of not less than $50,000,000, for punitive damages no less than $50,000, for expenses and costs, including attorneys' fees, and for such other and further relief as the Court deems appropriate.

## THE POLICY

New York Marine issued policy number GL201800012500 to Under the Black Sky, Inc., for the policy period July 18, 2018 through July 18, 2019. Per a Named Insured Extension

7

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 3 of 11

Schedule, you are a named insured under the policy. The policy provides Commercial General Liability Coverage subject to limits of REDACTED Each Occurrence, REDACTED Personal & Advertising Injury, REDACTED General Aggregate, and REDACTED Products/Completed Operations Aggregate. The policy also provides Comprehensive Personal Liability Coverage subject to limits of REDACTED Each Occurrence for Personal Liability.

The Commercial General Liability Coverage part provides, in pertinent part, as follows:

### SECTION I - COVERAGES
### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

8

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 4 of 11

\*\*\*

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Pursuant to Section II – "Who Is An Insured", the policy provides, in pertinent part:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

    **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

. . .

The policy also contains the following relevant definitions:

9

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 5 of 11

### SECTION V - DEFINITIONS

. . .

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . .

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 6 of 11

      **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

      . . .

The Comprehensive Personal Liability Coverage part provides, in pertinent part, as follows:

    COVERAGE L. PERSONAL LIABILITY

    The Insuring Agreement of Coverage L states:

    If a claim is made or a suit is brought against any "Insured" for damages because of "bodily injury", "property damage" or "personal injury" caused by an "occurrence" to which this coverage applies, we will:

    a.    pay up to our limit of liability for the damages for which the "Insured" is legally liable; and

    b.    provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

Coverage L contains the following exclusions as follows:

    **EXCLUSIONS**

    1.    COVERAGE L. – Personal Liability and Coverage M. Medical Payments to Others do not apply to "bodily injury" or "property damage":

        a.    which is expected or intended by the "Insured"; or

        b.    arising out of business pursuits of an "Insured" or the rental or holding for rental of any part of any premises by an "Insured."

    This exclusion does not apply to:

        (1)    activities which are ordinarily incidental to non-business pursuits; or

11

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 7 of 11

. . .

The following relevant definitions apply to the Comprehensive Personal Liability Coverage part:

**DEFINITIONS**

1. "Bodily Injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

2. "Business" includes trade, profession or occupation.

. . .

5. "Personal Injury" means injury other than "bodily injury", arising out of one or more of the following offenses.

   . . .

   d. oral or written publication of material that slanders or libels a person or organization including other forms of defamation; or

   . . .

6. "Occurrence" means an accident, including continuous or repeated exposure to conditions, which results during the policy period, in:

   a. "bodily injury", or

   b. "property damage"; or

   c. "personal injury".

7. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

The Comprehensive Personal Liability Coverage part also provides as follows regarding other insurance:

**CONDITIONS**

. . .

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 8 of 11

8. Other Insurance – Coverage L – Personal Liability

   This insurance is excess over any other valid and collectible insurance written specifically to cover as excess over the limits of liability that apply in this policy.

. . .

The policy also contains the following endorsement, which states, in pertinent part, as follows:

**LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following condition is added to **Section IV. – Commercial General Liability Conditions: <u>Two or More Coverage Forms or Policies Issues By Us</u>**

If this policy and any other policy, policies or coverage form(s) issued to you by use or any of our affiliated companies apply to the same or related damages, the most that will be paid by us and our affiliated companies either individually or collectively for the sum of all those damages is the single largest applicable Each Occurrence Limit or similar per occurrence limit of insurance available under any one of those policies or coverage forms. Same or related damages include the continuation of injury or damages from a prior policy period into a subsequent policy period, or any injury or damage resulting from the same cause or "occurrence."

However, this provision does not apply to umbrella or similar policies or coverage forms that are purchased specifically to apply in excess of another policy or coverage form that is scheduled as underlying insurance.

In no event will coverage be provided during the policy period after (1) the applicable aggregate Limit of Insurance under any one coverage form or policy has been exhausted, or (2) the applicable aggregate Limit of Insurance under any one coverage form or policy would have been exhausted had all covered claims been submitted under that one coverage form or policy rather than under two or more coverage forms or policies.

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 9 of 11

The terms of this endorsement will govern as respect the application of any limits of insurance. If this policy or coverage form contains any other language regarding limits of insurance that is in conflict with the terms of this endorsement, such other language is subject to the terms of this endorsement.

