McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A. Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff and Counter-Defendant New York Marine and General Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBER HEARD, an individual,<br><br>Defendant. | Case No. 2:22-cv-04685-GW(PDx)<br><br>**[PROPOSED] ORDER**<br><br>Date:         March 13, 2023<br>Time:        8:30 a.m.<br>Judge:       Hon. George H. Wu<br>Courtroom:  9D |
| AMBER HEARD, an individual<br><br>Counter-claimant<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Counter-defendant | Filed Concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities; Request for Judicial Notice, Declaration of James P. Wagoner, Proposed Order<br><br>Complaint Filed July 8, 2022<br>FAC Filed July 11, 2022 |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

[PROPOSED] ORDER

On March 13, 2023, Plaintiff and Counter-Defendant New York Marine and General Insurance Company's ("NY Marine") Motion To (1) Dismiss Heard's Counterclaim Pursuant to Rule 12(b)(6), or (2) Alternatively, for A More Definite Statement Pursuant to Rule 12(e), And (3) to Strike Certain Allegations Pursuant to Rule 12(f), was heard in Courtroom 9D of the United States District Court for the Central District of California before the Honorable George H. Wu.

NY Marine has filed a Request for Judicial Notice of certain documents, including a Reservation of Rights Letter and certain other documents reflecting the status and relationship of the parties. The Court finds that there is a basis for granting said request and does so. *See Sams v. Yahoo! Inc.,* 713 F.3d 1175, 1179 (9th Cir.).

NY Marine has also requested that the Court consider certain documents, specifically the Reservation of Rights Letter, pursuant to the "incorporation by reference" doctrine, pursuant to which where "claims are predicated on a document, the defendant may attach the document to his 12(b)(6) motion." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998). Accordingly, the Court finds that there is also a basis for granting said request and does so.

Having read and considered NY Marine's Motion to Dismiss, all other papers, and oral argument thereon, the Court concludes that Defendant and Counterclaimant Amber Heard ("Heard") has failed to state a claim upon which relief can be granted in that her allegations, together with both facts of which judicial notice has been taken and facts set forth in pleadings and letters referred to in the Complaint or upon which her claims are based which have been considered by the Court pursuant to the Requst for Judicial Notice and under the "incorporation by reference" doctrine, fail to demonstrate that NY Marine either owed a duty to provide independent counsel pursuant to Civil Code § 2860 to Ms. Heard, or breached its duty to defend her by refusing to provide her with independent counsel.

Specifically, the pleadings, evidence and argument demonstrate that under Virginia law, insurer-appointed defense counsel represents only the insured. *Norman*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
[PROPOSED] ORDER

*v. Ins. Co. of N. Am.*, 218 Va. 718, 722, 727-728 (1978). As a result, no conflict could arise between appointed counsel and Ms. Heard so as to require the appointment of independent counsel under Civil Code § 2860.

Separately, the Reservation of Rights Letter issued to Ms. Heard by NY Marine was a "general" reservation of rights letter which also did not give rise to any conflict of interest requiring the appointment of independent counsel. *Centex Homes v. St. Paul Fire & Marine Ins. Co.,* 237 Cal.App.4th 23, 31 (2015); *Federal Ins. Co. v. MBL, Inc.,* 219 Cal.App.4th 29, 42 (2013).

The pleadings, evidence and argument therefore demonstrate that in failing or refusing to "fully accept" the defense provided by NY Marine through appointed defense counsel, NY Marine's obligations to defend or indemnify her under the policy, including by reimbursing any defense fees consequently incurred by her, were excused.

The Counterclaim fails to allege that any costs or fees incurred by Ms. Heard were incurred at the "request" of NY Marine as required by the NY Marine policy to be covered. The pleadings, evidence and argument further demonstrate that in failing or refusing to "fully accept" the defense provided by NY Marine, Ms. Heard breached her duties and obligations under the policy issued by NY Marine, including the terms of the policy's "no voluntary payments" provision. Accordingly, the Court finds that any defenses costs incurred or paid by Ms. Heard were incurred by her voluntarily.

