UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

NEW YORK MARINE and GENERAL INSURANCE COMPANY,

        Plaintiff,

        vs.                      Case No. CV 22-4685

AMBER HEARD,

        Defendant.

_____/

REPORTER'S TRANSCRIPT OF
MOTIONS TO DISMISS HEARING
Monday, March 13, 2023
8:30 a.m.
LOS ANGELES, CALIFORNIA

_____

TERRI A. HOURIGAN, CSR NO. 3838, CCRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, ROOM 4311
LOS ANGELES, CALIFORNIA  90012
(213) 894-2849

UNITED STATES DISTRICT COURT

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    MCCORMICK BARSTOW SHEPPARD WAYTE and CARRUTH LLP
    BY:  JAMES P. WAGONER
         NICHOLAS H. RASMUSSEN
         Attorneys at Law
    7647 North Fresno Street
    Fresno, California  93720

**FOR THE DEFENDANT:**

    PASICH LLP
    BY:  KAYLA ROBINSON
         OWEN MONKEMEIER
         Attorneys at Law
    10880 Wilshire Boulevard, Suite 2000
    Los Angeles, California  90024

**FOR MOVANT:   TRAVELERS COMMERCIAL INSURANCE COMPANY**

    MAYNARD COOPER and GALE LLP
    BY: NICHOLAS J. BOOS
    Attorney at Law
    2 Embarcadero Center, Suite 1450
    San Francisco, California  94111

LOS ANGELES, CALIFORNIA; MONDAY, MARCH 13, 2023

8:30 a.m.

--oOo--

(COURT CALLED TO ORDER.)

THE COURT: All right. Let me call the matter of *New York Marine versus General Insurance Company versus Heard*.

Let me have appearances starting with plaintiff's counsel first.

MR. WAGONER: Good morning, Your Honor. James Wagoner and Nick Rasmussen on behalf of New York Marine.

THE COURT: Okay. You guys must be from the east coast?

Are you guys local?

MR. WAGONER: I didn't hear the Court.

THE COURT: Are you from the east coast or local?

MR. WAGONER: Local.

THE COURT: The problem is you always go the opposite side of her. If you would go together sometimes, this case would be resolved by now.

MR. WAGONER: I understood it, but I figured if she is so used to that side --

THE COURT: Do you always blame her for everything too?

All right. Switch over, that way I won't get you

```
 1  confused.
 2              For the defense, we have?
 3              MS. ROBINSON:  Your Honor, Kayla Robinson and Owen
 4  Monkemeier for Amber Heard.
 5              THE COURT:  All right.
 6              MR. BOOS:  Your Honor, Nicholas Boos for Travelers
 7  on the consolidated case.
 8              THE COURT:  All right.  We are here for motions to
 9  dismiss, and alternatively, for a more definite statement
10  and/or to strike certain allegations.
11              I issued a tentative on this, I presume both
12  sides have seen it?
13              MS. ROBINSON:  Yes, Your Honor.
14              THE COURT:  Does somebody want to argue something?
15              MR. WAGONER:  Your Honor, James Wagoner on behalf of
16  New York Marine.
17              I essentially am in agreement with the tentative
18  ruling for more than the reasons stated, but the one thing I
19  wanted to comment about the motion to dismiss the counterclaim,
20  the Court's tentative refers to Paragraph 20 or 36(c).
21              THE COURT:  Let me ask, what page are you referring
22  to?
23              MR. WAGONER:  Page 12 of the counterclaim.  Oh, you
24  mean the Court's ruling, it would be page 12 as well.
25              THE COURT:  Looking at page 12, you are talking
```

```
 1  about -- you are referring to the California Civil Code
 2  section?
 3          MR. WAGONER:  I am referring to -- the top of
 4  page 12, the Court's states:  While New York Marine has not
 5  effectively closed off the possibility that Heard could
 6  potentially state an implied covenant counterclaim, without a
 7  viable release of counterclaim, given its failure to
 8  acknowledge the existence of or consider the effect of the
 9  allegation of Paragraph 36, it's likely the Court will require
10  further amendment.
11          My only comment with 36(c) is failing to inquire
12  into the possible basis that might support coverage for the
13  death lawsuit.  That looks to me like kind of a boilerplate
14  allegations out of a lot of complaints for bad faith, but in
15  this case, New York Marine did acknowledge coverage, and did in
16  fact say it would defend Heard.
17          So I don't see how Paragraph 36(c) could in any
18  way support a bad faith claim.
19          THE COURT:  Well, let me have the defense respond.
20  I think I understand what the defense is about to say.
21          MS. ROBINSON:  Well, Your Honor, our understanding
22  with respect to your tentative is that you found these were
23  boilerplate allegations and you were not inclined to let them
24  stand as a stand-alone claim but were inclined to allow us to
25  plead additional facts in support of our bad faith claim, and
```

```
 1  we have no problem with that approach, and I don't think
 2  Mr. Wagoner's argument is inconsistent with that.
 3          THE COURT:  She is saying there is a possibility, I
 4  thought there was a possibility, and there might be a
 5  possibility, we have to see.
 6          MR. WAGONER:  That is why I wanted to point out that
 7  we don't agree that Paragraph 36 raises that.
 8          THE COURT:  The fact it isn't in the tentative, it
 9  doesn't say one side or the other agrees with it.  I am telling
10  you what my thoughts are.
11          MR. WAGONER:  With permission, Mr. Rasmussen will
12  address the motion to strike.  Do you want to put that over?
13          THE COURT:  Sure.  All right.
14          MS. ROBINSON:  Thank you for your tentative, Your
15  Honor.  I think we will continue to agree to disagree, but
16  given that the Court has considered these issues now twice, I
17  do want to respect that the Court --
18          THE COURT:  Let's put it this way, it is an issue
19  that probably an Appellate Court should look at.
20          MS. ROBINSON:  Yes, Your Honor.
21           The only point I wanted to raise that was not in
22  our briefing with respect to the motion to dismiss, is that the
23  Court comments that it's unclear whether the Ninth Circuit was
24  aware of the ethical duties in *Washington*, when it decided in
25  the *Northern Insurance* case.
```

