Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Kayla Robinson (SBN 322061)
KRobinson@PasichLLP.com
Owen Monkemeier (SBN 336476)
OMonkemeier@PasichLLP.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Defendant
and Counter-Claimant

PASICH LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br>Plaintiff,<br>vs.<br>AMBER HEARD,<br>Defendant. | Case No. 2:22-cv-4685-GW (PDx)<br><br>Hon. George H. Wu,<br>Courtroom 9D<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: July 13, 2023<br>Time: 8:30 a.m.<br>Dept.: 9D<br><br>Complaint Filed July 8, 2022 |
| AND RELATED COUNTERCLAIM | |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 5

II. STATEMENT OF FACTS .......... 6

III. LEGAL STANDARD .......... 9

IV. THIS CASE NO LONGER MEETS THE ARTICLE III CASE OR CONTROVERSY REQUIREMENTS .......... 10

V. THIS CASE NO LONGER MEETS THE "ACTUAL CONTROVERSY" REQUIREMENT UNDER THE DECLARATORY JUDGMENT ACT .......... 14

VI. CONCLUSION .......... 15

PASICH LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adarand Constructors, Inc. v. Slater*, 528 U.S. 216 (2000) .......... 13

*Allard v. DeLorean*, 884 F.2d 464 (9th Cir. 1989) .......... 10

*American Cas. Co. v. Krieger*, 181 F.3d 1113 (9th Cir. 1999) .......... 10

*American Int'l Spec. Lines Ins. Co. v. Pacifica Amber Trail, LP*, 2013 WL 3205345 (S.D. Cal. June 24, 2013) .......... 12, 13, 14

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) .......... 9

*Attorneys Trust v. Videotape Comput. Prods., Inc.*, 93 F.3d 593 (9th Cir. 1996) .......... 9

*Calderon v. Ashmus*, 523 U.S. 740 (1998) .......... 9

*City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000) .......... 9, 10

*Corrie v. Caterpillar, Inc.*, 503 F.3d 974 (9th Cir. 2007) .......... 10

*Government Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir.1998) (en banc) .......... 14

*Green v. United States*, 630 F.3d 1245 (9th Cir. 2011) .......... 10

*Korvettes, Inc. v. Brous*, 617 F.2d 1021 (3d Cir. 1980) .......... 15

*Liner v. Jafco, Inc.*, 375 U.S. 301 (1964) .......... 12



PASICH LLP

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ........ 14

*Northwest Env't Def. Ctr. v. Gordon*, 849 F.2d 1241 (9th Cir. 1988) ........ 11

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ........ 10

*Selective Ins. Co. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731 (N.D. Ill. 2011) ........ 13

*State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103 (E.D. Pa. 1982) ........ 12, 15

*Travelers Prop. Cas. Co. v. Centex Homes*, 2015 WL 966205 (E.D. Cal. Mar. 4, 2015) ........ 13

*Unigard Ins. Co. v. Cont'l Warehouse*, 2001 WL 432396 (N.D. Cal. Apr. 26, 2001) ........ 12, 14

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) ........ 10

*Williams v. Alioto*, 549 F.2d 136 (9th Cir. 1974), *cert. denied*, 450 U.S. 1012 (1980) ........ 12

*Wood v. City of San Diego*, 678 F.3d 1075 (9th Cir. 2012) ........ 9

**Statutes**

28 United States Code § 2201 ........ 14

**Other Authorities**

Federal Rules of Civil Procedure 12 ........ 9

United States Constitution Article III, § 2, cl. 1 ........ 9

PASICH LLP

PASICH LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a declaratory relief action brought by plaintiff New York Marine and General Insurance Company against its insured, defendant Amber Heard. New York Marine filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it did not owe any defense or indemnity obligations to Ms. Heard under its policy for the lawsuit filed against her by John C. Depp II in March 2019. The *Depp* lawsuit was resolved by a confidential settlement in December 2022. There is thus no longer any action to defend. Ms. Heard subsequently filed a counterclaim here alleging breach of contract and breach of the covenant of good faith and fair dealing.

