McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A. Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for Plaintiff and Counter-
Defendant New York Marine and General
Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBER HEARD, an individual,<br><br>Defendant. | Case No. 2:22-cv-04685-GW(PDx)<br><br>Consolidated for Pre-Trial Purposes with 2:21-cv-5832-GW (PDx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT AMBER HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**and** |
| AMBER HEARD, an individual,<br><br>Counter-Claimant<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York Corporation,<br><br>Counter-Defendant | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    July 27, 2023<br>Time:    8:30 a.m<br>Dept.:    9D<br><br>Hon. George H. Wu |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION .................................................................................................1

II.    NY MARINE'S IS ENTITLED TO A DECLARATORY JUDGMENT
       REGARDING ITS DUTIES TO DEFEND AND INDEMNIFY....................2

    A.   The Settlement Of The *Depp v. Heard* Action Does Not Moot The
            Dispute Regarding NY Marine's Duties And Obligations....................2

        1.   The Issue Of Whether NY Marine Has An Obligation To
                 Indemnify Is Not Moot ................................................................2

        2.   The Issue Of Whether NY Marine Was Obligated To
                 Defend Heard Is Not Moot ...........................................................3

    B.   NY Marine's Third Cause Of Action Seeking A Declaratory
            Determination That It Had No Duty To Defend Heard In The *Depp
            v. Heard* Action Pursuant To California Insurance Code §533 Is
            Not Moot And Should Be Determined In NY Marine's Favor As
            A Matter Of Law ....................................................................................5

        1.   Because The NY Marine Policy Was Issued To Heard In
                 California, Insurance Code §533 Applies ....................................5

        2.   The Claims In The *Depp v. Heard* Action Alleged Liability
                 Solely For Willful Acts For Which Insurance Coverage Is
                 Prohibited Under Insurance Code §533 ......................................6

            a.   A "Willful" Act For Purposes Of Insurance Code
                      §533 Is One Committed With An Intent To Injury...........6

            b.   Proof Of Defamation By Implication Under Virginia
                      Law Requires Proof Of An Intent To Injure .....................8

        3.   Insurance Code §533 Applies To Preclude NY Marine's
                 Duty To Defend Heard In The *Depp v. Heard* action ...............11

            a.   Insurance Code §533 Precludes A Duty To Defend
                      Where The Action Against The Insured Only Alleges
                      Willful Acts ......................................................................11

            b.   Since Heard Could Only Be Liable In *Depp v. Heard*
                      For "Willful" Acts, She Had No Reasonable
                      Expectation Of A Defense.................................................14

    C.   NY Marine's Fourth Cause Of Action For Declaratory Relief
            Based On Heard's Lack Of Cooperation Is Not Moot, But Should
            Be Determined In NY Marine's Favor As A Matter Of Law..............16

III.   CONCLUSION ...............................................................................................21

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aetna Cas. & Sur. Co. v. Sheft*,
   989 F.2d 1105 (9th Cir. 1993) ................................................................... 7, 13

*Aetna Cas. & Sur. Co. v. Superior Ct.*,
   19 Cal.App.4th 320 (1993) ............................................................................ 13

*Allstate Ins. Co. v. LaPore*,
   762 F.Supp. 268 (N.D.Cal. 1991) ................................................................. 15

*Ameron Int'l Corp. v. Am. Home Assur. Co.*,
   2011 WL 2261195 (C.D.Cal. June 6, 2011) .................................................. 5

*Arch Specialty Ins. Co. v. Beacon Healthcare Servs., Inc.*,
   2023 WL 2347396 (C.D.Cal. 2023) .............................................................. 20

*Atlas Assurance Co. v. McCombs Corp.*,
   146 Cal.App.3d 135 (1983) ............................................................................. 5

*Axis Reinsurance Co. v. Telekenex, Inc.*,
   913 F.Supp.2d 793 (N.D. Cal. 2012) ............................................................. 6

*B & E Convalescent Ctr. v. State Comp. Ins. Fund*,
   8 Cal.App.4th 78 (1992) ...................................................................... 7, 12, 13

*Beck v. Downey*
   198 F.2d 626 (9th Cir. 1952) .......................................................................... 6

*Budget Rent-A-Car, Inc. v. Higashiguchi*
   109 F.3d 1471 (9th Cir. 1997) ........................................................................ 4

*California Amplifier, Inc. v. RLI Ins. Co.*,
   94 Cal.App.4th 102 (2001) ............................................................................ 13

*California Shoppers, Inc. v. Royal Globe Ins. Co.*,
   175 Cal.App.3d 1 (1985) ................................................................................. 7

*Certain U'Writers at Lloyd's London v. ConAgra Grocery Prods. Co.*,
   77 Cal.App.5th 729 (2022) .............................................................................. 7

*Chapin v. Knight–Ridder*,
   993 F.2d 1087 (4th Cir.1993) ......................................................................... 9

*Clemmer v. Hartford Ins. Co.*,
   22 Cal.3d 865 (1978) ....................................................................................... 6

<u>**TABLE OF AUTHORITIES**</u>
(Continued)

<u>**Page**</u>

*Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.,*
  14 Cal.App.4th 1595 (1993)..................................................................13

*Dodds v. American Broadcasting Co., Inc.,*
  145 F.3d 1053 (9th Cir. 1998)..........................................................9, 11

*Downey Venture v. LMI Ins. Co.,*
  66 Cal.App.4th 478 (1998)...............................................................7, 14

*Edwards v. Schwartz,*
  378 F.Supp.3d 468 (W.D.Va. 2019) ....................................................9

*Eramo v. Rolling Stone LLC,*
  2016 WL 6462187 (W.D.Va. 2016)......................................................9

*Fairfax v. CBS Broadcasting, Inc.,*
  534 F.Supp.3d 581 (E.D.Va. 2020).......................................................8

*Federal Ins. Co. v. MBL, Inc.,*
  219 Cal.App.4th 29 (2013)............................................................17, 19

*Fire Ins. Exch. v. Altieri,*
  235 Cal.App.3d 1352 (1991 ................................................................7

*Frontier Oil Corp. v. RLI Ins. Co.,*
  153 Cal.App.4th 1436 (2007)...............................................................5

*Great Am. Ins. Co. v. Quintana Homeowners Ass'n,*
  291 F.Supp.3d 1003 (N.D.Cal. 2018) ...................................................4

*Handenberg v. Goldberg,*
  297 Va. 660 (2019)..............................................................................9

*Interinsurance Exch. v. Flores,*
  45 Cal.App.4th 661 (1996)...........................................................7, 13

*Jackson v. Liberty Uni.,*
  2017 WL 3326972 (W.D.Va. 2017)......................................................9

*Jacobs v. Fire Ins. Exch.,*
  36 Cal.App.4th 1258 (1995).................................................................7

*Jaffe v. Cranford Ins. Co.,*
  168 Cal.App.3d 930 (1985)................................................................15

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

<u>**TABLE OF AUTHORITIES**</u>
(Continued)

<u>Page</u>

*Johnson v. Columbia Broadcasting System, Inc.,*
    10 F.Supp.2d 1071 (D. Minn. 1998) ........................................................ 10, 11

*Lyons v. Fire Ins. Exchange,*
    161 Cal.App.4th 880 (2008) ........................................................................ 16

*Michaelian v. State Comp. Ins. Fund*,
    50 Cal.App.4th 1093 (1996) ........................................................................ 13

*Midiman v. Farmers Ins. Exch.,*
    90 Cal.Rptr.2d 85 (Cal.Ct.App. Dec. 3, 1999) ........................................... 17

*Montrose Chem. Corp. v. Superior Ct.,*
    6 Cal.4th 287 (1993) ................................................................................... 15

*Morris v. Atlas Assurance Co.,*
    158 Cal.App.3d 8 (1984) ............................................................................. 15

*Mount Vernon Fire Ins. Co. v. VisionAid, Inc.,*
    91 F.Supp.3d 66 (D.Mass. 2015) ............................................................... 18

*N. Am. Specialty Ins. Grp. v. Am. Int'l Grp., Inc.,*
    2009 WL 10671492 (C.D.Cal. 2009) .......................................................... 15

*Newton v. National Broadcasting Co.,*
    930 F.2d 662 (9th Cir. 1990) ........................................................................ 9

*Northern Cty. Mut. Ins. Co. v. Davalos,*
    140 S.W.3d 685 (Tex. 2004) ....................................................................... 18

*Nunes v. Lizza,*
    476 F.Supp.3d 824 (N.D. Iowa 2020) ........................................................... 9

*Office Depot, Inc. v. AIG Specialty Insurance Co.,*
    2017 WL 11649485 (C.D. Cal. Jan. 4, 2017) ............................................. 13

*OneBeacon Am. Ins. Co. v. Celanese Corp.,*
    84 N.E.3d 867 (Mass.App. 2017) ................................................................ 17

*Owen v. Liberty Uni.,*
    2020 WL 1856798 (W.D.Va. 2020) ............................................................... 9

*Park Townsend, LLC v. Clarendon Am. Ins. Co.,*
    916 F.Supp.2d 1045 (N.D.Cal. 2013) ........................................................ 18

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iv

1
2

## TABLE OF AUTHORITIES
### (Continued)

**Page**

3

*Pendleton v. Newsome*,
   290 Va. 162 (2015).................................................................................8, 9

4

5

*Reagen's Vacuum Truck Serv., Inc. v. Beaver Ins. Co.*,
   1 Cal.App.4th 375 (1994)............................................................................13

6

7

*Republic Indemnity Co. v. Superior Court*,
   224 Cal.App.3d 492 (1990)........................................................................12

8

*Reynolds v. Maramorosch*,
   208 Misc. 626, 144 N.Y.S.2d 900 (Sup.Ct. N.Y. 1955) .............................17

9

10

*Roussos v. Allstate Ins. Co.*,
   104 Md.App. 80 (Ct.Spec.App.Md. 1995)..................................................18

11

*Ryan v. Rosenfeld*,
   3 Cal. 5th 124 (2017)....................................................................................6

12

13

*Sargent v. Johnson*,
   51 F.2d 221 (8th Cir. 1977).........................................................................17

14

*Scottsdale Ins. Co. v. MV Transportation*,
   36 Cal.4th 643 (2005)..................................................................................19

15

16

*Shell Oil Co. v. Winterthur Swiss Ins. Co.*,
   12 Cal.App.4th 715 (1993)............................................................................8

17

18

*St. Paul Fire & Marine Ins. Co. v. Weiner*,
   606 F.2d 864 (9th Cir. 1979).........................................................................3

19

20

*State Farm Fire & Cas. Co. v. Eddy*,
   218 Cal.App.3d 958 (1990)............................................................................7

21

*State Farm Mut. Auto. Ins. Co. v. Goddard*,
   484 P.3d 765 (Colo.Ct.App. 2021)..............................................................18

22

23

*Stellar v. State Farm Gen. Ins. Co.*,
   157 Cal.App.4th 1498 (2007).......................................................................15

24

25

*Tomblin v. WCHS-TV8*,
   434 Fed.Appx. 205 (4th Cir. 2011) .............................................................10

26

27

*Toney v. WCCO Television, Midwest Cable and Satellite, Inc.*,
   85 F.3d 383 (8th Cir. 1996)....................................................................10, 11

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

v

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

1
2

# TABLE OF AUTHORITIES
## (Continued)

**Page**

3
4

*Tradewinds Escrow, Inc. v. Truck Ins. Exch.,*
    97 Cal.App.4th 704 (2002)..................................................................15

5

*Transport Indem. Co. v. Aerojet Gen. Corp.,*
    202 Cal.App.3d 1184 (1988)................................................................7

6
7
8

*Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of South
    Carolina, LP,*
    336 F.Supp.2d 610 (D. S.Ca. 2004) ...................................................17

9

*U.S. Underwriters Ins. Co. v. Weatherization, Inc.,*
    21 F.Supp.2d 318 (S.D.N.Y. 1998) .....................................................4

10
11

*Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.,*
    457 F.3d 1106 (9th Cir. 2006)..............................................................6

12
13

*United Servs. Auto. Assn. v. Martin,*
    120 Cal.App.3d 963 (1981)................................................................20

14

*Venoco, Inc. v. Gulf Underwriters Ins. Co.,*
    175 Cal.App.4th 750 (2009)...............................................................15

15
16

*Vinas v. Chubb Corp.,*
    499 F.Supp.2d 427 (S.D.N.Y. 2007) ..................................................10

17
18

*White v. Fraternal Order of Police,*
    909 F.2d 512 (D.C.Cir. 1990) ............................................................10

19

## STATUTES

20

California Civil Code §1646..................................................................5

21

California Civil Code §2860................................................................17

22

Insurance Code §533 ..............................2, 5, 6, 7, 8, 11, 12, 13, 14, 16

23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

## I.    __INTRODUCTION__

In its First Amended Complaint filed on July 11, 2022, New York Marine and General Insurance Company ("NY Marine") sought and continues to seek declaratory relief determining that it has no duty to either defend or indemnify Defendant and Cross-Complainant Amber Heard ("Heard") in an underlying action filed against her in March 2019 entitled *John C. Depp, II v. Amber Laura Heard*, Circuit Court of Fairfax County, Virginia, Case no. CL-2019-0002911 ("*Depp v. Heard*"). In her First Amended and Supplemental Answer, Heard admits both the contents of the relevant provisions of the NY Marine policy and the existence of actual "disputes" or "controversies" between her and NY Marine with respect to each cause of action in NY Marine's First Amended Complaint. (Amended Answer [ECF-36] at 3:11-4:4, 6:12-120, 7:16-23, 8:15-27, 9:16-10:4.)

In her Judgment on the Pleadings Motion, Heard now inconsistently asserts that all issues are moot even though she continues to both dispute the claims in NY Marine's Amended Complaint and pursue her own Amended Counterclaim for "hundreds of thousands of dollars in defense costs not paid by any insurer." (Amended Answer and Counterclaim [ECF-36] 21:24-25). Her assertion of mootness is based on the resolution of the *Depp v. Heard* action "by confidential settlement in December 2022", combined with (1) the Court's Order of March 13, 2023 dismissing the first cause of action of her Amended Counterclaim without leave to amend, and (2) her decision  to not amend the second cause of action thereof with respect to which she was granted leave to amend. (Heard's Motion [ECF-43] 5:9-10.) However, the settlement of the *Depp v. Heard* action does not moot any of the causes of action set forth in either NY Marine's Amended Complaint or in Heard's Amended Counterclaim as she still continues to allege a right of indemnification and seek recovery of her allegedly unpaid defense costs.

Further, pursuant to NY Marine's cross-motion for Judgment on the Pleadings, NY Marine's third cause of action for declaratory relief as to its duty to defend should

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

be adjudicated in its favor as a matter of law, as the NY Marine policy was issued in and is to be performed in California and the *Depp v. Heard* action only alleged defamation by implication, thereby requiring proof of a defamatory implication designed and intended by Heard for which coverage is precluded by California Insurance Code §533 precluding coverage for "willful" acts.  In addition, NY Marine's fourth cause of action for declaratory relief based on Heard's lack of cooperation should similarly be adjudicated in its favor as a matter of law based on Heard's admitted refusal to "fully accept" NY Marine's appointment of the Cameron McEvoy PLLC firm whom she initially retained to defend her some six months before her September 4, 2019 tender to NY Marine.

## II. NY MARINE'S IS ENTITLED TO A DECLARATORY JUDGMENT REGARDING ITS DUTIES TO DEFEND AND INDEMNIFY

### A. The Settlement Of The *Depp v. Heard* Action Does Not Moot The Dispute Regarding NY Marine's Duties And Obligations

#### 1. The Issue Of Whether NY Marine Has An Obligation To Indemnify Is Not Moot

Heard asserts that she "has withdrawn her claim for indemnity against New York Marine for the settlement of the *Depp* lawsuit." (Heard's Memorandum in Support of Motion [ECF-55-1] 5:18-19 and 5:26-6:8). However, as noted above, in her Answer to NY Marine's Amended Complaint alleging the existence of an actual controversy as to NY Marine's duty to indemnify (and despite her express allegation that the *Depp v. Heard* action had been settled), Heard expressly admitted the existence of a "dispute between New York Marine and her regarding New York Marine's duties under the Policy..., that New York Marine contends that it has no duty to indemnify her as to the June 24, 2022 Judgment Order, and that she disputes New York Marine's contentions... contending that New York Marine is obligated to perform all its duties in connection with the *Depp* lawsuit." (Amended Answer [ECF-36] at 6:12-20 and 7:15-23.)  In addition, Heard continues to allege that NY Marine repudiated its duty to indemnify. (*Id.* at 6:28-7:4 and 8:2-6.)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

Since Heard has declined to amend her Counterclaim, in the event her anticipated appeal from the Judgment following this Court's March 17, 2023 Order results in the reversal of the Judgment, she will still be alleging a claim for indemnity. Accordingly, in the absence of a partial release or a waiver of some type personally signed by Heard regarding her presently asserted claim for indemnification, the only reasonable solution is entry of a declaratory judgment in favor of NY Marine. Accordingly, NY Marine requests that the Court enter judgment on the pleadings in its favor as to the first and second causes of action of its Amended Complaint.

### 2.   The Issue Of Whether NY Marine Was Obligated To Defend Heard Is Not Moot

NY Marine filed its First Amended Complaint on July 11, 2022 and the underlying *Depp v. Heard* lawsuit was not resolved until December 2022. (Amended Counterclaim [ECF-36] at 21:15-17.) As noted above, in Heard's Amended Counterclaim, she alleges that because of NY Marine's failure to honor her request to appoint independent counsel, she was left to incur "hundreds of thousands of dollars in defense costs not paid by any insurer." (Amended Answer [ECF-36] 8:24-25.) Therefore, at a minimum, there is an actual case and controversy which is not moot with regard to any duty to defend Heard following her September 4, 2019 tender of the *Depp v. Heard* action to NY Marine and any ongoing duty to defend her until the actual dismissal of the *Depp v. Heard* lawsuit in December of 2022. (Amended Answer [ECF-36] at 8:15-23 and 9:16-26.)

Contrary to the premise of Heard's motion, a settlement and resulting dismissal of an underlying action against an insured does not automatically moot issues or disputes regarding their liability insurer's duties and obligations which existed as of the time of the filing of a declaratory relief action and prior to the underlying action's settlement. In *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979), the Court held that an insurer's declaratory relief claim seeking a determination of whether or not it owed a duty to defend was not "mooted" by the settlement of the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

underlying action or the insureds' settlements with other defending insurers which did not fully reimburse them for incurred defense costs. In so holding, the Court concluded that a "live" controversy remained between parties even though a large portion of claims were resolved because "some claims remain[ed] outstanding." *Id.*; *See also U.S. Underwriters Ins. Co. v. Weatherization, Inc*., 21 F.Supp.2d 318, 322 (S.D.N.Y. 1998) (settlement of underlying tort action did not "moot" declaratory relief claim regarding whether insurer had duty to defend because the fact that an insurer "can have no duty to defend an action that is terminated is irrelevant to whether its duty to undertake that defense existed so as to trigger its liability for defendants' costs of that defense"); *Great Am. Ins. Co. v. Quintana Homeowners Ass'n*, 291 F.Supp.3d 1003, 1009 (N.D.Cal. 2018) (issues of excess carrier's duty to defend raised in its declaratory relief action were not mooted by settlement of underlying action where live disputes remained over whether or not excess carrier's defense obligations were triggered by primary carrier's tender of policy limits during settlement discussions and insured had counterclaimed for breach of contract).

Likewise, there are similarly outstanding controversies here regarding NY Marine's duties from the date on which it filed this action onward through final resolution of the underlying *Depp v. Heard* action. Heard recognized the existence of that dispute when she filed her Amended Answer on January 13, 2023 admitting the existence of an actual controversy as to both NY Marine's Third and Fourth Causes of Action seeking determinations that it owed no duty to defend her. (*See* NYM FAC [ECF-5] at 9:10-17 and 10:10-17; Amended Answer [ECF-36] at 8:15-23, 9:16-26.)

Moreover, NY Marine still faces the claim of Travelers for contribution for amounts which it paid to Heard's independent counsel. (*See* Travelers FAC in Case No. 2:21-cv-05832 [ECF-15] at 9:35-11:17.) The existence of that claim similarly shows the continued existence of an actual controversy. In *Budget Rent-A-Car, Inc. v. Higashiguchi,* 109 F.3d 1471, 1474 (9th Cir. 1997), the court held that an insurer's declaratory relief claim seeking a determination that it had no defense or indemnity

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

obligation was not mooted by the settlement of the underlying action because the insurer "may be subject to actions for indemnity or subrogation based on its policy." *See also Atlas Assurance Co. v. McCombs Corp.*, 146 Cal.App.3d 135, 141 fn.1 (1983) (denying motion to dismiss appeal of judgment on insurer's declaratory relief action contending that it had no duty to defend or indemnify after settlement of underlying action by other defending insurer which had received an assignment of claims from insured and consequently issues regarding other insurer's defense and indemnity obligations remained live disputes).

**B.**     **NY Marine's Third Cause Of Action Seeking A Declaratory Determination That It Had No Duty To Defend Heard In The *Depp v. Heard* Action Pursuant To California Insurance Code §533 Is Not Moot And Should Be Determined In NY Marine's Favor As A Matter Of Law**

    **1.**     **Because The NY Marine Policy Was Issued To Heard In California, Insurance Code §533 Applies**

As to issues of policy interpretation, California Civil Code §1646 provides that "[a] contract is to be interpreted according to the law and usage of the place where it is performed; or, if it does not indicate a place of performance, according to the law and usage of the place that it was made." As the court explained in *Frontier Oil Corp. v. RLI Ins. Co.,* 153 Cal.App.4th 1436, 1450 (2007), "[t]he party's intention as to the place of performance sometimes can be gleaned from the nature of the contract and the surrounding circumstances, even if the contract does not expressly specify a place of performance." In cases where policies contain state-specific endorsements, courts have "gleaned" the intended place of performance from a policy's state-specific endorsements. *Ameron Int'l Corp. v. Am. Home Assur. Co.,* 2011 WL 2261195 at *4 (C.D.Cal. June 6, 2011); *Global Décor, Inc. v. Cincinnati Ins. Co.,* 2011 WL 2437236 at 3 (C.D.Cal. June 26, 2011). The NY Marine policy includes California specific endorsements, entitled "California Changes–Cancellation and Nonrenewal" and "California Exclusion–Access or Disclosure of Confidential or Personal Information and Data-Related Liability–With Limited Bodily Injury Exception." (FAC, Ex. A

[ECF-5-1] at 13 and 67 of 67.) There are no state specific endorsements for any states other than California. It follows that the contract is to be performed in California for purposes of Civil Code §1646.

Furthermore, the NY Marine policy was issued to "Under the Black Sky, Inc. As Per Named Insured Extension Schedule", in care of Macias, Gini & O'Connell at an address in Los Angeles, California. (FAC, Ex. A [ECF-5-1] at 3 of 67)  Thus, the contract was made in California. *Beck v. Downey*, 198 F.2d 626, 627 (9th Cir. 1952) (insurance policy made, executed, and to be performed in California was "governed by and to be interpreted according to the law of the State of California".)

      **2.**      **The Claims In The *Depp v. Heard* Action Alleged Liability Solely For Willful Acts For Which Insurance Coverage Is Prohibited Under Insurance Code §533**

      **a.**      **A "Willful" Act For Purposes Of Insurance Code §533 Is One Committed With An Intent To Injury**

Since California law applies, it follows that Insurance Code § 533 applies to NY Marine's duties with regard to the *Depp v. Heard* action notwithstanding that that it was filed in Virginia. *Axis Reinsurance Co. v. Telekenex, Inc*., 913 F.Supp.2d 793, 806 (N.D. Cal. 2012) (Ins. Code §533 applied to insurer's obligations with respect to action filed in Washington where the policy was executed in California); *Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.,* 457 F.3d 1106, 1111 (9th Cir. 2006) (Ins. Code §533 applied to insurer's indemnity obligations to Hawaiian corporation involved in a Hawaiian bankruptcy proceeding because California had the "most significant relationship" with the insurance policy which was procured and delivered in California to insured's California parent corporation).

Insurance Code §533 precluding coverage for an insured's "willful" act applies where the insured had a specific intention to cause injury to another. *See Clemmer v. Hartford Ins. Co.,* 22 Cal.3d 865, 887 (1978), *overruled in non-relevant part as stated in Ryan v. Rosenfeld,* 3 Cal. 5th 124, 135 (2017) (explaining "the clear line of authority in this state [is] to the effect that even an act which is 'intentional' or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

'willful' within the meaning of traditional tort principles will not exonerate the insurer from liability under Insurance Code section 533 unless it is done with a 'preconceived design to inflict injury.'"); *California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 33 (1985) ("The rule which emerges from the cited cases is: Insurance Code section 533 clearly excludes coverage of those 'willful' acts committed with the specific intent to injure...".) *see also Fire Ins. Exch. v. Altieri,* 235 Cal.App.3d 1352, 1358 (1991) (criminal assault of minor); *Jacobs v. Fire Ins. Exch.*, 36 Cal.App.4th 1258, 1269 (1995) (intentional gunshot injuries); *Interinsurance Exch. v. Flores*, 45 Cal.App.4th 661, 672 (1996) (aiding and abetting assault with a deadly weapon); *Downey Venture v. LMI Ins. Co*.,  66 Cal.App.4th 478, 506 (1998) (malicious prosecution);  *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993) (intentionally exposing victim to sexually transmitted disease);  *B & E Convalescent Ctr. v. State Comp. Ins. Fund*, 8 Cal.App.4th 78, 99 (1992) (intentional and unlawful employment discrimination); *Downey Venture, supra,* 66 Cal.App.4th 478, 494 ("The 'malice' element, which is the one with which we are concerned in this matter, relates to the *subjective intent or purpose* with which the defendant acted…"); *State Farm Fire & Cas. Co. v. Eddy,* 218 Cal.App.3d 958, 969 (1990) ("section 533 clearly excludes coverage for those 'wilful' acts committed with the specific intent to injure"); *Transport Indem. Co. v. Aerojet Gen. Corp.,* 202 Cal.App.3d 1184, 1188 (1988) ("[T]he clear line of authority in this state is that even an act which is "intentional" or 'willful' within the meaning of traditional tort principles is not a 'willful act' under section 533 unless it is done with a "preconceived design to inflict injury.")

As stated in the seminal decision in *Downey Venture*, 66 Cal.App.4th 478, 499, "[a] 'willful act' [sic] under section 533 will include either 'an act deliberately done for the *express purpose* of causing damage or intentionally performed *with knowledge* that damage is highly probable or *substantially certain* to result.'"  (Emphasis in original). *See also, Certain U'Writers at Lloyd's London v. ConAgra Grocery Prods. Co.,* 77 Cal.App.5th 729, 739 (2022).  In addition, courts addressing the issue have

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

also concluded that "section 533 prohibits indemnification of more than just intentional acts that are subjectively desired to cause harm and acts that are intentional, wrongful, and necessarily harmful regardless of subjective intent. A 'willful act' under section 533 must also include a deliberate, liability-producing act that the individual, before acting, expected to cause harm. Conduct for which the law imposes liability, and which is expected or intended to result in damage, must be considered wrongful and willful. Therefore, section 533 precludes indemnification for liability arising from deliberate conduct that the insured expected or intended to cause damage." *Shell Oil Co. v. Winterthur Swiss Ins. Co.,* 12 Cal.App.4th 715, at 742-743 (1993); *ConAgra Grocery Prods. Co., supra,* 77 Cal.App.5th 729, 739.

### b.   Proof Of Defamation By Implication Under Virginia Law Requires Proof Of An Intent To Injure

In the *Depp v. Heard* Complaint, the contents of which Heard admitted in her Amended and Supplemented Answer (Amended Answer [ECF-36] at 4:8-9), Plaintiff Depp alleged defamation by implication. Specifically, the Complaint alleged that statements identified "impl[ied] that Ms. Heard was the victim of domestic violence at the hands of Mr. Depp, [were] false." (FAC, Ex. B [ECF-5-2] at 5, 6, 26 and 29 of 45.)

Since the *Depp v. Heard* action was filed in Virginia, the law of Virginia governs its determination. For a Defendant to be liable for defamation *by implication*, Virginia law requires not only that the "statement [have a defamatory implication", but as well, that the "defamatory implication was *designed and intended* by" the defendant to refer to the plaintiff even if the statements themselves are factually true. *Pendleton v. Newsome*, 290 Va. 162, 175 (2015). Courts applying Virginia law have also consistently explained that "[a] statement is defamatory by implication if…'the statements, even if facially true, *were designed and intended by the defendants to imply [the defamatory meaning]*'…". *Fairfax v. CBS Broadcasting, Inc.,* 534 F.Supp.3d 581, 591 (E.D.Va. 2020) (emphasis added); *Edwards v. Schwartz,* 378

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

F.Supp.3d 468, 504 (W.D.Va. 2019); *Eramo v. Rolling Stone LLC,* Case No. 3:15-cv-00023, 2016 WL 6462187 *2-*3 (W.D.Va. 2016); *Owen v. Liberty Uni.,* Case No. 6:19-cv-00007, 2020 WL 1856798 *15 (W.D.Va. 2020); *Jackson v. Liberty Uni.,* Case No. 6:17-cv-00041, 2017 WL 3326972 *10 (W.D.Va. 2017).

In this regard, Virginia law requires that a plaintiff prove that the defendant "intended his words to express a defamatory innuendo." *See Pendleton*, 290 Va. at 174. That is, the defendant must have designed and intended "the requisite defamatory 'sting' to one's reputation." *Handenberg v. Goldberg*, 297 Va. 660, 667 (2019); *see also* FAC, Ex. D [ECF-5-4] at 7-9.

Likewise, numerous courts addressing claims for "defamation by implication", including from both the Fourth Circuit (which has jurisdiction over appeals from District Courts in Virginia) and Ninth Circuit, have confirmed that "[t]he First Amendment requires a plaintiff in a defamation by implication case to plead and prove that the defendant *subjectively intended* or endorsed the defamatory implication." *Nunes v. Lizza,* 476 F.Supp.3d 824, 843-844 (N.D. Iowa 2020); *Chapin v. Knight–Ridder*, 993 F.2d 1087, 1093 (4th Cir. 1993) ("The language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author intends or endorses the inference."); *Dodds v. American Broadcasting Co., Inc.,* 145 F.3d 1053, 1064 (9th Cir. 1998) ("all the courts of appeal that have considered cases involving defamation by implication have imposed a similar actual intent requirement" and accordingly "we continue to believe that the *Newton* test requiring a clear and convincing showing of subjective or actual intent strikes the proper balance between protecting victims of defamation and protecting against the possible chilling effect that results from overly broad applications of our defamation laws," citing *Newton v. National Broadcasting Co.*, 930 F.2d 662, 681 (9th Cir. 1990)).

In *Dodds, supra,* the court further stated that "subjective or actual intent is required and that 'there is no actual malice when journalists unknowingly mislead the public ... all the courts of appeal that have considered cases involving defamation by

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

implication have imposed a similar actual intent requirement'" that there was an intention "to convey the defamatory impression." *Id*; *Tomblin v. WCHS-TV8,* 434 Fed.Appx. 205, 219 (4th Cir. 2011) ("a plaintiff asserting a claim of defamation by implication must meet a higher bar to establish her claim. In particular, where the stated facts are 'literally true,' the language must 'not only be reasonably read to impart false innuendo, but it must also affirmatively suggest that the author intends or endorses the inference.'"); *Vinas v. Chubb Corp.,* 499 F.Supp.2d 427, 437 (S.D.N.Y. 2007) (stating that "for such 'defamation by implication' claims, Plaintiffs typically have to show that Defendants affirmatively intended such implication"); *Toney v. WCCO Television, Midwest Cable and Satellite, Inc.,* 85 F.3d 383, 387 (8th Cir. 1996) (characterizing "defamation by implication" as occurring "when a defendant '[1] juxtaposes a series of facts so as to imply a defamatory connection between them, or [2] creates a defamatory implication by omitting facts, [such that] he may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct.'"); *White v. Fraternal Order of Police,* 909 F.2d 512, 520 (D.C.Cir. 1990) (collecting and reviewing case law and stating that case law "suggest[s] that if a communication, viewed in its entire context, merely conveys materially true facts from which a defamatory inference can reasonably be drawn, the libel is not established. But if the communication, by the particular manner or language in which the true facts are conveyed, supplies additional, affirmative evidence suggesting that the defendant *intends* or *endorses* the defamatory inference, the communication will be deemed capable of bearing that meaning.") (emphasis in original).

Indeed, in *Johnson v. Columbia Broadcasting System, Inc.,* 10 F.Supp.2d 1071, 1075 (D. Minn. 1998), in the context of a claim for defamation by implication, and apart from any actual malice standard applicable to public figures, the court observed that "in cases involving implied defamation, the Court finds that a Plaintiff must prove not only that the alleged implications can be reasonably derived from the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

broadcast (the more traditional element of implied defamation), but also that Defendant intended those implications." Moreover, the *Johnson* court observed, addressing the differences in courts' characterizations of the tort between those, such as *Dodds*, which expressly state that the "defamation by implication" requires "intent", as opposed to those, such as *Toney* which speak in terms of "juxtapositions" or "omissions" of facially-true facts in a statement, that "[t]he difference between requiring a Plaintiff to prove that a Defendant is 'responsible' for an implication because of factual juxtapositions or omissions as in *Toney,* and requiring a Plaintiff to present evidence that a Defendant 'intended to convey [a] defamatory implication' as in *Dodds,* appears to be only a semantic one." *Id.* Thus, the *Johnson* Court stated that it "reads *Toney* as standing for the proposition stated directly in *Dodds:* '[i]t is not enough, however, to show that the implication was reasonable...[Plaintiff] must further establish that [Defendant] intended to convey the defamatory implication.'" *Id.* (quoting *Dodds, supra,* at 1063 (emphasis added)).

Accordingly, it follows that since a finding against Heard based on the allegations in the *Depp v. Heard* action would necessarily require a finding of defamation by implication establishing that she "intended" the defamatory implications of her statements, it follows that any liability imposed upon her in that action would be because she "willfully" intended both the defamatory statements and the resulting injury for which no coverage is afforded under the NY Marine policy pursuant to Insurance Code §533.

### 3. Insurance Code §533 Applies To Preclude NY Marine's Duty To Defend Heard In The *Depp v. Heard* action

#### a. Insurance Code §533 Precludes A Duty To Defend Where The Action Against The Insured Only Alleges Willful Acts

Since any liability which Heard would have based on the allegations of the *Depp v. Heard* action would necessarily be based on a finding that she intended the defamatory implication of her alleged statements, it follows that Insurance Code §533

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

precluded NY Marine from having a duty to defend her in the *Depp v. Heard* action.

In *B & E Convalescent Center v. State Compensation Ins. Fund,* 8 Cal.App.4th 78, 92-99 (1992), the insurer refused to provide a defense to an insured who was sued for wrongful termination, violations of the Fair Employment Housing Act on the basis for discrimination based on gender, age and ethnic origin, breach of the implied covenant of good faith and fair dealing and intentional infliction of emotional distress. In the subsequent coverage action against the insurer, the trial court granted the insurer's Motion for Summary Adjudication and the Court of Appeal affirmed. In so holding, the appellate court explained that "[a] potential for coverage would exist if, based on the allegations of Bryson's complaint, together with any other information available to State Fund, there was a possibility of coverage under the policy's insuring language which was not excluded by any express provision within the policy or precluded by the statutory restraint of section 533." *Id.* at 93

In addressing that issue, the Court in *B & E Convalescent Center* distinguished the decision in *Republic Indemnity Co. v. Superior Court,* 224 Cal.App.3d 492, 497 (1990) in which the Court "concluded that indemnification would not be precluded, and the duty to defend would thus not be excused, unless the employee, in order to prevail on his cause of action, would be required to show both an intentional act by the employer and a specific intent to injure the employee." 8 Cal.App.4th at 94. The *B & E Convalescent Center* Court went on to note that in *Republic,* because of the potential for the Plaintiff to prevail "on a cause of action for which there was no express or implied exclusion, the insurer was obligated to defend the action." *Id.* at 95. The Court in *B & E Convalescent Center* went on to explain that "in the underlying action here, however, no such potential for recovery existed without proof of willful conduct. A termination affirmatively undertaken with the intent to interfere with protected labor union rights or discriminate on the basis of gender, age, or ethnic origin cannot be the result of negligence. An affirmative act which can only violate the law when it is accompanied by such an impermissible motivation necessarily

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

1  involves willful and intentional misconduct...Bryson's complaint clearly alleges such

2  activity." *Id.* at 95.

3       Following *B & E Convalescent Center,* California courts have repeatedly held

4  that Insurance Code §533 applies to eliminate a liability insurer's defense obligation

5  when all of the insured's alleged injury-producing conduct falls within that section's

6  preclusive scope.   *See, e.g., Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.,* 14

7  Cal.App.4th 1595, 1604 (1993) (Ins. Code §533 eliminated duty to defend suit based

8  on company president's alleged willful sexual harassment and wrongful termination

9  of employee); *Michaelian v. State Comp. Ins. Fund*, 50 Cal.App.4th 1093, 1105-1108

10 (1996) (Ins. Code §533 eliminated duty to defend suit alleging sexual harassment of

11 employee in violation of law, constructive termination due to sexual harassment,

12 assault, battery and intentional infliction of emotional distress); *California Amplifier,*

13 *Inc. v. RLI Ins. Co*., 94 Cal.App.4th 102, 107 (2001) (Ins. Code §533 eliminated duty

14 to defend securities fraud claims which required proof that insured had intentionally

15 made false and misleading statements in connection with the sale of securities); *Aetna*

16 *Cas. & Sur. Co. v. Superior Ct*., 19 Cal.App.4th 320, 331-333 (1993) (Ins. Code §533

17 eliminated duty to defend patent infringement claims which required proof that the

18 insured "knowingly" induced patent infringement);  *Interinsurance Exch. v. Flores*,

19 45 Cal.App.4th 661, 672-673 (1996) (Ins. Code §533 eliminated duty to defend claims

20 arising from insured's felony aiding and abetting assault with a deadly weapon);

21 *Reagen's Vacuum Truck Serv., Inc. v. Beaver Ins. Co*., 31 Cal.App.4th 375, 388 (1994)

22 (by operation of Ins. Code §533, insured employer had "no reasonable expectation"

23 of a defense against claims that insured employer intentionally concealed and

24 aggravated employee's workplace injuries via exposure to toxic chemicals); *Aetna*

25 *Casualty & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993) (Ins. Code §533

26 precluded duty to defend insured who allegedly concealed that he was HIV positive

27 in order to engage in high-risk sex with claimant); *Office Depot, Inc. v. AIG Specialty*

28 *Insurance Co.*, 2017 WL 11649485, (C.D. Cal. Jan. 4, 2017) at *5 , *rev'd and*

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

1   *remanded on other grounds*, 722 F. App'x 745 (9th Cir. 2018) (Ins. Code §533
2   precluded coverage for claims under the California False Claims Act as "willful"
3   wrongful conduct and therefore the insurer had neither a duty to defend nor duty to
4   indemnify the insured against such claims); *Big 5 Sporting Goods Corp. v. Zurich*
5   *Am. Ins. Co*., 635 F. App'x 351, 353 (9th Cir. 2015) (unpublished) ("An insurer may
6   have a duty to defend against a claim that is meritless or frivolous, i.e. 'a loser,' but
7   not against a claim that is plainly *not covered* because of an exclusion.") (emphasis in
8   original.)

    **b.    Since Heard Could Only Be Liable In *Depp v. Heard* For**
    **"Willful" Acts, She Had No Reasonable Expectation Of**
    **A Defense**

11      The same court which decided *B & E Convalescent Center* distinguished that
12  decision in *Downey Venture v. LMI Ins. Co., supra,* 66 Cal.App.4th 478, 488 in which
13  the insurer's policy expressly promised a defense for claims of "malicious
14  prosecution" and consequently the insured had a "reasonable expectation" of a
15  defense for such claims notwithstanding that there would be no obligation to
16  indemnify the insured for a judgment for malicious prosecution by reason of
17  Insurance Code §533. Here, however, unlike the policy at issue in *Downey Venture,*
18  the Comprehensive Personal Liability Coverage provision of the NY Marine policy
19  upon which NY Marine's third cause of action is predicated only promises a defense
20  for claims or suits brought against the insureds for damages "because of," as relevant,
21  "...'personal injury' caused by an 'occurrence' *to which this coverage applies*...".
22  (FAC, Ex. A [ECF-5-1] at 53, 67; emphasis added.)  The term "personal injury" is
23  defined in the NY Marine policy's Comprehensive Personal Liability Coverage
24  provision to include "oral or public written publication of material that slanders or
25  libels a person or organization including other forms of defamation."  (FAC, Ex. A
26  [ECF-5-1] at 56 of 67.)  In turn, the term "occurrence" is defined to mean "an accident,
27  including continuous or repeated exposure to conditions, which results during the
28  policy period, in: ... c. 'personal injury.'" *Id.*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

The limiting phrase "to which this coverage applies" unambiguously makes clear that NY Marine's duty to defend does not apply to claims which fall outside the scope of the policy's coverage or are otherwise excluded from coverage. *See Venoco, Inc. v. Gulf Underwriters Ins. Co*., 175 Cal.App.4th 750, 765 (2009) ("The phrase 'to which this insurance applies' is not ambiguous. This qualified provision is not an agreement to defend all suits or to defend actions that fall outside the coverage provisions."); *Morris v. Atlas Assurance Co*., 158 Cal.App.3d 8, 14 (1984)  (phrase "to which this insurance applies" indicates the policy's "broad personal liability insurance" is "subject…to the specific exclusionary provisions of the policy."); *Jaffe v. Cranford Ins. Co.* (1985) 168 Cal.App.3d 930, 936 (duty to defend is not unlimited but is "subject to the conditions and limitations contained in" the policy including all applicable exclusions); *Montrose Chem. Corp. v. Superior Ct*., 6 Cal.4th 287, 301 (1993) (an insurer has no defense obligations where "the underlying claim cannot come within the policy coverage by virtue of the scope of the insuring clause *or* the breadth of an exclusion.").

As explained in *Stellar v. State Farm Gen. Ins. Co*., "[d]efamation, which includes libel and slander, is an intentional tort which requires proof that the defendant intended to publish the defamatory statement … [t]he very nature of defamation precludes the conclusion that it can occur 'accidentally.'" 157 Cal.App.4th 1498, 1505 (2007) (citing *Allstate Ins. Co. v. LaPore*, 762 F.Supp. 268, 271 (N.D.Cal. 1991)); *Tradewinds Escrow, Inc. v. Truck Ins. Exch*., 97 Cal.App.4th 704, 714 (2002) ("to the extent the *Feltus* action states a claim for defamation, it would also be excluded … because such tort cannot occur accidentally"); *N. Am. Specialty Ins. Grp. v. Am. Int'l Grp., Inc*., 2009 WL 10671492, at *8 (C.D.Cal. 2009) (granting summary judgment against insurer's contribution claim where targeted insurer's policy's "personal injury" coverage for defamation was subject to an accidental "occurrence" requirement and there was "no evidence before this Court that [the insured] made any of the allegedly defamatory statements which formed the basis for [the claimant's]

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

claims against her accidentally."); *Lyons v. Fire Ins. Exchange,* 161 Cal.App.4th 880, 887-890 (2008) (Insurer properly rejected tender of suit alleging "false imprisonment", an offense enumerated in its policy's definition of "personal injury", because insured's "mental miscalculation" of Plaintiff's "state of mind simply cannot transform his intentional conduct, done with full knowledge of all objective facts, into an accident.").

Here, Heard's statements which form the basis of the allegations in the *Depp v. Heard* action did not involve negligent publication because Heard herself deliberately made the statements purportedly from her own personal knowledge. (FAC, Ex. B [ECF-5-2] at 5, 6.)  Thus, none of the allegations of the *Depp v. Heard* Complaint allege an "accident" but instead only allege deliberate defamation by implication for which insurance coverage is precluded by Insurance Code §533. See §II.B.2., *supra.* Consequently, Heard could not have had a "reasonable expectation" of a defense to a defamation claim which was not based on the happening of an "accident."

**C.**   **NY Marine's Fourth Cause Of Action For Declaratory Relief Based On Heard's Lack Of Cooperation Is Not Moot, But Should Be Determined In NY Marine's Favor As A Matter Of Law**

In her First Amended and Supplemental Answer and Counterclaim, Heard alleges that in extending her defense under reservation of rights, "New York Marine refused to agree to defend Ms. Heard through independent counsel and instead appointed its own counsel. Despite requests from Ms. Heard to reconsider, New York Marine persisted in its position, making it *impossible* for Ms. Heard to *fully accept* this 'defense' provided by New York Marine without out prejudicing her defense in the *Depp* lawsuit." (Amended Answer and Counterclaim [ECF-36] at 22:6-11; emphasis added.)

Where a policy, such as the NY Marine policy here, imposes upon it the duty to defend and gives it the right to appoint counsel (FAC, Ex. 1, at 53), the insureds' refusal to accept that defense relieves the insurer of the obligation to pay the insured's defense costs. *See, e.g., Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co.*

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

*of South Carolina, LP,* 336 F.Supp.2d 610, 622 (D. S.Ca. 2004) (insured's wrongful refusal of insurer's proffered defense through appointed counsel relieved insurer of all liability for defense costs); *Sargent v. Johnson,* 551 F.2d 221, 231-232 (8th Cir. 1977) ("the insured's conduct in discharging defense counsel provided by the insurance carrier ... constituted a violation of terms of the existing policies" and "relieved" the insurer of its duties); *Reynolds v. Maramorosch,* 208 Misc. 626, 628, 144 N.Y.S.2d 900, 904 (Sup.Ct. N.Y. 1955) (stating that the insured "may refuse the legal representatives proffered him by the carrier", but that "it may result in a breach of the contract and consequently relieve the carrier of its responsibility under the policy"); *Midiman v. Farmers Ins. Exch.* 90 Cal.Rptr.2d 85, 99 (Cal.Ct.App. Dec. 3, 1999) (insured's "decision to reject appointed counsel and go forward … was done at its own risk"); *OneBeacon Am. Ins. Co. v. Celanese Corp.,* 84 N.E.3d 867, 876-877 (Mass.App. 2017).

Thus, where an insured, based on their mistaken belief of an entitlement to independent counsel, refuses to accept a defense through counsel rightfully appointed by the insurer, the insurer is relieved of the duty to defend and the insured cannot recover any resulting defense costs which they incur through their independent counsel. In *Federal Ins. Co. v. MBL, Inc.,* 219 Cal.App.4th 29, 35 (2013), the insured, MBL, tendered its defense to several insurers, each of which, including Federal, extended a defense subject to a "general" reservation of rights. *Id.* at 38. However, MBL "refused to allow the Insurers' appointed counsel to associate as defense counsel, asserting it was entitled to independent counsel of its own choosing pursuant to Civil Code §2860." *Id.* at 35. After MBL defended itself through counsel which it selected, one insurer—Great American—reimbursed MBL for its defense costs, while the remaining insurers which also had duties to defend, had rights to do so through their own appointed counsel and had offered to do so, refused to either pay the cost of the insured's separately retained independent counsel or to reimburse Great American for an equitable share of its costs of paying the insured's independent

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

counsel. *Id.* MBL and Great American in turn brought suit against the insurers which declined to fund MBL's defense via independent counsel, asserting various claims including, as relevant, a claim for equitable contribution by Great American. *Id.*  In granting summary judgment in favor of the insurers which did not agree to defend through independent counsel, the Court observed that "none of the Insurers disputed their duty to defend MBL", that their "general" reservations of rights did not trigger the insured's right to independent counsel, but that "MBL, however, insisted on retaining independent counsel, rather than allowing counsel appointed by the Insurers to conduct its defense." *Id.* at 47-49.  Accordingly, the Court concluded that "MBL was not entitled to independent counsel", that the trial court properly granted the insurers' summary judgment motion against MBL and that "none of the Insurers (including Great American) were ever obligated to reimburse MBL for the fees generated by that counsel". *Id.* at 49.  *See also, Roussos v. Allstate Ins. Co.,* 104 Md.App. 80, 91 (Ct.Spec.App.Md. 1995) ("[T]here was no conflict of interest between Roussos and Allstate that required it to fund an attorney of her choosing …. Her failure to do so negated Allstate's obligations…"); *Mount Vernon Fire Ins. Co. v. VisionAid, Inc.,* 91 F.Supp.3d 66, 73 (D.Mass. 2015) (where insured refused defense through appointed counsel and demanded independent counsel which the insurer was not obligated to provide, insurer "has no obligation to relinquish its defense of [the insured] or to permit [the insured] to utilize independent counsel at its expense."); *Northern Cty. Mut. Ins. Co. v. Davalos* 140 S.W.3d 685, 690 (Tex. 2004); *State Farm Mut. Auto. Ins. Co. v. Goddard,* 484 P.3d 765, 773 (Colo.Ct.App. 2021); *Park Townsend, LLC v. Clarendon Am. Ins. Co.,* 916 F.Supp.2d 1045, 1056-1057 (N.D.Cal. 2013).

In her Judgment on the Pleadings Motion, Heard asserts that "she seeks reimbursement of defense costs *only* for her independent counsel in the *Depp* lawsuit." (Heard's Motion [ECF-55-1] 8:21-22, emphasis added; *see also* Robinson Declaration [ECF-55-2] 5:1-13.)  And as the Court observed in its tentative ruling on NY Marine's

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

Motion to Dismiss Heard's First Amended Counterclaim (later confirmed in its Order of March 17, 2023), "it appears to the Court that Heard's breach of contract-failure to defend, failure to cover expenses-counterclaim, rests entirely on the success of her theory that NY Marine   was required to provide her with independent *'Cumis'* counsel, and could not fulfill its defense duties simply by appointing the Cameron McEvoy PLLC firm (the firm that Heard herself had already retained before tendering her defense to NY Marine." (Tentative Ruling [ECF-46] at 5.)

The Comprehensive Personal Liability Coverage provision of the NY Marine policy on which its fourth cause of action is based, like the policies of the insurers in *Federal Ins. Co. v. MBL, Inc.* and the other cases cited above, only obligates NY Marine to "provide a defense at our expense by counsel of our choice..."  (FAC, Ex. A [5-1] at 53 of 67.) NY Marine's fourth cause of action seeks a determination that it has no duty to defend Heard based on her violation of the policy's "Duties After Loss" provision obligating her to "help" NY Marine "with the conduct of suits and attend hearings and trials." (FAC, Ex. A [ECF-5-1] at 56-57 of 67.) Clearly, Heard's refusal to accept NY Marine's appointment of Cameron McEvoy PLLC (whom Heard had originally retained before her tender to NY Marine) amounted to failing to "help" NY Marine "with the conduct of suits."

Heard's allegation that she could not "fully accept" the defense proffered by NY Marine because it was "impossible" for her to do so does not alter the analysis. A defense proffered by an insurer is not logically divisible in any way.  Rather, California law is clear that an insurer's offer of a defense subject to a reservation of rights only "permits the insured to decide whether to accept the insurer's terms for providing a defense, *or instead* to assume and control its own defense." *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643, 656 (2005) (emphasis added).  Thus, an insured cannot "partially" accept an insurer's proffered defense and their failure to fully accept such a defense amounts to a rejection thereof. However, since NY Marine unquestionably had the right to appoint its own counsel and the Court, in its Order of

March 13, 2023, concluded that Heard was not entitled to independent counsel notwithstanding Heard's assertion "that it was impossible" for her to "fully accept" NY Marine's defense through its appointed counsel, it follows that Heard has essentially admitted that she refused to "help" NY Marine with "conduct of suits." (Amended Counterclaim [ECF 36] 9-10.)

As to Heard's claim of mootness as to NY Marine's fourth cause of action seeking a determination that its duty to defend is excused by virtue of her failing to "help" NY Marine "with the conduct of suits and attend hearings and trials", the determination of whether an insured has breached the cooperation clause is normally not even addressed until after the underlying action has been resolved.  In *United Servs. Auto. Assn. v. Martin,* 120 Cal.App.3d 963, 966 (1981), an insurer's declaratory relief action seeking a determination of no coverage due to the insured's lack of cooperation was dismissed on demurrer and the Court of Appeal affirmed, explaining "[l]ogically, the required showing of prejudice cannot be made while the main tort action is still pending, its outcome uncertain, and therefore declaratory relief against the injured persons at this stage is inappropriate.  To permit speculation at this stage as to whether the insurer may or will be prejudiced in the main tort action would be inconsistent with the requirement laid down by our Supreme Court that the insurer must prove prejudice in order to assert the insured's lack of cooperation as a defense against the injured persons." *Arch Specialty Ins. Co. v. Beacon Healthcare Servs., Inc*., 2023 WL 2347396, at *6 (C.D.Cal. 2023) (following *Martin*). Clearly, since NY Marine's fourth cause of action could not be determined until after the underlying *Depp v. Heard* action was concluded, it cannot now be considered moot.

/ / /

/ / /

/ / /

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

III.   **CONCLUSION**

For the foregoing reasons, this Court should deny Heard's Motion for Judgment on the Pleadings and grant NY Marine's Cross-Motion for Judgment on the Pleadings.

Dated:  June 22, 2023                    McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP


By: _____/s/ James P. Wagoner_____
                    James P. Wagoner
                    Nicholas H. Rasmussen
                    Graham A. Van Leuven
             Attorneys for Plaintiff and Counter-Defendant
             New York Marine and General Insurance
                         Company

9184045.1

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

1                      **CERTIFICATE OF COMPLIANCE**

2         The undersigned, counsel of record for Plaintiff and Counter-Defendant New

3 York Marine and General Insurance Company, certifies that this brief contains 6,976

4 words, which complies with the word limit of Local Rule 11-6.1, excluding the parts

5 of the document exempted by Local Rule 11-6.1.

6

7 Dated:  June 22, 2023                   McCORMICK, BARSTOW, SHEPPARD,

8                                    WAYTE & CARRUTH LLP

9

10               By:    */s/ James P. Wagoner*

11                        James P. Wagoner

                           Lejf E. Knutson

12                  Nicholas H. Rasmussen

                 Graham A. Van Leuven

13       Attorneys for Plaintiff and Counter-Defendant

14         New York Marine and General Insurance

                           Company

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

## PROOF OF SERVICE

**New York Marine and General Insurance Company v. Amber Heard
USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On June 22, 2023, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY ELECTRONIC SERVICE (E-MAIL):**  Based on a court order or an agreement of the parties to accept electronic service, my electronic service address is heather.ward@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2023, at Fresno, California.


_/s/ Heather Ward_
Heather Ward

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

**SERVICE LIST**
*New York Marine and General Insurance Company v. Amber Heard*
**USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

Kayla Robinson
Kirk A. Pasich
Pasich LLP
10880 Wilshire Blvd., Suite 2000
Telephone:  (424) 313-7890
krobinson@pasichllp.com
kpasich@pasichllp.com

*Attorneys for Defendant and Counter Claimant Amber Heard*

John T. Brooks
Jeffrey V. Commisso
Andrea S. Warren
Sheppard, Mullin, Richter & Hampton LLP
501 W. Broadway, 19th Floor
San Diego, CA  92101
Telephone:  (619) 338-6500
Email:  jbrooks@sheppardmullin.com
Email:  jcommisso@sheppardmullin.com
Email:  awarren@sheppardmullin.com

*Courtesy Copy – Via Email*

*Attorneys for Plaintiff and Counterclaimant Travelers Commercial Insurance Company in USDC Central District Case No. 2:21-cv-05832-GW, consolidated for pre-trial purposes*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HEARD'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND IN SUPPORT OF NEW YORK MARINE'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS