Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Kayla Robinson (SBN 322061)
KRobinson@PasichLLP.com
Owen Monkemeier (SBN 336476)
OMonkemeier@PasichLLP.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Defendant
and Counter-Claimant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMBER HEARD,<br><br>Defendant. | Case No. 2:22-cv-4685-GW (PDx)<br><br>Hon. George H. Wu,<br>Courtroom 9D<br><br>**AMBER HEARD'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: July 27, 2023<br>Time: 8:30 a.m.<br>Dept.: 9D |
| AND RELATED COUNTERCLAIM | Complaint Filed July 8, 2022 |

**HEARD'S REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................... 5

II. THIS COURT LACKS JURISDICTION TO GRANT THE DECLARATORY RELIEF NEW YORK MARINE SEEKS .............. 6

   A. The Issue of Whether New York Marine Has a Duty to Indemnify Is Moot Because Ms. Heard Has Withdrawn Her Claim for Indemnity ................................................................... 7

   B. The Issue of Whether New York Marine Was Obligated to Defend Ms. Heard Is Moot Because of This Court's Dismissal Order ............................................................................................ 8

   C. New York Marine Is Not Entitled to an Advisory Opinion on Causes of Action That Do Not Affect Its Legally Cognizable Interests ....................................................................................... 13

III. CONCLUSION ..................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Cas. Co. v. Krieger*,
  181 F.3d 1113 (9th Cir. 1999) .................................................................. 7

*American Int'l Spec. Lines Ins. Co. v. Pacifica Amber Trail, LP*,
  2013 WL 3205345 (S.D. Cal. June 24, 2013) ........................................ 8

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) ................................................................................. 6

*Atlas Assurance Co. v. McCombs Corp.*,
  146 Cal. App. 3d 135 (1983) ................................................................ 13

*Attorneys Trust v. Videotape Comput. Prods., Inc.*,
  93 F.3d 593 (9th Cir. 1996) ................................................................... 6

*Budget Rent-A-Car, Inc. v. Higashiguchi*,
  109 F.3d 1471 (9th Cir. 1997) ........................................................ 12, 13

*Calderon v. Ashmus*,
  523 U.S. 740 (1998) ............................................................................. 12

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
  508 U.S. 83 (1993) ................................................................................. 6

*Century Sur. Co. v. Kashama*,
  2012 WL 3166926 (N.D. Cal. Aug. 2, 2012) ....................................... 14

*City of Erie v. Pap's A.M.*,
  529 U.S. 277 (2000) ............................................................................. 12

*Council of Ins. Agents & Brokers v. Molasky-Arman*,
  522 F.3d 925 (9th Cir. 2008) ................................................................ 14

*Fox Grp., Inc. v. Cree, Inc.*,
  819 F. Supp. 2d 520 (E.D. Va. 2011) .................................................. 11

*Great Am. Ins. Co. v. Quintana Homeowners Ass'n*,
  291 F. Supp. 3d 1003 (N.D. Cal. 2018) ............................................... 11

3

**HEARD'S REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS**

*Green v United States*,
 630 F.3d 1245 (9th Cir. 2011) .................................................................. 7

*Harvey v. Gonzalez*,
 2016 WL 7383769 (D. Colo. Nov. 21, 2016) ........................................ 14

*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007) ................................................................................ 6

*Monbo v. Nathan*,
 623 F. Supp. 3d 56 (E.D.N.Y. 2022) ..................................................... 14

*Sample v. Johnson*,
 771 F.2d 1335 (9th Cir. 1985) ............................................................... 15

*St. Paul Fire & Marine Ins. Co. v. Weiner*,
 606 F.2d 864 (9th Cir. 1979) ................................................................. 10

*State Farm Mut. Auto. Ins. Co. v. Ormston*,
 550 F. Supp. 103 (E.D. Pa. 1982) ............................................................ 8

*Unigard Ins. Co. v. Cont'l Warehouse*,
 2001 WL 432396 (N.D. Cal. Apr. 26, 2001) ........................................... 8

*United States v. Toan Phuong Nghe*,
 925 F. Supp. 2d 1142 (W.D. Wash. 2013) ............................................ 14

*U.S. Underwriters Ins. Co. v. Weatherization, Inc.*,
 21 F. Supp. 2d 318 (S.D.N.Y. 1998) ............................................... 10, 11

*Vita-Herb Nutriceuticals, Inc. v. Probiohealth, LLC*,
 2013 WL 1182992 (C.D. Cal. Mar. 20, 2013) ...................................... 14

**Statutes**

28 United States Code § 2201 .................................................................... 6

**Other Authorities**

Federal Rule of Civil Procedure 12 ............................................................ 6

U.S. Constitution Article III, § 2, cl. 1 ....................................................... 6

4

**HEARD'S REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In New York Marine's own words, the declaratory relief New York Marine sought and continues to seek here is a determination that it had no duty to either defend or indemnify Ms. Heard in the *Depp* lawsuit. ECF No. 59-1 at 1. It has now been over three months since this Court granted New York Marine's motion to dismiss Ms. Heard's counterclaims on the ground that New York Marine was not obligated to provide independent counsel. Since then, Ms. Heard has repeatedly and unambiguously withdrawn her claim for indemnity and concedes she has no right to reimbursement of any defense costs from New York Marine unless and until this Court's dismissal order is reversed on appeal. Despite the resolution in its favor of the only issues in this action that affect its legally cognizable interests, New York Marine refuses to dismiss its First Amended Complaint. New York Marine seems to believe it is entitled to an advisory opinion from this Court on additional legal theories it posits in support of its claims. But this Court only has jurisdiction over actual present controversies as to which it can grant effective relief.

To gin up the appearance of a dispute, New York Marine relies on mischaracterizations of Ms. Heard's position based on statements made prior to this Court's dispositive order. To be clear, Ms. Heard is *not* presently seeking any indemnity or defense costs from New York Marine. Thus, the declaratory relief sought by New York Marine is moot—no judgment from this Court would have any effect on any real or threatened injury facing New York Marine. Accordingly, this Court should dismiss this action for lack of subject matter jurisdiction under

Article III and failure to meet the requirements of the Declaratory Judgment Act.

## II. THIS COURT LACKS JURISDICTION TO GRANT THE DECLARATORY RELIEF NEW YORK MARINE SEEKS

This Court must dismiss this action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Attorneys Trust v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). Federal courts have no authority under Article III to give opinions on moot questions. U.S. Const. art. III, § 2, cl. 1. "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 45 (1997). In addition, the Declaratory Judgment Act requires that there be "a case of actual controversy." 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III"). New York Marine, as the party seeking declaratory judgment, must establish the existence of an actual case or controversy. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

The only two disputes at issue in this case, New York Marine's (a) duty to indemnify and (b) duty to defend Ms. Heard in the *Depp* lawsuit, are moot. For this reason, the Court lacks jurisdiction, and New York Marine cannot meet the statutory requirements of the Declaratory Judgment Act.

### A. The Issue of Whether New York Marine Has a Duty to Indemnify Is Moot Because Ms. Heard Has Withdrawn Her Claim for Indemnity

New York Marine cites no authority in support of its assertion that the issue of indemnity is not moot. ECF No. 59-1 at 2-3. New York Marine can only cherry-pick quotes from Ms. Heard's Amended Answer in trying to argue that a dispute presently exists between the parties as to New York Marine's duty to indemnify. But in her Amended Answer Ms. Heard clearly denies that there is an actual and present controversy regarding New York Marine's duty to indemnify because Ms. Heard is *not* seeking indemnity from New York Marine. ECF No. 36 at 6-8. New York Marine also ignores Ms. Heard's subsequent express withdrawal of her claim for indemnity. *See* Robinson Decl., ECF No. 55-2, ¶¶ 7-8, 10-12.

As Ms. Heard has already explained, this Court must evaluate mootness under the circumstances existing when the issue is raised, not when the pleadings were filed. *See Am. Cas. Co. v. Krieger,* 181 F.3d 1113, 1119 (9th Cir. 1999). To the extent circumstances have since changed, the original allegations in the pleadings are irrelevant to the question of mootness, which is necessarily a temporal concern. "On a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion." *Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011). The question for this Court is thus whether there is an actual controversy *now*—at this stage of review. New York Marine cites no authority to the contrary.

In fact, New York Marine provides no response whatsoever to the cases briefed by Ms. Heard showing that federal courts routinely dismiss

an insurer's declaratory relief action as moot once the insured has withdrawn its claim. *See* ECF No. 59-1 at 12-14 (citing *Unigard Ins. Co. v. Continental Warehouse*, 2001 WL 432396 (N.D. Cal. Apr. 26, 2001); *State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103 (E.D. Pa. 1982); *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*, 2013 WL 3205345 (S.D. Cal. June 24, 2013)).

New York Marine also asserts (again with no authority) that "in the absence of a partial release or waiver of some type personally signed by Heard regarding her presently asserted claim for indemnification, the only reasonable solution is entry of a declaratory judgment in favor of New York Marine." ECF 59-1 at 3. Multiple federal courts, including the Northern and Southern Districts of California, disagree. As Ms. Heard explained in her Motion for Judgment on the Pleadings (*see* ECF No. 55-1 at 12-14), the courts in *Unigard*, *Ormston*, and *Pacifica* did not require execution of a release, explicitly recognized that the insured was free to retender its claim in the future, and still held that withdrawal of the insured's claim mooted the case. *See Unigard*, 2001 WL 432396, at *1-3; *Ormston*, 550 F. Supp. 103, 104-06; *Pacifica*, 2013 WL 3205345, at *1-3. Ms. Heard could retender her claim for indemnity here as well, but that does not change the jurisdictional effect of her claim withdrawal. The First and Second Causes of Action for Declaratory Relief are moot and must be dismissed.

### B. The Issue of Whether New York Marine Was Obligated to Defend Ms. Heard Is Moot Because of This Court's Dismissal Order

Arguing that the issue of its duty to defend is not moot, New York Marine again quotes Ms. Heard's Amended Answer and Counterclaim, as if the allegations therein were dispositive of the jurisdictional

question of whether there is *presently* an actual controversy between the parties on this issue. ECF No. 59-1 at 3. For the reasons explained above, it is not. This Court must consider the jurisdictional facts as they now exist, including the effect of its March 17 dismissal order on the parties' dispute. *See* ECF No. 45 (Tentative Ruling); ECF No. 51 (Order Adopting Tentative Ruling).

New York Marine wrongly contends that the premise of Ms. Heard's motion is that the settlement and underlying dismissal of the *Depp* lawsuit "automatically" mooted issues regarding its duty to defend. This mischaracterizes Ms. Heard's argument. Of course, the settlement as a practical matter resolved any dispute as to New York Marine's duty to defend Ms. Heard "on an *ongoing* basis"—the only relief New York Marine seeks in its First Amended Complaint. *See* ECF No. 5 at 9-11. In her Amended Answer, Ms. Heard explicitly denies that there is an actual and present controversy regarding New York Marine's duty to defend "on an ongoing basis" for the *Depp* lawsuit for this same reason—that lawsuit is "over and done with." ECF No. 36 at 8-10. In other words, Ms. Heard does not claim that that a settlement "automatically" moots coverage disputes generally, but rather that in this case specifically, based on New York Marine's own pleading, the settlement resolved the question of whether New York Marine owes an "ongoing" duty to defend. Simply put, there can be no ongoing duty to defend a lawsuit when the lawsuit is no more.

As to any dispute about New York Marine's duty to defend Ms. Heard prior to the settlement and dismissal of the *Depp* lawsuit, the Court's dismissal order (not the settlement) was dispositive. As New York Marine acknowledges, Ms. Heard has consistently alleged that the basis for the parties' dispute is that "because of NY Marine's failure to

honor her request to appoint independent counsel, she was left to incur 'hundreds of thousands of dollars in defense costs not paid by any insurer.'" ECF No. 59-1 at 3 (citing Heard's Amended Answer, ECF No. 36 at 8). Ms. Heard concedes that this *was* a disputed issue at the time she filed her operative Answer and Counterclaim—*one that this Court has since resolved*. In its dismissal order, the Court held that New York Marine had no duty to provide independent counsel to Ms. Heard, dismissing her claims. ECF No. 46 at 10-11. Since then, Ms. Heard has explained to New York Marine that, consistent with her Counterclaim, she seeks no defense costs other than those that were incurred with respect to independent counsel. ECF No. 55-2, ¶ 12. Because the Court resolved that issue in New York Marine's favor, Ms. Heard is not presently seeking any defense costs from New York Marine. Between the termination of the *Depp* lawsuit (after which there can be no further duty to defend) and the Court's order (after which New York Marine faces no possibility of a claim for defense costs from Ms. Heard), there is nothing left to dispute.

None of the cases cited by New York Marine hold otherwise. In *St. Paul Fire & Marine Insurance Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979), the court specifically noted that the insureds "apparently still claim $7,708.82 from St. Paul," and therefore "the fact that some claims remain outstanding is sufficient to make this a 'live' controversy." Here, in contrast, Ms. Heard concedes New York Marine does not owe any unpaid defense costs in light of the Court's dismissal order, mooting the issue. In *U.S. Underwriters Insurance Co. v. Weatherization, Inc.*, 21 F. Supp. 2d 318, 322 (S.D.N.Y. 1998), the court approvingly quoted the Magistrate Report's finding that the insurer "currently, of course, can have no duty to defend an action that is terminated," which is Ms.

Heard's only point here. Ms. Heard agrees that settlement is irrelevant to whether the insurer is liable for prior defense costs. *See id.* However, New York Marine's liability for such costs was determined, and mooted, by this Court's order.

Finally, in *Great American Insurance Co. v. Quintana Homeowners Ass'n*, 291 F. Supp. 3d 1003, 1009 (N.D. Cal. 2018), an excess insurer argued that because the primary insurer had settled the underlying claim and exhausted its policy, the issue of its (the excess insurer's) duty to defend the insured was moot. The court concluded, however, that it was not yet clear whether the excess insurer's "duty to defend or indemnify arose when [the primary insurer] committed what remained of its Policy to the proposed settlement, thereby effectively exhausting the [primary] Policy," and noted that the insured had "counterclaimed for breach of contract, among other things" on the basis of this yet-to-be-determined issue. *Id.* In other words, this case also concerns an unresolved dispute about pre-settlement defense costs that would plainly not be mooted by the settlement.

New York Marine claims, in reliance on these inapposite cases and still citing only the pre-dismissal order pleadings, that there are "outstanding controversies here regarding New York Marine's duties from the date on which it filed this action onward through resolution of the underlying *Depp v. Heard* action." ECF No. 59-1 at 4. But how?

Simply put, unless and until the order is reversed on appeal, there is no controversy between the parties related to New York Marine's duty to defend Ms. Heard in the *Depp* lawsuit. *See, e.g.*, *Fox Grp., Inc. v. Cree, Inc.*, 819 F. Supp. 2d 520, 523 (E.D. Va. 2011) ("a justiciable dispute cannot be predicated on the hypothetical results of a hypothetical appeal"). There is no additional relief the Court can grant to New York

11
HEARD'S REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS

Marine that would affect New York Marine's present, legally cognizable interest as to its duty to defend. Thus, any declaratory judgment sought by New York Marine now would constitute an advisory opinion prohibited under Article III. *See, e.g.*, *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (courts may not issue advisory opinions); *Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998) (court was without jurisdiction to issue declaratory judgment on an abstract question of law that may arise if plaintiff pursued a habeas petition).

Finally, New York Marine contends that the claim it faces from Travelers for contribution of amounts that Travelers paid to Heard's independent counsel show the existence of an actual controversy. But a controversy that might exist between Travelers and New York Marine is not a sufficient basis for contending that there is an actual controversy between New York Marine and Ms. Heard. Again, the only two cases cited by New York Marine are readily distinguishable—here, this Court has already ruled on the dispositive issue of New York Marine's duty to defend.

In *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1472 (9th Cir. 1997), Budget sought a declaratory judgment that it had no duty to defend or indemnify its insureds, a car-lessee driver and passenger, for injuries sustained by others in an assault involving a Budget rental car. Notably, the District Court viewed the controversy as one between Budget and the injured parties arising from their potential tort suits against the driver and passenger, not as a contractual dispute between Budget and its insureds. *Id.* at 1474 n.4. The District Court granted the injured parties' motion to dismiss for failure to meet the jurisdictional requirement for the amount in controversy. *Id.* at 1473. Budget appealed and the injured parties were the only defendants party

to the appeal. *Id.* While the case was on appeal, the injured parties settled their claim against the driver and the driver's personal insurer, but no mention is made of any settlement of claims against the passenger. *Id.* at 1474. The Ninth Circuit determined after supplemental briefing that the case was not moot "as of this moment" because "Budget was not a party to the settlements and may be subject to actions for indemnity or subrogation based on its policy." *Id. Budget* has no bearing on this case, in which the underlying claims have been fully resolved by settlement and the underlying claimant is not party to this action, New York Marine's liability to its insured has already been determined, and Ms. Heard has withdrawn her claim for indemnity.

*Atlas Assurance Co. v. McCombs Corp.*, 146 Cal. App. 3d 135 (1983), is a state court case not subject to Article III, so is entirely irrelevant to the Article III mootness standard, and whether there is a live controversy for purposes of the Federal Declaratory Judgment Act. In any case, in *Atlas*, the insured assigned its claims against the plaintiff-insurer to another insurer. Thus, the court held, "The question of whether [the plaintiff insurer] is ultimately liable for any amounts paid in satisfaction of a claim against its insured has not abated, because [the other insurer] now stands in the shoes of its [insured.]" *Id.* 141 n.1.

### C. New York Marine Is Not Entitled to an Advisory Opinion on Causes of Action That Do Not Affect Its Legally Cognizable Interests

New York Marine continues to seek a declaratory judgment from this Court that it has no duty to defend or indemnify Ms. Heard on the basis of additional theories it posits in support of its claims. New York Marine confuses whether there is an actual justiciable "Case or Controversy" under Article III with whether there is *any* disagreement

13
HEARD'S REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS

whatsoever between the parties. *See Vita-Herb Nutriceuticals, Inc. v. Probiohealth, LLC*, 2013 WL 1182992, at *7 (C.D. Cal. Mar. 20, 2013) (declining to consider the parties' respective motions for summary judgment and denying them as moot because the Court found it did not have subject matter jurisdiction over plaintiff's remaining claim). Such metaphysical disputes are not justiciable in Article III courts. New York Marine is not entitled to a determination on all possible bases for its claims—this Court only has jurisdiction over disputes as to which effective relief can be granted. *See Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 933 (9th Cir. 2008) ("The basic question is whether there exists a present controversy as to which effective relief can be granted."). Federal courts routinely decline to issue declaratory judgments that would have no effect on actual legal disputes,[1] and decline to entertain alternative bases for relief that has already been granted or otherwise attained.[2]

---

[1] *See, e.g.*, *Monbo v. Nathan*, 623 F. Supp. 3d 56, 129 (E.D.N.Y. 2022) (declining to issue declaratory judgments as to validity of defendants' copyrights because it had no bearing on the legal issues disputed in the case); *Harvey v. Gonzalez*, 2016 WL 7383769, at *7 (D. Colo. Nov. 21, 2016) (declining to award declaratory relief because it would not settle any dispute affecting defendant's behavior toward plaintiff; thus the case was moot and the court lacked jurisdiction to hear defendant's arguments in the alternative).

[2] *See, e.g.*, *Century Sur. Co. v. Kashama*, 2012 WL 3166926, at *4 (N.D. Cal. Aug. 2, 2012) (declining to award declaratory relief that insurer "ha[d] no obligation to provide [insured] with independent counsel" because "that request for relief is essentially moot in light of the declaratory relief to be awarded" that the insurer had no duty to indemnify or defend at all); *United States v. Toan Phuong Nghe*, 925 F. Supp. 2d 1142, 1147 (W.D. Wash. 2013) ("Because the Court suppresses Nghe's statements as fruits of the unlawful search, the Court denies as moot Nghe's motion to suppress those statements on the alternative bases that they were involuntary and that the officers failed to advise Nghe of his Miranda rights.").

14
**HEARD'S REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS**

Currently, New York Marine faces no real or threatened economic harm from Ms. Heard, as she has withdrawn her claim for indemnity and is not seeking any defense costs from New York Marine unless and until this Court's dismissal order is reversed on appeal. Even if there were separate bases for a determination that New York Marine does not have a duty to defend or indemnify Ms. Heard,[3] no additional declaration from this Court would have any effect on New York Marine's current legally cognizable interests. *See Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) ("A moot action is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome."). The declaratory relief New York Marine seeks is no more than an advisory opinion, prohibited under Article III.

### III. CONCLUSION

For the reasons stated above, the Court should dismiss this action for lack of subject matter jurisdiction.

DATED: June 29, 2023

PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant

---

[3] Ms. Heard certainly does not concede that New York Marine did not have a duty to defend or indemnify Ms. Heard pursuant to California Insurance Code § 533 or the conditions of the operative policy, which she will separately address in her Opposition to New York Marine's Cross-Motion for Judgment on the Pleadings.

15
**HEARD'S REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS**

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant and Counter-Claimant Amber Heard, certifies that this brief contains 3,289 words, which complies with the word limit of L.R. 11-6.1, excluding the parts of the document exempted by L.R. 11-6.1.

DATED: June 29, 2023

PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant