1  Kirk Pasich (SBN 94242)
   KPasich@PasichLLP.com
2  Kayla Robinson (SBN 322061)
   KRobinson@PasichLLP.com
3  Owen Monkemeier (SBN 336476)
   OMonkemeier@PasichLLP.com
4  PASICH LLP
   10880 Wilshire Blvd., Suite 2000
5  Los Angeles, California 90024
   Telephone: (424) 313-7860
6  Facsimile: (424) 313-7890
7
8  Attorneys for Defendant
   and Counter-Claimant
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  NEW YORK MARINE AND              Case No. 2:22-cv-4685-GW (PDx)
    GENERAL INSURANCE
14  COMPANY, a New York             Hon. George H. Wu,
    corporation,                    Courtroom 9D
15
                Plaintiff,          **DEFENDANT AND COUNTER-**
16                                  **CLAIMANT AMBER HEARD'S**
                                    **OPPOSITION TO PLAINTIFF**
17      vs.                         **AND COUNTER-DEFENDANT**
                                    **NEW YORK MARINE'S**
18  AMBER HEARD,                    **MOTION FOR JUDGMENT ON**
                                    **THE PLEADINGS**
19                Defendant.        Date:      July 27, 2023
                                    Time:      8:30 a.m.
20                                  Dept.:     9D
21  AND RELATED COUNTERCLAIM
                                    Complaint Filed July 8, 2022
22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................... 5

II.   LEGAL STANDARD .............................................................. 6

III.   ALL OF NEW YORK MARINE'S CLAIMS ARE MOOT ......................... 7

IV.   NEW YORK MARINE IS NOT ENTITLED TO JUDGMENT ON ITS FIRST AND SECOND CAUSES OF ACTION ............................... 9

V.   NEW YORK MARINE IS NOT ENTITLED TO JUDGMENT ON ITS THIRD CAUSE OF ACTION .................................................. 9

   A.   The Claim Now Raised by New York Marine Is Not the Basis for the Third Cause of Action ............................. 9

   B.   New York Marine's Motion Does Not Address One of the Policy's Coverages ......................................... 11

   C.   The Third Cause of Action Cannot Be Decided on the Basis of the Pleadings ........................................ 15

VI.   NEW YORK MARINE IS NOT ENTITLED TO JUDGMENT ON THE FOURTH CAUSE OF ACTION BECAUSE IT HAS NOT ESTABLISHED PREJUDICE ................................................. 19

VII.   CONCLUSION ..................................................................... 21

CERTIFICATE OF COMPLIANCE ............................................... 22

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*,
2013 WL 3205345 (S.D. Cal. June 24, 2013) ...................................... 8

*Campbell v. Allstate Ins. Co.*,
60 Cal. 2d 303 (1963) ........................................................... 19

*CNA Cas. v. Seaboard Sur. Co.*,
176 Cal. App. 3d 598 (1986) .................................................. 16

*Downey Venture v. LMI Ins. Co.*,
66 Cal. App. 4th 478 (1998) ......................................... 13, 14, 15

*Fed. Ins. Co. v. MBL, Inc.*,
219 Cal. App. 4th 29 (2013) ................................................... 21

*Gen. Conf. Corp. v. Seventh-Day Adventist Congregational
Church*,
887 F.2d 228 (9th Cir. 1989) .......................................... 6, 7, 20

*U.S. ex rel. Giles v. Sardie*,
191 F. Supp. 2d 1117 (C.D. Cal. 2000) .................................... 12

*Gray v. Zurich Ins. Co.*,
65 Cal. 2d 263 (1966) ....................................................... 15, 17

*Horace Mann Ins. Co. v. Barbara B.*,
4 Cal. 4th 1076 (1993) ......................................................... 18

*Jones v. Castro*,
168 F. Supp. 3d 169 (D.D.C. 2016) ......................................... 11

*Landmark Am. Ins. Co. v. Taisei Constr. Corp.*,
854 F. App'x 854 (9th Cir. 2021) ............................................ 19

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir.1988) .................................................. 15

*Midiman v. Farmers Insurance Exchange*,
90 Cal. Rptr. 2d 85 (1999) ............................................... 20, 21

3

PASICH℠

*Montrose Chem. Corp. v. Superior Ct.*,
   6 Cal. 4th 287 (1993) ............................................................... 18

*Park Townsend, LLC v. Clarendon Am. Ins. Co.*,
   916 F. Supp. 2d 1045 (N.D. Cal. 2013) ............................................. 21

*Republic Indem. Co. v. Superior Ct.*,
   224 Cal. App. 3d 492 (1990) ............................................... 15

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998)....................................... 11, 12

*Selective Ins. Co. v. Phusion Projects, Inc.*,
   836 F. Supp. 2d 731 (N.D. Ill. 2011)..................................... 8

*State Farm Mut. Auto. Ins. Co. v. Ormston*,
   550 F. Supp. 103 (E.D. Pa. 1982) ...................................... 8

*Sweeny v. Toyota Motor Sales, U.S.A., Inc.*,
   2023 WL 2628697 (C.D. Cal. Feb. 9, 2023) ........................ 11

*Travelers Prop. Cas. Co. of Am. v. Centex Homes*,
   2015 WL 966205 (E.D. Cal. Mar. 4, 2015) ........................ 8

*Unigard Ins. Co. v. Cont'l Warehouse*,
   2001 WL 432396 (N.D. Cal. Apr. 26, 2001) ....................... 8

**Other Authorities**

5 C. Wright & A. Miller, *Federal Practice and Procedure*
   § 1368 (1969) ................................................................... 7

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## **I.    INTRODUCTION**

3    Plaintiff New York Marine and General Insurance Company filed

4    this action against its insured, defendant Amber Heard, seeking a

5    declaration that it did not owe any "ongoing" defense or indemnity

6    obligations to Ms. Heard under its Policy for a lawsuit filed against her by

7    John C. Depp II. Both of these questions are moot.

8    The lawsuit was resolved by a confidential settlement in December

9    2022, obviating any dispute as to an "ongoing" duty to defend.

10    Furthermore, this Court's March 17, 2023, order adjudicated Ms. Heard's

11    claim for reimbursement of defense costs, which thus resolves any dispute

12    as to the issue of the pre-settlement duty to defend—an issue not

13    encompassed in New York Marine's Amended Complaint, in any case.

14    Moreover, Ms. Heard has represented to New York Marine that she

15    will not exercise her right (per the Court's dismissal order) to amend her

16    counterclaim to revive her bad faith claim and has withdrawn her claim

17    for indemnity against New York Marine for the settlement of the *Depp*

18    lawsuit. As explained below and in her motion for judgment on the

19    pleadings, the Amended Complaint is moot.

20    Nonetheless, New York Marine wastes the Court's and Ms. Heard's

21    time and resources by seeking judgment on the pleadings as to all four of

22    its claims. New York Marine does so despite making no substantive

23    arguments with respect to the right to judgment on the first and second

24    cause of action, for indemnity. It simply asserts (incorrectly) that its

25    claims are not moot. But even if it were right, that a claim may not be

26    moot does not somehow mean that a plaintiff is entitled to judgment on it.

27    New York Marine's motion fails on its third cause of action that it

28    has no duty to indemnify both because the claim is moot and because it

1   seeks judgment as to a claim that is *nowhere in its pleadings*. Specifically,

2   it now claims that it never had a duty to defend, while its third cause of

3   action alleges only that after the *Depp* judgment, it had no ongoing duty

4   to defend (that is, as to the appeal). Even if New York Marine had pled

5   the cause of action on which it now seeks judgment, its motion still would

6   be meritless. Its motion is based on allegations in a complaint, ignoring

7   the fact that New York Marine's duty to defend independently is

8   triggered by facts outside of the complaint—something New York Marine

9   does not even attempt to address.

10      Similarly, New York Marine's motion as to its fourth cause of action

11  is meritless. New York Marine claims that Ms. Heard breached the

12  Policy's cooperation condition. But even if that were true, it matters not.

13  The law is clear that such a breach excused an insurer from performing

14  only if it substantially prejudiced the insurer (meaning that the outcome

15  of the *Depp* lawsuit would have been different). New York Marine did not

16  plead or argue that it suffered substantial prejudice because of any

17  breach. Furthermore, Ms. Heard alleged in her answer that New York

18  Marine has not suffered substantial prejudice. This cause of action cannot

19  be adjudicated in New York Marine's favor either.

20      This motion is baseless. It should be denied.

21  **II.    LEGAL STANDARD**

22      For purposes of a motion for judgment on the pleadings, "[a]ll

23  allegations of fact by the party opposing the motion are accepted as true,

24  and are construed in the light most favorable to that party." *Gen. Conf.*

25  *Corp. v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230

26  (9th Cir. 1989). "As a result, a plaintiff is not entitled to judgment on the

27  pleadings when the answer raises issues of fact that, if proved, would

28  defeat recovery. Similarly, if the defendant raises an affirmative defense

PASICH.

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1  in his answer it will usually bar judgment on the pleadings." *Id.* (citing

2  5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (1969)).

3  **III.   ALL OF NEW YORK MARINE'S CLAIMS ARE MOOT**

4       As explained further in Ms. Heard's motion for judgment on the

5  pleadings, there is no jurisdiction over New York Marine's claims.

6       First, in its Amended Complaint New York Marine seeks only a

7  declaration that it has no "ongoing" duty to defend Ms. Heard in the *Depp*

8  lawsuit. ECF No. 5-1 at 9-11. Nowhere in its motion does New York

9  Marine acknowledge that this is the limited scope of its requests for

10  declaratory relief. Nor does New York Marine mention that there is no

11  dispute over an "ongoing" duty to defend because the *Depp* lawsuit is over

12  and Ms. Heard denied that there is any dispute with respect to an

13  "ongoing" duty to defend. *See* ECF No. 36 at 8-10.

14       Second, New York Marine contends that "there is an actual case and

15  controversy which is not moot with regard to any duty to defend Heard

16  following her September 4, 2019 tender of the *Depp v. Heard* action to

17  NY Marine and any ongoing duty to defend her until the actual dismissal

18  of the *Depp v. Heard* lawsuit in December of 2022." ECF No. 59-1 at 10.

19  As an initial matter, New York Marine did not seek a declaratory

20  judgment as to its duty to defend between September 4, 2019, and

21  December 2022—only as to its "ongoing" duty (that is, any duty on and

22  after July 8, 2022, when it filed its lawsuit). ECF No. 5-1 at 9-11. If it

23  wants to litigate something different now, its remedy is to seek to amend

24  its complaint, not file a motion for judgment on claims not raised in its

25  complaint. In any event, this Court has already addressed the basis for

26  the dispute between the parties—whether New York Marine had a duty

27  to provide independent counsel to Ms. Heard. ECF No. 46 at 10-11. As

28  New York Marine acknowledges, that is the only basis for Ms. Heard's

7

PASICH.

PASICH₁

1    claim for reimbursement of defense costs. ECF No. 59-1 at 25-26; ECF

2    No. 55-2 at 5 (Robinson Decl. ¶ 12). Accordingly, there is no additional

3    relief the Court can grant to New York Marine and thus no live dispute.

4         Third, New York Marine seeks a declaration that it has no duty to

5    indemnify Ms. Heard for any liability in the *Depp* lawsuit. But Ms. Heard

6    has affirmatively and expressly withdrawn her request for indemnity.

7    ECF No. 55-2 at 4 (Robinson Decl. ¶ 11). There is simply no "live" dispute.

8    And New York Marine fails to acknowledge that courts routinely dismiss

9    an insurer's declaratory relief action as moot once the insured has

10   withdrawn its claim, even if the insured has not released its claims and

11   may (hypothetically) reassert its claims against the insurer in the future.

12   *See, e.g.*, *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*,

13   2013 WL 3205345 (S.D. Cal. June 24, 2013) (dismissing declaratory

14   judgment action when insured withdrew its tender of the underlying

15   lawsuit after it settled but did not formally release any claim under the

16   policy); *Unigard Ins. Co. v. Cont'l Warehouse*, 2001 WL 432396, at *1

17   (N.D. Cal. Apr. 26, 2001) (claim both unripe and moot when insured

18   "withdr[ew] its claim without prejudice to its right to retender the claim

19   in the future," but refused to execute a release relieving the insurer of

20   any obligations to defend or indemnify the underlying claim); *State Farm*

21   *Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103, 104-105 (E.D. Pa. 1982)

22   (claim moot when insured withdrew claim for policy benefits without

23   prejudice to the right to assert a claim at some later time").[1] New York

24

25   _____

     [1] *See also Travelers Prop. Cas. Co. of Am. v. Centex Homes*, 2015 WL

26   966205, at *3 (E.D. Cal. Mar. 4, 2015) (*Ormston, Unigard*, and *Pacifica*
     "uniformly stand for the proposition that there is no case or controversy

27   . . . where an insured is 'not, at the time, seeking any contribution or
     coverage from the insurer'") (citing *Pacifica*, 2013 WL 3205345, at *2);

28   *Selective Ins. Co. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 735 (N.D.

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Marine simply ignores this caselaw and, indeed, cites no authority at all. ECF No. 59-1 at 9-10. That New York Marine *wants* "a partial release or a waiver of some type personally signed by Heard regarding her presently asserted claim for indemnification" is entirely irrelevant. New York Marine has not established and cannot establish an actual controversy over which this Court has jurisdiction.

## IV.   NEW YORK MARINE IS NOT ENTITLED TO JUDGMENT ON ITS FIRST AND SECOND CAUSES OF ACTION

New York Marine asks the Court to "enter judgment on the pleadings in its favor as to the first and second causes of action of its Amended Complaint," without making *any* arguments that would entitle it to such judgment. ECF No. 59-1 at 9-10. In fact, New York Marine's only argument is that these causes of action are not moot. *See id.* Even if that were correct (it is not), the fact that a claim is not moot is plainly not a sufficient basis to grant judgment on the pleadings on the merits of these claims. Furthermore, Ms. Heard denies New York Marine's contentions and denies that New York Marine is entitled to relief on the merits. ECF No. 36 at 6-8.

## V.   NEW YORK MARINE IS NOT ENTITLED TO JUDGMENT ON ITS THIRD CAUSE OF ACTION

### A.   The Claim Now Raised by New York Marine Is Not the Basis for the Third Cause of Action

New York Marine seeks declaratory relief in its third cause of action on the following ground: "Because the jury's factual findings regarding Heard's liability to Depp required a finding of willful act(s) by Heard to

Ill. 2011) (no "actual controversy" under Declaratory Judgment Act after insured withdrew its claim for coverage).

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

establish liability, California public policy and California Insurance Code § 533 preclude New York Marine from having any obligation to defend Heard in the Underlying Action." ECF No. 5 at 9 (Am. Compl. ¶ 38). New York Marine explained that the "actual controversy" is that Ms. "Heard disputes Plaintiff's contentions and asserts that the Policy obligates New York Marine to continue to defend Heard on an ongoing basis in the Underlying Action." *Id.* (Am. Compl. ¶ 39). New York Marine seeks the following relief: "Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that with respect to defense of Heard, Plaintiff has no obligation on an ongoing basis for the Underlying Action." *Id.* (Am. Compl. ¶ 40); *see also id.* at 11 (prayer for relief seeking declaration that New York Marine "has no duty to defend Heard on an ongoing basis in the Underlying Action, Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911 or in connection with any appeal of the judgment in []that Action"). Thus, New York Marine clearly sought only judgment that it had no duty to defend Ms. Heard *after* the jury verdict in the *Depp* lawsuit.

New York Marine now seeks judgment on a cause of action it never pled, premised on different relief, different facts, and a different legal premise—that it *never* had a duty to defend Ms. Heard at any point. It now claims that it never had a duty to defend based on the allegations in the *Depp* complaint, ECF No. 59-1 at 15, a document barely mentioned in its Amended Complaint. *See generally* ECF No. 5. In other words, New York Marine's pleaded claim for relief concerned (1) the "ongoing" duty to defend, (2) the jury's findings, and (3) section 533, while New York

1 Marine's arguments in its motion concern (1) a prior duty to defend,

2 (2) the *Depp* complaint, and (3) the Policy language.

3     A plaintiff cannot assert a particular cause of action based on

4 particular facts in its complaint only to shift gears entirely during motion

5 practice. *See, e.g.*, *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197

6 n.1 (9th Cir. 1998) (because complaint alleged Takings Clause claim

7 based on allegation that plaintiff-inmates' funds were "deposited in a non-

8 interest bearing account," court refused to consider argument that,

9 although accounts earned interest, it was "credited to the Inmate Welfare

10 Fund rather than to them as individual prisoners"); *Sweeny v. Toyota*

11 *Motor Sales, U.S.A., Inc.*, 2023 WL 2628697, at *15 (C.D. Cal. Feb. 9,

12 2023) (because plaintiff failed to include allegations that satisfied

13 statutory notice requirement, plaintiff could not defeat motion to dismiss

14 by referring to judicially noticeable material); *Jones v. Castro*, 168 F.

15 Supp. 3d 169, 181 (D.D.C. 2016) (because complaint only claimed that

16 plaintiff was denied ability to accrue annual leave, court did not need to

17 consider a "new claim that [plaintiff] was unable to use all of his

18 accumulated leave because he could only 'roll over' a maximum of 240

19 hours of leave to the subsequent calendar year"). Thus, New York

20 Marine's motion does not actually address the third cause of action it

21 asserted, but rather a cause of action nowhere asserted in its Amended

22 Complaint. The Court cannot grant relief as to this unpled claim.

23   **B.   New York Marine's Motion Does Not Address One of the**

24        **Policy's Coverages**

25     New York Marine also is not entitled to the relief it seeks because,

26 despite seeking a broad declaration that it "has no obligation on an

27 ongoing basis for the Underlying Action," it does not address its duty to

28 defend under the Comprehensive General Liability coverage in its Policy.

11

1   New York Marine simply cannot get a judgment that it had no defense

2   duty under its Policy when it fails to address all potentially applicable

3   coverages in the Policy.[2]

4        The Commercial General Liability Coverage Form's "Coverage B

5   Personal and Advertising Liability," contains the following "Insuring

6   Agreement":

7        **1. Insuring Agreement**

8             a. We will pay those sums that the insured becomes

9             legally obligated to pay as damages because of

10            "personal and advertising injury" to which this

11            insurance applies. We will have the right and duty

12            to defend the insured against any "suit" seeking

13            those damages. However, we will have no duty to

14            defend the insured against any "suit" seeking

15            damages for "personal and advertising injury" to

16            which this insurance does not apply. We may, at

17            our discretion, investigate any offense and settle

18            any claim or "suit " that may result. But:

19            (1) The amount we will pay for damages is limited

20            as described in Section III – Limits Of Insurance;

21            and

22

23

24   _____

[2] Needless to say, New York Marine cannot on reply make new

25   arguments, let alone raise claims not asserted in its Amended Complaint.
     *See, e.g., Schneider*, 151 F.3d at 1197 n.1 (party cannot raise a new claim

26   by asserting it in a brief); *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d
     1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to

27   introduce new facts or different legal arguments in the reply brief than
     those presented in the moving papers.").

28

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

ECF No. 5-1 at 27. The Policy defines "personal and advertising injury" to include injury arising out of the "offenses" of

b. Malicious prosecution;

. . .

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services . . . .

*Id.* at 35. New York Marine promised to "pay those sums that [Ms. Heard] becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." ECF No. 5-1 at 27. The Commercial General Liability coverage is "offense"-based. This means, as California courts have held, that the insurer's duties under this coverage extend to defending suits arising from wilful behavior.

In *Downey Venture v. LMI Insurance Co.*, 66 Cal. App. 4th 478

1  (1998), an insured was sued for malicious prosecution—an expressly

2  covered offense under the policy. *Id.* at 507. The court held that section

3  533 barred indemnity coverage for the malicious prosecution claim,

4  despite the policy's express language providing coverage for such a claim

5  because a cause of action for malicious prosecution necessarily required

6  proof of a "willful act." *Id.* at 503. However, the court held that section

7  533 did not negate the insurer's duty to defend the malicious prosecution

8  lawsuit.

> 9   The personal injury section of the policy promises
> 10  to *both* indemnify *and* defend any claims arising
> 11  from certain specified "offenses" committed during
> 12  the policy period. One of those "offenses" is
> 13  malicious prosecution. In other words, there is a
> 14  specific and express promise of both indemnity and
> 15  defense coverage. . . . [W]hile indemnification of
> 16  such claim is precluded by section 533, that
> 17  conclusion does not apply to [the insurer's] defense
> 18  commitment which, in this policy, is a specific and
> 19  distinct commitment.

20  *Id.* at 507. The court went on:

> 21  [T]here was a distinct promise to provide a defense
> 22  and such express commitment certainly would
> 23  create a reasonable expectation on the part of the
> 24  [insureds] that a defense would be provided . . . . In
> 25  this case, the express promise to provide a defense
> 26  to malicious prosecution claims was clearly
> 27  sufficient to create an objectively reasonable

28

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1        expectation in the [insureds] that a defense would

2        be provided.

3   *Id.* at 509.

4        As in *Downey*, the Policy here expressly promises a defense for

5   intentional torts, including "[o]ral or written publication, in any manner,

6   of material that slanders or libels a person." ECF No. 5-1 at 35 § V.14.d.

7   Nonetheless, New York Marine fails to even mention this coverage in its

8   Amended Complaint or in its motion and fails to make any arguments

9   concerning this coverage. *See generally* ECF No. 5, ECF No. 59-1. By

10  failing to address this coverage in its Amended Complaint or motion,

11  New York Marine has forfeited any argument that it is entitled to

12  declaratory relief on the meaning of this provision. New York Marine is

13  not entitled to the broad declaratory relief it seeks.

14  **C.    The Third Cause of Action Cannot Be Decided on the**

15  **Basis of the Pleadings**

16       Even if the Court were to address this cause of action on the merits,

17  New York Marine is not entitled to judgment on the pleadings. Judgment

18  on the pleadings is proper when there are no issues of material fact and

19  the moving party is entitled to judgment as a matter of law. *See, e.g.*,

20  *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). As New

21  York Marine appears to concede, California courts have consistently held

22  that section 533 applies only to the duty to indemnify and not to the duty

23  to defend. *See, e.g.*, *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 277 (1966)

24  (section 533 "forbid[s] only contracts which indemnify for 'loss' or

25  'responsibility' resulting from wilful wrongdoing."); *Republic Indem. Co. v.*

26  *Superior Ct.*, 224 Cal. App. 3d 492, 497-98 (1990) ("section 533 precludes

27  only *indemnification* of wilful conduct and not the *defense* of an action in

28  which such conduct is alleged").

PASICH

1    Conflating several issues, New York Marine argues that Ms. Heard
2  could not have had the reasonable expectation of a defense for the *Depp*
3  lawsuit under the Policy because there was no potential "occurrence" and
4  because the *Depp* lawsuit could only have involved intentional conduct
5  falling within the scope of section 533. New York Marine is wrong.

6    New York Marine's motion is wholly reliant on the contents of the
7  *Depp* complaint. But, as a matter of law, the *Depp* complaint is not
8  determinative of whether there was a potentially covered claim. "[T]he
9  insurer's duty is not measured by the technical legal cause of action
10  pleaded in the underlying third party complaint, but rather by the
11  *potential* for liability under the policy's coverage as revealed by the *facts*
12  alleged in the complaint *or **otherwise known to the insurer***." *CNA*
13  *Cas. v. Seaboard Sur. Co.*, 176 Cal. App. 3d 598, 609 (1986) (bold
14  emphasis added). An insurer

15    cannot construct a formal fortress of the third
16    party's pleadings and retreat behind its walls. The
17    pleadings are malleable, changeable and
18    amendable. . . . To restrict the defense obligation of
19    the insurer to the precise language of the pleading
20    would not only ignore the thrust of the cases but
21    would create an anomaly for the insured. . . . [W]e
22    should hardly designate the third party as the
23    arbiter of the policy's coverage.
24    Since modern procedural rules focus on the facts of
25    a case rather than the theory of recovery in the
26    complaint, the duty to defend should be fixed by the
27    facts which the insurer learns from the complaint,
28    the insured, or other sources. An insurer, therefore,

16

PASICH.

1                       bears a duty to defend its insured whenever it

2                       ascertains facts which give rise to the potential of

3                       liability under the policy.

4   *Gray*, 65 Cal. 2d at 276-77. Because the duty to defend can arise from

5   facts the insurer learns *outside* the complaint, New York Marine cannot

6   simply point to the *Depp* complaint and assume that its allegations are

7   both true and unchangeable, and that there were no other extrinsic facts

8   that would have supported a potential for coverage. It especially cannot

9   do so with an unpled theory to which Ms. Heard has been deprived the

10  opportunity to respond. Even if this Court were to credit New York

11  Marine's arguments about the meaning of the Policy, the allegations of

12  the *Depp* complaint, and Virginia law, New York Marine's arguments are

13  facially insufficient to support judgment on the pleadings.

14       New York Marine may contend, in reply, that it is still entitled to

15  judgment because there is no legal theory that could have succeeded

16  against Ms. Heard that would have potentially been covered under the

17  Policy.[3] But this is wholly speculative at this stage, especially given that

18  New York Marine does not address one of the coverages in its Amended

19  Complaint, let alone make any factual allegations supporting any notion

20  that it cannot apply.

21       Regardless, under the Comprehensive Personal Injury coverage,

22  New York Marine promised to defend Ms. Heard from a suit brought "for

23

24  [3] *See* ECF No. 59-1 at 18 ("[I]t follows that since a finding against Heard based on the allegations in the *Depp v. Heard* action would necessarily

25  require a finding of defamation by implication establishing that she "intended" the defamatory implications of her statements, it follows that

26  any liability imposed upon her in that action would be because she "willfully" intended both the defamatory statements and the resulting

27  injury for which no coverage is afforded under the NY Marine policy pursuant to Insurance Code §533.").

28

damages because of . . . 'personal injury' caused by an 'occurrence'" even if that suit was "groundless, false or fraudulent." ECF No. 5-1 at 53. A "groundless, false or fraudulent" claim will necessarily *not* result in covered damages. As the Supreme Court has explained, "[a]n insured buys liability insurance in large part to secure a defense against *all* claims potentially within policy coverage, even frivolous claims unjustly brought." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1086 (1993). Thus, it is not the case that "if *facts* stated in the complaint or otherwise brought to the attention of the insurer *will not support any damages* within the scope of the policy, there is no potential for coverage and therefore no duty to defend" because that would "read out of existence the 'groundless, false, or fraudulent' clause that is universally common in liability insurance policies"). *Id.* It is, thus, irrelevant whether Mr. Depp could have been meritorious in his claims against Ms. Heard because a defense was promised regardless of its ability to succeed as a matter of law. As the California Supreme Court has held, an insurer

> must defend in some lawsuits where liability under the policy ultimately fails to materialize; this is one reason why it is often said that the duty to defend is broader than the duty to indemnify. . . . Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor.

*Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 299-300 (1993).

New York Marine has not negated the potential for coverage or the expectation of a defense and is not entitled to judgment on the pleadings.

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## VI.   NEW YORK MARINE IS NOT ENTITLED TO JUDGMENT ON THE FOURTH CAUSE OF ACTION BECAUSE IT HAS NOT ESTABLISHED PREJUDICE

New York Marine contends it is entitled to a judgment that Ms. Heard is not entitled to reimbursement of defense costs, while acknowledging that the only defense costs Ms. Heard has sought are for independent counsel and that this Court has already determined there was no duty to provide independent counsel. ECF No. 59-1 at 25-26. Absurdly, although it concedes that there are no defense costs in dispute in light of the Court's order, New York Marine contends that its fourth cause of action is not moot. But, given the Court's order, that cannot be.

Even on the merits, New York Marine is not entitled to judgment on the pleadings with respect to the fourth cause of action. "An insurer may assert defenses based upon a breach by the insured of a condition of the policy such as a cooperation clause, but the breach cannot be a valid defense unless the insurer was substantially prejudiced thereby." *Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 305 (1963). "The burden of proving that a breach of a cooperation clause resulted in prejudice is on the insurer." *Id.* at 306. "Prejudice is not presumed as a matter of law from breach, rather, actual prejudice must be shown." *Landmark Am. Ins. Co. v. Taisei Constr. Corp.*, 854 F. App'x 854, 856 (9th Cir. 2021) (cleaned up). Indeed, New York Marine concedes that it must establish prejudice resulting from a breach of the duty to cooperate in order to establish prejudice, arguing that the fourth cause of action "could not be determined until after the underlying *Depp v. Heard* action was concluded" because the question of the insurer's prejudice cannot be evaluated until the underlying claim is final. ECF No. 59-1 at 27.

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1    New York Marine has not pled or argued that it was prejudiced in

2    any way, let alone "substantially," by the claimed breach of the Policy's

3    cooperation condition. *See generally* ECF No. 5; ECF No. 59-1. Because

4    New York Marine has not even attempted to establish substantial

5    prejudice, it has not established that any alleged non-cooperation excused

6    its duty to defend Ms. Heard.

7        Moreover, Ms. Heard has alleged as an affirmative defense that

8    New York Marine was not substantially prejudiced. ECF No. 36 at 10

9    ("New York Marine cannot maintain its fourth cause of action because it

10   cannot establish that it was actually and substantially prejudiced by any

11   unexcused alleged failure of Ms. Heard to satisfy any condition in the

12   Policy."). If proven, Ms. Heard's defense that New York Marine was not

13   prejudiced will defeat the fourth cause of action. For this reason, as well,

14   New York Marine is not entitled to judgment on the pleading. *See, e.g.*,

15   *Seventh-Day Adventists*, 887 F.2d at 231 (affirmative defenses disputing

16   elements of the movant's claim barred judgment on pleadings).

17       The cases cited by New York Marine are not to the contrary; none

18   hold that an insurer is entitled to judgment on the pleadings when

19   prejudice is not pled or argued and is contested by the non-moving party.

20   None of New York Marine's cases even address the requirement of

21   establishing substantial prejudice under California law.

22       Indeed, many of these cases underscore that New York Marine's

23   claim for declaratory relief is moot because its duty to pay defense costs

24   for Ms. Heard's independent counsel has already been adjudicated. In

25   *Midiman v. Farmers Insurance Exchange*, 90 Cal. Rptr. 2d 85, 96 (1999),

26   *ordered not to be officially published* (May 10, 2000), which is not

27   precedential, the issue was whether the insurer breached its duty to

28   provide *Cumis* counsel. The court held that if the insurer had no such

20

duty, "it could not be required to reimburse [the insured] for attorney fees expended in settling the [underlying] litigation." Again, that issue has already been adjudicated here. The court did not analyze any alleged failure to cooperate, let alone the requirement of establishing substantial prejudice.[4] *See also Fed. Ins. Co. v. MBL, Inc.*, 219 Cal. App. 4th 29 (2013) (same); *Park Townsend, LLC v. Clarendon Am. Ins. Co.*, 916 F. Supp. 2d 1045, 1055-56 (N.D. Cal. 2013) (same).

## VII. **CONCLUSION**

For these many reasons, New York Marine's motion should be denied.

DATED: July 6, 2023                              PASICH LLP


By:   */s/ Kayla Robinson*
Kayla Robinson

Attorneys for Defendant and Counter-Claimant

---

[4] The dicta quoted by New York Marine refers to the insured's decision not to wait to see if an actual conflict arose, not to any issue relevant here. *Id.* at 99 ("The better practice . . . would be to cooperate with appointed counsel until an actual conflict develops. Put simply, [the insured's] nonnegotiable demand for *Cumis* counsel based on conjecture about conflicts which might reveal themselves in the future as the litigation progressed was premature. No palpable conflict prevented [the law firm] from fully presenting [the insured's] defenses . . . . [The insured's] decision to reject appointed counsel and go forward with settlement discussion on its own was done at its own risk.").

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1

## **CERTIFICATE OF COMPLIANCE**

2

The undersigned, counsel of record for Defendant and Counter-

3

Claimant Amber Heard, certifies that this brief contains 4,938 words,

4

which complies with the word limit of L.R. 11-6.1, excluding the parts of

5

the document exempted by L.R. 11-6.1.

6

DATED: July 6, 2023                          PASICH LLP

7

8

By:   */Kayla Robinson*
                                             Kayla Robinson

9

                                             Attorneys for Defendant and
                                             Counter-Claimant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HEARD'S OPPOSITION TO NY MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**