SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal Bar No. 167793
jbrooks@sheppardmullin.com
JEFFREY V. COMMISSO, Cal Bar No. 191267
jcommisso@sheppardmullin.com
ANDREA S. WARREN, Cal Bar No. 327033
awarren@sheppardmullin.com
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for Travelers Commercial
Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AMBER HEARD, an individual,<br><br>        Defendant. | Case No. 2:22-cv-04685-GW (PDx)<br><br>Consolidated for Pre-Trial Purposes with 2:21-cv-5832-GW (PDx)<br><br>**TRAVELERS COMMERCIAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    July 27, 2023<br>Time:   8:30 a.m.<br>Crtrm:  9D<br>Judge:  Hon. George H. Wu<br><br>Trial Date:         December 12. 2023 |
| AMBER HEARD, an individual,<br><br>        Counter-Claimant,<br><br>    v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York Corporation,<br><br>        Counter-Defendant. | |

## I. INTRODUCTION

Travelers Commercial Insurance Company ("Travelers") submits this brief in response to New York Marine's Cross-Motion for Judgment on the Pleadings [Dkt. 59-1] to address issues that could impact resolution of the consolidated action pending as *Travelers Commercial Insurance Company v. New York Marine*, Case No. 2:21-cv-05832-GW.  New York Marine ("NY Marine") argues that it had no duty to defend Heard in the underlying defamation action.  NY Marine is wrong.

## II. POTENTIALLY APPLICABLE COVERAGES

At issue is a Commercial General Liability policy issued by NY Marine to Under the Black Sky, Inc., effective from July 18, 2018 to July 18, 2019, as Policy No. GL201800012500 (the "Policy"). [Dkt. 5-1 at 222].  The Declarations in the Policy list Under the Black Sky, Inc. as the Named Insured.  The Named Insured Extension Schedule adds Amber Heard, an Individual, as a named insured.  [*Id*. at 207].

NY Marine's Policy contains three coverage parts:  Coverage A (Bodily Injury and Property Damage Liability), Coverage B (Personal and Advertising Injury Liability), and Coverage L (Personal Liability).  Coverage L was specially added via a Comprehensive Personal Liability Coverage endorsement.  [*Id.* at 255].

Coverage A is inapplicable, as it provides coverage for "bodily injury" or "property damage" caused by an "occurrence," defined as an "accident." [*Id.* at 224, 237]  The underlying lawsuit filed against Defendant Heard did not seek any damages because of "bodily injury" or "property damage."  Coverages B and L (discussed below) are both potentially applicable to Heard's claims for defense and indemnity.  NY Marine only addresses Coverage L in its brief (and declaratory judgment action).

## III. THE SUIT AGAINST HEARD TRIGGERED NY MARINE'S DUTY TO DEFEND UNDER COVERAGE B AND COVERAGE L

Coverage B obligates NY Marine to defend and indemnify suits for damages because of "personal and advertising injury," defined to include injury arising out of "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." [*Id.* at 229, 237] Coverage B does not require an "occurrence" or accident. To the contrary, Coverage B specifically provides coverage for slander, libel, and disparagement of another. [*Id.*]

In the past, NY Marine has suggested that Coverage B did not apply to Heard's claim because the alleged defamation was not connected to Under the Black Sky's or Heard's business. The underlying complaint alleges the precise opposite: "Ms. Heard revived her false allegations against Mr. Depp in the op-ed to generate positive publicity for herself and to promote her new movie *Aquaman*, which premiered across the United States and in Virginia only three days after the op-ed was first published." [Doc. 5-2 at p. 7.]

Coverage L obligates NY Marine to defend and indemnify suits for damages because of "personal injury" caused by an "occurrence." [Doc. 5-1 at 255] "Personal injury" is defined to include an injury other than bodily injury arising out of "oral or written publication of material that slanders or libels a person or organization including other forms of defamation." [*Id.* at 258] Although Coverage L contains an exclusion for personal injury that is "expected or intended by the Insured," that exclusion does not apply if the personal injury was "arising out of oral or written publication or other forms of defamation that occurred prior to the inception date of this policy." [*Id.* at 255]

## IV. CONCLUSION

New York Marine had a duty to defend Heard in the underlying defamation action under its Coverage B (personal and advertising injury coverage) and

Coverage L (personal liability coverage).  The Court should not adopt the incorrect arguments in NY Marine's Cross-Motion for Judgment on the Pleadings.

Dated:  July 6, 2023

                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Andrea S. Warren*
        JEFFREY V. COMMISSO
        JOHN T. BROOKS
        ANDREA S. WARREN

Attorneys for
TRAVELERS COMMERCIAL INSURANCE