McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A. Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for Plaintiff and Counter-
Defendant New York Marine and General
Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBER HEARD, an individual,<br><br>Defendant. | Case No. 2:22-cv-04685-GW(PDx)<br><br>Consolidated for Pre-Trial Purposes with 2:21-cv-5832-GW (PDx)<br><br>**NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| AMBER HEARD, an individual,<br><br>Counter-Claimant<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York Corporation,<br><br>Counter-Defendant | Hon. George H. Wu<br>Date:    July 27, 2023<br>Time:    8:30 a.m.<br>Crtrm.:  9D |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

# **TABLE OF CONTENTS**

**Page**

I. NY MARINE IS ENTITLED TO A DECLARATORY JUDGMENT
REGARDING ITS DUTIES TO DEFEND AND INDEMNIFY .................. 1

    A. NY Marine Is Entitled To Judgment On The Pleadings As To Its
Third Cause Of Action ........................................................................ 1

        1. The Allegations Of The *Depp v. Heard* Action Alleging
Defamation By Implication Necessarily Allege A Willful
Act And Thus NY Marine Had No Duty To Defend Heard ........ 1

        2. Neither NY Marine's FAC Nor Heard's Answer Allege
Any Facts Outside Of The Allegations Of The *Depp v.
Heard* Complaint Known To NY Marine Which Triggered
Its Duty To Defend ........................................................................ 5

        3. The CGL Coverage Part Of The NY Marine Policy Is Not
At Issue In Its FAC ........................................................................ 6

            a. Even If At Issue, The Commercial General Liability
Coverage Part Of The NY Marine Policy Did Not
Require It To Defend Heard ................................................ 6

                (i) For The Same Reasons That Insurance Code
§533 Precludes A Duty To Defend Under The
CPL Coverage Part, It Likewise Precludes A
Defense Under The CGL Coverage Part ................. 6

                (ii) The CGL Coverage Part Precludes Coverage
For "Personal Injury" "Arising Out Of The
Oral Or Written Publication Of Material If
Done By Or At The Direction Of The Insured
With Knowledge Of Its Falsity" ............................. 7

                (iii) The NY Marine's Policy's Exclusion For
"Promotion" Eliminates Any Coverage Which
Would Otherwise Exist Under The CGL
Coverage Part ........................................................ 8

                (iv) The NY Marine's Policy's Exclusion For
"Personal And Advertising Injury" Arising
Out Of The "Exploitation" Of Films
Eliminates Any Coverage Which Would
Otherwise Exist Under The CGL Coverage
Part ...................................................................... 10

    B. NY Marine Is Entitled To Judgment On The Pleadings As To Its
Fourth Cause Of Action .................................................................. 11

II. THE SETTLEMENT OF THE *DEPP V. HEARD* ACTION DOES NOT
MOOT THE DISPUTE REGARDING NY MARINE'S DUTIES AND
OBLIGATIONS ................................................................................ 16

i

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1

## <u>TABLE OF CONTENTS</u>
### (Continued)

2                                                                                            <u>Page</u>

3   A.   NY Marine's Entitlement To A Declaratory Judgment As To The
         Lack Of Its Duty To Defend Is Not Moot .............................................. 16
4
    B.   The Controversy Between Heard And NY Marine Over The Duty
5        To Indemnify Is Not Moot ...................................................................... 18

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>CASES</u>

*Aetna Cas. & Sur. Co. v. Superior Ct.*,
   19 Cal.App.4th 320 (1993)................................................................6

*Aetna Life Ins. Co. v. Haworth*,
   300 U.S. 227 (1937) ......................................................................27

*Allstate Ins. Co. v. LaPore*,
   762 F.Supp. 268 (N.D.Cal. 1991) ....................................................4

*Am. Guarantee & Liab. Ins. Co. v. Shel-Ray Underwriters, Inc.*,
   844 F.Supp. 325 (S.D.Tex. 1993) ...................................................10

*Am. Internat. Bank v. Fid. & Deposit Co.*,
   49 Cal.App.4th 1558 (1996)..............................................................8

*Am. Internat. Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*,
   2013 WL 3205345 (S.D.Cal. 2013)..................................................27

*Amirmokri v. Baltimore Gas & Elec. Co.*,
   60 F.3d 1126 (4th Cir. 1995)...........................................................25

*Atl. Mut. Ins. Co. v. Terk Techs. Corp.*,
   763 N.Y.S.2d 56 (2003) ..................................................................10

*B & E Convalescent Center v. State Compensation Ins. Fund*,
   8 Cal.App.4th 78 (1992).............................................................1, 6, 7

*Baroco W., Inc. v. Scottsdale Ins. Co.*,
   110 Cal.App.4th 96 (2003) ................................................................8

*Benchmark Ins. Co. v. Dismon Corp.*,
   262 F.Supp.3d 991 (C.D.Cal. 2017)................................................28

*Bice v. Stevens*,
   160 Cal.App.2d 222 (1958) .............................................................26

*Blue Ridge Ins. Co. v. Jacobsen*,
   25 Cal.4th 489 (2001).....................................................................17

*Bowden v. Greene*,
   128 Cal.App.3d 65 (1982) ...............................................................26

*Budget Rent-A-Car, Inc. v. Higashiguchi*,
   109 F.3d 1471 (9th Cir. 1997)..........................................................29

*Buss v. Superior Ct.*,
   16 Cal.4th 35  (1997) ......................................................................17

iii

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*Centex Homes v. St. Paul Fire & Marine Ins. Co.*,
    19 Cal.App.5th 789 (2018)................................................................16

*Certain Underwriters at Lloyd's of London v. Superior Ct.*,
    24 Cal.4th 945 (2001)..............................................................16, 28

*City of San Buenaventura v. Ins. Co. of the State of Pennsylvania*,
    719 F.3d 1115  (9th Cir. 2013)..................................................28

*CNA Cas. Co. v. Seaboard Sur. Co.*,
    176 Cal.App.3d 598 (1986).........................................................7

*Cont'l Cas. Co. v. Consol. Graphics, Inc.*,
    656 F.Supp.2d 650 (S.D.Tex. 2009) ......................................13

*Dart Indus., Inc. v. Liberty Mut. Ins. Co.*,
    484 F.2d 1295 (9th Cir. 1973).....................................................5

*De Vries v. Regents of Univ. of California*,
    6 Cal.App.5th 574 (2016).........................................................11

*Del Monte Fresh Produce N.A., Inc. v. Transportation Ins. Co.*,
    500 F.3d 640 (7th Cir. 2007)......................................................9

*Delpy v. Crowley Launch & Tugboat Co.*,
    99 F.2d 36 (9th Cir. 1938)........................................................26

*Downey Venture v. LMI Insurance Co.*,
    66 Cal.App.4th 478 (1998).....................................................1, 2

*Estes Park Chamber of Com. v. Town of Estes Park*,
    199 P.3d 11 (Colo. App. 2007) ...............................................12

*Federal Ins. Co. v. MBL, Inc.*,
    219 Cal.App.4th 29 (2013).......................................................17

*Gafcon, Inc. v. Ponsor & Assocs.*,
    98 Cal.App.4th 1388 (2002).....................................................16

*Gray v. Zurich Ins. Co.*,
    65 Cal.2d 263 (1966)..................................................................3

*Great Am. Ins. Co. v. Quintana Homeowners Ass'n.*,
    291 F.Supp.3d 1003 (N.D. Cal. 2018) ..............................22, 23

*Haygood v. Dies*,
    174 So. 3d 1211 (La.App. 2015)..............................................10

*Holt Civic Club v. City of Tuscaloosa*,
    439 U.S. 60 (1978) ..................................................................24

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*Jaffe v. Cranford Ins. Co.,*
    168 Cal.App.3d 930 (1985)............................................................................4

*James 3 Corp. v. Truck Ins. Exch.,*
    91 Cal.App.4th 1093 (2001).......................................................................16

*Kaufman v. Chubb Ltd.,*
    386 F.Supp.3d 1270 (C.D.Cal. 2019)......................................................28

*Kaufman v. Fed. Ins. Co.,*
    809 F.App'x 461 (9th Cir. 2020) ..............................................................28

*Liberty Nat. Ins. Holding Co. v. Charter Co.,*
    34 F.2d 545 (11th Cir. 1984).....................................................................25

*Long v. Century Indem. Co.,*
    163 Cal.App.4th 1460 (2008) ...................................................................16

*Lyons v. Fire Ins. Exchange,*
    161 Cal.App.4th 880 (2008) .......................................................................5

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
    519 F.3d 1025 (9th Cir. 2008) ..................................................................14

*Marie Y v. Gen. Star Indem. Co.,*
    110 Cal.App.4th 928 (2003) .......................................................................5

*Melugin v. Zurich Canada,*
    50 Cal.App.4th 658 (1996) .........................................................................5

*Mez Indus., Inc. v. Pac. Nat. Ins. Co.,*
    76 Cal.App.4th 856 (1999) .........................................................................6

*Midiman v. Farmers Ins. Exch.,*
    90 Cal.Rptr.2d 85 (Cal.Ct.App. Dec. 3, 1999)........................................18

*Montrose Chem. Corp. v. Superior Ct.,*
    6 Cal.4th 287 (1993)...................................................................................3

*Morris v. Atlas Assurance Co.,*
    158 Cal.App.3d 8 (1984).............................................................................4

*Mount Vernon Fire Ins. Co. v. VisionAid, Inc.,*
    91 F.Supp.3d 66 (D.Mass. 2015) ............................................................21

*N. Am. Specialty Ins. Grp. v. Am. Int'l Grp., Inc.,*
    2009 WL 10671492 (C.D.Cal. 2009).........................................................4

*Northern Cty. Mut. Ins. Co. v. Davalos,*
    140 S.W.3d 685 (Tex. 2004) ....................................................................21

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

1
2

## TABLE OF AUTHORITIES
### (Continued)

**Page**

3   *OneBeacon Am. Ins. Co. v. Celanese Corp.*,
4          84 N.E.3d 867 (Mass.App. 2017)........................................................................21

    *Park Townsend, LLC v. Clarendon Am. Ins. Co.*,
5          916 F.Supp.2d 1045 (N.D.Cal. 2013) ...............................................................21

6   *Pruyn v. Ag. Ins. Co.*,
           36 Cal.App.4th 500 (1995)................................................................................22
7
    *Quaker State Oil Ref. Corp. v. Kooltone, Inc.*,
8          649 F.2d 94 (2d Cir. 1981)................................................................................25

9   *Reorganized FLI, Inc. v. Williams Companies, Inc.*,
           1 F.4th 1214 (10th Cir. 2021)............................................................................25
10
    *Republic Indemnity Co. v. Superior Court*,
11          224 Cal.App.3d 492 (1990)............................................................................6, 7

12   *Reynolds v. Maramorosch*,
           208 Misc. 626, 144 N.Y.S.2d 900 (Sup.Ct. N.Y. 1955) ..................................20
13
    *Roussos v. Allstate Ins. Co.*,
14          104 Md.App. 80 (1995)......................................................................................19

15   *Safeco Ins. Co. v. Superior Court*,
           71 Cal.App.4th 782 (1999)................................................................................22
16
    *Sargent v. Johnson*,
17          551 F.2d 221 (8th Cir. 1977)............................................................................18

18   *Scott v. Cont'l Ins. Co.*,
           44 Cal.App.4th 24 (1996)..................................................................................11
19
    *Scottsdale Ins. Co. v. MV Transportation*,
20          36 Cal.4th 643 (2005)........................................................................................17

21   *Sias v. City Demonstration Agency*,
           588 F.2d 692 (9th Cir. 1978)............................................................................24
22
    *Smith v. Hundley*,
23          190 F.3d 852 (8th Cir. 1999)............................................................................25

24   *Spindle v. Chubb/Pac. Indem. Grp.*,
           89 Cal.App.3d 706 (1979)................................................................................16
25
    *St. Paul Fire & Marine Ins. Co. v. Weiner*,
26          606 F.2d 864 (1979) ....................................................................................22, 23

27   *Stamm Theatres, Inc. v. Hartford Cas. Ins. Co.*,
           93 Cal.App.4th 531 (2001)................................................................................11
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

vi

# TABLE OF AUTHORITIES
### (Continued)

**Page**

*State Farm Mut. Auto. Ins. Co. v. Goddard,*
484 P.3d 765 (Colo.Ct.App. 2021)...............................................................21

*State Farm Mut. Auto. Ins. Co. v. Ormston,*
550 F.Supp. 103 (E.D.Penn. 1982)...............................................................27

*Stellar v. State Farm Gen. Ins. Co.,*
157 Cal.App.4th 1498 (2007).........................................................................4

*The Filling Station, Inc. v. Vilsack,*
174 F.Supp.2d 942 (S.D. Iowa 2001)............................................................12

*Thompson v. Maryland Cas. Co.,*
84 P.3d 496 (Colo. 2004) ..............................................................................10

*Tradewinds Escrow, Inc. v. Truck Ins. Exch.,*
97 Cal.App.4th 704 (2002)..............................................................................4

*Travelers Prop. Cas. Co. of Am. v. KB Home Coastal, Inc.,*
2012 WL 13012685 (C.D.Cal. 2012).............................................................29

*Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of South Carolina,*
336 F.Supp.2d 610 (D.S.C. 2004) ................................................................19

*U.S. Underwriters Ins. Co. v Weatherization, Inc.,*
21 F.Supp.2d. 318 (S.D.N.Y. 1988).........................................................22, 23

*Unigard Ins. Co. v. Continental Warehouse,*
2001 WL 432396 (N.D.Cal. 2001) ...............................................................27

*Venoco, Inc. v. Gulf Underwriters Ins. Co.,*
175 Cal.App.4th 750 (2009)............................................................................3

*Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co.,*
709 F.Supp.2d 744 (D.Ariz. 2010) ...............................................................10

*Waller v. Truck Ins. Exchange,*
11 Cal.4th 1 (1995).......................................................................................13

*Western District Council v. Louisiana Pacific Corp.,*
892 F.2d 1412 (9th Cir. 1989).......................................................................24

*Z Channel Ltd. P'ship v. Home Box Off., Inc.,*
931 F.2d 1338 (9th Cir. 1991).......................................................................24

## STATUTES

Civil Code §2860.............................................................................................12

Fed. Rules of Civil Procedure §54(c) ..............................................................17

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

**TABLE OF AUTHORITIES**<br>
(Continued)

**Page**

Insurance Code §533 ............................................................... 1, 4, 5, 6, 7, 20

**OTHER AUTHORITIES**

16A Couch on Ins. §227:30 (3rd Ed. June 2023 update) ............................................ 23

https://dictionary.cambridge.org/us/dictionary/english/exploitation ................. 12, 15

https://www.dictionary.com/browse/exploitation ..................................................... 15

https://www.dictionary.com/browse/promotion ......................................................... 12

https://www.merriam-webster.com/dictionary/exploiting ....................................... 15

https://www.merriam-webster.com/dictionary/promotion ....................................... 11

Merriam–Webster's Collegiate Dictionary, p. 994, (11th Ed. 2007) ........................ 13

RESTAT. OF THE LAW OF LIABILITY INS. §10 (2019) ................................................ 17

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

# I.   NY MARINE IS ENTITLED TO A DECLARATORY JUDGMENT REGARDING ITS DUTIES TO DEFEND AND INDEMNIFY

## A.   NY Marine Is Entitled To Judgment On The Pleadings As To Its Third Cause Of Action

### 1.   The Allegations Of The *Depp v. Heard* Action Alleging Defamation By Implication Necessarily Allege A Willful Act And Thus NY Marine Had No Duty To Defend Heard

In NY Marine's motion, it contended that the allegations in the *Depp v. Heard* action of defamation by implication required proof that the defamatory implication of the alleged statements were "designed and intended by" the defendant to imply the defamatory meaning. (NY Marine's Memorandum [ECF 59-1] 8:19-11:21.) NY Marine's motion further contended that such conduct, as alleged in the *Depp v. Heard* action, necessarily amounted to a willful act for which coverage is precluded by Insurance Code §533. (*Id.* at 11:25-12:1.) In her Opposition, Heard does not dispute either of those contentions. Accordingly, the only issue is whether NY Marine had a duty to defend Heard.

In NY Marine's motion, it relied on both *B & E Convalescent Center v. State Compensation Ins. Fund,* 8 Cal.App.4th 78, 92-99 (1992) and numerous other California cases holding that where the only liability alleged is for a willful act for which coverage is precluded by Insurance Code §533, an insurer has no duty to defend. (NY Marine Memorandum [ECF 59-1] 12:2-14:8.) Without attempting to distinguish or otherwise even commenting on any of those cases, Heard's only response is to rely on the decision in *Downey Venture v. LMI Insurance Co.,* 66 Cal.App.4th 478 (1998) which was decided by the same court which previously decided *B & E Convalescent Center*. However, in *Downey Venture*, the insurer's policy expressly promised a defense for suits for "malicious prosecution" and consequently the court held that the insured had a "reasonable expectation" of a defense notwithstanding that the insurer would have no obligation to indemnify for a judgment for malicious prosecution by reason of Insurance Code §533. 66 Cal.App.4th at 499-510.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

Here, however, unlike in *Downey Venture,* Heard could not have had a "reasonable expectation" of a defense to a libel claim such as what was alleged in the *Depp v. Heard* action which was not based on the happening of an "accident" as required by the insuring language of the Comprehensive Personal Liability ("CPL") Coverage part. Specifically, the CPL provision only promises a defense for suits brought against the insureds for damages "because of," as relevant, "'personal injury' caused by an 'occurrence' *to which this coverage applies*...". (First Amended Complaint ("FAC"), Ex. A [ECF-5-1] at 53 of 67; emphasis added.)   The term "personal injury" is defined in the NY Marine policy's CPL provision to include, as relevant, "oral or public written publication of material that slanders or libels a person or organization including other forms of defamation." (FAC, Ex. A [ECF-5-1] at 56 of 67.)   In turn, the term "occurrence" is defined to mean "*an accident*, including continuous or repeated exposure to conditions, which results during the policy period, in:... c. 'personal injury.'" *Id.* (Emphasis added.) Thus, coverage is only afforded for libel if caused by an "accident."

The limiting insuring phrase promising a defense only for actions "to which this coverage applies" unambiguously makes clear that NY Marine's duty to defend does not apply to claims, even if "groundless, false or fraudulent", which fall outside the scope of the policy's coverage or are otherwise excluded. In *Venoco, Inc. v. Gulf Underwriters Ins. Co.*, 175 Cal.App.4th 750, 765 (2009), the insurer's policy, like most liability policies, obligated it to defend suits even if "groundless, false or fraudulent." The Court held that the insurer's promise to defend such "groundless, false or fraudulent" suits "to which this insurance applies" did not require it to defend actions for which liability was specifically excluded. In so holding, the court cited *Gray v. Zurich Ins. Co.* 65 Cal.2d 263, 274 (1966) and went on to explain that "but where the language of the provision is clear and limited, the courts may not expand it beyond its terms. . . In *Gray* the court determined that a false claims provision was qualified. It said, 'the groundless, false or fraudulent' clause, however, does not

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

extend the obligation to defend without limits; it includes only defense to those actions of the nature and kind covered by the policy.'" (175 Cal.App.4th at 765.) The Court in *Venoco, Inc.* thus held that "the phrase 'to which this insurance applies' is not ambiguous. This qualified provision is not an agreement to defend all suits or to defend actions that fall outside the coverage provisions." *See also Montrose Chem. Corp. v. Superior Ct.*, 6 Cal.4th 287, 302 (1993) (notwithstanding an insurer's obligation to defend suits "even if any allegations of the suit are "groundless, false or fraudulent," an insurer has no defense obligations where "the underlying claim cannot come within the policy coverage by virtue of the scope of the insuring clause or the breadth of an exclusion"); *Jaffe v. Cranford Ins. Co.* (1985) 168 Cal.App.3d 930, 936 (phrase "to which this insurance applies" indicates the policy's "broad personal liability insurance" is "subject. . . to the specific exclusionary provisions of the policy."); *Morris v. Atlas Assurance Co.*, 158 Cal.App.3d 8, 14 (1984).

Accordingly, NY Marine has no obligation under its policy's CPL Coverage part to defend actions such as the *Depp v. Heard* action which allege "personal injury" consisting of "libel" which is not the result of an "accident." However, the allegations in the *Depp v. Heard* action of Heard's libel of Depp do not allege that it was due to an "accident." As explained in *Stellar v. State Farm Gen. Ins. Co.*, 157 Cal.App.4th 1498, 1505 (2007), "'[d]efamation', which includes libel and slander, is an intentional tort which requires proof that the defendant intended to publish the defamatory statement …. The very nature of defamation precludes the conclusion that it can occur 'accidentally'", (*citing Allstate Ins. Co. v. LaPore*, 762 F.Supp. 268, 271 (N.D.Cal. 1991)). See also *Tradewinds Escrow, Inc. v. Truck Ins. Exch.*, 97 Cal.App.4th 704, 714 (2002) ("to the extent the Feltus action states a claim for defamation, it would also be excluded … because such tort cannot occur accidentally"); *N. Am. Specialty Ins. Grp. v. Am. Int'l Grp., Inc.*, 2009 WL 10671492, at \*8 (C.D.Cal. 2009).

Furthermore, a limitation on coverage for "personal injury" only if due to an "accident" is fully enforceable under California law. *Dart Indus., Inc, v. Liberty*

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

*Mut. Ins. Co.* (9th Cir. 1973) 484 F.2d 1295, 1297-1299 (personal injury coverage for defamation not illusory since it could apply to insured corporation if held vicariously liable for libel by employee); *Marie Y v. Gen. Star Indem. Co.,* 110 Cal.App.4th 928, 959 (2003) (Dentist's professional liability policy obligated insurer to defend dentist against alleged failure by dental assistant to report dentist's alleged sexual misconduct because dentist could be vicariously liable for assistant's failure report); *Melugin v. Zurich Canada*, 50 Cal.App.4th 658, 666-667 (1996) (personal injury coverage for discrimination not barred by Ins. Code §533 where it could apply to insured employer's vicarious liability for discriminatory acts by employee); *Lyons v. Fire Ins. Exchange*, 161 Cal.App.4th 880, 887-890 (2008). Here, Heard's statements which form the basis of the allegations in the *Depp v. Heard* action did not allege that she was vicariously liable for someone else's libel of Depp but rather only that Heard herself deliberately made the statements purportedly from her own personal knowledge. (FAC, Ex. B [ECF-5-2] at 5, 6.)

Further, as explained in the cases cited in NY Marine's motion, since any liability which Heard would have based on the allegations of the *Depp v. Heard* action would necessarily be based on a finding that she intended the defamatory implications of her alleged statements, it follows that Insurance Code §533 precluded NY Marine from having a duty to defend her in that action. (NY Marine's Memorandum [ECF 5-1] 12:2-14:8.)  *See Mez Indus., Inc. v. Pac. Nat. Ins. Co.*, 76 Cal.App.4th 856, 878 (1999) ("Similarly, to the extent that section 533 alone is relied upon to preclude coverage, we see nothing in this record or in the arguments of Mez which would prompt us to conclude that Mez had any reasonable expectation of a defense even though indemnification was excluded."); *Aetna Cas. & Sur. Co. v. Superior Ct.*, 19 Cal.App.4th 320, 333 (1993).

The decision in *Republic Indemnity Co. v. Superior Court,* 224 Cal.App.3d 492, 497 (1990) upon which Heard also relies (Heard's Opposition [ECF 65] 15 of 22) was readily distinguished by the Court in *B & E Convalescent Center, supra*. As the Court

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

explained in *B & E Convalescent Center,* the Court in *Republic* "concluded that indemnification would not be precluded, and the duty to defend would thus not be excused, unless the employee, in order to prevail on his cause of action, would be required to show both an intentional act by the employer and a specific intent to injure the employee." 8 Cal.App.4th at 94. The *B & E Convalescent Center* Court went on to note that in *Republic,* because of the potential for the Plaintiff to prevail "on a cause of action for which there was no express or implied exclusion, the insurer was obligated to defend the action." *Id.* at 95.  The Court in *B & E Convalescent Center* further explained that "in the underlying action here, however, no such potential for recovery existed without proof of willful conduct." *Id.* at 95.

The same analysis is true in the present case as Heard did not face any liability in the *Depp v. Heard* action absent proof of willful misconduct for which coverage was precluded by Insurance Code §533.

        **2.**     **Neither NY Marine's FAC Nor Heard's Answer Allege Any Facts Outside Of The Allegations Of The *Depp v. Heard* Complaint Known To NY Marine Which Triggered Its Duty To Defend**

Relying on *CNA Cas. Co. v. Seaboard Sur. Co.,* 176 Cal.App.3d 598, 609 (1986), Heard contends that the duty to defend depends on "the facts alleged in the Complaint or otherwise known to the insurer." (Heard Opposition [ECF 65] 16:11-12.) However, neither NY Marine's FAC nor Heard's Answer thereto allege the existence of any facts outside of the allegations of the *Depp v. Heard* action, much less facts which were "otherwise known to" NY Marine. Absent any such allegations, it is well established that an insurer fulfills its duty to investigate, as NY Marine did here, by simply reviewing the Complaint filed against its insured. *Baroco W., Inc. v. Scottsdale Ins. Co.*, 110 Cal.App.4th 96, 103 (2003) ("After receiving a tender of defense, the insurer satisfies its duty to investigate by considering the complaint and the terms of the policy."); *Am. Internat. Bank v. Fid. & Deposit Co.*, 49 Cal.App.4th 1558, 1571 (1996).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

Accordingly, since the *Depp v. Heard* Complaint only seeks to impose liability for defamation by implication which is necessarily a willful act within the meaning of Insurance Code §533 and there are no allegations in either NY Marine's FAC or Heard's Answer thereto of facts otherwise known to NY Marine suggesting a potential for covered liability for libel due to an "accident", it follows that NY Marine had no duty to defend Heard in that action.

        3.      The CGL Coverage Part Of The NY Marine Policy Is Not At Issue In Its FAC

Both Heard and Travelers contend that NY Marine's motion fails to address coverage under the Commercial General Liability ("CGL") Coverage part of its policy which separately extends coverage to "personal and advertising injury" including "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." (Heard Opposition [ECF 65] 11:23-15:3; Travelers Opposition [ECF 66] 3:3-3:9.) However, NY Marine's FAC, which is the subject of its Judgment on the Pleadings Motion, does not seek a determination as to that coverage part, but rather only as to the policy's CPL Coverage part. (FAC [ECF 5] 3:2-17.) Thus, the NY Marine policy's CGL Coverage part is not at issue in connection with this motion.

        a.      Even If At Issue, The Commercial General Liability Coverage Part Of The NY Marine Policy Did Not Require It To Defend Heard

        (i)      For The Same Reasons That Insurance Code §533 Precludes A Duty To Defend Under The CPL Coverage Part, It Likewise Precludes A Defense Under The CGL Coverage Part

For the same reasons outlined above, Insurance Code §533 precludes NY Marine from having a duty to defend Heard under its policy's CGL Coverage part even if it is otherwise applicable. (See § I.A.1., *supra*)

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

     (ii)  The CGL Coverage Part Precludes Coverage For "Personal Injury" "Arising Out Of The Oral Or Written Publication Of Material If Done By Or At The Direction Of The Insured With Knowledge Of Its Falsity"

  Furthermore, even if coverage under the CGL Coverage part of the NY Marine policy were at issue, that coverage part would not impose on NY Marine a duty to defend Heard in the *Depp v. Heard* action. Specifically, that coverage is subject to an exclusion for "Material Published With Knowledge Of Falsity" which states that "this insurance does not apply to: . . . 'Personal and Advertising Injury' arising out of oral or written publication of material if done by or at the direction of the insured with knowledge of its falsity." (FAC Ex. A [ECF 5-1] page 27 of 67.)

  Such an exclusion, just like the effect of the provisions of Insurance Code §533 as interpreted and applied by California courts, precludes an insurer's duty to defend where the proof of Plaintiff's claims would require proof of knowledge of the publication's falsity. *Del Monte Fresh Produce N.A., Inc. v. Transportation Ins. Co.,* 500 F.3d. 640, 642, 644-646 (7th Cir. 2007) ("knowledge of falsity" exclusion contained in commercial general liability policy eliminated duty to defend class actions against pineapple producer since plaintiffs would be required to prove producer's knowledge of falsity in order to prevail); *Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, 709 F.Supp.2d 744, 759 (D.Ariz. 2010), aff'd, 454 F.App'x 596 (9th Cir. 2011) (exclusion eliminated duty to defend where complaint only contained allegations of publications that were "knowingly and willfully false and/or misleading" such that "there were no alternative allegations that could be covered under the insurance policy"); *Am. Guarantee & Liab. Ins. Co. v. Shel-Ray Underwriters, Inc.,* 844 F.Supp. 325, 331 (S.D.Tex. 1993); *Atl. Mut. Ins. Co. v. Terk Techs. Corp.,* 763 N.Y.S.2d 56, 62 (2003); *Thompson v. Maryland Cas. Co.,* 84 P.3d 496, 508 (Colo. 2004) (same); *Haygood v. Dies*, 174 So. 3d 1211, 1217 (La.App. 2015).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

(iii)    The NY Marine's Policy's Exclusion For "Promotion" Eliminates Any Coverage Which Would Otherwise Exist Under The CGL Coverage Part

Separate and apart from the exclusion for "Material Published With Knowledge of Falsity," the NY Marine policy contains an endorsement entitled "Exclusion – Designated Activity" precluding coverage for "special events, *promotion,* live performances, motion picture &/or video production unless declared and approved by underwriter prior to exposure commencement." (ECF 5.1, pg. 61 of 67.)

Under California law, undefined terms in insurance policies are interpreted according to their "ordinary and popular" meanings which are typically derived from standard dictionaries. *Stamm Theatres, Inc. v. Hartford Cas. Ins. Co*., 93 Cal.App.4th 531, 539 (2001) ("courts in both insurance and noninsurance contexts regularly use the phrase 'ordinary dictionary definition [or meaning]' as if 'ordinary' were synonymous with 'dictionary.'... It is thus safe to say that the 'ordinary' sense of a word is to be found in its dictionary definition."); *Scott v. Cont'l Ins. Co*., 44 Cal.App.4th 24, 29 (1996); *De Vries v. Regents of Univ. of California,* 6 Cal.App.5th 574, 591 (2016).

As defined by various dictionaries, "promotion" means acts to further growth/development, or to encourage something to happen or develop. *See* https://www.merriam-webster.com/dictionary/promotion (defining "promotion" as "the act of furthering the growth or development of something"); https://dictionary.cambridge.org/us/dictionary/english/promotion (defining "promotion" as "the act of encouraging something to happen or develop"); https://www.dictionary.com/browse/promotion (defining "promotion" as "furtherance or encouragement").)

One court has interpreted the term "promotion" to include "advertising" as a subset of "marketing" for a product, service, or idea. *Estes Park Chamber of Com. v. Town of Estes Park*, 199 P.3d 11, 14 (Colo. App. 2007) ("From these definitions, it

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

follows that all advertising—the nonpersonal communication of information to the public to promote a product, service, or idea using a form of media—falls within the process of promotion and, therefore, is a subset of marketing."). Alternatively, another court adopted a definition of "promotion" to specifically exclude advertising. *The Filling Station, Inc. v. Vilsack*, 174 F.Supp.2d 942, 947 (S.D. Iowa 2001) ("The University of Texas Dictionary of Advertising Terminology defines 'promotion' as referring to '[a]ll forms of communication other than advertising that call attention to products and services by adding extra values toward the purchase,' including 'temporary discounts, allowances, premium offers, coupons, contests, sweepstakes, etc.'"). Taken together, these definitions show that the common meaning of "promotion" is a communication or act to encourage the development or growth of a product to gain customers or increase sales. *See Cont'l Cas. Co. v. Consol. Graphics, Inc.,* 656 F.Supp.2d 650, 659 (S.D.Tex. 2009), aff'd, 646 F.3d 210 (5th Cir. 2011) ("According to Merriam–Webster's Collegiate Dictionary, the word 'promotion' means '...; 2. the act of furthering the growth or development of something; especially: the furtherance of the acceptance and sale of merchandise through advertising, publicity, or discounting.' Promotion, then, by its very definition, is a method of gaining customers or increasing sales.") (citing Merriam–Webster's Collegiate Dictionary, p. 994, (11th Ed. 2007)).

The *Depp v. Heard* Complaint alleged that "Ms. Heard revived her false allegations against Mr. Depp in the op-ed to generate positive publicity for herself and to promote her new movie *Aquaman*, which premiered across the United States and Virginia only three days after the op-ed was first published." (FAC Ex. B. [ECF 5-2] at page 7 of 45.) Consequently, Heard's alleged defamation of Depp, according to the allegations of the *Depp v. Heard* Complaint, amounted to "promotion" of her new movie for which coverage was specifically excluded.[1]

---

[1] Since NY Marine's reservation of rights letter extending a defense under the CPL

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3

    (iv)    The NY Marine's Policy's Exclusion For "Personal And Advertising Injury" Arising Out Of The "Exploitation" Of Films Eliminates Any Coverage Which Would Otherwise Exist Under The CGL Coverage Part

Coverage under the CGL Coverage part of the NY Marine policy is also subject to an endorsement exclusion entitled "Personal And Advertising Injury Liability – Entertainment Industry."  It provides "this policy does not apply to [¶] 'personal and advertising injury' arising out of the development, creation, pre-production, production, post-production, distribution, *exploitation*, writing, broadcasting, airing, performing or exhibition *of films*, television/cable programs, radio programs, stage plays, video/audio cassettes, music, sheet music, computer programs, books, or other similar materials; or to any advertising or broadcasting activities." (Emphasis added.) (FAC Ex. A [ECD 5-1] page 63 of 67.) According to the allegations of the *Depp v. Heard* Complaint, the *Washington Post* op-ed was published for the purpose of exploiting her new movie. (FAC Ex. B [ECF 5-2] page 7 of 45.)

The general intent behind such "field of entertainment" exclusions is to preclude coverage for injuries arising out of the insured's creation, sale and/or promotion of entertainment products to the public (i.e. "films, television/cable programs, radio programs[,]" etc.). *See Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1032 (9th Cir. 2008) (construing equivalent exclusion to preclude coverage for media promotion of musician's performances and recordings but not the sale of music-themed merchandise such as "t-shirts," "electric guitars" or "a line of salad dressing.")

As applied in this case, the Policy's "Entertainment Industry" exclusion precludes coverage for "exploitation" which thereby encompasses injuries arising out

---

Coverage part denied coverage under the CGL Coverage part (Wagoner Decl. In Support Of Motion to Dismiss Ex. A [ECF 42-2] page 7-16), NY Marine is entitled to assert any coverage defense even if not raised at the time of its disclaimer. *Waller v. Truck Ins. Exchange,* 11 Cal.4th 1, 33 (1995).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

of Ms. Heard's public use of the published op-ed in order to promote to her advantage her new *Aquaman* movie as well as her status as a well-known figure in the entertainment industry. *See* https://www.merriam-webster.com/dictionary/exploiting (defining "exploit" in relevant part as "to make productive use of; utilize"); https://www.dictionary.com/browse/exploitation (defining "exploitation' in relevant part as "to use or utilization, especially for profit"); https://dictionary.cambridge.org/us/dictionary/english/exploitation (defining "exploitation" in relevant part as "the use of something in order to get an advantage from it").

**B.   NY Marine Is Entitled To Judgment On The Pleadings As To Its Fourth Cause Of Action**

In her Opposition, Heard asserts that "there are no defense costs in dispute in light of the Court's order." (Heard Opposition [ECF 65] 19:9-10.) However, as noted above, Heard continues to allege that she is entitled to "hundreds of thousands of dollars in defense expenses not paid by any insurer." (Heard Amended Counterclaim [ECF 36] 21:24.)

The CPL Coverage part of the NY Marine policy pursuant to which NY Marine was defending Heard only obligates NY Marine to "provide a defense at our expense by counsel of our choice …" (FAC Ex. A [ECF 5-1] page 53 of 67) It further provides that the insured must "at our request, help us:. . . with a conduct of suits and attend hearings and trials. . . ." (*Id.* at 57 of 67.)

Pursuant to California law, these provisions gave NY Marine "the right to control defense and settlement of the third party action" through its choice of counsel so long as there was no conflict of interest between Heard and NY Marine. *Certain Underwriters at Lloyd's of London v. Superior Ct*., 24 Cal.4th 945, 957 (2001) (explaining that a "standard comprehensive general liability policy" "duty to defend" provision "grants the insurer a right to defend the insured, including a right to control the defense"); *Gafcon, Inc. v. Ponsor & Assocs.,* 98 Cal.App.4th 1388, 1407 (2002)

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

11

(same); *Centex Homes v. St. Paul Fire & Marine Ins. Co.*, 19 Cal.App.5th 789, 797 (2018) (same); *Long v. Century Indem. Co.,* 163 Cal.App.4th 1460, 1468 (2008) (same); see also *James 3 Corp. v. Truck Ins. Exch.*, 91 Cal.App.4th 1093, 1105–06 (2001) (explaining "an insurer has the right to control the defense it provides to its insured provided there is no conflict of interest"); *Spindle v. Chubb/Pac. Indem. Grp.,* 89 Cal.App.3d 706, 714 (1979).

Where a policy such as the CPL Coverage part of the NY Marine policy here, imposes upon it the duty to defend and gives it the right to appoint counsel, the insureds' refusal to accept that defense relieves the insurer of the obligation to pay the insured's defense costs. *Scottsdale Ins. Co. v. MV Transportation,* 36 Cal.4th 643, 657 (2005) (the insurer's offer of a defense subject to a reservation of rights only allows "the insured to decide whether to accept the insurer's terms for providing a defense, or *instead* to assume and control its own defense." (Emphasis added; *Buss v. Superior Ct.,* 16 Cal.4th 35, 61 fn.27  (1997); *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 501 (2001) (same); *see also* RESTAT. OF THE LAW OF LIABILITY INS. §10 (2019).

Thus, under California law, where an insured, based on their mistaken belief of an entitlement to independent counsel, refuses to accept a defense through counsel rightfully appointed by the insurer, the insurer, without having to rely on the policy's cooperation clause or otherwise prove "prejudice" (although such reliance and proof is implied), is relieved of the duty to defend and the insured cannot recover any resulting defense costs which they incur through their independent counsel.  In *Federal Ins. Co. v. MBL*, *Inc.,* 219 Cal.App.4th 29, 35 (2013), the insured, MBL, tendered its defense to several insurers, each of which, including Federal, extended a defense subject to a "general" reservation of rights. *Id.* at 38. However, MBL "refused to allow the Insurers' appointed counsel to associate as defense counsel, asserting it was entitled to independent counsel of its own choosing pursuant to Civil Code §2860." *Id.* at 35. After MBL defended itself through counsel which it selected, one

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

insurer—Great American—reimbursed MBL for its defense costs, while the remaining insurers which also had duties to defend, had rights to do so through their own appointed counsel and had offered to do so, refused to either pay the cost of the insured's separately retained independent counsel or to reimburse Great American for an equitable share of its costs of paying the insured's independent counsel. *Id.* MBL and Great American in turn brought suit against the insurers which declined to fund MBL's defense via independent counsel, asserting various claims including, as relevant, a claim for equitable contribution by Great American. *Id.* In granting summary judgment in favor of the insurers which did not agree to defend through independent counsel, the Court observed that "none of the Insurers disputed their duty to defend MBL", that their "general" reservations of rights did not trigger the insured's right to independent counsel, but that "MBL, however, insisted on retaining independent counsel, rather than allowing counsel appointed by the Insurers to conduct its defense." *Id.* at 47-49. Accordingly, the Court concluded that "MBL was not entitled to independent counsel", that the trial court properly granted the insurers' summary judgment motion against MBL, and that "none of the Insurers (including Great American) were ever obligated to reimburse MBL for the fees generated by that counsel". *Id.* at 49. See also *Midiman v. Farmers Ins. Exch.* 90 Cal.Rptr.2d 85, 99 (Cal.Ct.App. Dec. 3, 1999) (insured's "decision to reject appointed counsel and go forward … was done at its own risk").

Similar cases from other jurisdictions which have reached the identical conclusion have cited the insurer's policy's "cooperation" provisions but do not require any showing of "prejudice", instead concluding that the insured's refusal to accept the insurer's proffered defense had the effect of "severing" the insured-insurer relationship or "relieving" the insurers of the defense obligation. In *Sargent v. Johnson,* 551 F.2d. 221 (8th Cir. 1977), the insured refused the insurer's proffer of a defense through counsel of its choosing and instead insisted upon the right to independent counsel. Without requiring any proof of "prejudice", the Court held that the insured's refusal to accept a defense

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

through the insurer's appointed counsel amounted to a breach of the policy's cooperation clause, effectively "severed the insured-insurer relationship" and violated the "no action" clause, thereby relieving the insurer of the duty to defend. (*Id.* at 232.)

Similarly, in *Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of South Carolina,* 336 F.Supp.2d 610 (D.S.C. 2004), the insured demanded the appointment of independent *Cumis* counsel which the insurer refused to provide. The Court held that in the absence of a conflict of interest, and notwithstanding South Carolina law requiring "substantial prejudice to the insurer" to invoke a policy's cooperation clause, the insured's refusal to accept the insurer's proffered defense amounted to a breach of that clause and "relieved the insurers" of all liability for defense costs notwithstanding the lack of any showing of prejudice.  Id. at 622.

Likewise in *Roussos v. Allstate Ins. Co.*, 104 Md.App. 80 (1995), the policy required that the insured, when asked, to "cooperate with us in the investigation, settlement and defense of any claim or lawsuit." (Id. at 80.) Acknowledging that an insurer "seeking to disclaim coverage because of an insured's breach of a cooperation clause must establish by a preponderance of the evidence that it was actually prejudiced" (*Id.* at 86), the court concluded that since the insurer's defense did not create a conflict of interest, "Roussos was required to cooperate with Allstate by letting it control her defense. Her failure to do so negated Allstate's obligations to pay for any judgment against her," thus implying that such refusal amounted to "prejudice." (*Id.* at 91.)

In her Amended Answer, Heard admits that upon the tender of her defense to NY Marine, it appointed the Cameron McEvoy firm to defend her, a firm which she had already retained to defend her some six months prior to her tender of defense to NY Marine. (FAC [ECF 5] 4:7-10; Amended Answer [ECF 36] 4:15; March 9, 2023 Tentative Ruling [ECF 46] page 6 of 15) She further alleges that because NY Marine failed to agree to defend her through "independent counsel and instead appointed its own counsel. . .", its doing so made "it impossible for Ms. Heard to fully accept this

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

'defense'. . . ". (Heard Amended Counterclaim [ECF 36] 9:9-10.) Heard's rejection of NY Marine's proffered defense, particularly through the same counsel whom she had originally retained before her tender, clearly constitutes a failure to "help" NY Marine "with a conduct of suits" as required by the conditions of the NY Marine policy's CPL Coverage part. (FAC EX. A [ECF 5-1] page 56 of 67.)

Heard's claim that "prejudice" is required for an insurer to prove that an insured's lack of cooperation entitles it to a judgment fails to acknowledge the effect of her allegation that she found it "impossible" to accept NY Marine's defense, an allegation which obviates the need to prove prejudice under either the law of California or the law of other states which have addressed the issue. (Heard Amended Counterclaim [ECF 36] 9:9-10.) Since Heard, upon her tender to NY Marine, declined to accept the defense which it proffered through the same counsel, the Cameron McEvoy firm, whom she had originally retained six months earlier, it follows that NY Marine did not need to show any additional prejudice. See *Reynolds v. Maramorosch,* 208 Misc. 626, 628, 144 N.Y.S.2d 900, 904 (Sup.Ct. N.Y. 1955) (stating that the insured "may refuse the legal representatives proffered him by the carrier", but that "it may result in a breach of the contract and consequently *relieve* the carrier of its responsibility under the policy"; emphasis added); *OneBeacon Am. Ins. Co. v. Celanese Corp.,* 84 N.E.3d 867, 876-877 (Mass.App. 2017) ("However, absent a sufficient conflict of interest on the part of OneBeacon, Celanese lost its right to obtain reimbursement for defense costs when it refused OneBeacon's defense offered without a reservation of rights. . . [¶] Therefore, OneBeacon satisfied its duty to defend by offering to defend Celanese without a reservation of rights. As a result of Celanese's unjustified refusal of OneBeacon's control of that defense, OneBeacon is not liable for the attorney's fees that Celanese incurred in conducting its own defense"); *Mount Vernon Fire Ins. Co. v. VisionAid, Inc.,* 91 F.Supp.3d 66, 73 (D.Mass. 2015); *Northern Cty. Mut. Ins. Co. v. Davalos* 140 S.W.3d 685, 690 (Tex. 2004); *State Farm Mut. Auto. Ins. Co. v. Goddard,* 484 P.3d 765, 773 (Colo.Ct.App.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2021); *Park Townsend, LLC v. Clarendon Am. Ins. Co.,* 916 F.Supp.2d 1045, 1056-1057 (N.D.Cal. 2013).

Consequently, Heard's claim is barred by the NY Marine CPL's "no-action" clause. (FAC Ex. A [ECF 5-1] page 57 of 67). *See, e.g., Pruyn v. Ag. Ins. Co.,* 36 Cal.App.4th 500, 515-516 (1995) ("where the insurer has fulfilled its contractual obligation to provide a defense of the underlying action …. the standard "no action" clause … will preclude any recovery by the insured…"); *Safeco Ins. Co. v. Superior Court,* 71 Cal.App.4th 782, 787 (1999) (same).

## II.   THE SETTLEMENT OF THE *DEPP V. HEARD* ACTION DOES NOT MOOT THE DISPUTE REGARDING NY MARINE'S DUTIES AND OBLIGATIONS

### A.   NY Marine's Entitlement To A Declaratory Judgment As To The Lack Of Its Duty To Defend Is Not Moot

This action was filed on July 8, 2022 while the *Depp v. Heard* action was still pending. Even though that action has now been dismissed, Heard continues to assert against NY Marine her right to recover "hundreds of thousands of dollars in defense costs not paid by any insurer." (Amended Answer and Counterclaim [ECF 36] 21:24-25.)[2] In NY Marine's motion, it cited the decisions in *St. Paul Fire & Marine Ins. Co. v. Weiner* 606 F.2d. 864, 867 (1979), *U.S. Underwriters Ins. Co. v Weatherization, Inc.* 21 F.Supp.2d 318, 322 (S.D.N.Y. 1988) and *Great Am. Ins. Co. v. Quintana Homeowners Ass'n.* 291 F.Supp.3d. 1003, 1009 (N.D. Cal. 2018) all holding that the Plaintiff insurer's declaratory relief actions, which were filed while underlying actions were pending against their insureds, were not mooted by the settlements of those underlying actions. (NY Marine Memorandum [ECF 59-1] 3:26-4:15.) Heard's Opposition makes no attempt to distinguish any of those cases.

Heard's reliance on the allegations and prayer of NY Marine's FAC seeking a

---

[2] If Heard truly wants to moot the third and fourth causes of actions of NY Marine's FAC, she can withdraw her claim for "hundreds of thousands of dollars in defense costs" not paid by any insurers. (*Id.*)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

determination that it has no duty to defend "on an ongoing basis" does not alter the analysis. Since the underlying *Depp v. Heard* action was still pending at the time that NY Marine filed its FAC, the allegations and prayer seeking a declaration that it did not have an "ongoing" duty to defend was the correct terminology at the time. Just as similarly outdated allegations in the Plaintiff insurer's Complaints in *St. Paul Fire Marine Ins. Co., U.S. Underwriter Ins. Co.* and *Great Am. Ins. Co.* would not have rendered those actions moot following the underlying action's settlements, those allegations in NY Marine's FAC likewise does not render it moot. *See also U.S. Underwriters Ins. Co. v. Weatherization, Inc.*, 21 F.Supp.2d 318, 322 (S.D.N.Y. 1998) (settlement "is irrelevant to whether its duty to undertake that defense existed so as to trigger its liability for defendants' costs of that defense" and rejecting argument "that when the underlying tort action has been settled, the issue, in a related declaratory judgment action, of whether there was a duty to defend in the underlying tort action is rendered moot"; 16A Couch on Ins. §227:30 (3rd Ed. June 2023 update) ("Settlement of the underlying action does not moot the issue in a related declaratory judgment suit of whether a liability insurer had a duty to defend the underlying action, where a dispute remained as to the insurer's liability for the insureds' costs of defense.")[3]

Further, parties are entitled to all relief available to them based on the merits of their respective factual contentions regardless of the specific relief demanded by their pleadings. *See Z Channel Ltd. P'ship v. Home Box Off., Inc.,* 931 F.2d 1338, 1341 (9th Cir. 1991) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's pleadings*.") (emphasis in original, citing FRCP 54(c)); *see also Holt*

---

[3] In the event the Court disagrees, NY Marine will seek leave to amend its FAC to request declaratory relief determining that it never had a duty to defend Heard in the *Depp v. Heard* action.

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

*Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66 (1978) ("a meritorious claim will not be rejected for want of a prayer for appropriate relief"); *Western District Council v. Louisiana Pacific Corp*., 892 F.2d 1412, 1416-17 (9th Cir. 1989) (case not moot because court could grant remedy of rescission even though plaintiff had not requested that remedy); *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978) (district court erred in concluding that it could not grant reinstatement because plaintiff failed to request such remedy).

A request for "such other and further relief as the court deems just and proper" (FAC [ECF 5] 11:9.) similarly entitles NY Marine to relief not specifically identified. *See Reorganized FLI, Inc. v. Williams Companies, Inc*., 1 F.4th 1214, 1226 (10th Cir. 2021) (plaintiff entitled to seek treble damages even though such damages were not specifically requested in body of complaint due to prayer's request for "such other and further relief" and the fact that the applicable state statute authorized a treble damages award); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (notwithstanding lack of express declaratory relief claims in complaint plaintiff justified in seeking such relief based on prayer for "such other and further relief" and the federal practice of "liberal construction of the pleadings"); *Quaker State Oil Ref. Corp. v. Kooltone, Inc.,* 649 F.2d 94, 95 (2d Cir. 1981); *Amirmokri v. Baltimore Gas & Elec. Co*., 60 F.3d 1126, 1131 (4th Cir. 1995); *Liberty Nat. Ins. Holding Co. v. Charter Co*., 734 F.2d 545, 559 (11th Cir. 1984); *Delpy v. Crowley Launch & Tugboat Co*., 99 F.2d 36, 37 (9th Cir. 1938).

## B.   The Controversy Between Heard And NY Marine Over The Duty To Indemnify Is Not Moot

In Heard's Answer to NY Marine's FAC alleging the existence of an actual controversy as to its duty to indemnify (and despite her express allegation that the *Depp v. Heard* action had been settled) (Amended Answer [ECF 36] at 6:27 and 6:27-28), Heard expressly admitted the existence of a dispute "between New York Marine and her regarding New York Marine's duties under the policy. . ., that New York

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

Marine contends that it has *no duty to indemnify her* as to the June 24, 2022 Judgment Order and that she disputes New York Marine's contentions. . . contending that New York Marine is obligated to perform *all its duties* in connection with the *Depp* lawsuit." (Amended Answer [ECF 36] at 6:12-20 and 7:15-23; emphasis added.) Therefore, the allegations of NY Marine's FAC and Heard's Amended Answer both agree that an "actual controversy" exists as to whether NY Marine has a duty to indemnify her. Further, Heard continues to allege that NY Marine wrongfully "repudiat[ed]" its duty to "indemnify." (Heard's Amended Counterclaim [ECF 29]; 9:19-21; see also 8:11-20, 21-28; 10:19-20). Heard has not offered to amend her Counterclaim to delete those allegations. Nor does Heard's counsel, by virtue of her representation that Heard's claim for indemnification has been withdrawn, have the implied authority to withdraw her claim with prejudice. *Bowden v. Greene,* 128 Cal.App.3d 65, 73 (1982); *Bice v. Stevens,* 160 Cal.App.2d 222, 231 (1958).

In addition, as contended in NY Marine's motion and not disputed by Heard, since Heard has declined to amend her Counterclaim, in the event her anticipated appeal from the Judgment following this Court's March 17, 2023 Order results in a reversal of the Judgment, she will still be alleging a claim for indemnification against NY Marine. *Id.* Accordingly, the issue of whether NY Marine has a duty to indemnify Heard is not moot. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937).

Heard misplaces reliance on the cases of *Am. Internat. Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP,* 2013 WL 3205345 (S.D.Cal. 2013), *State Farm Mut. Auto. Ins. Co. v. Ormston,* 550 F.Supp. 103 (E.D.Penn. 1982) and *Unigard Ins. Co. v. Continental Warehouse,* 2001 WL 432396 (N.D.Cal. 2001). In none of those decisions was there any indication that the insured continued to allege in their pleadings, as Heard does here, a right to indemnification. (Heard Amended Answer and Amended Counterclaim [ECF 36] 6:12-20, 7:16-23, 23:4-10.) Neither has Heard put forth any logical objection to the entry of a Declaratory Judgment in NY Marine's favor as to the first and second causes of action of its FAC declaring that is has no duty to indemnify

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

her for the Judgment in the *Depp v. Heard* action.

Heard nevertheless contends that NY Marine is not entitled to a determination of the lack of any indemnification obligation because it has not made "any arguments that would entitle it to such judgment." (Heard's Opposition [ECF 65] 9:11-12.) However, NY Marine contends in its motion that it has no duty to defend Heard, and since it is well-established that "where there is no duty to defend, there *cannot be* a duty to indemnify," NY Marine's contention necessarily embraces its argument that there is no duty to indemnify. *Certain Underwriters at Lloyd's of London v. Superior Ct*., 24 Cal.4th 945, 958 (2001); *City of San Buenaventura v. Ins. Co. of the State of Pennsylvania*, 719 F.3d 1115, 1119 fn.15 (9th Cir. 2013) (same); *Kaufman v. Chubb Ltd.,* 386 F.Supp.3d 1270, 1277 (C.D.Cal. 2019), *aff'd sub nom. Kaufman v. Fed. Ins. Co.,* 809 F.App'x 461 (9th Cir. 2020) (same); *Benchmark Ins. Co. v. Dismon Corp*., 262 F.Supp.3d 991, 1000 (C.D.Cal. 2017) (same). Further, as established both above (see §I.A.1., *supra*) and in NY Marine's motion (see NY Marine's Memorandum [ECF 59-1] pages 6-14), since the allegations of the *Depp v. Heard* action only sought to impose liability on Heard for "defamation by implication", it has no obligation whatsoever to either defend or indemnify her pursuant to Insurance Code §533. (NY Marine Memorandum [ECF 59-1] 5:9-16:14.)

Moreover, neither settlement of the underlying action nor Heard's purported withdrawal of her defense tender moot NY Marine's declaratory relief claims because Travelers, pursuant to its separate action for contribution in these consolidated cases, still seeks recovery from New York Marine for its purported coverage obligations to Ms. Heard. *See Budget Rent-A-Car, Inc. v. Higashiguchi,* 109 F.3d 1471 (9th Cir. 1997) (declaratory relief action by non-participating contractual indemnitor regarding its defense and indemnity obligations not mooted by settlement of underlying claim by insured and other insurer since non-settling indemnitor "was not a party to the settlements and may be subject to actions for indemnity or subrogation based on its policy."); *Travelers Prop. Cas. Co. of Am. v. KB Home Coastal, Inc.*, 2012 WL

13012685, at *3 (C.D.Cal. 2012) ("Defendants also argue that Travelers' case is partially moot because Defendants withdrew their coverage tender for three of the underlying suits. This part of the case is not moot. Contrary to Defendants' suggestion, it is not implausible that they will at some point in the future resume seeking coverage for these suits from Travelers or, *perhaps more likely, that another carrier will pursue Travelers for coverage*.")  (emphasis added).

Dated:  July 13, 2023

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP


By: _____
/s/ James P. Wagoner
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Plaintiff and Counter-Defendant
New York Marine and General Insurance
Company

9213683.1

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

1  **CERTIFICATE OF COMPLIANCE**

2         The undersigned, counsel of record for Plaintiff and Counter-Defendant New

3  York Marine and General Insurance Company, certifies that this brief contains 7,000

4  words, which complies with the word limit of Local Rule 11-6.1, excluding the parts

5  of the document exempted by Local Rule 11-6.1.

6

7  Dated:  July 13, 2023                     McCORMICK, BARSTOW, SHEPPARD,

8                                                       WAYTE & CARRUTH LLP

9

10                               By: _____/s/ James P. Wagoner_____

11                                                   James P. Wagoner

12                                                   Lejf E. Knutson

                                                      Nicholas H. Rasmussen

13                                                   Graham A. Van Leuven

14                             Attorneys for Plaintiff and Counter-Defendant

                                          New York Marine and General Insurance

15                                                          Company

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

22
NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

## PROOF OF SERVICE

**New York Marine and General Insurance Company v. Amber Heard
USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

  At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

  On July 13, 2023, I served true copies of the following document(s) described as **NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

  **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on July 13, 2023, at Fresno, California.

          */s/ Heather Ward*
          Heather Ward

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS

**SERVICE LIST**
*New York Marine and General Insurance Company v. Amber Heard*
**USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

Kayla Robinson
Kirk A. Pasich
Pasich LLP
10880 Wilshire Blvd., Suite 2000
Telephone: (424) 313-7890
krobinson@pasichllp.com
kpasich@pasichllp.com

*Attorneys for Defendant and Counter Claimant Amber Heard*

John T. Brooks
Andrea S. Warren
Sheppard, Mullin, Richter & Hampton LLP
501 W. Broadway, 19th Floor
San Diego, CA  92101
Telephone:  (619) 338-6500
Email:  jbrooks@sheppardmullin.com
Email:  awarren@sheppardmullin.com

*Attorneys for Movant Travelers Commercial Insurance Company*

Jeffrey V. Commisso
Sheppard, Mullin, Richter & Hampton LLP
501 W. Broadway, 18th Floor
San Diego, CA  92101
Telephone:  (619) 338-6500
Email:  jcommisso@sheppardmullin.com

*Attorneys for Movant Travelers Commercial Insurance Company*

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

NEW YORK MARINE'S REPLY TO OPPOSITIONS OF AMBER HEARD AND TRAVELERS COMMERCIAL
INSURANCE CO. TO NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS