UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-4685-GW-PDx | Date | August 10, 2023 |
| Title | *New York Marine and General Insurance Company v. Amber Heard* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present                       None Present

**PROCEEDINGS:** **IN CHAMBERS - TENTATIVE RULING ON PLAINTIFF NEW YORK MARINE'S MOTION FOR JUDGMENT ON THE PLEADINGS [59]; AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [55]**

Attached hereto is the Court's Tentative Ruling on the above-entitled Motions set for hearing on August 14, 2023 at 8:30 a.m.

: 

Initials of Preparer    JG

<u>*N.Y. Marine & Gen. Ins. Co. v. Heard*</u>, Case No. 2:22-cv-04685-GW-(PDx)
Tentative Rulings on: (1) Defendant/Counter-Claimant Amber Heard's Motion for Judgment on the Pleadings, and (2) Plaintiff/Counter-Defendant New York Marine and General Insurance Company's Cross-Motion for Judgment on the Pleadings

Two motions for judgment on the pleadings are now before the Court in this action. Defendant/Counter-Claimant Amber Heard ("Heard") brought the first and, simultaneous with its Opposition to Heard's motion, Plaintiff/Counter-Defendant New York Marine and General Insurance Company ("N.Y. Marine") brought the second.

In her motion, Heard contends that this action[1] is moot due to: 1) the settlement of the underlying action between herself and John C. Depp II, 2) the effect of this Court's earlier ruling on N.Y. Marine's motion to dismiss in this case, and 3) her withdrawal of certain claims/positions. As to questions about N.Y. Marine's *defense* obligation, Heard argues that this Court's March 17, 2023 ruling on N.Y. Marine's motion to dismiss resolved that issue such that there is no longer an active controversy with respect to any right to a defense claimed by Heard. As to questions concerning N.Y. Marine's *indemnity* obligation, Heard indicates that she has withdrawn that claim. Heard also indicates that she has represented to N.Y. Marine that she will not attempt to amend her counterclaim for breach of the implied covenant (as was an open possibility following the Court's ruling on N.Y. Marine's motion to dismiss).

Mootness – which can be raised by a Rule 12(c) motion, *see, e.g.*, *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 948-51 (9th Cir. 2019) – requires that an actual controversy exist *throughout* the case. *See, e.g.*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court

---

[1] The operative complaint in this action is the First Amended Complaint ("FAC") filed July 11, 2022, containing four declaratory relief claims. The first cause of action seeks declaratory relief regarding N.Y. Marine's duty to indemnify Heard with respect to the judgment rendered against her in her underlying lawsuit with John C. Depp II. *See* FAC ¶¶ 30-31. The second cause of action also seeks declaratory relief with respect to N.Y. Marine's indemnity obligation, if any, in connection with the underlying matter. *See id.* ¶¶ 35-36. The third cause of action seeks declaratory relief with respect to N.Y. Marine's obligation, if any, to defend Heard "on an ongoing basis" in the underlying action. *Id.* ¶¶ 39-40. The fourth cause of action seeks declaratory relief with respect to N.Y. Marine's defense ("on an ongoing basis") and indemnity obligations, though centered on grounds different than those covered by the earlier claims for relief. *See id.* ¶¶ 42-45. In addition, Heard filed two counterclaims, one for breach of contract and one for tortious breach of the implied covenant of good faith and fair dealing. *See* Docket No. 36.

1

adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, N.Y. Marine's argument in opposition that, at an *earlier* stage of this case, Heard admitted that there was a controversy between the parties, is entirely irrelevant to the question of whether the case is moot *now*.

As it has been pled, this case is clearly moot. The underlying action has settled, post-judgment. Thus, there is clearly no question of an "ongoing" need to defend Heard (the only defense-obligation question raised by N.Y. Marine's action, *see* Footnote 1, *supra*). With respect to Heard's pursuit of defense costs, as noted further below, this Court's earlier ruling on N.Y. Marine's motion to dismiss Heard's counterclaims fully-resolved that question (in N.Y. Marine's favor).[2]

Heard indicates that she has withdrawn her request/demand that N.Y. Marine indemnify her. Even if there has been no formal voluntary dismissal (or other formal withdrawal) of her pleadings seeking that end, her statements to that effect here, if the Court does indeed dismiss this action as moot, would lead to application of judicial estoppel against her (at least insofar as *this* action is concerned[3]).

---

[2] This distinguishes this case from *St. Paul Fire and Marine Ins. Co. v. Weiner*, 606 F.2d 864 (9th Cir. 1979), and other similar cases, relied upon by N.Y. Marine, where there were still defense costs outstanding and subject to claim from the plaintiff insurer. *See id.* at 867. To the extent that the district court decision in *Travelers Property Casualty Company of America v. KB Home Coastal, Inc.*, No. CV 12-2473 DSF (JCx), 2012 WL 13012685 (C.D. Cal. July 3, 2012), attempts to establish a rule that a case is not moot (where, in that case, the defendants argued only that the case was "partially moot") where "it is not implausible that [the insureds/defendants] will at some point in the future resume seeking coverage . . . or, perhaps more likely, that another carrier will pursue [the insurer] for coverage," *id.* at *3, this Court declines to follow that approach to mootness in the context of coverage litigation. Those *possibilities* present only abstract questions until such a controversy actually arises and presents itself.

[3] The open-possibility that Heard might renew her claim for indemnity following an appeal in this action would turn the question of indemnity obligations from the "abstract legal question" that it *now* is – the type of question that federal courts do not have jurisdiction to address or answer – in the context of this litigation into an actual live controversy once again. That possibility does not prevent a mootness-based dismissal here at this time. *See, e.g.*, *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*, No. 11 CV0336-LAB-WVG, 2013 WL 3205345, *2-3 (S.D. Cal. June 24, 2013) (concluding declaratory judgment defense/indemnity coverage action was moot where insured withdrew tender of lawsuit to insurer, though without formally releasing any claim under policy, because "the bottom line is that [the insured] is not pursuing insurance coverage *now*") (emphasis added); *Unigard Ins. Co. v. Continental Warehouse*, No. C-00-4279 WHO, 2001 WL 432396 (N.D. Cal. Apr. 26, 2001) (dismissing Declaratory Judgment Act action, without prejudice, as both unripe and moot where insured withdrew tender to insurer without prejudice to right to retender in future while refusing to execute release of insurer from any obligation because there was "no certainty that [the insured] will ever resubmit its claim to" the insurer and thus "only the possibility of a dispute that may never occur") (emphasis added); *State Farm Mut. Auto. Ins. Co. v.*

As to Heard's counterclaims for breach of contract and tortious breach of the implied covenant of good faith and fair dealing, *see* Docket No. 36, the Court dismissed the breach of contract counterclaim with prejudice on March 17, 2023, *see* Docket Nos. 46, 51, resolving – as N.Y. Marine effectively acknowledges, *see* Docket No. 59-1, at 18:25-19:7 – the only defense-duty question actually challenged by Heard (meaning that any other defense-duty issue raised by N.Y. Marine is not actually contested, or the subject of a live controversy). *See also* Docket No. 60, at 5:10-12, 5:22-23 (Heard "conced[ing] she has no right to reimbursement of any defense costs from [N.Y. Marine] unless and until this Court's dismissal order is reversed on appeal" and stating that she "is *not* presently seeking any . . . defense costs from" N.Y. Marine). Heard has since indicated to N.Y. Marine that she will not amend her implied covenant counterclaim, though the Court's order on N.Y. Marine's motion to dismiss had left that possibility open to her. As with the question of indemnity above, a subsequent about-face on that issue would lead to application of judicial estoppel.

If N.Y. Marine believes that it can amend its FAC to state proper declaratory relief claims – *i.e.*, claims that are the subject of an actual, live, dispute between itself and Heard, not just claims based on legal questions/issues as to which it would like an answer – regarding whether or not it had a duty to defend Heard at any time with regards to the underlying action, and that such claims would not already be resolved by this Court's ruling on N.Y. Marine's earlier motion to dismiss, it is free to attempt to do so. Apart from that possibility, however, the Court grants Heard's Rule 12(c) motion because this action, as currently-pled, is moot.

The Court's conclusion that this action is moot negates any need for it to consider the second motion set for hearing this day, N.Y. Marine's own motion for judgment on the pleadings. The questions N.Y. Marine therein seeks to resolve – making up the bulk of its combined Opposition to Heard's motion/opening brief on its own motion – are not

---

*Ormston*, 550 F.Supp. 103, 104-05 (E.D. Pa. 1982) (dismissing declaratory relief complaint for lack of jurisdiction because action lacked actual case or controversy and was moot where insured withdrew claim for benefits without prejudice to asserting such claim at some later time).

3

part of any live controversy *vis a vis* Heard, the only other party to *this* action.[4]

---

[4] If there is any outstanding, live, issue related to defense and indemnity obligations as between N.Y. Marine *and any co-insurer*, that does not make *this* action – between only N.Y. Marine and Heard – into a live controversy. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471 (9th Cir. 1997), is not to the contrary, at the very least because in that case a claim for indemnity was still live notwithstanding the settlement of the underlying action. *See id.* at 1474.