McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A. Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff New York Marine
and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBER HEARD, an individual,<br><br>Defendant. | Case No. 2:22-cv-04685<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff New York Marine and General Insurance Company ("New York Marine") alleges as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the Central District of California has original jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and this matter involves citizens of different states. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, pursuant to Rule 57 of the Federal Rules of Civil Procedure.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

SECOND AMENDED COMPLAINT

2. In this action, New York Marine seeks a judicial determination of the respective rights of the parties under an insurance policy issued to Under the Black Sky, Inc., which included Defendant Amber Heard ("Heard") as a Named Insured with respect to Heard's defense in an underlying lawsuit entitled *John C. Depp II v. Amber Heard,* Circuit Court of Fairfax County, Virginia, Case No. CL-209-0002911 ("the Underlying Action").

3. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) because Heard resided in the Central District of California at the time of the commencement of this action.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district consisting of the issuance of the insurance policy to Under the Black Sky, Inc. with a relevant mailing address in the Central District of California.

## THE PARTIES

6. Plaintiff New York Marine is a corporation organized under the laws of the State of New York, with a principal place of business in New York City within the State of New York.

7. Heard is and at all times herein mentioned was an individual who, at the time of the commencement of this action, was a citizen and resident of California.

## FACTUAL ALLEGATIONS

### The Insurance Policy

8. New York Marine issued insurance policy no. GL201800012500 to named insureds Under the Black Sky, Inc. and Amber Heard for the policy period July 18, 2018 to July 18, 2019, with a per occurrence limit of liability of $1,000,000 (hereinafter the "Policy"). A true and correct copy of the Policy with premium and address information redacted is attached hereto as Exhibit "A."

///

**The Policy's CPL Coverage Form**

9. The Policy includes a Comprehensive Personal Liability Coverage form which provides coverage for "damages because of 'bodily injury', 'property damage' or 'personal injury' caused by an 'occurrence' to which the coverage applies."

10. The Comprehensive Personal Liability Coverage form of the Policy defines the term "occurrence" to mean "an accident, including continuous or repeated exposure to conditions, which results during the Policy period, in: a. 'bodily injury'; or b. 'property damage'; or c. 'personal injury.'"

11. The Comprehensive Personal Liability Coverage form of the Policy defines the term "personal injury" to mean "injury other than 'bodily injury', arising out of one or more" enumerated offenses including "oral or written publication of material that slanders or libels a person or organization including other forms of defamation" or "publication of material including other forms of defamation that violates a person's right of privacy."

12. The Comprehensive Personal Liability Coverage form of the New York Marine Policy provides with respect to, as relevant "'personal injury' caused by an 'occurrence' to which this insurance applies. . .", that New York Marine will "provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent."

13. The Comprehensive Personal Liability Coverage form of the New York Marine Policy further provides under "CONDITIONS … Duties after Loss" that Heard must help New York Marine by seeing that enumerated duties are performed, including helping New York Marine "with the conduct of suits and attend hearings and trials." (Exhibit A at 56-58 of 67.)

14. The "CONDITIONS" section of the Comprehensive Personal Liability Coverage form of the New York Marine Policy provides that "the 'insured' will not, except at the 'insureds' own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the

'bodily injury.'"

15. Under the "Suit Against Us" provision of the "CONDITIONS" section of the Comprehensive Personal Liability Coverage form of the New York Marine Policy, it provides that "no action shall be brought against us unless there has been compliance with the Policy provisions."

**The Policy's CGL Coverage Form**

16. The Policy also includes a Commercial General Liability Coverage form which includes "Coverage B – Personal and Advertising Injury Liability" providing coverage for "sums that the insured become legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." The Commercial General Liability Coverage form further provides that "[w]e will have the right and duty to defend the insured against any 'suit' seeking those damages."

17. The Commercial General Liability Coverage form defines the phrase "personal and advertising injury" to mean "injury, including consequential 'bodily injury' arising out of one or more of the following offenses: . . oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

18. The "Exclusions" section of the Commercial General Liability Coverage form provides that the coverage does not apply to "'personal and advertising injury' arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity."

19. Furthermore, the Commercial General Liability Coverage form is subject to an exclusion endorsement entitled "Exclusion – Designated Activities" which provides "this insurance does not apply to. . . 'Personal and Advertising Injury' arising out of activities described in the schedule of this endorsement, regardless of whether such activities are conducted by you or on your behalf or whether the activities are conducted for you or for others." The schedule, under "Description of Designated Activities:", provides "Excludes Special Events, Promotion, Live Performance,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
SECOND AMENDED COMPLAINT

Motion Picture &/or Video Production unless declared and approved by underwriter prior to exposure commencement."

20. In addition, the Commercial General Liability Coverage form is subject to an exclusion endorsement entitled "Exclusion – Personal and Advertising Injury Liability – Entertainment Industry" which provides that "this policy does not apply to: 'Personal and advertising injury' arising out of the development, creation, pre-production, production, post-production, distribution, exploitation, writing, broadcasting, airing, performing or exhibition of films, television/cable programs, radio programs, stage plays, video/audio cassettes, music, sheet music, computer programs, books, or other similar materials and property; or to any advertising or broadcasting activities."

21. The Commercial General Liability Coverage form provides under "SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS", paragraph 2, "Duties In The Event Of Occurrence, Offense, Claim Or Suit", in subparagraph c. that "You and any other insured must:. . . (3) cooperate with us in the investigation or settlement of the claim or defense against the 'suit'" and further provides under subparagraph "d." that "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

22. The Commercial General Liability form provides under "SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS", under paragraph "3. Legal Action Against Us", that "no person or organization has a right under this Coverage Part. . . b. To sue us on this coverage unless all of its terms have been fully complied with."

**The Underlying Lawsuit**

23. The Underlying Action was filed on March 1, 2019. In that action, Depp sought damages for defamation based on an Op-Ed allegedly written by Heard and published in both the online edition of *The Washington Post* on December 18, 2018

and in a print edition of *The Washington Post* on December 19, 2018, and which was republished by Heard in a tweet on December 19, 2018. A true and correct copy of the Complaint filed by Depp in the Underlying Action is attached hereto as Exhibit "B."

24. On or about September 4, 2019, Heard tendered the Underlying Action to New York Marine.

25. On October 1, 2019, New York Marine accepted Heard's defense of the Underlying Action subject to reservation of rights. In doing so, New York Marine advised Heard that it would provide a legal defense but that "to the extent California law does not permit an insurer to indemnify the insured, no indemnity can be provided."

26. At the time Heard tendered the Underlying Action to New York Marine, the law firm Cameron McEvoy PLLC was already defending her in that action. When New York Marine accepted Heard's defense, it appointed the same law firm, Cameron McEvoy PLLC, to defend Heard and so advised her.

27. New York Marine is informed and believes, based on Heard's First Amended and Supplemental Answer and Counterclaims filed herein, that Heard rejected New York Marine's defense. However, Heard never notified New York Marine that she was rejecting its proffered defense while the Underlying Action was pending.

28. New York Marine is further informed and believes, and on such information and belief alleges, that Heard and/or her agents, including her other counsel from the other firms defending her in the Underlying Action acting with her full authority, elected and agreed to not allow Cameron McEvoy PLLC to substantially participate in Heard's ongoing defense and otherwise obstructed the efforts of Cameron McEvoy PLLC to substantially participate in her defense.

29. As a result of Cameron McEvoy PLLC's inability to fully participate in the defense due to the acts and omissions of Heard and her other counsel, it withdrew

from the defense of Heard in the Underlying Action on or around November 2, 2020.

30. The Underlying Action proceeded to trial beginning on April 11, 2022.

31. The jury awarded Depp $10,000,000 in compensatory damages and $5,000,000 in punitive damages from Heard. However, the punitive damages were reduced to a "statutory cap" of $350,000 pursuant to Virginia Code § 8.01-38.1. (Exhibit D at 1 of 13.)

## FIRST CAUSE OF ACTION

### (Declaratory Relief As To Plaintiff's Duty To Indemnify Heard For The Judgment Order Under The Policy)

### (Dismissed per court's dismissal order of August 14, 2023)

32. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. California Insurance Code § 533 provides that "An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." This provision is an implied exclusionary clause which, by statute, is read into all insurance policies under California law.

34. The jury's factual findings establish that Heard's liability is caused by the willful act(s) of Heard. As a result, as a matter of California public policy and pursuant to California Insurance Code § 533, the Policy does not provide coverage for Heard's liability as reflected in the Judgment Order entered on June 24, 2022.

35. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to the Judgment Order. Plaintiff contends that it has no duty to indemnify Heard for the Judgment Order entered on June 24, 2022. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contention and asserts that the Policy provides indemnity coverage for Heard for the Judgment Order entered

on June 24, 2022.

36. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that if said Judgment Order entered on June 24, 2022 becomes final on appeal or otherwise, Plaintiff has no obligation to indemnify Heard for the Judgment Order.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief As To Plaintiff's Duty To Indemnify Heard For Any Judgment In The Underlying Action)**

**(Dismissed per court's dismissal order of August 14, 2023)**

37. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 36 as though fully set forth herein.

38. California Insurance Code § 533 provides that "An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." This provision is an implied exclusionary clause which, by statute, is read into all insurance policies under California law.

39. As a matter of California public policy and pursuant to California Insurance Code § 533, the Policy does not provide coverage for Heard's liability to Depp.

40. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed between Plaintiff and Heard under the Policy with respect to indemnity for the Underlying Action. Plaintiff contends that it has no duty to indemnify Heard for the Underlying Action. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contention and asserts that the Policy provides indemnity coverage for her for any liability which may be established in the Underlying Action.

41. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that Plaintiff has no obligation to indemnify Heard for any liability regarding the Underlying Action.

## THIRD CAUSE OF ACTION

**(Declaratory Relief As To Plaintiff's Duty To Defend Heard In The Underlying Action The Policy [California Insurance Code § 533])**

42. Plaintiff incorporates by reference all of the allegations of paragraph 1 through 41 as though fully set forth herein.

43. An actual controversy has arisen and now exists between New York Marine, on the one hand, and Heard, on the other hand, with regard to the duties and obligations owed by New York Marine to Heard under the Policy with respect to whether New York Marine ever had an obligation to defend Heard in the Underlying Action.

44. New York Marine contends, based on California Insurance Code § 533, that it had no obligation to pay any defense costs or to defend Heard either (1) at any time following the commencement of the Underlying Action on March 1, 2019 up until Heard's tender of the action to New York Marine on September 4, 2019, (2) at any time between her September 4, 2019 tender of defense to New York Marine and October 1, 2019 when New York Marine advised it that would defend her under reservation of rights through the Cameron McEvoy PLLC firm, or (3) at any time thereafter. New York Marine further contends that Heard had no reasonable expectation of a defense under the Comprehensive Personal Liability Coverage form because the Underlying Action did not allege an "accident" within the meaning of the definition of the term "occurrence", nor did Heard have a reasonable expectation of a defense under the Commercial General Liability Coverage form because of: (1) the exclusion for "'Personal Advertising injury' arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity",

(2) the "Exclusion – Designated Activities" endorsement precluding coverage for, *inter alia,* "promotion, and (3) the "Exclusion – Personal and Advertising Injury Liability – Entertainment Industry" precluding coverage for "development, creation, pre-production, production, post-production, distribution, exploitation, writing, broadcasting, airing, performing or exhibition of films, television/cable programs, radio programs, stage plays, video/audio cassettes, music, sheet music, computer programs, books, or other similar materials and property; or to any advertising or broadcasting activities." Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contentions and asserts that the Policy obligated New York Marine to defend her in the Underlying Action, that she had a reasonable expectation of a defense from New York Marine in that action, and that she has incurred fees and expenses of over $4 million which she alleges have not been paid by any insurer and which she seeks to recover from New York Marine.

45. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that with respect to defense of Heard, Plaintiff never had an obligation to defend her in the Underlying Action either (1) at any time from the time of its commencement on March 1, 2019 up until Heard's tender of the action to New York Marine on September 4 2019, (2) at any time between Heard's tender of defense on September 4, 2019 up through October 1, 2019 when New York Marine advised Heard that it would defend her under reservation of rights and appointed Cameron McEvoy PLLC, or (3) at any time thereafter up until the conclusion of the Underlying Action.

### FOURTH CAUSE OF ACTION
**(Declaratory Relief As To Plaintiff's Duty To Defend Heard In The Underlying Action Under The Policy [Conditions])**

46. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 45 as though fully set forth herein.

47. New York Marine is informed and believes, and on such information and belief alleges, that after New York Marine accepted Heard's defense under reservation of rights and appointed the Cameron McEvoy PLLC firm to defend her, she both individually and/or through her agents, including her other counsel from the other firms defending her acting with her full authority, elected and agreed to not allow Cameron McEvoy PLLC to substantially participate in Heard's ongoing defense and otherwise obstructed the efforts of Cameron McEvoy PLLC to substantially participate in her defense, thereby refusing to "help us. . . with the conduct of suits and attend hearings and trials" as required by the Comprehensive Personal Liability Coverage form and failing to "cooperate" with New York Marine as required by the Commercial General Liability Coverage form.

48. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Heard, on the other hand, with regard to the duties and obligations which were owed between Plaintiff and Heard under the Policy. Plaintiff contends that it had no duty to defend Heard based on her failure to comply with the terms of both (1) the Comprehensive Personal Liability Coverage form of the Policy by allowing New York Marine to "provide a defense at our expense by counsel of our choice" and (2) the terms of the Commercial General Liability Coverage form providing that New York Marine "will have the right and duty to defend the insured against any 'suit' seeking those damages" by way of her rejecting New York Marine's appointment of the Cameron McEvoy PLLC firm to defend her in the Underlying Action, thereby "not helping" New York Marine with "the conduct of suits" as required by the "Conditions" section of the Comprehensive Personal Liability Coverage form and failing to "Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'" as required by the "Commercial General Liability Conditions" of the Commercial General Liability Coverage form.

49. In addition, Heard has violated both the terms of the Comprehensive Personal Liability Coverage form policy by and the terms of the "COMMERCIAL

GENERAL LIABILITY CONDITIONS" of the Commercial General Liability Coverage form by "voluntarily making. . . payment[s], assuming obligation[s] or incurring expense[s] other than for first aid. . .".

50. Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contentions and asserts that the Policy obligated New York Marine to defend her in the Underlying Action through independent counsel selected by her and to pay her expenses incurred in that action both before and after her September 4, 2019 tender of defense without New York Marine's consent, including expenses and costs incurred or assumed and payments made before her September 4, 2019 tender, expenses and costs incurred or assumed and payments made between her September 4, 2019 tender and New York Marine's acceptance of the defense on October 1, 2019 under reservation of rights through the Cameron McEvoy PLLC firm, and expenses and costs incurred or assumed and payments made at any time thereafter up until the conclusion of the Underlying Action.

51. Due to the actual and present controversy described above, pursuant to 28 U.S.C. § 2201, Plaintiff requests a judicial declaration of the rights, duties and obligations under the Policy determining that Plaintiff never had any obligation to defend Heard in the Underlying Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court

1) Enter a judgment declaring that Plaintiff New York Marine never had a duty to defend Heard in the Underlying Action, Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911 through either independent counsel or otherwise either at any time following the commencement of the action on March 1, 2019, any time following the tender of Heard's defense on September 4, 2019, up until the time of New York Marine's acceptance of the defense on October 1, 2019 under reservation of rights, or any time thereafter:

2) Enter a judgment declaring that in the Underlying Action, Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911, Plaintiff New York Marine had no duty to:

a. pay expenses and costs incurred or assumed and payments made by Heard at any time following the commencement of the Underlying Action on March 1, 2019;

b. pay expenses and costs incurred or assumed and payments made by Heard at any time following her tender of the action to New York Marine on September 4, 2019 up until the time of New York Marine's acceptance of the defense on October 1, 2019 and;

c. pay expenses and costs incurred or assumed and payments made by Heard at any time following New York Marine's acceptance of that defense on October 1, 2019 under reservation of rights or any time thereafter including in connection with any appeal of the judgment in the that Action;

3) Award New York Marine its costs; and

4) Grant such further relief as this Court deems just and proper.

Dated: August 28, 2023  McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ James P. Wagoner*
James P. Wagoner
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Plaintiff New York Marine and General Insurance Company

## JURY DEMAND

Defendant and Counterclaimant New York Marine hereby demands a jury trial to the fullest extent facilitated by law.

Dated: August 28, 2023        McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ James P. Wagoner*
James P. Wagoner
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Plaintiff New York Marine and General Insurance Company

9319590.1

# PROOF OF SERVICE

**New York Marine and General Insurance Company v. Amber Heard**
**USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On August 28, 2023, I served true copies of the following document(s) described as **SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 28, 2023, at Fresno, California.

*/s/ Heather Ward*
Heather Ward

SECOND AMENDED COMPLAINT

**SERVICE LIST**
*New York Marine and General Insurance Company v. Amber Heard*
**USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

| | |
|---|---|
| Kayla Robinson<br>Kirk A. Pasich<br>Owen A. Monkemeier<br>Pasich LLP<br>10880 Wilshire Blvd., Suite 2000<br>Telephone: (424) 313-7890<br>krobinson@pasichllp.com<br>kpasich@pasichllp.com<br>omonkemeier@pasichllp.com | *Attorneys for Defendant and Counter Claimant Amber Heard* |
| John T. Brooks<br>Andrea S. Warren<br>Sheppard, Mullin, Richter & Hampton LLP<br>501 W. Broadway, 19th Floor<br>San Diego, CA 92101<br>Telephone: (619) 338-6500<br>jbrooks@sheppardmullin.com<br>awarren@sheppardmullin.com<br>tsiemers@sheppardmullin.com | *Attorneys for Movant Travelers Commercial Insurance Company* |
| Jeffrey V. Commisso<br>Sheppard, Mullin, Richter & Hampton LLP<br>501 W. Broadway, 18th Floor<br>San Diego, CA 92101<br>Telephone: (619) 338-6500<br>jcommisso@sheppardmullin.com | *Attorneys for Movant Travelers Commercial Insurance Company* |

*Attorneys for Plaintiff Travelers Commercial Insurance Company*