Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Owen Monkemeier (SBN 336476)
OMonkemeier@PasichLLP.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Defendant
and Counter-Claimant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>AMBER HEARD,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:22-cv-4685-GW (PDx)<br><br>Hon. George H. Wu,<br>Courtroom 9D<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date:    October 12, 2023<br>Time:    8:30 a.m.<br>Dept.:    9D<br><br>Complaint Filed July 8, 2022 |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................5

II. STATEMENT OF FACTS...................................................................................6

III. LEGAL STANDARD..........................................................................................8

IV. THIS CASE NO LONGER MEETS THE ARTICLE III CASE OR CONTROVERSY REQUIREMENTS..............................................................9

V. THIS CASE NO LONGER MEETS THE "ACTUAL CONTROVERSY" REQUIREMENT UNDER THE DECLARATORY JUDGMENT ACT ..................................................11

VI. CONCLUSION..................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allard v. DeLorean*,
  884 F.2d 464 (9th Cir. 1989) .................................................................... 9

*American Cas. Co. v. Krieger*,
  181 F.3d 1113 (9th Cir. 1999) .................................................................. 9

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1977) .................................................................................... 8

*Calderon v. Ashmus*,
  523 U.S. 740 (1998) .................................................................................. 9

*City of Erie v. Pap's A.M.*,
  529 U.S. 277 (2000) .................................................................................. 9

*Government Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir.1998) (en banc) ................................................. 11

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) .................................................................. 10

*Korvettes, Inc. v. Brous*,
  617 F.2d 1021 (3d Cir. 1980) ................................................................. 11

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................ 11

*Northwest Env't Def. Ctr. v. Gordon*,
  849 F.2d 1241 (9th Cir. 1988) ................................................................ 10

*Preiser v. Newkirk*,
  422 U.S. 396 (1975) .................................................................................. 8

*Rhoades v. Avon Prods., Inc.*,
  504 F.3d 1151 (9th Cir. 2007) .................................................................. 8

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) .................................................................. 9

*St. Clair v. City of Chico*,
  880 F.2d 199 (9th Cir. 1989) .................................................................. 9

*State Farm Mut. Auto. Ins. Co. v. Ormston*,
  550 F. Supp. 103 (E.D. Pa. 1982) ........................................................ 11

*Unigard Ins. Co. v. Cont'l Warehouse*,
  2001 WL 432396 (N.D. Cal. Apr. 26, 2001) ........................................ 11

*White v. Lee*,
  227 F.3d 1214 (9th Cir. 2000) ............................................................... 9

**Statutes**

28 U.S.C. § 2201(a) .................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Amber Heard moves once again to dismiss this moot action. New York Marine filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it did not owe any defense or indemnity obligations to Ms. Heard under its policy for the lawsuit filed against her by John C. Depp II in March 2019. This Court ruled that New York Marine's claims in its First Amended Complaint, as pled, are moot due to events that occurred after this action was filed—including the Court's March 17, 2023, ruling on New York Marine's earlier motion to dismiss Ms. Heard's counterclaims. That ruling resolved the issue of New York Marine's duty to defend.

Nonetheless, on August 28, 2023, New York Marine filed its Second Amended Complaint ("SAC"). The SAC does not allege any new jurisdictional facts (there are none) or state any claim that is the subject of an actual live dispute between the parties—a jurisdictional and statutory requirement for the relief that New York Marine seeks. Instead, New York Marine alleges a controversy related to its duty to defend Ms. Heard during three periods: (1) from the commencement of the *Depp* lawsuit until the date that she tendered the *Depp* lawsuit to New York Marine, (2) from the date of tender through the date when New York Marine told Ms. Heard that it would defend her under a reservation of rights, and (3) the time thereafter. Simply put, there is no live dispute about New York Marine's duty in any of these periods.

As to the first, Ms. Heard has never sought "pre-tender" defense costs in this action, does not seek them now, and will not seek them in the future. As to the second and third, Ms. Heard has consistently sought recovery of defense costs only as to her independent counsel. This Court

already determined she was not entitled to those costs. Although New York Marine tries to distinguish between its defense duty before and after the date on which it accepted the defense under a reservation of rights, the legal issue is the same, as is the effect of this Court's previous dismissal order. Ms. Heard's recovery of her defense costs for either period is premised on her right to independent counsel. When this Court ruled in New York Marine's favor on that issue, it resolved the only dispute between the parties as to New York Marine's duty to defend. Simply put, Ms. Heard is not seeking pre-tender defense costs and this Court already has ruled she is not entitled to the post-tender defense costs. There is no live justiciable controversy and nothing left for this Court to decide—except to dismiss the SAC.

Therefore, this Court should dismiss New York Marine's SAC for lack of jurisdiction and enter final judgment.

## II. STATEMENT OF FACTS

New York Marine issued insurance policy no. GL201800012500 to Under the Black Sky, Inc. and Ms. Heard for the period July 18, 2018, to July 19, 2019. ECF No. 76-1 at 3, 5. On March 1, 2019, Mr. Depp filed the underlying lawsuit against Ms. Heard. ECF No. 76 at 5. On or about September 4, 2019, Ms. Heard tendered the *Depp* lawsuit to New York Marine. *Id.* at 6. On July 8, 2022, New York Marine filed this action, seeking a declaration that it did not owe ongoing defense obligations to Ms. Heard for the *Depp* lawsuit. ECF No. 1 at 7-11.

Ms. Heard filed her First Amended and Supplemental Answer and First Amended Counterclaim on January 13, 2023, alleging causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. ECF No. 36 at 10-14. Ms. Heard alleged that New York Marine refused to provide the independent counsel to which Ms.

Heard was entitled. *Id.* On February 10, 2023, New York Marine moved to dismiss Ms. Heard's First Amended Counterclaim. ECF No. 42. On March 17, 2023, this Court issued an order granting New York Marine's motion to dismiss (the "March Dismissal Order"), concluding that New York Marine did not have a duty to provide Ms. Heard with independent counsel and, therefore, dismissing with prejudice Ms. Heard's breach of contract claim. ECF No. 45 (Tentative Ruling) at 5-10; ECF No. 51 (Order Adopting Tentative Ruling).[1]

As to New York Marine's claims regarding its "ongoing" defense duty, the *Depp* lawsuit was settled in December 2022, resolving that issue. Robinson Decl. ¶ 3. Still, New York Marine refused to dismiss its claims. *Id.* ¶ 14. Accordingly, on June 5, 2023, Ms. Heard moved for judgment on the pleadings to dismiss this action for lack of subject matter jurisdiction. ECF No. 55. New York Marine filed its own motion for judgment on the pleadings and opposition to Ms. Heard's motion for judgment on the pleadings on June 22, 2023. ECF. No. 59. On August 14, 2023, after oral argument, the Court concluded that this action, as pled, is moot. It granted Ms. Heard's motion for judgment on the pleadings with leave to amend ("August Dismissal Order"), negating any need to consider New York Marine's motion. ECF No. 74 (Tentative Ruling); ECF No. 75 (Order Adopting Tentative Ruling).

During the parties' meet and confer on August 18, 2023, Ms. Heard again represented to New York Marine that her claim for defense costs

---

[1] Notably, the Tentative Ruling stated that *if* Ms. Heard's breach of contract counterclaim did *not* rest entirely on her theory that New York Marine was required to provide her with independent counsel, then Ms. Heard should make that clear to the Court at oral argument. ECF No. 45 at 5 (emphasis added). Because the Court correctly understood Ms. Heard's counterclaim, Ms. Heard did not raise an alternative theory at oral argument.

7
**MEMORANDUM ISO HEARD'S MOTION TO DISMISS**

rested entirely on the issue of independent counsel, already resolved by this Court. Robinson Decl. ¶ 15. Nevertheless, on August 28, 2023, New York Marine filed its operative Second Amended Complaint, alleging two causes of action not already dismissed (per the Court's August Dismissal Order) for declaratory relief as to New York Marine's duty to defend Ms. Heard against the *Depp* lawsuit. ECF No. 76. The alleged factual basis for jurisdiction is a dispute related to New York Marine's obligation to pay any defense costs or defend Ms. Heard (1) from the commencement of the *Depp* lawsuit up until Ms. Heard's tender of the action to New York Marine on September 4, 2019, (2) at any time between the tender of defense and October 1, 2019, when New York Marine told Ms. Heard that it would defend her under a reservation of rights, or (3) any time thereafter. *Id.* at 9 and 12.

For all the reasons below, New York Marine still fails to meet its burden to show that there is an actual controversy between the parties. Accordingly, Ms. Heard now moves for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### III. LEGAL STANDARD

"Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). Federal courts have no authority to give opinions on moot questions—jurisdiction under Article III of the Constitution is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1977) (quoting *Preiser v. Newkirk*, 422 U.S. 396, 401 (1975)).

Otherwise, the court would be issuing a declaratory judgment for a dispute that may or may not arise—an advisory opinion prohibited under Article III. *See, e.g.*, *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (courts may not issue advisory opinions); *Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998) (court was without jurisdiction to issue declaratory judgment on an abstract question of law that may arise if plaintiff pursued a habeas petition). Thus, if a case "has lost its character as a present live controversy," it is moot and must be dismissed for lack of jurisdiction. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989).

New York Marine has the burden of proving that subject matter jurisdiction exists. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In assessing Ms. Heard's challenge to New York Marine's alleged jurisdictional facts, this Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Unlike a facial attack on jurisdiction, "[t]he court need not presume the truthfulness of [New York Marine]'s allegations." *Id.* (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Court should evaluate a motion to dismiss a declaratory relief action under the circumstances existing at the time the issue is raised rather than at the time the action was filed. *American Cas. Co. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999).

## IV. THIS CASE NO LONGER MEETS THE ARTICLE III CASE OR CONTROVERSY REQUIREMENTS

New York Marine no longer has a legally cognizable interest in the relief it seeks. *Pap's*, 529 U.S. at 277 ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Due to this Court's March Dismissal Order,

and for the reasons explained in its August Dismissal Order, the declaratory relief sought by New York Marine would, at best, be purely advisory. *See Northwest Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988) ("in deciding a mootness issue, . . . [t]he question is whether there can be *any* effective relief" (quotations omitted)).

New York Marine carves up into three separate time periods the issue of its duty to defend Ms. Heard, alleging a dispute between the parties as to each of the three. None of its duties, however, are actually in dispute, and there is no relevant difference among these periods. As the Court held in its August Dismissal Order, the March Dismissal Order resolved "the only defense-duty actually challenged by Heard (meaning that any other defense-duty issue raised by N.Y. Marine is not actually contested or the subject of a live controversy)." ECF No. 74 at 4. Indeed, the Court noted that New York Marine "effectively acknowledge[d]" this in its briefing, using this fact as support for its motion for judgment on the pleadings. *Id.* (citing ECF No. 59-1 at 25-26). The mere possibility that Ms. Heard could have asserted a claim related to some other defense-duty issue would raise only a speculative and abstract question inappropriate for adjudication by this Court.

In any case, as suggested by the Court's opinion, Ms. Heard is not changing course and asserting some new theory of recovery. That would be inconsistent with her (accurate) representations about the defense-duty issue in dispute, which this Court accepted in issuing its August Dismissal Order. *See, e.g.*, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001) (discussing criteria for application of judicial estoppel).

In sum, New York Marine's amendments change nothing. This Court's earlier rulings, New York Marine's own filings, and Ms. Heard's

10
MEMORANDUM ISO HEARD'S MOTION TO DISMISS

consistent positions and representations show that New York Marine's defense obligations are not presently in dispute. This action must be dismissed for lack of jurisdiction, and New York Marine should not be permitted another futile amendment.

## V. THIS CASE NO LONGER MEETS THE "ACTUAL CONTROVERSY" REQUIREMENT UNDER THE DECLARATORY JUDGMENT ACT

"A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III of the United States Constitution, and must also fulfill statutory jurisdictional prerequisites." *Unigard Ins. Co. v. Cont'l Warehouse*, 2001 WL 432396 at *2 (N.D. Cal. Apr. 26, 2001) (citing *Government Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir.1998) (en banc)). In addition, the Declaratory Judgment Act requires that there be "a case of actual controversy." 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that "the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III"). In other words, if a case is moot under Article III, then "no relief can be given under the Declaratory Judgments Act." *State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103, 106 (E.D. Pa. 1982) (citing *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1023 (3d Cir. 1980)).

Simply put, this case is moot under Article III. The Declaratory Judgment Act provides no separate basis for jurisdiction. Indeed, the Court's statutory authority under the Declaratory Judgment Act is predicated on the existence of an "actual controversy" that is justiciable under Article III. Because there is no longer any live dispute in this

action, the Court has no authority to grant declaratory relief under 28 U.S.C. § 2201(a).

## VI. CONCLUSION

For the reasons stated above, the Court should dismiss this action for lack of subject matter jurisdiction.

DATED: September 6, 2023

PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant and Counter-Claimant Amber Heard, certifies that this brief contains 2,216 words, which complies with the word limit of L.R. 11-6.1, excluding the parts of the document exempted by L.R. 11-6.1.

DATED: September 6, 2023

PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant