Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Owen Monkemeier (SBN 336476)
OMonkemeier@PasichLLP.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Defendant
and Counter-Claimant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>AMBER HEARD,<br><br>           Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:22-cv-4685-GW (PDx)<br><br>Hon. George H. Wu,<br>Courtroom 9D<br><br>**DECLARATION OF KAYLA M. ROBINSON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date:     October 12, 2023<br>Time:    8:30 a.m.<br>Dept.:    9D<br><br>Complaint Filed July 8, 2022 |

# DECLARATION OF KAYLA M. ROBINSON

I, Kayla M. Robinson, declare as follows:

1. I am an attorney at law admitted to practice law before this court. I am a partner at Pasich LLP, counsel for defendant and counterclaimant Amber Heard. I have personal knowledge of the facts stated herein. If called and sworn as a witness, I could and would testify competently as to these facts.

2. This declaratory judgment action concerns Plaintiff New York Marine and General Insurance Company ("New York Marine") coverage obligations under an insurance policy issued by to named insureds Under the Black Sky, Inc. and Amber Heard for a lawsuit filed against Ms. Heard by John C. Depp II in March 2019. A true and correct copy of this policy, No. GL201800012500, with premium and address information redacted, was filed by New York Marine as **Exhibit A** to its Second Amended Complaint. ECF Nos. 76 and 76-1.

3. The *Depp* lawsuit was resolved by confidential settlement in December 2022; New York Marine did not contribute. New York Marine knew of the settlement by December 21, 2022, and Ms. Heard amended her Answer and Counterclaim to account for the settlement on January 13, 2023.

4. Ms. Heard's First Amended and Supplemental Answer and First Amended Counterclaim alleged two causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. ECF No. 36. On February 10, 2023, New York Marine moved to dismiss Ms. Heard First Amended Counterclaim. ECF No. 42.

5. On March 17, 2023, the Court granted New York Marine's motion to dismiss, with leave to amend Ms. Heard's cause of action for breach of the covenant of good faith and fair dealing. The dismissal order

resolved the parties' dispute as to New York Marine's defense obligations under the policy. ECF No. 45 (Tentative Ruling); ECF No. 51 (Order Adopting Tentative Ruling).

6. On March 31, 2023, I participated in a conference with James Wagoner, Nicholas Rasmussen, and Graham Van Leuven of McCormick, Barstow, Sheppard, Wayte & Carruth LLP, who are counsel for New York Marine, and Owen Monkemeier of Pasich LLP. Among other things, we discussed the effect of the dismissal order, whether any claims in the action remain in the event Ms. Heard does not amend her counterclaim to revive her bad faith claim, and whether New York Marine would oppose the entry of partial final judgment. Mr. Wagoner represented that New York Marine believes there remains a dispute as to New York Marine's duty to indemnify Ms. Heard for the settlement in the *Depp* lawsuit.

7. On April 6, 2023, I sent Mr. Wagoner, Mr. Rasmussen, and Mr. Van Leuven a proposed joint stipulation to resolve the remaining claims and enter final judgment in this action. The proposed joint stipulation recited that Ms. Heard does not intend to amend her counterclaim and that Ms. Heard will not pursue her claims against New York Marine for its failure to indemnify Ms. Heard for the settlement of the *Depp* lawsuit. The proposal included a stipulation by New York Marine to voluntarily dismiss its Complaint, as there is no longer any dispute between the parties.

8. On April 13, 2023, I participated in another conference with Mr. Wagoner and Mr. Rasmussen. Among other things, we discussed the proposed joint stipulation. Counsel for New York Marine represented that New York Marine would not agree to the proposed stipulation and would not agree to Ms. Heard's request for entry of partial final

judgment. I again represented to New York Marine that Ms. Heard would not amend her counterclaim and that Ms. Heard would not seek indemnity with respect to the *Depp* lawsuit.

9. On April 25, 2023, Mr. Wagoner sent New York Marine's proposed joint stipulation to enter judgment dismissing Ms. Heard's First Amended Complaint and Counterclaim. Per the draft stipulation, New York Marine would agree to voluntarily dismiss its first and second causes of action in its Complaint without prejudice but would not dismiss its third and fourth causes of action related to its duty to defend Ms. Heard in the *Depp* lawsuit.

10. On May 11, 2023, I participated in another conference with Mr. Wagoner, Mr. Rasmussen, and Mr. Monkemeier. Among other things, we discussed whether New York Marine would stipulate to dismiss its First Amended Complaint, including its third and fourth causes of action, as the *Depp* lawsuit was resolved by settlement and the Court's dismissal order resolved any remaining dispute between the parties as to New York Marine's duty to defend. Counsel for New York Marine could not confirm that New York Marine would agree to dismiss its Complaint. I again represented to New York Marine that Ms. Heard would not amend her counterclaim and that Ms. Heard would not seek indemnity with respect to the *Depp* lawsuit.

11. On May 16, 2023, I sent an email to Mr. Wagoner, Mr. Rasmussen, and Mr. Van Leuven to confirm in writing the representations made previously: Ms. Heard will not amend her counterclaim and has withdrawn her request for indemnity from New York Marine. I again asked that New York Marine agree to stipulate to dismissal of its Complaint in light of these facts and the Court's dismissal order. New York Marine has not done so.

4
**DECLARATION OF KAYLA ROBINSON ISO HEARD'S MOTION TO DISMISS**

12. On May 18, 2023, I participated in another conference with Mr. Wagoner, Mr. Rasmussen, and Mr. Monkemeier. Among other things, we again discussed whether New York Marine would stipulate to dismiss its First Amended Complaint. I again represented to New York Marine that Ms. Heard would not amend her counterclaim and that Ms. Heard would not seek indemnity with respect to the *Depp* lawsuit. I additionally represented to New York Marine that it is Ms. Heard's position that there is no dispute between the parties as to New York Marine's defense obligations because Ms. Heard seeks reimbursement of defense costs only for her independent counsel in the *Depp* lawsuit, and the Court held in its dismissal order that New York Marine did not have an obligation to provide independent counsel to Ms. Heard under the policy.

13. On May 22, 2023, I participated in another conference with Mr. Wagoner. I represented to Mr. Wagoner that Ms. Heard would be willing to consider a revised stipulation dismissing the First Amended Complaint.

14. On May 30, 2023, despite the Court's dismissal order and Ms. Heard's representations, Mr. Wagoner represented to me via email that New York Marine would not stipulate to dismiss its First Amended Complaint.

15. On August 18, 2023, following the Court's order granting Ms. Heard's motion for judgment on the pleadings on August 14, 2023, I participated in another conference with Mr. Wagoner to discuss New York Marine's proposed amended complaint and the issues raised in this motion. I represented to Mr. Wagoner that the amendments discussed on the record at the Court's motion hearing did not cure the mootness issue because Ms. Heard's request for reimbursement of defense costs relies

entirely on the success of her theory that she is entitled to independent counsel—an issue this Court already resolved in New York Marine's favor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration is executed on August 30, 2023, at San Diego, California.

_____
Kayla M. Robinson