1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     *jim.wagoner@mccormickbarstow.com*
3  Nicholas H. Rasmussen, #285736
     *nrasmussen@mccormickbarstow.com*
4  Graham A. Van Leuven, #295599
     *graham.vanleuven@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
7
8  Attorneys for Plaintiff and Counter-
   Defendant New York Marine and General
   Insurance Company
9

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

| | |
|---|---|
| 13  NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,, | Case No. 2:22-cv-04685-GW(PDx) |
| 14 | Consolidated for Pre-Trial Purposes with 2:21-cv-5832-GW (PDx) |
| 15              Plaintiff, | **NEW YORK MARINE AND GENERAL INSURANCE** |
| 16        v. | **COMPANY'S OPPOSITION TO AMBER HEARD'S MOTION TO** |
| 17  AMBER HEARD, an individual,, | **DISMISS SECOND AMENDED COMPLAINT** |
| 18              Defendant. | |
| 19  AMBER HEARD, an individual, | Filed Concurrently with Declaration of James P. Wagoner |
| 20           Counter-Claimant | Date:     October 12, 2023 |
| 21        v. | Time:    8:30 a.m. Crtrm.: 9D |
| 22  NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | |
| 23  a New York Corporation, | Hon. George H. Wu |
| 24           Counter-Defendant | |

25

26

27

28

1

# **TABLE OF CONTENTS**

2

**Page**

3    I.     INTRODUCTION ................................................................ 1

4    II.    BACKGROUND FACTS ...................................................... 5

5    III.   LEGAL ARGUMENT .......................................................... 8

6         A.     Motion to Dismiss .......................................................... 8

7         B.     NY Marine's Second Amended Complaint For Declaratory Relief Which Are Not Moot ................................................. 9

8

9               1.     NY Marine's Second Amended Complaint Seeks Declaratory Relief On The Distinct Issue Of Whether Heard Was Entitled To A Defense Under Any Circumstances In

10                     The *Depp v. Heard* Action ............................................. 9

11               2.     Declaratory Relief Is Appropriate As to The Issue Whether NY Marine Owed A Defense Under Any Circumstance .......... 11

12

13               3.     An Adjudication Of NY Marine's Remaining Claims Would "Serve A Useful Purpose In Clarifying The Legal Relations At Issue" ................................................. 13

14

15    IV.    CONCLUSION ................................................................ 14

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

1

## TABLE OF AUTHORITIES

2
**Page**

3
## CASES

4
*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1988)....................................................................8
5

*Bernard v. Sanders,*
6
    2011 WL 2553308 (C.D.Cal. 2011)..........................................................8

7
*BrowserCam Inc. v. Gomez, Inc.,*
    2008 WL 4408053 (N.D.Cal. 2008)........................................................12
8

*Centex Homes v. St. Paul Fire & Marine Ins. Co.,*
9
    19 Cal.App.5th 789 (2018)......................................................................10

10
*Clear Channel Outdoor, Inc. v. Bently Holdings California LP,*
    2011 WL 6099394 (N.D.Cal. 2011)........................................................12
11

*Colony Cove Properties, LLC v. City of Carson,*
12
    640 F.3d 948 (9th Cir. 2011)....................................................................11

13
*Doe No. 1 v. Reed,*
    697 F.3d 1235 (9th Cir. 2012)...................................................................8
14

*Doe v. Gangland Productions, Inc.,*
15
    730 F.3d 946 (9th Cir. 2013).................................................................9, 12

16
*Dynamic Concepts, Inc. v. Truck Ins. Exch.,*
    61 Cal.App.4th 999 (1998)......................................................................10
17

*Feldman v. Bomar,*
18
    518 F.3d 637 (9th Cir. 2008)......................................................................9

19
*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,*
    463 U.S. 1 (1983) ....................................................................................12
20

*Hamilton v. Schwartz,*
21
    2009 WL 2380093 (C.D.Cal. 2009)..........................................................8

22
*Hess v. Country Club Park,*
    213 Cal. 613 (1931)................................................................................12
23

*Hilt v. Marshall,*
24
    2009 WL 1044015 (C.D.Cal. 2009)..........................................................8

25
*Johnson v. Riverside Healthcare Sys., LP,*
    534 F.3d 1116 (9th Cir. 2008)...................................................................8
26

*Kattawar v. Logistics and Distrib. Servs., Inc.,*
27
    111 F.Supp.3d 838 (W.D.Tenn. 2015)....................................................11

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

ii

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

### TABLE OF AUTHORITIES
(Continued)

**Page**

*Knievel v. ESPN,*
  393 F.3d 1068 (9th Cir. 2005)..................................................................11

*Lemos v. Alderwoods Grp., Inc.,*
  2007 WL 2254363 (E.D.Cal. 2007) .........................................................12

*Long v. Century Indem. Co.,*
  163 Cal.App.4th 1460 (2008)....................................................................10

*Marks v. UMG Recordings, Inc.,*
  2023 WL 4532774 (9th Cir. 2023)........................................................9, 12

*McGraw-Edison Co. v. Preformed Line Prods. Co.,*
  362 F.2d 339 (9th Cir. 1966)......................................................................9

*Natural Resources Def. Council, Inc. v. United States EPA,*
  966 F.2d 1292 (9th Cir. 1992)....................................................................9

*Northwest Env't Def. Ctr. v. Gordon,*
  849 F.2d 1241 (9th Cir. 1988)................................................................8, 9

*Outdoor Media Grp., Inc. v. City of Beaumont,*
  506 F.3d 895 (9th Cir. 2007).....................................................................11

*Padres Hacia Una Vida Mejor v. Jackson,*
  922 F.Supp.2d 1057 (E.D.Cal. 2013)........................................................9

*PNC Equipment Finance, LLC v. California Fairs Financing Authority,*
  2012 WL 12506870 (C.D.Cal. 2012).......................................................12

*R.F. by Fankel v. Delano Union Sch. Dist.,*
  224 F.Supp.3d 979 (E.D.Cal. 2016)..........................................................8

*Rahim v. Holden,*
  2014 WL 3505584 (C.D.Cal. 2014)...........................................................8

*Ronald Lee v. U.S. Bank National Association,*
  2010 WL 11519605 (C.D.Cal. 2010).......................................................12

*Ruiz v. City of Santa Maria,*
  160 F.3d 543 (9th Cir. 1998)......................................................................8

*Sattinger v. Newbauer,*
  123 Cal.App.2d 365 (1954).......................................................................12

*Sea-Land Serv., Inc. v. Int'l Longshoremen's and Warehousemen's Union,*
  939 F.2d 866 (9th Cir. 1991)......................................................................8

*Sena v. Marshall,*
  2009 WL 2821357 (C.D.Cal.  2009)..........................................................8

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iii

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES
### (Continued)

**Page**

*Super Tire Eng'g Co. v. McCorkle,*
   416 U.S. 115 (1974) ......................................................................................9

## STATUTES

California Civil Code § 1060....................................................................9, 12

California Civil Code § 2860(a) ............................................................. 1, 10

California Insurance Code § 533 .............................................. 2, 4, 7, 10

Federal Rules of Civil Procedure, Rule 12(b)(6).........................................8

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

# I.    <u>INTRODUCTION</u>

In her First Amended and Supplemental Answer to New York Marine and General Insurance Company's ("NY Marine") First Amended Complaint and Counterclaim, Heard alleged that she has been left to incur "hundreds of thousands of dollars in defense costs not paid by any insurer." (ECF #36, 21:24-25.) In her Initial Disclosures, Heard claims among other things, "at least $4,400,000 in unreimbursed legal fees and costs incurred by Ms. Heard in the defense of the Depp lawsuit." (Declaration of James P. Wagoner ["Wagoner Decl."], ¶ 3, Ex. A.) Whether any of those costs are owed by NY Marine is the only remaining issue in this case.  It is also questionable whether all of those costs were "reasonable and necessary" defense costs as they were not paid by Travelers.  *Aerojet-General Corp. v. Transport Indem. Co.,* 17 Cal.4th 38, 58 (1997) (stating that the duty to defend "requires the undertaking of reasonable and necessary efforts for that purpose [citation], including investigation", and "also requires the incurring of reasonable and necessary costs to that end".) Further, of the costs submitted, a considerable amount were incurred prior to her tender of the *Depp v. Heard* lawsuit to NY Marine on September 4, 2019. (Wagoner Decl., ¶ 3.)

California Civil Code § 2860(a) upon which Heard relies to assert her entitlement to independent counsel provides that "if the provisions of a policy of insurance *impose a duty to defend* upon and insurer and a conflict of interest arises which creates a duty on the part of the insured to provide independent counsel to the insured, *the insurer shall provide independent counsel* to represent the insured…." (Emphasis added.) In moving to dismiss NY Marine's Second Amended Complaint ("SAC"), Heard fails to recognize that the fundamental premise of an entitlement to independent counsel is the existence on the part of the insurer of a "duty to defend", and as such, that the question of an entitlement to independent counsel is a derivative or secondary consideration which follows only *after* it is determined that the insurer owes a duty to defend in the first place.  While the court has already resolved the issue

of whether Heard was entitled to independent counsel, it has *not* resolved the foundational issue of her entitlement to independent counsel: whether New York Marine ever had a duty to defend Heard at all in the action entitled *Depp v. Heard,* filed in the Circuit Court of Fairfax County, Virginia ("*Depp v. Heard*").

Plaintiff NY Marine originally brought this action against Heard alleging that it had no "ongoing" duty to defend her in the then pending *Depp v. Heard* Action (ECF 1). Shortly thereafter, it filed a First Amended Complaint ("FAC"). (ECF #5) Both the original and First Amended Complaints alleged, as relevant, that "Plaintiff contends that it has no duty to defend Heard based on California Insurance Code § 533.  Plaintiff is informed and believes, and on such information and belief alleges, that Heard disputes Plaintiff's contentions and asserts that the policy obligates New York Marine to continue to defend Heard on an ongoing basis in the underlying action." (ECF #1, at p. 9:13-17, ¶39; ECF #5, at p. 9:13-17, ¶39.)   In her First Amended and Supplemental Answer filed simultaneously with her counterclaim against NY Marine, Heard admitted "that there is an actual controversy between New York Marine and her regarding New York Marine's duties under the policy, the implied covenant of good faith and fair dealing, and the law, that New York Marine contends that it has no duty to defend her in the *Depp* lawsuit based on California Insurance Code § 533 and that she disputes New York Marine's contentions, contending that New York Marine is obligated to perform all its duties and that New York Marine had a duty to *fully defend her* in the *Depp v. Heard* lawsuit through its final resolution."  (ECF #36, at p. 8:16-23, ¶ 39; [emphasis added].)  In addition, Heard asserted that she had "the right to independent counsel, with NY Marine being obligated to pay for the fees and costs of this independent counsel" in the *Depp v. Heard* action, but that NY Marine had refused to honor her demands, thereby "making it impossible for [her] to fully accept th[e] 'defense' provided by New York Marine". (ECF #36 p. 22:4-10, ¶ 25.)

On March 10, 2023, this Court granted NY Marine's motion to dismiss Heard's

1   Counterclaim, concluding that: (1) NY Marine did not have an obligation to provide
2   her with independent "*Cumis*" counsel in the *Depp v. Heard* action because under the
3   law of Virginia where the action was pending, counsel appointed by NY Marine to
4   defend her had no conflict of interest; and (2) also observing that its prior holding in
5   the *Travelers* action that NY Marine's reservation of rights letter was a "general"
6   reservation of rights which did not give rise to a conflict of interest requiring the
7   appointment of independent counsel would likewise be dispositive of Heard's claims
8   here. (ECF #46, and pp. 5-6, and n. 6; ECF #47, 51.).

9       After electing not to amend her First Amended Counterclaim, Heard
10  subsequently brought a motion for judgment on the pleadings, asserting that the
11  Court's March 10, 2023 Order rendered NY Marine's remaining causes of action in
12  its FAC moot. (ECF #47.)  The Court granted Heard's motion with leave to amend on
13  August 10, 2023 (ECF 75), and NY Marine filed its SAC on August 28, 2023. (ECF
14  76).

15      In its SAC, NY Marine alleges by way of its third cause of action that "an actual
16  controversy has arisen and now exists between New York Marine, on the one hand
17  and Heard, on the other hand with regard to the duties and obligations owed by New
18  York Marine to Heard under the policy with respect to whether New York Marine
19  ever had an obligation to defend Heard in the" *Depp v. Heard* action "either (1) at any
20  time following the commencement of the Underlying Action on March 1, 2019 up
21  until Heard's tender of the action to New York Marine on September 4, 2019, (2) at
22  any time between her September 4, 2019 tender of defense to New York Marine and
23  October 1, 2019 when New York Marine advised it that would defend her under
24  reservation of rights through the Cameron McEvoy PLLC firm, or (3) at any time
25  thereafter."  (ECF #76, p.  9:10-14, ¶ 43.)

26      Heard now moves to dismiss, contending that in light of the Court's March 10,
27  2023 ruling, NY Marine's SAC is moot. However, Heard's motion disregards the fact
28  that NY Marine's SAC seeks a determination that it never had a duty to defend Heard.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

Specifically, whereas NY Marine's previously-operative FAC sought a judgment that it had no duty to defend Heard "on an ongoing basis" in the then pending *Depp v. Heard* action and its motion to dismiss *Heard's* Amended counterclaim specifically addressed *her* entitlement to independent "*Cumis*" counsel, the SAC amends the third cause of action for declaratory relief to seek a declaration that based on the provisions of California Insurance Code § 533, NY Marine had no duty *whatsoever* to defend the *Depp v. Heard* action at any time. NY Marine further alleges that Heard had no "reasonable expectation" of a defense based on numerous terms and exclusions contained in the NY Marine policy. Consequently, NY Marine seeks declaratory relief determining that it "never had a duty to defend Heard in the Underlying Action, . . . through either independent counsel or otherwise … at any time. . ." or to "pay expenses and costs incurred or assumed and payments made by Heard at any time…". (ECF #76, at pp. 12:22-13:14.) Similarly, in the fourth cause of action in its FAC, NY Marine "requests a judicial declaration of the rights, duties and obligations under the policy determining that Plaintiff never had any obligation to defend Heard" in the *Depp v. Heard* action.

Consequently, though Heard's motion now asserts that the Court's prior ruling determining that NY Marine did not owe her a duty to provide independent "*Cumis*" counsel renders all the claims asserted in the SAC "moot", she overlooks the fact that the SAC alleges that NY Marine seeks a determination that it never had a duty to defend her at any time, not merely that NY Marine *did not owe her independent counsel*. In doing so, Heard attempts to collapse and conflate those issues by disavowing both any claim for pre-tender costs (although she submitted such amounts in her Rule 26 disclosures) and any claim for post-tender, pre-acceptance defense costs, in attempting to narrow her claim to just those fees incurred through her independent counsel and thereby avoid responding to NY Marine's SAC. However, the premise of her claim remains that NY Marine had a duty to defend her. Consequently, NY Marine has a right to a declaration on that issue.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

1    **II.    <u>BACKGROUND FACTS</u>**

2    Heard was sued for defamation in a civil action filed on March 1, 2019 in the

3    Circuit Court of Fairfax County, Virginia (the "*Depp v. Heard*" action). (ECF # 76,

4    at ¶ 2, Ex. B.)  Before belatedly tendering her defense to NY Marine, she retained,

5    among others, the Virginia law firm of Cameron McEvoy PLLC ("Cameron

6    McEvoy") to defend her. (*Id.,* ¶ 26.)  On September 4, 2019, more than six (6) months

7    after the lawsuit was initiated, Heard tendered her defense in the *Depp v. Heard* action

8    to, *inter alia,* NY Marine. (*Id.*, ¶ 24.)

9    Following her untimely tender, NY Marine timely accepted that tender on

10   October 1, 2019, subject to a general reservation of rights which stated, as relevant,

11   that "to the extent California law does not permit an insurer to indemnify the insured,

12   no indemnity can be provided." (*Id.,* ¶ 25.) Upon accepting Heard's tendered defense,

13   NY Marine appointed as her defense counsel Cameron McEvoy and attorneys

14   Timothy McEvoy and Sean Roche, the same firm and the same attorneys which she

15   had already retained some six months earlier.  (*Id.,* ¶ 26.)

16   On July 7, 2022 NY Marine filed its complaint against Heard, and on July 11,

17   2022, filed its First Amended Complaint ("FAC"). (ECF # 1, 5.) On January 13, 2023,

18   Heard filed an Amended Answer to NY Marine's First Amended Complaint and

19   Counterclaim. (ECF #36.) NY Marine moved to dismiss Heard's Counterclaim on the

20   grounds that: (1) Heard had no right to independent counsel because (a) under

21   Virginia law, the Cameron McEvoy firm whom NY Marine appointed to defend her

22   did not have a conflict of interest such that she was not entitled to independent

23   "*Cumis*" counsel; and (b)  NY Marine's reservation of rights letter was a "general"

24   reservation of rights which did not give rise to a conflict of interest requiring the

25   appointment of independent counsel; (2) Heard improperly refused to accept the

26   defense provided by NY Marine; and (3) Heard's refusal to accept the defense

27   proffered by NY Marine and her incurrence of costs and expenses thereafter breached

28   her obligations under the policy. (ECF #42, 42-1.) On March 10, 2023, the Court

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  granted NY Marine's motion with leave to amend, concluding that "because the *Depp*
2  lawsuit was proceeding in Virginia, and because NY Marine provided Heard with a
3  Virginia lawyer there could not be a conflict of interest" requiring the appointment of
4  independent "*Cumis*" counsel "because … [the] facts and law governing an insured's
5  Virginia lawyer's loyalty" resulted in a "crucial *absence* of a conflict of interest for
6  Heard's insurer-appointed counsel … 'regardless of what [NY Marine's] Reservation
7  of Rights letter might say'". (ECF #46, at pp. 5-6, ; ECF #47, 51.). The Court's Order
8  further observed that *if* it "had any need to reach the question of the terms of [NY
9  Marine's] reservation of rights letter", that its "observation in the *Travelers* Action"
10 that the letter was merely a "general" reservation of rights which did not trigger a right
11 to independent counsel "would be dispositive of Heard's attempt to rely upon that
12 letter to demonstrate a conflict" of interest. (ECF #46, p. 5, at n. 6; ECF #47, 51.)

13      On June 5, 2023, Heard moved for judgment on the pleadings on NY Marine's
14 FAC, arguing that "since [she] … will not exercise her right … to amend her
15 counterclaim .. and has withdrawn her claim for indemnity . . . . there is nothing left
16 in dispute" between the parties. (ECF #55, 55-1, at p. 5:15-21.) In particular, in
17 arguing that NY Marine's claims as alleged in its FAC were "no longer at issue",
18 Heard's motion argued that NY Marine's third and fourth causes of action were moot
19 because "[t]he *Depp* lawsuit is over, so there is nothing left for New York Marine to
20 defend *and no claim that it has an ongoing defense duty*." (ECF #55-1, at pp. 6:11-
21 13, 6:16-19; 11-8-12.)[1]  On August 10, 2023, the Court granted the motion with leave
22 to amend—and denied a related motion by NY Marine Motion for Judgment on the
23 Pleadings. (ECF 75.)

24      On August 28, 2023, NY Marine filed its SAC. (ECF #76)  It alleges a claim
25
26 ──────────────
27 [1] Attempting to avoid amendment, Ms. Heard's motion for judgment on the pleadings
   likewise argued that even a more broadly stated cause of action would be rendered
28 moot by this Court's March 10, 2023 ruling. (ECF #55-1, at p. 11:12-20.)

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

1   for declaratory relief and requests based on Insurance Code § 533, that the Court
2   "[e]nter a judgment declaring that [NY Marine] never had a duty to defend Heard in
3   the Underlying Action, . . . through either independent counsel or. . . at any time. . .",
4   or to "pay expenses and costs incurred or assumed and payments made by Heard at
5   any time…". (*Id.,* at pp. 12:22-13:14.)   In doing so, it adds numerous allegations
6   pertaining to the terms and scope of coverage available under the NY Marine policy
7   demonstrating that Heard also never had a "reasonable expectation" of a defense
8   under that policy, including that: (1) the *"Depp v. Heard"* action did not allege an
9   "accident" within the meaning of the definition of the term "occurrence" under the
10  policy's Comprehensive Personal Liability Form; and (2) the policy's Commercial
11  General Liability Form included (a) an exclusion for "'Personal Advertising injury'
12  arising out of oral or written publication of material, if done by or at the direction of
13  the insured with knowledge of its falsity", (b) an "Exclusion – Designated Activities"
14  endorsement precluding coverage under the policy's Commercial General Liability
15  Form for, *inter alia,* "promotion, and (c) an "Exclusion – Personal and Advertising
16  Injury Liability – Entertainment Industry" precluding coverage under the policy's
17  Commercial General Liability Form for "development, creation, pre-production,
18  production, post-production, distribution, exploitation, writing, broadcasting, airing,
19  performing or exhibition of films, television/cable programs, radio programs, stage
20  plays, video/audio cassettes, music, sheet music, computer programs, books, or other
21  similar materials and property; or to any advertising or broadcasting activities." (*See*
22  *generally, id.,* at pp. 3:1-5:24, ¶¶ 10-22).   As particularly relevant to the present
23  motion, the SAC also amended NY Marine's third cause of action for declaratory
24  relief to seek declarations based on Insurance Code § 533 that NY Marine had no duty
25  *whatsoever* to defend the *Depp v. Heard* action and that Heard had no reasonable
26  expectation of a defense. (*Id.,* at pp. 9:5-10:23, ¶¶ 42-44.)
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

# III. **LEGAL ARGUMENT**

## A. **Motion to Dismiss**

Dismissal of a Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is warranted if it fails to assert either "a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A claimant must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121-1122 (9th Cir. 2008).

Where a pleading is challenged on the grounds that it is moot, "[t]he basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Ruiz v. City of Santa Maria,* 160 F.3d 543, 549 (9th Cir. 1998) (quoting *Northwest Env't Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir. 1988)).[2] Thus, in determining whether to award declaratory relief, a "district court

---

[2] Heard's motion quotes *Gordon* for the proposition that "'in deciding a mootness issue, … [t]he question is whether there can be *any* effective relief' (quotations omitted)". (ECF #78-1, at p.10:3-5). However, what the motion fails to acknowledge is that the "*any* relief" language discussed in *Gordon* is applied by courts in addressing claims for *injunctive* relief; NY Marine has not identified any cases applying that language with respect to claims for declaratory relief. *See, e.g., Gordon,* 849 F.2d at 1244-1245; *Doe No. 1 v. Reed,* 697 F.3d 1235, 1238 (9th Cir. 2012); *R.F. by Fankel v. Delano Union Sch. Dist.,* 224 F.Supp.3d 979, 986 (E.D.Cal. 2016) (quoting *Sea-Land Serv., Inc. v. Int'l Longshoremen's and Warehousemen's Union,* 939 F.2d 866, 870 (9th Cir. 1991); *Rahim v. Holden,* No. cv 14-02902-PA (VBK), 2014 WL 3505584 *1 (C.D.Cal. Jul. 9, 2014); *Hamilton v. Schwartz,* No. CV 08-04551-JVS (VBK), 2009 WL 2380093 *2 (C.D.Cal. Jul. 30, 2009); *Hilt v. Marshall,* No. CV 07-070102-RGK (VBK), 2009 WL 1044015 *3 (C.D.Cal. Apr. 10, 2009); *Bernard v. Sanders,* No. CV 09-08060-MMM (VBK), 2011 WL 2553308 *2 (C.D.Cal. May 24, 2011); *Sena v. Marshall,* No. C 05-07880-PSG (VBK), 2009 WL 2821357 *3 (C.D.Cal. Aug. 26, 2009). Thus, for purposes of a claim for declaratory relief, such as that at issue here, the question is whether the Court may provide "effective" relief is whether the action would "clarify" the legal relations or obligations of the parties. *Ruiz,* 160 F.3d at 549. This is consistent with the well-established law that, "[e]ven if a case is moot with respect to injunctive relief, a court may invoke jurisdiction over a

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  is to consider a variety of factors, including whether retaining jurisdiction would
2  'serve a useful purpose in clarifying the legal relations at issue.'" *Northwest Env't*
3  *Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir. 1988); *Natural Resources Def.*
4  *Council, Inc. v. United States EPA,* 966 F.2d 1292, 1299 (9th Cir. 1992) (citing
5  *McGraw-Edison Co. v. Preformed Line Prods. Co.,* 362 F.2d 339, 342 (9th Cir. 1966),
6  *cert. denied,* 385 U.S. 919 (1966)); *Padres Hacia Una Vida Mejor v. Jackson,* 922
7  F.Supp.2d 1057, 1069 (E.D.Cal. 2013) (quoting *Natural Resources Def. Council*).

8      Further, under well-established California law, "'[a]ny person interested ...
9  under a contract,' may bring an original action for a declaration regarding their legal
10 rights and duties, when there is an 'actual controversy' between the parties." *Marks*
11 *v. UMG Recordings, Inc.,* No. 22-55453, 2023 WL 4532774 *3 (9th Cir. Jul. 13,
12 2023); *Doe v. Gangland Productions, Inc.,* 730 F.3d 946, 960 (9th Cir. 2013)
13 ("'[U]nder a contract,' in cases of 'actual controversy relating to the
14 legal rights and duties of the respective parties,' a party may ask the court to make a
15 binding declaration of these rights and duties.") (citing Code Civ. Proc. § 1060).

16  **B.   NY Marine's Second Amended Complaint For Declaratory Relief Which Are Not Moot**

17      **1.   NY Marine's Second Amended Complaint Seeks Declaratory Relief On The Distinct Issue Of Whether Heard Was Entitled To A Defense Under Any Circumstances In The *Depp v. Heard* Action**

20      Heard's motion contends that her "recovery of her defense costs . . . is premised
21 on her right to independent counsel.  When this Court ruled in New York Marine's
22 favor on that issue, it resolved the only dispute between the parties as to New York
23 Marine's duty to defend." (ECF #78-1, at p. 6:5-8)

24      However, as noted above, the threshold premise underlying an insured's
25 entitlement to independent counsel is the existence of the insurer's duty to defend. As

27 claim for declaratory relief." *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)
28 (quoting *Super Tire Eng'g Co. v. McCorkle,* 416 U.S. 115, 121-122 (1974)).

noted above, California Civil Code § 2860(a) provides that "[i]f the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured. . .". *See also, Long v. Century Indem. Co.,* 163 Cal.App.4th 1460, 1468 (2008) (observing that, "[g]enerally, an insurer owing a duty to defend an insured, arising because there exists a potential for liability under the policy, 'has the right to control defense. . .'", but that "[u]nder certain circumstances, however, a conflict of interest or potential conflict of interest may impose upon the insurer a duty . . . to provide independent counsel…"); *Centex Homes v. St. Paul Fire & Marine Ins. Co.,* 19 Cal.App.5th 789, 797 (2018) (same); *see also, Dynamic Concepts, Inc. v. Truck Ins. Exch.,* 61 Cal.App.4th 999, 1002, 1008-1009 (1998) (insurer did not breach its duty to defend by accepting the insured's defense and appointing defense counsel while it sought further information to determine whether the appointment of independent "*Cumis*" counsel was required).

Heard's failure to acknowledge a distinction between the duty to defend and "the defense-duty in dispute"—framed by Heard as consisting only of the duty to appoint independent counsel—thus fails to address or even recognize that distinction. But the allegations of the SAC, as well as Heard's own admissions in prior pleadings, do acknowledge the distinction. Indeed, as noted above, in her Amended and Supplemental Answer to NY Marine's FAC, Heard specifically alleged in response to the allegations of paragraph 39 of the FAC "that there is an actual controversy between NY Marine and Heard regarding New York Marine's duties under the policy, the implied covenant of good faith and fair dealing, and the law, that New York Marine contends that it has no duty to defend her in the *Depp* lawsuit based on California Insurance Code § 533 and that she disputes New York Marine's contentions, *contending that New York Marine is obligated to perform all its duties and that New York Marine had a duty to fully defend her in the Depp lawsuit through*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

1   *its final resolution*."  (ECF #36 at p. 8:15-23, ¶ 39 [emphasis added].)

2   New York Marine's SAC similarly alleges that an actual controversy exists

3   between it and Heard "with regard to the duties and obligations owed by New York

4   Marine under the policy with respect to whether New York Marine ever had an

5   obligation to defend Heard in the underlying action."  (ECF #76, at p. 9:10-14, ¶ 44.)

6   By moving to dismiss,  Heard for purposes of the motion is acknowledging the truth

7   of those allegations. *Colony Cove Properties, LLC v. City of Carson,* 640 F.3d 948, 9

8   55 (9th Cir. 2011) (Observing that on a motion to dismiss, "[t]he court accepts f

9   actual allegations in the complaint as true and construes the pleadings in the light mo

10  st favorable to the nonmoving party."); *Outdoor Media Grp., Inc. v. City of Be*

11  *aumont,* 506 F.3d 895, 900 (9th Cir. 2007) ("We accept all factual allegations in the c

12  omplaint as true and construe the pleadings in the light most favorable to the nonmov

13  ing party.") (citing *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005) (same)).

14  Accordingly, though Heard's motion seeks to characterize the dispute as

15  involving *only* NY Marine's alleged duty to provide her with independent counsel—

16  the question already answered by this Court's March 10, 2023 ruling—NY Marine's

17  SAC properly sets up the distinct and threshold question of whether she was ever

18  entitled to a defense under any circumstances.

### 2. Declaratory Relief Is Appropriate As to The Issue Whether NY Marine Owed A Defense Under Any Circumstance

22  Declaratory relief is appropriate where a party seeks an adjudication of whether

23  it owes a duty or a debt under a contract. *See, Kattawar v. Logistics and Distrib.*

24  *Servs., Inc.,* 111 F.Supp.3d 838, 856 (W.D.Tenn. 2015) ("The Court finds that

25  Logistics has filed 'an appropriate pleading' and that the Counterclaim puts the

26  Kattawars on notice that Logistics seeks a 'judicial determination of the

27  respective rights and duties' of the parties in their contracts."); *PNC Equipment*

28  *Finance, LLC v. California Fairs Financing Authority,* No. CV 11-06248 MMM

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

(DTBx), 2012 WL 12506870 *9 (C.D.Cal. Feb. 9, 2012) (adjudication of terms of lease bearing on parties' payment obligation presented an actual controversy appropriate for declaratory relief); *Clear Channel Outdoor, Inc. v. Bently Holdings California LP,* No. C-11-2573 EMC, 2011 WL 6099394 *1-3, *10 (N.D.Cal. Dec. 7, 2011) (Plaintiff stated viable claim for declaratory relief regarding parties' respective obligations under a lease); *BrowserCam Inc. v. Gomez, Inc.,* No. C 08-02959 WHA, 2008 WL 4408053 *8 (N.D.Cal. Sep. 26, 2008) (declaratory relief ripe and appropriate to claim for interpretation of contract term bearing on parties' respective payment obligations); *See also, Ronald Lee v. U.S. Bank National Association,* No. CV 09-4833-GW(CWx), 2010 WL 11519605 *4 (C.D.Cal. Feb. 8, 2010) (Complaint asserting claims for declaratory relief that Plaintiff owed no obligation to Plaintiffs sufficed to allege at last some viable claims for declaratory relief); *Lemos v. Alderwoods Grp., Inc.,* No. 1:06-cv-01152-OWW-NEW, 2007 WL 2254363 *5 (E.D.Cal. Aug. 3, 2007) (claim concerning Plaintiff's right to receive payments under contract appropriate for declaratory relief).

Furthermore, as the Ninth Circuit has long recognized, in California the parties to a contract have an *express statutory* right to a declaration of their respective rights and duties under a contract, including their obligations on or with respect to a debt. *Marks*, 2023 WL 4532774 *3; *Gangland Productions, Inc.,* 730 F.3d at 960. Indeed, as the Ninth Circuit in *Marks* observed in reaching its decision, "Marks [had] a valid affirmative cause of action because California law *unambiguously provides a claim for declaratory relief when there is an actual controversy about the parties' rights and duties under a contract." Marks*, 2023 WL 4532774 *3 (emphasis added) (citing *Hess v. Country Club Park,* 213 Cal. 613, 614-615 (1931) (quoting Code Civ. Proc. § 1060), and *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 17, n. 16 (1983) [acknowledging that "California may well regard its statute as having a more substantive purpose than the federal Act…"]); *Sattinger v. Newbauer,* 123 Cal.App.2d 365, 366-367 (1954) (Partner's claim for declaratory

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

relief adjudicating whether a particular debt or obligation was one incurred by the partnership within the meaning of the partnership agreement stated a valid claim for declaratory relief).

Here, NY Marine's SAC plainly asserts a claim which seeks a determination of its duty under a contract—the NY Marine policy—to defend Heard *under any circumstances and in the first instance*, a claim which is distinct from the question whether she would have been entitled to independent counsel *if she were entitled to a defense*. And, as amended, the SAC asserts that claim as it relates to the present posture of the case, and not solely on the basis of an "ongoing duty" as was previously alleged in the FAC.

### 3. An Adjudication Of NY Marine's Remaining Claims Would "Serve A Useful Purpose In Clarifying The Legal Relations At Issue"

Heard's motion only makes the most general reference to the fourth cause of action in NY Marine's FAC and does not specifically address that cause of action anywhere in her motion. (*See,* ECF #78-1, at p. 8:2-5 [stating only generally that NY Marine "filed its operative Second Amended Complaint alleging two causes of action not already dismissed…"]; and *see generally, id.*). That cause of action seeks a determination that NY Marine had no duty to defend her based on her failure to comply with the terms of both the Comprehensive Personal Liability Coverage Form of the policy (by allowing NY Marine to "provide a defense at our expense by counsel of our choice" as stated in the form), and pursuant to the similar terms of the Commercial General Liability Coverage Form (providing that NY Marine "will have the right and duty to defend an insured against any 'suit' seeking those damages"). Specifically, the SAC alleges that Heard violated NY Marine's right to provide a defense through counsel of its choice by rejecting NY Marine's employment of the Cameron McEvoy firm to defend her in the *Depp v. Heard* action. It further alleges that this refusal amounted to "not helping" NY Marine with the "conduct of suits" as is required by the "Conditions" section of the Comprehensive Personal Liability

Coverage Form, and that it amounted to a failure to "cooperate with us in the investigation or settlement of the claim or defense of the 'suit'" as required by the "Commercial General Liability Conditions" of the Commercial General Liability Coverage Form.  That cause of action likewise seeks a declaratory determination that NY Marine had no duty to defend Heard in the *Depp v. Heard* action. Since those defenses go to the same, distinct question raised by the Third Cause of Action—whether NY Marine had a duty to provide Heard with a defense under *any* circumstance—the Fourth Cause of Action, like the Third, cannot be rendered moot merely because this Court has previously answered the separate, but secondary question whether Heard was entitled to a to independent counsel *if* she had a right to a defense.

## IV.   <u>CONCLUSION</u>

Since Heard has made plain her intent to appeal once judgment is entered, determining the fundamental question of whether NY Marine ever had a duty to defend her in the *Depp v. Heard* action clearly serves a useful purpose.  And since the question of whether NY Marine ever had a duty to defend Heard in the *Depp v. Heard* action is at issue in this case since its inception and needs to be determined as a threshold issue.  There is no reason to delay resolution of that issue since it can be decided before Heard exercises her right to appeal.

Dated:  September 21, 2023            McCORMICK, BARSTOW, SHEPPARD,
                                      WAYTE & CARRUTH LLP


                                By: _____
                                         */s/ James P. Wagoner*
                                        James P. Wagoner
                                        Nicholas H. Rasmussen
                                        Graham A. Van Leuven
                                  Attorneys for Plaintiff and Counter-Defendant
                                    New York Marine and General Insurance
                                                Company

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9369268.1

14

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

## **WORD COUNT CERTIFICATE**

I certify that the foregoing Plaintiff and Counter-defendant's Opposition To Amber Heard's Motion To Dismiss Second Amended Complaint Contains 4,953 Words (not including the cover, the Table of Contents, the Table of Authorities, the signature block, and this certificate) which complies with Local Rule 11-6.1. In preparing this certificate, I relied on the word count of Microsoft Office Word 2010, the computer program used to prepare the Plaintiff and Counter-defendant's Opposition To Amber Heard's Motion To Dismiss Second Amended Complaint.

Dated:  September 21, 2023

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP


By: _____
        */s/ James P. Wagoner*
        James P. Wagoner
        Lejf E. Knutson
        Nicholas H. Rasmussen
        Graham A. Van Leuven
Attorneys for Plaintiff and Counter-Defendant
New York Marine and General Insurance Company

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO AMBER HEARD'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

## <u>PROOF OF SERVICE</u>

2

**New York Marine and General Insurance Company v. Amber Heard**
**USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

3

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

4

5          At the time of service, I was over 18 years of age and **not a party to this action**.
I am employed in the County of Fresno, State of California.  My business address is
7647 North Fresno Street, Fresno, CA 93720.

6

7          On September 21, 2023, I served true copies of the following document(s)
described   as   **NEW   YORK   MARINE   AND   GENERAL   INSURANCE
COMPANY'S OPPOSITION TO AMBER HEARD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT** on the interested parties in this action as
follows:

8

9

## **SEE ATTACHED SERVICE LIST**

10

11          **BY ELECTRONIC SERVICE (E-MAIL):**  Based on a court order or an
agreement of the parties to accept electronic service, my electronic service address is
heather.ward@mccormickbarstow.com, and I caused the document(s) to be sent to
the persons at the electronic service address(es) listed in the Service List.  I did not
receive, within a reasonable time after the transmission, any electronic message or
other indication that the transmission was unsuccessful.

12

13

14          **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed
the document(s) with the Clerk of the Court by using the CM/ECF system.
Participants in the case who are registered CM/ECF users will be served by the
CM/ECF system.  Participants in the case who are not registered CM/ECF users will
be served by mail or by other means permitted by the court rules.

15

16

17          I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office of
a member of the bar of this Court at whose direction the service was made.

18

19          Executed on September 21, 2023, at Fresno, California.

20

21                                        _/s/ Heather Ward_
                                         Heather Ward

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

**SERVICE LIST**
*New York Marine and General Insurance Company v. Amber Heard*
**USDC Central District of California, Case No. 2:22-cv-04685-GW-PD**

| | |
|---|---|
| Kirk A. Pasich | *Attorneys for Defendant and Counter* |
| Owen Monkemeier | *Claimant Amber Heard* |
| Pasich LLP | |
| 10880 Wilshire Blvd., Suite 2000 | |
| Telephone:  (424) 313-7890 | |
| krobinson@pasichllp.com | |
| omonkemeier@pasichllp.com | |
| | |
| John T. Brooks | *Attorneys for Movant Travelers* |
| Andrea S. Warren | *Commercial Insurance Company* |
| Jeffrey V. Commisso | |
| Sheppard, Mullin, Richter & Hampton LLP | |
| 501 W. Broadway, 19th Floor | |
| San Diego, CA  92101 | |
| Telephone:  (619) 338-6500 | |
| Email:  jbrooks@sheppardmullin.com | |
| Email:  awarren@sheppardmullin.com | Courtesy Copies via Email |
| Email:  jcommisso@sheppardmullin.com | |