Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Owen Monkemeier (SBN 336476)
OMonkemeier@PasichLLP.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Defendant
and Counter-Claimant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>AMBER HEARD,<br><br>                    Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:22-cv-4685-GW (PDx)<br><br>Hon. George H. Wu<br>Courtroom 9D<br><br>**DEFENDANT AND COUNTER CLAIMANT AMBER HEARD'S REPLY IN SUPPORT OF HER MOTION TO DISMISS**<br><br>Date: October 12, 2023<br>Time: 8:30 a.m.<br>Dept.: 9D<br><br>Complaint Filed July 8, 2022 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................ 6

II. THIS COURT LACKS JURISDICTION TO GRANT THE
DECLARATORY RELIEF NEW YORK MARINE SEEKS ...................... 6

    A. This Court Does Not Have Discretion to Grant Declaratory Relief
Absent an Actual Controversy That Confers Jurisdiction ...................... 7

    B. New York Marine is not Entitled to an Advisory Opinion on
Causes of Action That do not Affect Its Legally Cognizable
Interests .................................................................................................. 9

    C. The Issue of Whether New York Marine Ever Had a Duty to
Defend Ms. Heard is Moot Because of This Court's Dismissal
Order .................................................................................................... 14

III. CONCLUSION ........................................................................................... 18

CERTIFICATE OF COMPLIANCE ................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Haworth,*
  300 U.S. 227 (1937) ............................................................................... 17

*Arizonans for Official English v. Arizona,*
  520 U.S. 43 (1977) .................................................................................. 7

*Attorneys Trust v. Videotape Comput. Prods., Inc.,*
  93 F.3d 593 (9th Cir. 1996) .................................................................... 6

*BrowserCam Inc. v. Gomez, Inc.,*
  2008 WL 4408053 (N.D. Cal. Sept. 26, 2008) .................................... 16

*Calderon v. Ashmus,*
  523 U.S. 740 (1998) ............................................................................... 14

*Century Sur. Co. v. Kashama,*
  2012 WL 3166926 (N.D. Cal. Aug. 2, 2012) ........................................ 11

*City of Erie v. Pap's A.M.,*
  529 U.S. 277 (2000) ............................................................................... 14

*Clear Channel Outdoor, Inc. v. Bently Holdings California LP,*
  2011 WL 6099394 (N.D. Cal. Dec. 7, 2011) ................................... 15, 16

*Colony Cove Prop., LLC v. City of Carson,*
  640 F.3d 948 (9th Cir. 2011) ................................................................. 13

*Council of Ins. Agents & Brokers v. Molasky-Arman,*
  522 F.3d 925 (9th Cir. 2008) ................................................................. 11

*Doe v. Gangland Prod., Inc.,*
  730 F.3d 946 (9th Cir. 2013) ............................................................ 9, 17

*Fox Grp., Inc. v. Cree, Inc.,*
  819 F. Supp. 2d 520 (E.D. Va. 2011) .................................................... 14

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers*
  *Vacation Tr. for S. California,*
  463 U.S. 1 (1983) ................................................................................... 17

*Harvey v. Gonzalez*,
  2016 WL 7383769 (D. Colo. Nov. 21, 2016) ......................................... 11

*Hess v. Country Club Park*,
  213 Cal. 613 (1931) ............................................................................. 17

*Kattawar v. Logistics & Distribution Svcs., Inc.*,
  111 F. Supp. 3d 838 (W.D. Tenn. 2015) ............................................... 15

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) .............................................................. 13

*Lemos v. Alderwoods Grp., Inc.*,
  2007 WL 2254363 (E.D. Cal. Aug. 3, 2007) ................................... 16, 17

*Marks v. UMG Recordings, Inc.*,
  2023 WL 4532774 (9th Cir. Jul. 13, 2023) ...................................... 9, 17

*McGraw-Edison Co. v. Preformed Line Products Co.*,
  362 F.2d 339 (9th Cir. 1966) .............................................................. 7, 8

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) .............................................................................. 14

*Monbo v. Nathan*,
  623 F. Supp. 3d 56 (E.D.N.Y. 2022) .................................................... 11

*National Resources Defense Council, Inc. v. United States
  Environmental Protection Agency*,
  966 F.2d 1292 (9th Cir. 1992) ............................................................... 7

*Outdoor Media Grp., Inc. v. City of Beaumont*,
  506 F.3d 895 (9th Cir. 2007) ................................................................ 13

*Padres Hacia Una Vida Mejor v. Jackson*,
  922 F. Supp. 2d 1057 (E.D. Cal. 2013) .................................................. 8

*PNC Equip. Fin., LLC v. California Fairs Fin. Auth.*,
  2012 WL 12506870 (C.D. Cal. Feb. 9, 2012) ........................... 13, 15, 16

*Preiser v. Newkirk*,
  422 U.S. 396 (1975) ................................................................................ 7

*Ronald Lee v. U.S. Bank Nat'l Ass'n*,
   2010 WL 11519605 (C.D. Cal Feb. 8, 2010) ........................................ 15

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1036 (9th Cir. 2004) ............................................................. 13

*Sattinger v. Newbauer*,
   123 Cal. App. 2d 365 (1954) ............................................................... 17

*Shell Oil Co. v. Rusetta*,
   290 F.2d 689 (9th Cir. 1961) ................................................................. 8

*Spencer v. Kemna*,
   523 U.S. 1 (1998) .................................................................................. 8

*Texas v. United States*,
   523 U.S. 296 (1998) ............................................................................ 16

*United States v. Toan Phuong Nghe*,
   925 F. Supp. 2d 1142 (W.D. Wash. 2013) .......................................... 11

*Vita-Herb Nutriceuticals, Inc. v. Probiohealth, LLC*,
   2013 WL 1182992 (C.D. Cal. Mar. 20, 2013) .................................... 10

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ............................................................. 13

**Statutes**

28 United States Code § 2201(a) ............................................................ 14

California Code of Civil Procedure § 1060 ............................................ 17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

It has now been over six months since this Court granted New York Marine's motion to dismiss Ms. Heard's counterclaims on the ground that New York Marine was not obligated to provide independent counsel to Ms. Heard in the *Depp* lawsuit. Since then, Ms. Heard has repeatedly and unambiguously conceded that she has no right to reimbursement of any defense costs from New York Marine unless and until this Court's dismissal order is reversed on appeal. Accordingly, after New York Marine refused for months to voluntarily dismiss its First Amended Complaint ("FAC"), this Court granted Ms. Heard's motion for judgment on the pleadings, ruling that the claims in New York Marine's FAC as to its duty to defend (as pled) were moot.

New York Marine's Second Amended Complaint ("SAC") suffers the same jurisdictional deficiencies as its FAC. In New York Marine's own words, its amended third and fourth causes of action seek a determination that it never had a duty to defend Ms. Heard in the *Depp* lawsuit. ECF No. 76 at 11-12. But New York Marine presently faces no threat of a claim for defense costs from Ms. Heard. Thus, there is no live justiciable controversy related to New York Marine's duty to defend. For the same reasons this Court granted Ms. Heard's motion for judgment on the pleadings, it should dismiss New York Marine's SAC for lack of jurisdiction and enter final judgment.

## II. THIS COURT LACKS JURISDICTION TO GRANT THE DECLARATORY RELIEF NEW YORK MARINE SEEKS

This Court must dismiss this action if it determines that it lacks subject matter jurisdiction. *See Attorneys Trust v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "To qualify as a case fit

for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1977) (quoting *Preiser v. Newkirk*, 422 U.S. 396, 401 (1975)). For the reasons below, this Court lacks jurisdiction over New York Marine's claims.

### A. This Court Does Not Have Discretion to Grant Declaratory Relief Absent an Actual Controversy That Confers Jurisdiction

New York Marine invokes the wrong legal standard, sidestepping the dispositive jurisdictional issue. ECF No. 81 at 8. Ms. Heard moves to dismiss New York Marine's SAC under Rule 12(b)(1) for lack of jurisdiction, not Rule 12(b)(6) for failure to state a claim. New York Marine further confuses the threshold issue of whether the Court has jurisdiction under the Declaratory Judgment Act (28 U.S.C. § 2201) with the separate issue of whether the Court should exercise its jurisdiction to entertain and grant New York Marine's claims for declaratory relief. The cases it cites are relevant only to the latter. ECF No. 81 at 8-9.

In *National Resources Defense Council, Inc. v. United States Environmental Protection Agency*, 966 F.2d 1292, 1299 (9th Cir. 1992), the Ninth Circuit first considered the Article III jurisdictional question of whether the request for declaratory relief was ripe for consideration by the court. Only after determining that the action was ripe for review did the court turn to the question of whether it should exercise its discretion to grant declaratory relief to "clarify and settle the legal relations at issue." *Id.*

Similarly, in *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966), the issue before the Ninth Circuit was whether the district court abused its discretion in declining to exercise

its jurisdiction to entertain a counterclaim for declaratory relief when it dismissed the action in its entirety. Thus, the Ninth Circuit articulated the criteria guiding the policy in favor of rendering declaratory judgments, not the legal standard for determining whether jurisdiction exists under Article III and the Declaratory Judgment Act. *Id.* The court explained, "'It is well established that even though jurisdiction may exist under the Declaratory Judgment Act the granting of declaratory judgments is at the discretion of the district court.'" *Id.* (quoting *Shell Oil Co. v. Rusetta*, 290 F.2d 689, 691 (9th Cir. 1961)).

Finally, in *Padres Hacia Una Vida Mejor v. Jackson*, 922 F. Supp. 2d 1057, 1069 (E.D. Cal. 2013), the court likewise articulated the same guiding principles in its analysis of whether to exercise its discretion to grant declaratory relief, ultimately declining to do so because the requested declaration would only be meaningful to a closed Title VI complaint, and therefore would not "serve any useful purpose or provide any effective relief."[1] It explained, "Courts 'are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.'" *Id.* at 1068 (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). Notably, the declaration New York Marine seeks relates only to its past duty to defend and has no demonstrable continuing effect because Ms. Heard is not presently seeking reimbursement of any defense costs from New York Marine. Thus, even if the Court were to reach the question of whether it should exercise its discretion to

---

[1] New York Marine contends that it has not identified any cases applying the language "any effective relief" to claims for declaratory relief (citing to a handful of cases that use the phrase solely in relation to claims to injunctive relief), then later in the same paragraph cites *Padres*, in which the court expressly declines to exercise its discretion to grant declaratory relief because it would not provide "any effective relief." ECF No. 81 at 8-9 n. 2. In any event, there is no present controversy here as to which "any effective relief" or "effective relief" can be granted.

**AMBER HEARD'S REPLY IN SUPPORT OF MOTION TO DISMISS**

entertain New York Marine's claims (which Ms. Heard certainly does not concede), it should decline to do so.

The final two cases cited by New York Marine, *Marks v. UMG Recordings, Inc.*, 2023 WL 4532774, at *3 (9th Cir. Jul. 13, 2023), and *Doe v. Gangland Productions, Inc.*, 730 F.3d 946, 960 (9th Cir. 2013), support the correct legal standard stated by Ms. Heard for determining whether there is jurisdiction. In both cases, declaratory relief was appropriate because the Ninth Circuit concluded that there was an "actual controversy" between the parties. Ms. Heard does not dispute that declaratory relief is an appropriate claim to determine legal rights and duties in such cases. She disputes that there is any actual controversy here to confer jurisdiction on this Court.

In sum, under the applicable legal standard, the Court does not have discretion to entertain New York Marine's claims for declaratory relief because there is no "actual controversy," and therefore no jurisdiction. New York Marine asserts that the "only remaining issue in this case" is whether any of the defense costs incurred by Ms. Heard in the *Depp* lawsuit are owed by New York Marine. ECF No. 81 at 1. Simply put, the "only remaining issue" identified by New York Marine was resolved over six months ago when this Court ruled that Ms. Heard was not entitled to independent counsel. There is no longer any justiciable dispute. Accordingly, this Court should dismiss the action and enter final judgment.

B. **New York Marine is not Entitled to an Advisory Opinion on Causes of Action That do not Affect Its Legally Cognizable Interests**

New York Marine contends that its SAC seek declaratory relief on an issue distinct from the question of Ms. Heard's entitlement to

9
AMBER HEARD'S REPLY IN SUPPORT OF MOTION TO DISMISS

independent counsel—namely, whether Ms. Heard was entitled to a defense in the *Depp* lawsuit "*under any circumstances and in the first instance.*" ECF No. 81 at 13. New York Marine confuses whether there is an actual justiciable controversy under Article III and the Declaratory Judgment Act with whether there is *any* disagreement whatsoever between the parties. *See Vita-Herb Nutriceuticals, Inc. v. Probiohealth, LLC*, 2013 WL 1182992, at *7 (C.D. Cal. Mar. 20, 2013) (declining to consider the parties' respective motions for summary judgment and denying them as moot because the Court found it did not have subject matter jurisdiction over plaintiff's remaining claim).

Ms. Heard does not dispute New York Marine's inapposite assertion that a premise underlying an insured's entitlement to independent counsel is the existence of the insurer's duty to defend, or the authority that New York Marine cites in support of that assertion. ECF No. 81 at 9-10. The relevant point is that, as between the parties in this action, the resolution of the issue of Ms. Heard's right to independent counsel resolved the only live dispute related to New York Marine's duty to defend, mooting New York Marine's claims. Metaphysical disputes are not justiciable in Article III courts.

In accord, this Court instructed New York Marine that it should amend its Complaint to state "proper declaratory relief claims – *i.e.*, claims that are the subject of an actual, live, dispute between itself and Heard, not just claims based on legal questions/issues as to which it would like an answer," not already resolved by this Court's earlier ruling. ECF No. 74 at 4. Nevertheless, New York Marine's third and fourth causes of action fail this basic instruction. A declaration from this Court that New York Marine was not obligated to defend Ms. Heard in the *Depp* lawsuit at any time will not affect its legally cognizable

interests because Ms. Heard is not presently seeking any defense costs from New York Marine.

New York Marine is not entitled to a determination now from this Court on all other possible bases it posits for its third and fourth causes of action—whether grounded in California Insurance Code section 533, the terms of the operative policy, Ms. Heard's reasonable expectation of a defense under the policy, Ms. Heard's alleged failure to comply with the terms of the Comprehensive Personal Liability Coverage Form, the Commercial General Liability Coverage Form, or any other term of the policy, or any other alleged theory. This Court only has jurisdiction over disputes as to which effective relief can be granted. *See Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 933 (9th Cir. 2008) ("The basic question is whether there exists a present controversy as to which effective relief can be granted."). Federal courts routinely decline to issue declaratory judgments that would have no effect on actual legal disputes,[2] and decline to entertain alternative bases for relief that has already been granted or otherwise attained.[3]

---

[2] *See, e.g.*, *Monbo v. Nathan*, 623 F. Supp. 3d 56, 129 (E.D.N.Y. 2022) (declining to issue declaratory judgments as to validity of defendants' copyrights because it had no bearing on the legal issues disputed in the case); *Harvey v. Gonzalez*, 2016 WL 7383769, at *7 (D. Colo. Nov. 21, 2016) (declining to award declaratory relief because it would not settle any dispute affecting defendant's behavior toward plaintiff; thus the case was moot and the court lacked jurisdiction to hear defendant's arguments in the alternative).

[3] *See, e.g.*, *Century Sur. Co. v. Kashama*, 2012 WL 3166926, at *4 (N.D. Cal. Aug. 2, 2012) (declining to award declaratory relief that insurer "ha[d] no obligation to provide [insured] with independent counsel" because "that request for relief is essentially moot in light of the declaratory relief to be awarded" that the insurer had no duty to indemnify or defend at all); *United States v. Toan Phuong Nghe*, 925 F. Supp. 2d 1142, 1147 (W.D. Wash. 2013) ("Because the Court suppresses Nghe's statements as fruits of the unlawful search, the Court denies as moot Nghe's motion to suppress those statements on the alternative bases that they were involuntary and that the officers failed to advise Nghe of his Miranda rights.").

It is New York Marine's burden to show that its SAC raises claims that are the subject of a justiciable controversy. In support of its claims New York Marine invokes only (1) earlier statements made by Ms. Heard that are irrelevant to the jurisdictional question before the Court now, (2) its own allegations in its SAC, as well as inapposite case law—*not* applicable to factual attacks on jurisdiction—erroneously suggesting that this Court should accept the truthfulness of those allegations, and (3) the hypothetical result of Ms. Heard's potential appeal of this Court's ruling on her right to independent counsel. For the reasons below, none of these is sufficient to meet New York Marine's burden.

First, New York Marine points to statements Ms. Heard made in her First Amended and Supplemental Answer (ECF No. 36), filed in January 2023, before this Court's earlier ruling that resolved the issue of independent counsel, to argue that she concedes the existence of an actual controversy. ECF No. 81 at 2, 10. As this Court has already explained, "N.Y. Marine's argument in opposition that, at an *earlier* stage of this case, Heard admitted that there was a controversy between the parties, is entirely irrelevant to the question of whether the case is moot *now*." ECF No. 74 at 3. Since this Court's earlier ruling, Ms. Heard has consistently represented to New York Marine and this Court that she is not presently seeking reimbursement of any defense costs from New York Marine. New York Marine accuses Ms. Heard of doing so to "avoid responding to NY Marine's SAC" (ECF No. 80 at 4), but Ms. Heard made these representations to New York Marine on May 18, 2023 (ECF No. 78-2, ¶ 12) and to this Court on June 29, 2023 (ECF No. 60 at 10), well before New York Marine filed its SAC on August 28, 2023.

Second, New York Marine wrongly contends that Ms. Heard acknowledges the truth of New York Marine's allegations by virtue of

filing her motion to dismiss, citing cases setting forth the general rule that the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party on a motion to dismiss. ECF No. 81 at 11. However, the general rule in those cases does not apply to factual attacks on jurisdiction, as Ms. Heard brings here.[4] To the contrary, this Court "need not presume the truthfulness of [New York Marine]'s allegations." *Safe Air for Everyone v. Meyer*, 373 F.3d 1036, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "When evaluating a factual attack, 'a court may look beyond the complaint to matters of public record without having to convert the motion to one for summary judgment.'" *PNC Equip. Fin., LLC v. California Fairs Fin. Auth.*, 2012 WL 12506870, at *2 (C.D. Cal. Feb. 9, 2012) (citing *White*, 227 F.3d at 1242)). Thus, the Court may consider the effect of its earlier ruling and Ms. Heard's subsequent representations in determining whether New York Marine's SAC raises claims that are the subject of a present controversy. New York Marine is undoubtedly aware of the separate standard for factual attacks on jurisdiction—it cited *PNC* in its Opposition. ECF No. 81 at 11-12.

Finally, by its own acknowledgment, the "useful purpose" that New York Marine contends will be served by a declaration from this Court is entirely predicated on a future hypothetical circumstance. New York Marine expressly argues that this Court should entertain its request for

---

[4] *See Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 957-59 (9th Cir. 2011) (affirming motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) because claim was unripe based on *undisputed* procedural facts); *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007) (reviewing district court's dismissal under Rule 12(b)(6), not a factual attack on subject matter jurisdiction under Rule 12(b)(1); *Knievel v. ESPN*, 393 F.3d 1068, 1071-72 (9th Cir. 2005) (same).

sweeping declaratory relief—requiring adjudication of multiple complex coverage issues—because Ms. Heard has made plain her intent to appeal once judgment is entered. ECF No. 81 at 14. But the hypothetical result of a hypothetical appeal is not grounds for jurisdiction. *See, e.g.*, *Fox Grp., Inc. v. Cree, Inc.*, 819 F. Supp. 2d 520, 523 (E.D. Va. 2011). The declaratory judgment New York Marine seeks would constitute an advisory opinion, prohibited under Article III. *See, e.g.*, *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (courts may not issue advisory opinions); *Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998) (court was without jurisdiction to issue declaratory judgment on an abstract question of law that may arise if plaintiff pursued a habeas petition).

### C. The Issue of Whether New York Marine Ever Had a Duty to Defend Ms. Heard is Moot Because of This Court's Dismissal Order

New York Marine additionally contends that its claims for declaratory relief are appropriate because it is entitled to an adjudication of rights and duties owed under a contract. New York Marine again ignores the key jurisdictional point: the Declaratory Judgment Act requires that there be "a case of actual controversy" to confer jurisdiction. 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that "the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III"). The purported disputes raised by New York Marine as to its obligation to defend Ms. Heard at any time in the *Depp* lawsuit are all rendered moot by this Court's earlier dismissal order.

New York Marine cites to numerous cases that stand only for the proposition that declaratory relief may be appropriate *when the plaintiff*

*has shown an actual controversy*, ripe for adjudication, related to rights and duties of parties under a contract. ECF No. 81 at 11-13. Ms. Heard does not dispute that declaratory relief is appropriate in such cases—she contends that, here, New York Marine has failed to show any actual controversy that has not already been resolved by this Court's earlier ruling.

None of the cases cited involve claims that faced the same jurisdictional challenge that Ms. Heard brings here—that the only actual dispute was mooted by an earlier ruling. Indeed, the majority of the cases involve a garden-variety contract dispute with one crucial factor in common: the court concluded that there was an actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.[5] *See PNC Equip. Fin., LLC v. California Fairs Fin. Auth.*, 2012 WL 12506870, at *9 (C.D. Cal. Feb. 9, 2012) (alleged failure to make payments under financing lease was ripe for declaratory judgment because adjudication of plaintiff's claim would resolve several inextricably intertwined issues "which are concrete rather than hypothetical"); *Clear Channel Outdoor, Inc. v. Bently Holdings California LP*, 2011 WL 6099394, at *5-6 (N.D. Cal. Dec. 7, 2011) (claims found ripe for declaratory relief because plaintiff alleged concrete harms from

---

[5] Two of the cases cited by New York Marine are even further afield from the jurisdictional question before this Court. In *Kattawar v. Logistics & Distribution Services, Inc.*, 111 F. Supp. 3d 838, 855-56 (W.D. Tenn. 2015), the issue was the manner in which declaratory relief was pleaded (as separate causes of action rather than a remedy), not whether it satisfied the jurisdictional requirement of an "actual controversy." In *Ronald Lee v. U.S. Bank National Ass'n*, 2010 WL 11519605, at *4-6 (C.D. Cal Feb. 8, 2010), movants asserted several arguments against plaintiff's declaratory relief claim, but none related to the "actual controversy" jurisdictional requirement that Ms. Heard raises here. The fact that "at least certain parts of Plaintiff's declaratory relief claim would survive this motion [to dismiss]" in *Lee* is therefore irrelevant to the issue before this Court. *Id.* at *6.

defendant's past and current breaches of lease, not just hypothetical future breaches); *BrowserCam Inc. v. Gomez, Inc.*, 2008 WL 4408053, at *7 (N.D. Cal. Sept. 26, 2008) (dispute over purchase agreement provision providing calculation of earn-out payment was "substantial and immediate" and therefore ripe for review because resolution would effect payment that was supposed to have occurred over one month prior); *Lemos v. Alderwoods Grp., Inc.*, 2007 WL 2254363, at *5 (E.D. Cal. Aug. 3, 2007) (claim for declaratory judgment was justiciable because it was not hypothetical or abstract but would have immediate financial consequence to both parties). In contrast to the claimants in these cases, New York Marine has failed to raise *any* issue of sufficient immediacy and reality appropriate for declaratory relief—and it cannot do so. New York Marine presently faces no possibility of a claim for defense costs from Ms. Heard.

To the extent these cases are relevant at all, they support Ms. Heard's argument that declaratory relief is inappropriate here. As the *PNC* court states, "'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" 2012 WL 12506870, at *8 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Likewise, the *Clear Channel* court noted, "the central concern of the ripeness inquiry is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" 2011 WL 6099394, at *3 (internal quotations and brackets omitted). New York Marine can only point to Ms. Heard's intent to appeal as rationale for the declaratory relief it seeks. The outcome of any potential appeal is necessarily contingent, and thus an inappropriate basis for declaratory relief.

*Lemos* opines that a justiciable controversy must be "definite and concrete" as distinguished from a dispute of "a hypothetical or abstract character; from one that is academic or moot." 2007 WL 2254363, at *4 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). New York Marine has alleged no concrete dispute of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. As Ms. Heard explains above, any controversy as to New York Marine's obligation to defend Ms. Heard in the *Depp* lawsuit is moot in light of this Court's earlier ruling.

New York Marine further asserts that it is entitled to declaratory relief because the parties to a contract have an express statutory right in California to a declaration of their respective rights and duties under a contract. ECF No. 81 at 12. Again, New York Marine ignores that such relief is premised on the jurisdictional requirement of an "actual controversy" between the parties—a fact made evident in the case law New York Marine cites and the statute on which it is based, California Code of Civil Procedure section 1060.[6] Ms. Heard does not dispute the

---

[6] *See Marks*, 2023 WL 4532774, at *3 ("California law unambiguously provides a claim for declaratory relief when there is an *actual controversy* about the parties' rights and duties under a contract"); *Gangland*, 730 F.3d at 960 ("'[U]nder a contract,' in cases of '*actual controversy* relating to the legal rights and duties of the respective parties,' a party may ask the court to make a binding declaration of these rights and duties" (quoting Cal. Code Civ. Proc. § 1060)); *Hess v. Country Club Park*, 213 Cal. 613, 614-15 (1931) ("'Any person . . . may, in cases of *actual controversy* . . . bring an action for a declaration'" (quoting Cal. Code Civ. Proc. § 1060)); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983) (a party "may bring an action for a declaration" upon showing that there is an "'*actual controversy* relating to the respective rights and duties' of the parties") quoting Cal. Code Civ. Proc. § 1060)); *Sattinger v. Newbauer*, 123 Cal. App. 2d 365, 366-687 (1954) (cross-complaint for declaratory relief as to rights and duties set forth in partners' agreement was not premature because adjudication of claims asserted in the complaint *in the same action* could give rise to questions of liability that the requested declaratory relief would resolve) (all emphases added).

existence of the statutory right or that declaratory relief is appropriate in cases of actual controversy. The relevant issue is that the only actual controversy as to New York Marine's duty to defend was mooted by this Court's earlier ruling. Because New York Marine presently faces no threat of a claim from Ms. Heard for reimbursement of defense costs incurred in the *Depp* lawsuit, there is no actual controversy, and thus no jurisdiction.

III. **CONCLUSION**

For the reasons stated above, the Court should dismiss this action for lack of subject matter jurisdiction and enter final judgment.

DATED: September 28, 2023          PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant and Counter-Claimant Amber Heard, certifies that this brief contains 4,049 words, which complies with the word limit of L.R. 11-6.1, excluding the parts of the document exempted by L.R. 11-6.1.

DATED: September 28, 2023            PASICH LLP

By: */s/ Owen Monkemeier*
Owen Monkemeier

Attorneys for Defendant and Counter-Claimant