# Exhibit 3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-4685-GW-PDx | Date | October 10, 2023 |
| Title | *New York Marine and General Insurance Company v. Amber Heard* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                         Attorneys Present for Defendants:

None Present                                                         None Present

**PROCEEDINGS:     IN CHAMBERS - TENTATIVE RULING ON DEFENDANT'S MOTION TO DISMISS [78]**

Attached hereto is the Court's Tentative Ruling on Defendant's Motion [78] set for hearing on October 12, 2023 at 8:30 a.m.

Initials of Preparer     JG

<u>*N.Y. Marine & Gen. Ins. Co. v. Heard*</u>, Case No. 2:22-cv-04685-GW-(PDx)
Tentative Ruling on Motion to Dismiss

Defendant/counter-claimant Amber Heard ("Heard") has moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the Second Amended Complaint ("SAC," Docket No. 76) plaintiff/counter-defendant New York Marine and General Insurance Company ("N.Y. Marine") filed August 28, 2023. *See* Motion to Dismiss ("MTD"), Docket No. 78. The SAC acknowledges that the Court has already dismissed the first two causes of action pled therein. *See* SAC at 7:10, 8:10. Thus, the issue here is whether N.Y. Marine's third and fourth causes of action may proceed.

Those causes of action both seek declaratory relief. *See* 28 U.S.C. § 2201(a) ("In a case of *actual controversy* . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . . . .") (emphases added). They define the "actual controversies" presented to the Court as "whether [N.Y. Marine ever had an obligation to defend Heard in the Underlying Action," *id.* ¶ 43, and as to "the duties and obligations which were owed between [N.Y. Marine] and Heard" under an insurance policy issued by the former to the latter, *id.* ¶ 48. N.Y. Marine alleges, as to the first controversy,

> that Heard disputes [N.Y. Marine's contentions on this topic] and asserts that the [insurance policy in question] obligated [N.Y. Marine] to defend her in [an underlying case], that she had a reasonable expectation of a defense from [N.Y. Marine] in that action, and that she has incurred fees and expenses of over $4 million which she alleges have not been paid by any insurer and which she seeks to recover from New York Marine.

SAC. *Id.* ¶ 44. As to the second controversy, N.Y. Marine asserts that Heard did not comply with the terms of her policy in various regards, and that Heard disputes this and asserts her entitlement to payment of expenses and costs she incurred. *See id.* ¶¶ 48-50.

Contrary to what the SAC alleges, we know that there is no actual, live, controversy between the parties at this time in the foregoing respects. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see also* Stevenson & Fitzgerald, Rutter Group Prac. Guide: Federal Civ.

1

Pro. Before Trial (The Rutter Group 2023) ("Stevenson & Fitzgerald"), ¶ 10:23.5, at 10-10. The Court has already conclusively rejected Heard's assertion that she was entitled to independent counsel in the underlying case, *see* Docket Nos. 46, 51, and the existence of such an alleged entitlement has been the only basis for Heard's demand for cost/expense reimbursement at any time, *see* Docket Nos. 74-75. *See also* Declaration of Kayla M. Robinson in Support of Defendant's Motion to Dismiss, Docket No. 78-2, ¶¶ 12, 15.[1] There is otherwise clearly no ongoing, live controversy concerning N.Y. Marine's duty to defend because the underlying litigation involving Heard has concluded. In addition, Heard has repeatedly made clear that she has no intention to pursue any claims against N.Y. Marine regarding any duty to indemnify in connection with the underlying suit. *See id.* ¶¶ 7-8, 10-12. What Heard indicated was her position at earlier stages of this lawsuit, *see* Declaration of James P. Wagoner in Support of New York Marine's Opposition to Heard's Motion to Dismiss Second Amended Complaint, Docket No. 81-1, ¶ 3 and Docket No. 81, at 1:2-8, is not relevant to the circumstances presently before the Court.

It is clear to the Court that N.Y. Marine simply would like rulings on other legal issues that might or might not have been dispositive of the duty questions between the parties had this litigation and the underlying litigation not come to a conclusion in the way that they had – respectively, via a ruling against Heard's interests with respect to any right she thought she had to appointment of independent counsel, and via a settlement (with no intent on Heard's part to seek indemnity from N.Y. Marine) of the underlying action. N.Y. Marine has no ability to obtain answers on those issues when they are only abstract debates, and not the present of a live dispute between itself and Heard.

If Heard appeals the Court's determination on the independent counsel question and successfully has this matter sent back to this Court, some or all of the issues N.Y. Marine asserts are currently in dispute may actually once again be in dispute. But they are not now, and – as the Court explained less than two months ago, *see* Docket No. 74, at pgs. 3-4 of 5, n.3 – that *possibility* is not enough to indicate an actual controversy at this moment. *See, e.g., Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 71 (1983)

---

[1] The Court is permitted to consider information presented in declarations in the context of deciding this "factual" Rule 12(b)(1) motion. *See San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028 (9th Cir. 2023).

2

("Future positions taken by the parties might bring such issues into controversy, but that possibility is simply too remote from the present controversy to keep this case alive."); *Pierce v. Ducey*, 965 F.3d 1085, 1090 (9th Cir. 2020) (recognizing that disputes are "'not ripe for adjudication'" where they "'rest[] upon contingent future events that may not occur as anticipated, or indeed may not occur at all'" such that the "'[m]ere possibility' that future legislation will 'conflict with federal law is not sufficient for declaratory judgment jurisdiction'") (quoting *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) and *Citizens for Honesty & Integrity in Reg'l Planning v. Cty. of San Diego*, 399 F.3d 1067, 1068 (9th Cir. 2005)) (omitting internal quotation marks); *cf. Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 637 (9th Cir. 2014) ("[S]ince it is the Bureau [of Safety and Environmental Enforcement], and not Shell, that can be sued under the [Administrative Procedure Act], it would be odd to conclude that a case or controversy exists merely because Shell seeks to know who would prevail if the environmental groups asserted an APA claim against the Bureau."). This is an Article III jurisdictional problem. *See Calderon v. Ashmus*, 523 U.S. 740, 746-49 (1998) (holding no "case or controversy" and declaratory judgment action not a justiciable case within the meaning of Article III where plaintiff sought advance ruling on validity of a defense that defendant might raise in future proceedings); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007).

Beyond the fact that there is no ripe controversy about any issues that might or might come before this Court post-appeal, and that any previous controversy is now moot, N.Y. Marine's third and fourth causes of action seek answers to questions involving *past* disputes, including whether N.Y. Marine *ever* had a duty to defend Heard in the underlying case. These are not the types of disputes for which declaratory relief is intended. *See* <u>Stevenson & Fitzgerald</u>, ¶ 10:3, at 10-1 ("The Declaratory Judgment Act allows the court to exercise jurisdiction based on a threat of *future* injury.") (emphasis added); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) ("[A] declaratory judgment merely adjudicating past violations of federal law – as opposed to continuing or future violations of federal law – is not an appropriate exercise of federal jurisdiction."). Beyond even that point, in cases of diversity jurisdiction, federal courts have discretion whether or not to hear a declaratory judgment action. *See Brillhart v.*

3

*Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Avemco Ins. Co. v. Davenport*, 140 F.3d 839, 842 n.1 (9th Cir. 1998). In the circumstances recited here, this Court would not exercise its discretion in favor of deciding the questions N.Y. Marine believes – erroneously – present a live, actual controversy. *See also* Stevenson & Fitzgerald, ¶ 10:46.1, at 10-28 ("The court is entitled to evaluate a motion to dismiss an action seeking declaratory relief under the circumstances existing *at the time the issue is raised* rather than at the time the action was filed."). While that decision does not have "jurisdictional" impact, it is an alternative reason for why this matter would not proceed even if the Court were to conclude that the claims were not moot and were ripe for adjudication as presenting an actual controversy.

In sum, the purported controversies N.Y. Marine identified in the third and fourth claims of its SAC are either moot or not yet ripe, meaning there is no Article III jurisdiction over the case, and, alternatively, the issues N.Y. Marine has presented are not ones that are appropriate for declaratory relief, nor ones which the Court would exercise its discretion to consider and resolve, at this time, under the present circumstances (the same as those leading to the Court's mootness and ripeness concerns). As such, the Court now dismisses the SAC with prejudice/without leave to amend.