### AN EXPLANATION OF NEW YORK MARINE'S COVERAGE DETERMINATION

**Commercial General Liability Coverage Part**

The Commercial General Liability Coverage part provides *commercial* liability coverage; it provides coverage to insureds with respect to their business-related activities. The allegations in the Complaint make it clear that the events at issue arise from your personal activities. As an individual, you qualify as an insured only with respect to the conduct of a business of which you are the sole owner. Therefore, you do not qualify as an insured under the Commercial General Liability Coverage part in the policy. Accordingly, New York Marine must respectfully disclaim coverage under the Commercial General Liability Coverage part as this matter does not arise from your business-related activities.

**Comprehensive Personal Liability Coverage Part**

As stated in the insuring agreement of the Comprehensive Personal Liability Coverage part, if a suit is brought against an insured for damages because of "bodily injury", "property damage" or "personal injury" cause by an "occurrence" to which the coverage applies, New York Marine will pay up to our limit of liability for the damages for which the insured is legally liable. It is clear the Plaintiff is not seeking damages because of "bodily injury" or "property damage" in the Complaint. However, the Plaintiff is seeking damages for defamation, which falls under the definition of "personal injury", 5.d.; oral or written publication of material that slanders or libels a person or organization including other forms of defamation. Accordingly, New York Marine will provide you with a defense under the Comprehensive Personal Liability Coverage part. Notwithstanding that New York Marine has determined that it will provide you with a legal defense to, to the extent that California law does not permit an insurer to indemnify the insured, no indemnity can be provided.

New York Marine also reserves the right to limit coverage under the policy pursuant to the "Limitation – No Stacking Of Occurrence Limits Of Insurance" endorsement outlined above.

### CONCLUSION

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 10 of 11

For the reasons set forth above, New York Marine will agree to defend you under a reservation of rights outlined above.

By mentioning and/or quoting certain provisions from the policy in this correspondence, New York Marine is not waiving any of its rights to assert or rely on additional policy provisions in the policy. Actions taken by New York Marine, its agents, representatives or attorneys in investigating this matter do not constitute, and are not intended as, a waiver of any rights or defenses available to New York Marine. The specific issues raised herein shall not be interpreted as limiting the scope of the rights reserved by New York Marine. Accordingly, New York Marine shall not be precluded from asserting any rights or defenses that may be available now or at any time. All rights and defenses are hereby expressly reserved.

If you disagree with the coverage determination outlined above, or believe that New York Marine's coverage determination is incorrect or that New York Marine does not have complete information, please contact the undersigned. We will review and evaluate any additional information that you feel would assist in the determination of coverage under the policy.

Additionally, if you believe that New York Marine has incorrectly denied this claim, or any portion thereof, or if you or disagree with any other coverage determination taken with regard to this claim, you are entitled to have the matter reviewed by the California Department of Insurance. The contact information for the California Department of Insurance is as follows:

Consumer Communications Bureau
California Department of Insurance
300 S. Spring Street, South Tower
Los Angeles, CA 90013
Telephone: 1-800-927-4357

Please feel free to contact the undersigned should you wish to discuss the content of this letter.

Sincerely,

Steven Battaglia
Claims Specialist
REDACTED

Amber Heard
c/o Macias, Gini & O'Connell
October 1, 2019
Page 11 of 11

cc:

Claire Boxer
Integro USA, Inc.
**REDACTED**

Richard A. Schwartz
Browne George Ross, LLP
Via E-mail Only: *rschwartz@bgrfirm.com*

16

# PROOF OF SERVICE

**New York Marine and General Insurance Company v. Amber Heard**
**USDC Central District Case No. 2:22-cv-04685-GW-PD**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 10, 2023, I served true copies of the following document(s) described as **DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COUNTERCLAIM** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2023, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS COUNTERCLAIM
17

**SERVICE LIST**
*New York Marine and General Insurance Company v. Amber Heard*
**USDC Central District Case No. 2:22-cv-04685-GW-PD**

| | |
|---|---|
| Kirk Pasich<br>Kayla Robinson<br>Pasich LLP<br>10880 Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90024<br>(424) 313-7850<br>kpasich@pasichllp.com<br>krobinson@pasichllp.com | *Attorneys for Defendant and Counterclaimant Amber Heard* |
| Mark D. Peterson<br>Kathleen O. Peterson<br>Amy Howse<br>Cates Peterson LLP<br>4100 Newport Place, Suite 230<br>Newport Beach, CA 92660<br>Telephone: (949) 724-1180<br>Email: markpeterson@catespeterson.com<br>kpeterson@catespeterson.com<br>ahowse@catespeterson.com | *Courtesy Copy – Via Email*<br><br>*Attorneys for Plaintiff and Counterclaimant Travelers Commercial Insurance Company in USDC Central District Case No. 2:21-cv-05832-GW, consolidated for pre-trial purposes* |

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS COUNTERCLAIM

18