Additionally, the allegations set forth in the Counterclaim establish that a defense was provided to her, through independent counsel, by another insurer, Travelers Commercial Insurance Company. (Counterclaim ¶ 26.) An insured is "only entitled to one full defense." *Safeco Ins. Co. of Am. v. Parks,* 170 Cal.App.4th 992, 1004 (2009); *Clarendon Nat'l Ins. Co. v. Nat'l Fire and Marine Ins. Co.,* 512 Fed. Appx. 671, 673 (9th Cir. 2013). Furthermore, the hourly "rate limit" of Civil Code §2860(c), which limits the defending insurer's obligation to pay "the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of

2
[PROPOSED] ORDER

1  business in the defense of similar actions in the community", "provides a single rate
2  limitation, for a single counsel and defense, albeit multiple insurers may be required
3  to contribute to its payment." *San Gabriel Valley Water Co. v. Hartford Acc. & Indem.*
4  *Co.,* 82 Cal.App.4th 1230, 1241 (2000); *see also, M.B.L., Inc. v. Fed. Ins. Co.,* 675
5  Fed.Appx. 731, 734 (9th Cir. 2017); *MGA Ent'mt, Inc. v. Hartford Ins. Co. of the*
6  *Midwest,* EDCV 09-00025 DOC (OPx), 2010 WL 11468788 *8 (C.D.Cal. Feb. 10,
7  2010). As a consequence, the allegation is fatal to Ms. Heard's claims, as the defense
8  provided by Travelers Commercial Insurance Company precludes her from stating
9  any claim against NY Marine arising out of its alleged failure to provide her with a
10 defense in the action in which she was provided with a defense by another insurer.

11     The pleadings, relevant evidence and argument thus fail to show that Ms. Heard
12 may state any viable claims for relief against NY Marine, including those for breach
13 of contract and breach of the implied covenant of good faith and fair dealing ("bad
14 faith"), predicated either upon NY Marine's refusal to pay her expenses or to provide
15 her with a defense through independent counsel of her own choosing, or upon its
16 failure to reimburse her or others for costs incurred by her to defend herself, whether
17 through separate counsel, or for amounts over and above those paid to independent
18 counsel by her defending insurer, Travelers Commercial Insurance Company,
19 pursuant to Civil Code § 2860(c).

20     NY Marine's motion is accordingly **GRANTED,** and the Counterclaim is
21 **ORDERED DISMISSED, WITH PREJUDICE.**
22     **IT IS SO ORDERED**

23
24 This __ day of February 2023

26                                                                          Hon. George H. Wu

8910536.1

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

# PROOF OF SERVICE

**New York Marine and General Insurance Company v. Amber Heard**
**USDC Central District Case No. 2:22-cv-04685-GW-PD**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 10, 2023, I served true copies of the following document(s) described as **[PROPOSED] ORDER** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2023, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

[PROPOSED] ORDER

**SERVICE LIST**
*New York Marine and General Insurance Company v. Amber Heard*
**USDC Central District Case No. 2:22-cv-04685-GW-PD**

| | |
|---|---|
| Kirk Pasich<br>Kayla Robinson<br>Pasich LLP<br>10880 Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90024<br>(424) 313-7850<br>kpasich@pasichllp.com<br>krobinson@pasichllp.com | *Attorneys for Defendant and Counterclaimant Amber Heard* |
| Mark D. Peterson<br>Kathleen O. Peterson<br>Amy Howse<br>Cates Peterson LLP<br>4100 Newport Place, Suite 230<br>Newport Beach, CA 92660<br>Telephone: (949) 724-1180<br>Email: markpeterson@catespeterson.com<br>kpeterson@catespeterson.com<br>ahowse@catespeterson.com | *Courtesy Copy – Via Email*<br><br>*Attorneys for Plaintiff and Counterclaimant Travelers Commercial Insurance Company in USDC Central District Case No. 2:21-cv-05832-GW, consolidated for pre-trial purposes* |