1  In fact the briefing in that case expressly
2  addresses that the rule in *Washington* is that a point of
3  defense counsel may undertake representation of only the
4  insured, not of the company.  That is the squarest reference to
5  this rule.  It's in the answering brief on cross appeal, that
6  is 1991 Westlaw 11673437.
7  So that would be the only points with respect to
8  the Court's decision on the breach of contract claim.
9  I would like to add, Your Honor, that we are
10 still assessing -- the basis of the breach of contract claim
11 was breach of the duty to defend, as your tentative suggests,
12 that was our only theory with respect to breach of the duty to
13 defend.
14 However, we're now considering amending to
15 include breach of the duty to indemnify as well, so would only
16 ask that the Court, not foreclose amendment to pursue that
17 different theory as well, and I don't think that anything in
18 the Court's tentative --
19     THE COURT:  Let me stop you.  Let me ask plaintiff's
20 counsel, what is your response to that?
21     MR. WAGONER:  I don't see how they can claim a
22 breach of the duty to indemnity, because according to the press
23 the judgment has been paid by different insurance companies.
24 So I don't see how there is any contractual damages there at
25 all.

```
 1              MS. ROBINSON:  We would be entitled to nominal
 2   damages, and I think it would support a bad faith claim for
 3   failure to investigate.
 4              MR. WAGONER:  I'm sorry?
 5              THE COURT:  You need to repeat what you just said.
 6              MS. ROBINSON:  We would be entitled to nominal
 7   damages.
 8              MR. WAGONER:  I don't think you get nominal damages
 9   for breach of contract.
10              MS. ROBINSON:  Under California law, you are
11   entitled to nominal damages for breach of contract.
12              MR. RASMUSSEN:  Your Honor, I would point out, if
13   she failed to fully accept the defense that was properly
14   provided, as we discussed in our briefing, it's Ms. Heard who
15   was in breach.  At the time the breach occurred, there wasn't a
16   duty to indemnity.
17              THE COURT:  Well, let me put it this way, I will see
18   what she has to say.  We might as well not do this piecemeal, I
19   will give her an opportunity to amend.
20              I understand the position of the plaintiffs is
21   that she is going to have a hard row to hoe.
22              Is that the proper terminology?
23              MS. ROBINSON:  Row to hoe.
24              THE COURT:  I don't know, who knows.
25              So many other people use these types of phrases,
```

```
 1  and it may just look like drool, what can I say?  Be that it
 2  may.
 3            I will give leave to amend.  We will see.  Let me
 4  ask, any further arguments?
 5            MR. RASMUSSEN:  Your Honor, I was going to address
 6  the motion to strike.  There is a couple of issues which we
 7  have with this.
 8            No. 1, is most simply, you know, these
 9  allegations, she kind of contends relate to her expectations of
10  the policy, at least as to where it stands right now with the
11  duty to defend.  If the defense provided was acceptable, which
12  appears this Court agrees it was, then there is no question
13  left of what the expectation was.
14            And to that, what I would point out if she got
15  what she was entitled to, she may sort of point to marketing
16  statements and complain, well, I didn't think it lived up to
17  what I got, but that is kind of like going to a movie theatre,
18  paying for a ticket, and not liking the movie.
19            THE COURT:  Well, the problem I have is the motion
20  to strike, at least in this Circuit is so high, it has to be,
21  like, four letter words or accusations are so false, et cetera,
22  if it's not that, then the Circuit seems to say, well, who
23  really cares.
24            I understand litigants do, but the Circuit Judges
25  don't.
```

1          MR. RASMUSSEN:  I understand that some of them take
2  that fairly high bar, and I guess I look at it, and say it has
3  to be germane to the claim.
4          And, in this case, particularly in the absence of
5  any plausible allegation that she looked at or denied these,
6  it's basically a bunch of stuff that is put in that looks, rah,
7  rah, but doesn't do anything other than inflame people.
8          And that, to me, under the materiality or
9  pertinence standard, does seem to come into it.
10          THE COURT:  But the fact is, if it has any sort of
11  marginal relevance, I can't exclude it.  And so, you know, you
12  are saying that -- I understand the plaintiff's position but I
13  mean the tentative will probably stand on that aspect of it.
14  Anything else?
15          MR. RASMUSSEN:  Not from me, Your Honor.
16          THE COURT:  Anything from the defense?
17          MS. ROBINSON:  Just one point on the motion to
18  strike.
19          Your Honor, we have enough disputes in this case,
20  and I don't think have problem with striking the reference to
21  co-actions net worth.
22          However, I would point out that a defendant's net
23  worth is relevant to ability to pay punitive damages, so, just
24  would like to preserve that issue going forward.
25          THE COURT:  All right, that's fine.

```
 1                  Anything else from either side?
 2                  All right.  I will make my tentative my final as
 3   of today's date.
 4                  Do we need to -- I guess somebody should prepare
 5   a proposed order.
 6             MR. WAGONER:  We will prepare the proposed order.
 7   Does the Court want us to recite what is in the tentative?
 8             THE COURT:  You can attach the tentative.  Just say
 9   for reasons stated in the tentative, and that should be
10   sufficient.
11             MR. WAGONER:  All right.
12             THE COURT:  Thank you very much.  Everybody, have a
13   nice day.
14
15             (The proceedings concluded at 8:58 a.m.)
16                              * * *
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES    )
                                               )
STATE OF CALIFORNIA       )

      I, TERRI A. HOURIGAN, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date: 16th day of March, 2023.


                              /s/ TERRI A. HOURIGAN
            _____
            TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                         Federal Court Reporter

## /

**/s** [1] - 13:19

## 1

**1** [1] - 10:4
**11673437** [1] - 8:4
**12** [4] - 5:23, 5:24, 5:25, 6:4
**13** [2] - 1:14, 4:1
**16th** [1] - 13:16
**1991** [1] - 8:4

## 2

**20** [1] - 5:20
**2023** [3] - 1:14, 4:1, 13:16
**213** [1] - 1:25
**28** [1] - 13:9

## 3

**350** [1] - 1:24
**36** [2] - 6:9, 7:7
**36(c** [2] - 6:11, 6:17
**36(c)** [1] - 5:20
**3838** [2] - 1:23, 13:20

## 4

**4311** [1] - 1:24

## 7

**753** [1] - 13:9

## 8

**894-2849** [1] - 1:25
**8:30** [2] - 1:14, 4:2
**8:58** [1] - 12:9

## 9

**90012** [1] - 1:24

## A

**a.m** [3] - 1:14, 4:2, 12:9
**A1** [1] - 2:5
**A2** [1] - 2:11
**A3** [1] - 2:17
**A4** [1] - 2:23
**ability** [1] - 11:18
**above-entitled** [1] - 13:12
**absence** [1] - 10:25
**accept** [1] - 9:11
**acceptable** [1] - 10:7
**according** [1] - 8:20
**accusations** [1] - 10:17
**acknowledge** [2] - 6:8, 6:15
**actions** [1] - 11:16
**add** [1] - 8:7
**additional** [1] - 6:25
**ADDRESS** [8] - 2:5, 2:5, 2:11, 2:11, 2:17, 2:17, 2:23, 2:23
**address** [2] - 7:12, 10:1
**ADDRESS-A1** [1] - 2:5
**ADDRESS-A2** [1] - 2:11
**ADDRESS-A3** [1] - 2:17
**ADDRESS-A4** [1] - 2:23
**ADDRESS-B1** [1] - 2:5
**ADDRESS-B2** [1] - 2:11
**ADDRESS-B3** [1] - 2:17
**ADDRESS-B4** [1] - 2:23
**addresses** [1] - 7:25
**agree** [2] - 7:7, 7:15
**agreement** [1] - 5:17
**agrees** [2] - 7:9, 10:8
**allegation** [2] - 6:9, 11:1
**allegations** [4] - 5:10, 6:14, 6:23, 10:5
**allow** [1] - 6:24
**alone** [1] - 6:24
**alternatively** [1] - 5:9
**amend** [2] - 9:17, 9:24
**amending** [1] - 8:12
**amendment** [2] - 6:10, 8:14
**ANGELES** [4] - 1:15, 1:24, 4:1, 13:3
**answering** [1] - 8:3
**APP02** [1] - 2:9
**APP03** [1] - 2:15
**APP04** [1] - 2:21
**appeal** [1] - 8:4
**appearances** [1] - 4:9
**APPEARANCES** [1] - 2:1
**Appellate** [1] - 7:19
**approach** [1] - 7:1
**argue** [1] - 5:14
**argument** [1] - 7:2
**arguments** [1] - 9:25
**aspect** [1] - 11:9
**assessing** [1] - 8:8
**attach** [1] - 12:2
**Attorney** [4] - 2:4, 2:10, 2:16, 2:22
**ATTORNEY1** [1] - 2:4
**ATTORNEY2** [1] - 2:10
**ATTORNEY3** [1] - 2:16
**ATTORNEY4** [1] - 2:22
**aware** [1] - 7:23

## B

**B1** [1] - 2:5
**B2** [1] - 2:11
**B3** [1] - 2:17
**B4** [1] - 2:23
**bad** [4] - 6:14, 6:18, 6:25, 8:25
**bar** [1] - 10:23
**basis** [2] - 6:12, 8:8
**behalf** [2] - 4:12, 5:15
**blame** [1] - 4:24
**boilerplate** [2] - 6:13, 6:23
**BOOS** [1] - 5:6
**Boos** [1] - 5:6
**breach** [10] - 8:6, 8:8, 8:9, 8:10, 8:13, 8:20, 9:7, 9:9, 9:13
**brief** [1] - 8:3
**briefing** [3] - 7:21, 7:24, 9:12
**bunch** [1] - 11:2
**BY** [4] - 2:4, 2:10, 2:16, 2:22

## C

**California** [3] - 6:1, 9:8, 13:8
**CALIFORNIA** [5] - 1:2, 1:15, 1:24, 4:1, 13:4
**cares** [1] - 10:19
**case** [7] - 4:21, 5:7, 6:15, 7:24, 7:25, 10:25, 11:14
**Case** [1] - 1:7
**CASENUM** [1] - 1:7
**CCRR** [1] - 1:23
**Central** [1] - 13:8
**CENTRAL** [2] - 1:2
**certain** [1] - 5:10
**CERTIFICATE** [1] - 13:1
**certify** [1] - 13:8
**cetera** [1] - 10:17
**Circuit** [4] - 7:23, 10:16, 10:18, 10:20
**CITY1** [1] - 2:6
**CITY2** [1] - 2:12
**CITY3** [1] - 2:18
**CITY4** [1] - 2:24
**Civil** [1] - 6:1
**claim** [8] - 6:18, 6:24, 6:25, 8:6, 8:8, 8:19, 8:25, 10:24
**closed** [1] - 6:5
**co** [1] - 11:15
**coast** [2] - 4:14, 4:17
**Code** [2] - 6:1, 13:9
**comment** [2] - 5:19, 6:11
**comments** [1] - 7:22
**companies** [1] - 8:21
**Company** [1] - 4:8
**company** [1] - 8:2
**complain** [1] - 10:12
**complaints** [1] - 6:14
**concluded** [1] - 12:9
**Conference** [1] - 1:13
**conference** [1] - 13:13
**Conference/Sentencing** [1] - 1:13
**conformance** [1] - 13:13
**confused** [1] - 5:2
**consider** [1] - 6:8
**considered** [1] - 7:16
**considering** [1] - 8:12
**consolidated** [1] - 5:7
**contends** [1] - 10:5
**continue** [1] - 7:15
**contract** [4] - 8:6, 8:8, 9:7, 9:9
**contractual** [1] - 8:22
**correct** [1] - 13:10
**counsel** [3] - 4:10, 8:1, 8:18
**COUNSEL** [1] - 2:1
**counterclaim** [4] - 5:19, 5:23, 6:6, 6:7
**COUNTY** [1] - 13:3
**couple** [1] - 10:2
**Court** [12] - 4:16, 6:9, 7:16, 7:17, 7:19, 7:22, 8:14, 10:8, 12:1, 13:7, 13:20
**COURT** [27] - 1:1, 1:23, 4:7, 4:13, 4:17, 4:19, 4:24, 5:5, 5:8, 5:14, 5:21, 5:25, 6:19, 7:3, 7:8, 7:13, 7:18, 8:17, 9:3, 9:15, 9:21, 10:15, 11:6, 11:12, 11:20, 12:2, 12:6
**Court's** [5] - 5:20, 5:24, 6:4, 8:6, 8:16
**covenant** [1] - 6:6
**coverage** [2] - 6:12, 6:15
**cross** [1] - 8:3
**CRR** [1] - 13:20
**CSR** [2] - 1:23, 13:20

## D

**damages** [6] - 8:22, 8:25, 9:5, 9:6, 9:9, 11:18
**date** [1] - 11:23
**Date** [1] - 13:16
**death** [1] - 6:13
**decided** [1] - 7:24
**decision** [1] - 8:6
**defend** [4] - 6:16, 8:9, 8:11, 10:7
**DEFENDANT** [4] - 1:8, 2:9, 2:15, 2:21
**defendant's** [1] - 11:17
**Defendants** [1] - 1:9
**defense** [7] - 5:3, 6:19, 6:20, 8:1, 9:11, 10:7, 11:12
**definite** [1] - 5:9
**denied** [1] - 11:1
**different** [2] - 8:15, 8:21
**disagree** [1] - 7:15
**discussed** [1] - 9:12
**dismiss** [3] - 5:9, 5:19, 7:21
**disputes** [1] - 11:14
**DISTRICT** [3] - 1:1, 1:2, 1:3
**District** [2] - 13:7, 13:8
**DIVISION** [1] - 1:2
**drool** [1] - 9:23
**duties** [1] - 7:23
**duty** [6] - 8:9, 8:10, 8:13, 8:20, 9:14, 10:7

| E | | | | |
|---|---|---|---|---|
| **E** | **GEORGE** [1] - 1:3 | **judicial** [1] - 13:13 | **movie** [2] - 10:13, 10:14 | **pay** [1] - 11:18 |
| E-MAIL1 [1] - 2:7 | germane [1] - 10:24 | | MR [19] - 4:11, 4:16, 4:18, 4:22, 5:6, 5:15, 5:23, 6:3, 7:6, 7:11, 8:19, 9:2, 9:6, 9:10, 10:1, 10:22, 11:11, 11:25, 12:5 | paying [1] - 10:14 |
| E-MAIL2 [1] - 2:13 | given [2] - 6:7, 7:16 | **K** | | people [2] - 9:22, 11:3 |
| E-MAIL3 [1] - 2:19 | guess [2] - 10:23, 11:23 | kind [3] - 6:13, 10:5, 10:13 | | permission [1] - 7:11 |
| E-MAIL4 [1] - 2:25 | guys [2] - 4:13, 4:15 | knows [1] - 9:21 | | pertinence [1] - 11:4 |
| east [2] - 4:13, 4:17 | | | | PHONE [4] - 2:6, 2:12, 2:18, 2:24 |
| effect [1] - 6:8 | **H** | **L** | MS [10] - 5:4, 5:13, 6:21, 7:14, 7:20, 8:24, 9:4, 9:8, 9:20, 11:13 | phrases [1] - 9:22 |
| effectively [1] - 6:5 | hard [1] - 9:18 | late [1] - 10:5 | | piecemeal [1] - 9:16 |
| either [1] - 11:21 | hear [1] - 4:16 | Law [4] - 2:4, 2:10, 2:16, 2:22 | must [1] - 4:13 | PLAINTIFF [2] - 1:5, 2:3 |
| entitled [5] - 8:24, 9:4, 9:9, 10:11, 13:12 | Heard [3] - 4:8, 6:5, 6:16 | law [1] - 9:8 | **N** | plaintiff's [3] - 4:9, 8:17, 11:8 |
| essentially [1] - 5:17 | heard [1] - 9:12 | lawsuit [1] - 6:13 | need [2] - 9:3, 11:23 | plaintiffs [1] - 9:18 |
| et [1] - 10:17 | Hearing [1] - 1:13 | least [2] - 10:6, 10:16 | net [2] - 11:16, 11:18 | Plaintiffs [1] - 1:6 |
| ethical [1] - 7:23 | held [1] - 13:11 | leave [1] - 9:24 | New [5] - 4:8, 4:12, 5:16, 6:4, 6:15 | plausible [1] - 11:1 |
| exclude [1] - 11:7 | hereby [1] - 13:8 | left [1] - 10:9 | letter [1] - 10:17 | plead [1] - 6:25 |
| existence [1] - 6:8 | high [2] - 10:16, 10:23 | likely [1] - 6:9 | nice [1] - 12:7 | point [8] - 7:6, 7:20, 8:1, 9:10, 10:10, 10:11, 11:13, 11:17 |
| expectation [1] - 10:9 | hoe [2] - 9:19, 9:20 | litigants [1] - 10:20 | Nicholas [1] - 5:6 | points [1] - 8:5 |
| expectations [1] - 10:5 | Honor [11] - 4:11, 5:4, 5:13, 5:15, 6:21, 7:15, 8:7, 9:10, 10:1, 11:11, 11:14 | lived [1] - 10:12 | Nick [1] - 4:12 | policy [1] - 10:6 |
| expressly [1] - 7:25 | | local [3] - 4:15, 4:17, 4:18 | Ninth [1] - 7:22 | position [2] - 9:18, 11:8 |
| | | look [3] - 7:19, 9:23, 10:23 | NO [2] - 1:23, 13:20 | possibility [4] - 6:5, 7:3, 7:4, 7:5 |
| **F** | HONORABLE [1] - 1:3 | looked [1] - 11:1 | nominal [4] - 8:24, 9:4, 9:6, 9:9 | possible [1] - 6:12 |
| fact [4] - 6:16, 7:8, 7:24, 11:6 | HOURIGAN [4] - 1:23, 13:6, 13:19, 13:20 | looking [1] - 5:25 | Northern [1] - 7:24 | potentially [1] - 6:6 |
| facts [1] - 6:25 | | looks [2] - 6:13, 11:2 | NUMBER1 [1] - 2:6 | prepare [2] - 11:23, 11:25 |
| failed [1] - 9:11 | | LOS [4] - 1:15, 1:24, 4:1, 13:3 | NUMBER2 [1] - 2:12 | preserve [1] - 11:19 |
| failing [1] - 6:11 | **I** | | NUMBER3 [1] - 2:18 | press [1] - 8:20 |
| failure [2] - 6:7, 9:1 | implied [1] - 6:6 | **M** | NUMBER4 [1] - 2:24 | presume [1] - 5:11 |
| fairly [1] - 10:23 | inclined [2] - 6:23, 6:24 | MAIL1 [1] - 2:7 | **O** | problem [4] - 4:19, 7:1, 10:15, 11:15 |
| faith [4] - 6:14, 6:18, 6:25, 8:25 | include [1] - 8:13 | MAIL2 [1] - 2:13 | occurred [1] - 9:13 | proceedings [2] - 12:9, 13:11 |
| false [1] - 10:17 | inconsistent [1] - 7:2 | MAIL3 [1] - 2:19 | OF [6] - 1:2, 1:12, 2:1, 13:1, 13:3, 13:4 | proper [1] - 9:19 |
| FEDERAL [1] - 1:23 | indemnify [1] - 8:13 | MAIL4 [1] - 2:25 | Official [1] - 13:6 | properly [1] - 9:11 |
| Federal [2] - 13:6, 13:20 | indemnity [2] - 8:20, 9:14 | March [2] - 1:14, 13:16 | OFFICIAL [2] - 1:23, 13:1 | proposed [2] - 11:24, 11:25 |
| figured [1] - 4:22 | inflame [1] - 11:3 | MARCH [1] - 4:1 | one [3] - 5:18, 7:9, 11:13 | provided [2] - 9:12, 10:7 |
| final [1] - 11:22 | inquire [1] - 6:11 | marginal [1] - 11:7 | oOo [1] - 4:3 | punitive [1] - 11:18 |
| fine [1] - 11:20 | Insurance [1] - 4:8 | Marine [5] - 4:8, 4:12, 5:16, 6:4, 6:15 | opportunity [1] - 9:17 | pursuant [1] - 13:9 |
| FIRM1 [1] - 2:3 | insurance [2] - 7:24, 8:21 | marketing [1] - 10:11 | opposite [1] - 4:20 | pursue [1] - 8:14 |
| FIRM2 [1] - 2:9 | insured [1] - 8:2 | materiality [1] - 11:4 | order [2] - 11:24, 11:25 | put [4] - 7:12, 7:18, 9:15, 11:2 |
| FIRM3 [1] - 2:15 | investigate [1] - 9:1 | matter [2] - 4:7, 13:12 | over?we [1] - 7:12 | |
| FIRM4 [1] - 2:21 | issue [2] - 7:18, 11:19 | mean [2] - 5:24, 11:9 | | **R** |
| FIRST [1] - 1:24 | issued [1] - 5:11 | might [3] - 6:12, 7:4, 9:16 | **P** | rah [2] - 11:2, 11:3 |
| first [1] - 4:10 | issues [2] - 7:16, 10:2 | Monday [1] - 1:14 | page [5] - 5:21, 5:24, 5:25, 6:4, 13:12 | raise [1] - 7:20 |
| FOR [4] - 2:3, 2:9, 2:15, 2:21 | | MONDAY [1] - 4:1 | Page [1] - 5:23 | raises [1] - 7:7 |
| foreclose [1] - 8:14 | | morning [1] - 4:11 | paid [1] - 8:21 | Rasmussen [2] - 4:12, 7:11 |
| foregoing [1] - 13:10 | **J** | most [1] - 10:4 | Paragraph [4] - 5:20, 6:9, 6:17, 7:7 | RASMUSSEN [4] - 9:10, 10:1, 10:22, 11:11 |
| format [1] - 13:12 | James [2] - 4:11, 5:15 | Motion [1] - 1:13 | particularly [1] - 10:25 | |
| forward [1] - 11:19 | JUDGE [1] - 1:3 | motion [6] - 5:19, 7:12, 7:21, 10:2, 10:15, 11:13 | | |
| four [1] - 10:17 | Judges [1] - 10:20 | motions [1] - 5:8 | | |
| fully [1] - 9:11 | judgment [1] - 8:21 | | | |
| **G** | | | | |
| General [1] - 4:8 | | | | |

| | | | |
|---|---|---|---|
| **really** [1] - 10:19<br>**Realtime** [1] - 13:6<br>**reasons** [2] - 5:18, 12:3<br>**recite** [1] - 12:1<br>**reference** [2] - 8:3, 11:15<br>**referring** [3] - 5:21, 6:1, 6:3<br>**refers** [1] - 5:20<br>**regulations** [1] - 13:13<br>**release** [1] - 6:7<br>**relevance** [1] - 11:7<br>**relevant** [1] - 11:18<br>**repeat** [1] - 9:3<br>**reported** [1] - 13:11<br>**REPORTER** [2] - 1:23, 13:1<br>**Reporter** [2] - 13:7, 13:20<br>**REPORTER'S** [1] - 1:12<br>**representation** [1] - 8:1<br>**require** [1] - 6:9<br>**resolved** [1] - 4:21<br>**respect** [5] - 6:22, 7:17, 7:21, 8:5, 8:10<br>**respond** [1] - 6:19<br>**response** [1] - 8:18<br>**ROBINSON** [10] - 5:4, 5:13, 6:21, 7:14, 7:20, 8:24, 9:4, 9:8, 9:20, 11:13<br>**Robinson** [1] - 5:4<br>**ROOM** [1] - 1:24<br>**row** [2] - 9:19, 9:20<br>**RPR** [1] - 13:20<br>**rule** [2] - 7:25, 8:3<br>**ruling** [2] - 5:18, 5:24<br><br>**S**<br><br>**Section** [1] - 13:9<br>**section** [1] - 6:2<br>**see** [6] - 6:17, 7:5, 8:19, 8:22, 9:15, 9:24<br>**seem** [1] - 11:5<br>**side** [3] - 4:20, 7:9, 11:21<br>**sides** [1] - 5:12<br>**simply** [1] - 10:4<br>**sometimes** [1] - 4:20<br>**sorry** [1] - 9:2<br>**sort** [2] - 10:11, 11:6<br>**squarest** [1] - 8:2<br>**stand** [3] - 6:24, 11:9<br>**stand-alone** [1] - 6:24 | **standard** [1] - 11:5<br>**stands** [1] - 10:6<br>**starting** [1] - 4:9<br>**state** [1] - 6:6<br>**STATE** [1] - 13:4<br>**STATE1** [1] - 2:6<br>**STATE2** [1] - 2:12<br>**STATE3** [1] - 2:18<br>**STATE4** [1] - 2:24<br>**statement** [1] - 5:9<br>**statements** [1] - 10:12<br>**States** [3] - 13:7, 13:9, 13:14<br>**states** [1] - 6:4<br>**STATES** [1] - 1:1<br>**Status** [2] - 1:13<br>**stenographically** [1] - 13:11<br>**still** [1] - 8:8<br>**stop** [1] - 8:17<br>**STREET** [1] - 1:24<br>**strike** [5] - 5:10, 7:12, 10:2, 10:16, 11:14<br>**striking** [1] - 11:15<br>**stuff** [1] - 11:2<br>**sufficient** [1] - 12:4<br>**suggests** [1] - 8:9<br>**support** [4] - 6:12, 6:18, 6:25, 8:25<br>**switch** [1] - 5:1<br><br>**T**<br><br>**Taylor** [1] - 5:4<br>**tentative** [13] - 5:11, 5:17, 5:20, 6:22, 7:8, 7:14, 8:9, 8:16, 11:9, 11:22, 12:1, 12:2, 12:3<br>**terminology** [1] - 9:19<br>**TERRI** [4] - 1:23, 13:6, 13:19, 13:20<br>**THE** [29] - 2:3, 2:9, 2:15, 2:21, 4:7, 4:13, 4:17, 4:19, 4:24, 5:5, 5:8, 5:14, 5:21, 5:25, 6:19, 7:3, 7:8, 7:13, 7:18, 8:17, 9:3, 9:15, 9:21, 10:15, 11:6, 11:12, 11:20, 12:2, 12:6<br>**theatre** [1] - 10:13<br>**theory** [2] - 8:10, 8:15<br>**thoughts** [1] - 7:10<br>**ticket** [1] - 10:14<br>**Title** [1] - 13:9 | **today's** [1] - 11:23<br>**together** [1] - 4:20<br>**top** [1] - 6:3<br>**TRANSCRIPT** [1] - 1:12<br>**transcript** [2] - 13:10, 13:12<br>**Travelers** [1] - 5:6<br>**true** [1] - 13:10<br>**twice** [1] - 7:16<br>**types** [1] - 9:22<br><br>**U**<br><br>**U.S** [1] - 1:3<br>**unclear** [1] - 7:22<br>**under** [2] - 9:8, 11:4<br>**understood** [1] - 4:22<br>**undertake** [1] - 8:1<br>**UNITED** [1] - 1:1<br>**United** [3] - 13:7, 13:9, 13:14<br>**up** [1] - 10:12<br>**uses** [1] - 9:22<br><br>**V**<br><br>**versus** [2] - 4:8<br>**viable** [1] - 6:7<br>**vs** [1] - 1:7<br><br>**W**<br><br>**WAGONER** [14] - 4:11, 4:16, 4:18, 4:22, 5:15, 5:23, 6:3, 7:6, 7:11, 8:19, 9:2, 9:6, 11:25, 12:5<br>**Wagoner** [2] - 4:12, 5:15<br>**Wagoner's** [1] - 7:2<br>**Washington** [2] - 7:23, 7:25<br>**WEST** [1] - 1:24<br>**Westlaw** [1] - 8:4<br>**words** [1] - 10:17<br>**worth** [2] - 11:16, 11:18<br>**WU** [1] - 1:3<br><br>**X**<br><br>**XYZ** [1] - 1:13<br><br>**Y**<br><br>**York** [5] - 4:8, 4:12, 5:16, 6:4, 6:15 | **Z**<br><br>**ZIP1** [1] - 2:6<br>**ZIP2** [1] - 2:12<br>**ZIP3** [1] - 2:18<br>**ZIP4** [1] - 2:24 |

**UNITED STATES DISTRICT COURT**