On March 17, 2023, this Court granted New York Marine's motion to dismiss Ms. Heard's counterclaim, resolving the parties' dispute as to New York Marine's defense obligations under the policy. Since then, Ms. Heard has represented to New York Marine that she will not exercise her right (per the Court's dismissal order) to amend her counterclaim to revive her bad faith claim and has withdrawn her claim for indemnity against New York Marine for the settlement of the *Depp* lawsuit. Thus, there is nothing left in dispute between Ms. Heard and New York Marine to resolve, meaning there is no longer an actual controversy between the parties—a jurisdictional requirement under Article III and a statutory requirement for relief under the Declaratory Judgment Act. Yet, for some reason, New York Marine refuses to stipulate to dismissal of its claims. Those claims indisputably are no longer at issue:

- First Cause of Action—Declaratory Relief As To Plaintiff's Duty to Indemnify Heard For The Judgment Order Under The Policy: The *Depp* lawsuit was resolved by settlement in

December 2020. Ms. Heard is not pursuing an indemnity claim and has so stated, and the *Depp* settlement has been paid by another insurer.

- Second Cause of Action—Declaratory Relief As To Plaintiff's Duty To Indemnify Heard For Any Judgment In The Underlying Action: Same as above—Ms. Heard is not pursuing an indemnity claim and has so stated, and the *Depp* settlement has been paid by another insurer.
- Third Cause of Action—Declaratory Relief As To Plaintiff's Duty To Defend Heard In The Underlying Action [sic] The Policy [California Insurance Code § 533]: The *Depp* lawsuit is over, so there is nothing left for New York Marine to defend and no claim that it has an ongoing defense duty.
- Fourth Cause of Action—Declaratory Relief As To Plaintiff's Duty To Defend And Indemnify Heard In The Underlying Action Under The Policy [Conditions]: Same as above—the *Depp* lawsuit is over, so there is nothing left for New York Marine to defend and no claim that it has an ongoing defense duty.

Accordingly, there is no good-faith or rational basis for New York Marine to continue to prosecute its now-moot claims. Therefore, the Court should dismiss New York Marine's Complaint for lack of jurisdiction and enter final judgment in this action.

## II. **STATEMENT OF FACTS**

New York Marine issued insurance policy no. GL201800012500 to named insureds Under the Black Sky, Inc. and Amber Heard for the period July 18, 2018, to July 19, 2019. ECF No. 5-1 at 3, 5. On March 1, 2019, Mr. Depp filed the underlying lawsuit against Ms. Heard in the



PASICH LLP

Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911. ECF No. 5 at 3. On or about September 4, 2019, Ms. Heard tendered the *Depp* lawsuit to New York Marine. *Id.* at 3–4.

On July 11, 2022, New York Marine filed its operative First Amended Complaint in this action, alleging four causes of action and seeking a declaration that it did not owe defense or indemnity obligations to Ms. Heard for the *Depp* lawsuit. *Id.* at 7–11. New York Marine alleged an "actual and present controversy" between the parties, and that therefore this Court has the authority to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.* at 2, 7–11.

The *Depp* lawsuit was resolved by confidential settlement in December 2022; New York Marine did not contribute. New York Marine knew of the settlement by December 21, 2022, and Ms. Heard amended her First Amended and Supplemental Answer and First Amended Counterclaim to account for the settlement on January 13, 2023. Robinson Decl. ¶ 3. Ms. Heard's First Amended and Supplemental Answer and First Amended Counterclaim alleged two causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. ECF No. 36 at 10–14. Ms. Heard alleged that New York Marine refused to provide the independent counsel to which Ms. Heard was entitled, and wrongfully asserted that Ms. Heard was not entitled to indemnity for any amount she was legally obligated to pay in any judgment or settlement of the *Depp* lawsuit. *Id.*

On February 10, 2023, New York Marine moved to dismiss Ms. Heard's First Amended Counterclaim. ECF No. 42. On March 17, 2023, this Court issued an order granting New York Marine's motion to dismiss (the "Dismissal Order"), concluding that New York Marine did



PASICH LLP

not have a duty to provide Ms. Heard with independent counsel and, therefore, dismissing with prejudice Ms. Heard's first cause of action for breach of contract. ECF No. 45 (Tentative Ruling) at 5–10; ECF No. 51 (Order Adopting Tentative Ruling). In its Dismissal Order, the Court also granted New York Marine's request for dismissal of Ms. Heard's second cause of action for breach of the covenant of good faith and fair dealing—with leave to amend. ECF No. 45 at 14. However, Ms. Heard represented to New York Marine, including during the parties' meet and confer on May 11, 2023, that she will not further amend her counterclaim. Robinson Decl. ¶¶ 7–8, 10–11. Thus, pursuant to the Dismissal Order, Ms. Heard's counterclaims are dismissed.

As to New York Marine's claims, the *Depp* lawsuit was resolved by a settlement, ending any controversy regarding New York Marine's duty to defend "on an ongoing basis." *Id.* ¶ 3. During the parties' meet and confer on May 11, 2023, Ms. Heard also represented to New York Marine that Ms. Heard will not pursue her claims for indemnity for the settlement of the *Depp* lawsuit. *Id.* ¶ 10. Ms. Heard affirmatively and expressly withdrew her claim for indemnity in writing on May 16, 2023. *Id.* ¶ 11. Finally, although New York Marine's Complaint does not address its prior duty to defend, Ms. Heard also represented to New York Marine on May 18, 2023, that she seeks reimbursement of defense costs only for her independent counsel in the *Depp* lawsuit. *Id.* ¶ 12. Because the Court held in its Dismissal Order that New York Marine did not have an obligation to provide independent counsel to Ms. Heard, there is likewise no dispute between the parties as to New York Marine's prior defense obligations.

Thus, since New York Marine filed its operative First Amended Complaint, ensuing events (the settlement of the *Depp* lawsuit, the



PASICH LLP

Dismissal Order, and Ms. Heard's withdrawal of her claim for indemnity) have rendered New York Marine's claims moot. Despite this, New York Marine has refused to agree to dismiss this action or its claims against Ms. Heard. *Id.* ¶¶ 10-11, 14. Accordingly, Ms. Heard now moves for dismissal.

## III. LEGAL STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Lack of subject matter jurisdiction is proper grounds for a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(1).[1] Indeed, the Court *must* dismiss the action if, at any time, the Court determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Attorneys Trust v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996). Federal courts have no authority to give opinions on moot questions—jurisdiction under Article III of the Constitution is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 45 (1997). Otherwise, the court would be issuing a declaratory judgment for a dispute that may or may not arise—an advisory opinion prohibited under Article III. *See, e.g.*, *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (courts may not issue advisory opinions); *Calderon v. Ashmus*, 523 U.S. 740, 746–47 (1998)

[1] "[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3), which provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012). Because Ms. Heard has already filed her responsive pleading, this motion is filed pursuant to Rule 12(c). But the basis for dismissal of New York Marine's Complaint is the same as under Rule 12(b)(1) for lack of subject matter jurisdiction.



PASICH LLP

PASICH LLP

(court was without jurisdiction to issue declaratory judgment on an abstract question of law that may arise if plaintiff pursued a habeas petition). Thus, if a case "has lost its character as a present live controversy," it is moot and must be dismissed for lack of jurisdiction. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989).

The Court should evaluate a motion to dismiss a declaratory relief action under the circumstances existing at the time the issue is raised rather than at the time the action was filed. *American Cas. Co. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). In reviewing a "factual" jurisdictional challenge disputing the truth of the alleged jurisdictional facts (like Ms. Heard asserts here), the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "On a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion." *Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) (citing *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007)). Unlike a facial attack on jurisdiction, "[t]he court need not presume the truthfulness of [New York Marine]'s allegations." *Safe Air,* 373 F.3d at 1039 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

## IV. <u>THIS CASE NO LONGER MEETS THE ARTICLE III CASE OR CONTROVERSY REQUIREMENTS</u>

When this action was filed, the parties disputed whether New York Marine was obligated to provide a defense and indemnity to Ms. Heard in the ongoing *Depp* lawsuit. New York Marine, however, no longer has a legally cognizable interest in the relief it seeks. *Pap's*, 529 U.S. at 277

(“[A] case is moot when the issues presented are no longer ‘live’ or the parties lack a legally cognizable interest in the outcome.”). Indeed, due to ensuing events, the declaratory relief sought by New York Marine would, at best, be purely advisory. *See Northwest Env’t Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244–45 (9th Cir. 1988) (“in deciding a mootness issue, . . . [t]he question is whether there can be *any* effective relief” (quotations omitted)).

First, New York Marine seeks a declaration that it has no “ongoing” duty to defend Ms. Heard in the *Depp* lawsuit. 5-1 at 9–11. But the settlement of the *Depp* lawsuit five months ago ended any controversy related to New York Marine’s “ongoing” duty to defend Ms. Heard. Robinson Decl. ¶ 3. Moreover, even if New York Marine were to seek leave to amend its Complaint to address its prior duty to defend (something it should not be permitted to do, given that the amendment deadline has long since passed), the Court’s Dismissal Order has already resolved the basis for the dispute between the parties—whether New York Marine had a duty to provide independent counsel to Ms. Heard. ECF No. 46 at 10–11; Robinson Decl. ¶ 5, 12. There is no additional relief the Court can grant to New York Marine that would affect New York Marine’s legally cognizable interest as to its duty to defend.

Second, New York Marine seeks a declaration that it has no duty to indemnify Ms. Heard for any liability in the *Depp* lawsuit. But Ms. Heard has affirmatively and expressly withdrawn her request for indemnity. Robinson Decl. ¶ 11. Ms. Heard’s original request for indemnity at the time she tendered the *Depp* lawsuit in September 2019 simply is no longer at issue. Absent that request, New York Marine does not have any obligation to provide indemnity for the settlement in the *Depp* lawsuit. Absent liability, no live case or controversy remains.



PASICH LLP

In fact, federal courts routinely dismiss an insurer's declaratory relief action as moot once the insured has withdrawn its claim, even if the insured has not released its claims and may (hypothetically) reassert its claims against the insurer in the future. For example, in *Unigard Insurance Co. v. Continental Warehouse*, 2001 WL 432396 (N.D. Cal. Apr. 26, 2001), the insured "withdr[ew] its claim without prejudice to its right to retender the claim in the future," but refused to execute a release relieving the insurer of any obligations to defend or indemnify the underlying claim. *Id.* at * 1. The district court rejected the insurer's argument that there was still a case or controversy, because "there is no certainty that [the insured] will ever resubmit its claim." *Id.* at *2. The court found the case was "both unripe and moot" and dismissed without prejudice, allowing that if the insured reasserted its claim under the policy, the insurer could re-file the action. *Id.* at *3. The same is true here and, as in *Unigard*, the case should be dismissed.

Likewise, in *State Farm Mutual Automobile Insurance Co. v. Ormston*, 550 F. Supp. 103 (E.D. Pa. 1982), the insured withdrew his claim for policy benefits without prejudice to the right to assert a claim at some later time. *Id.* at 104–105. The court dismissed the insurer's declaratory relief action for lack of jurisdiction, finding the case to be moot. *Id.* at 105 (relying on *Liner v. Jafco, Inc.*, 375 U.S. 301 (1964), and *Williams v. Alioto*, 549 F.2d 136, 140 (9th Cir. 1974), *cert. denied*, 450 U.S. 1012 (1980)). In *American International Specialty Lines Insurance Co. v. Pacifica Amber Trail, LP*, 2013 WL 3205345 (S.D. Cal. June 24, 2013), the insured also withdrew its tender of the underlying lawsuit after it settled but did not formally release any claim under the policy. Nevertheless, the court dismissed the action for lack of jurisdiction because there was no longer a case or controversy giving the court



PASICH LLP

jurisdiction under the Declaratory Judgment Act and Article III of the Constitution. *Id.* at *3.[2]

Significantly, both *Ormston* and *Pacifica* specifically addressed the "voluntary cessation doctrine" in the specific context of a withdrawn claim for insurance coverage. Generally, "the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again *lies with the party asserting mootness*." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (quotations and brackets omitted). Both *Ormston* and *Pacifica*, however, recognized the following distinction:

> The court distinguished the case from those in which the defendants voluntarily ceased activities that they could later resume on the basis that the activity at issue in *Ormstrom* (sic) was legal, whereas the activities that defendants voluntarily ceased in the other cases were "wrong[s]" or "illegal conduct."

*Pacifica*, 2013 WL 3205345, at *2 (discussing *Ormston*).

Following *Ormston*, the *Pacifica* court likewise concluded that there was no case or controversy because "the bottom line is that [the insured] is not pursuing insurance coverage now." *Id.* at *3. *Pacifica* acknowledged that, because the insured had not released its claims, it

---

[2] *See also Travelers Prop. Cas. Co. v. Centex Homes*, 2015 WL 966205, at *3 (E.D. Cal. Mar. 4, 2015) (stating that *Ormston*, *Unigard*, and *Pacifica* "uniformly stand for the proposition that there is no case or controversy . . . where an insured is 'not, at the time, seeking any contribution or coverage from the insurer'") (citing *Pacifica*, 2013 WL 3205345, at *2); *Selective Ins. Co. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 735 (N.D. Ill. 2011) (no "actual controversy" under Declaratory Judgment Act after insured withdrew its claim for coverage).

could hypothetically re-tender a claim in the future for coverage for the settlement in the underlying action and refile the lawsuit in a more favorable forum, as the insurer feared. *Id.* Nevertheless, "[a]s things stand, the issue of whether the Policy entitles [the insured] to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction." *Id.*

Here, as in *Ormston* and *Pacifica*, Ms. Heard has voluntarily withdrawn her claim for indemnity for the settlement in the *Depp* lawsuit. Although a request for indemnity has legal consequence, it certainly does not constitute wrongful or illegal conduct. Therefore, the heavy burden that a defendant generally must meet is inapplicable here. Indeed, Ms. Heard's withdrawal "does not allow [her] to avoid legal process altogether"—if Ms. Heard and New York Marine have opposing views on coverage under the policy at some point in the future, it will ultimately be resolved through the legal process. *See Pacifica*, 2013 WL 3205345, at *3. There is now only an "abstract legal question," not an actual controversy over which this Court has jurisdiction.

## V. <u>THIS CASE NO LONGER MEETS THE "ACTUAL CONTROVERSY" REQUIREMENT UNDER THE DECLARATORY JUDGMENT ACT</u>

"A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III of the United States Constitution, and must also fulfill statutory jurisdictional prerequisites." *Unigard*, 2001 WL 432396 at *2 (citing *Government Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir.1998) (en banc)). In addition, the Declaratory Judgment Act requires that there be "a case of actual controversy." 28 U.S.C. § 2201(a); *MedImmune, Inc. v.*



PASICH LLP

*Genentech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that "the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III"). In other words, if a case is moot under Article III, then "no relief can be given under the Declaratory Judgments Act." *Ormston*, 550 F. Supp. at 106 (citing *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1023 (3d Cir. 1980)).

Simply put, this case is moot under Article III. The Declaratory Judgment Act provides no separate basis for jurisdiction. Indeed, the Court's statutory authority under the Declaratory Judgment Act is predicated on the existence of an "actual controversy" that is justiciable under Article III. Because there is no longer any live dispute in this action, the Court has no authority to grant declaratory relief under 28 U.S.C. § 2201(a).

## VI. **CONCLUSION**

For the reasons set forth above, the Court should dismiss this action for lack of subject matter jurisdiction.

DATED: June 5, 2023

PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant



PASICH LLP

PASICH LLP

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant and Counter-Claimant Amber Heard, certifies that this brief contains 3,770 words, which complies with the word limit of L.R. 11-6.1, excluding the parts of the document exempted by L.R. 11-6.1.

DATED: June 5, 2023

PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant